DISTRICT COURT OF GUAM
TERRITORY OF GUAM

Tony. H. Ashtiani.
P.O. Box. 12723
Tamuning. Guam. 96931.
671-653-5575.

| | |
|---|---|
| TONY H. ASHTIANI | )
)
) |
| Plaintiff, | ) Civil Case No.: 02-00032 |
| vs. | )
) |
| CONTINENTAL MICRONESIA, INC., | ) **PLEADING** |
| dba CONTINENTAL AIRLINES, INC. | ) |
| Defendants. | ) |

On November 14, 2002, the plaintiff filed a complaint against the defendant, On December 26, 2002, The District Court of Guam "referred" to as Court hereon forth issued a notice of scheduling to the plaintiff, The envelope which contained the notice was certified mail. Post stamp dated JANUARY 26, 2003, in Agana Guam, The Court envelope then proceeded on to Honolulu Hawaii, it returned from Honolulu On December ,31 ,2002, **Exhibit A**.

Plaintiff became notified of <u>USPS Notice</u> on JAN 07, 2003, after business hours of certified mail, on JANUARY 08 2003, plaintiff signed for the envelope and became aware of the contents and had

first hand knowledge of the **scheduling notice** from the Court ,plaintiff focused on the clause of the LR 16.1 and 16.2 hereby ordered line 21 and 22 "but no later than sixty (60) days after the filing of the complaint, **Exhibit B**.

plaintiff received the notice on 58TH day and only two days to serve the defendant with the complaint and summonses, Plaintiff served the defendants on 59th day in good faith, which left defendants with 1 day to answer the complaint, it is note worthy to state plaintiff had explained the circumstances to the deputy clerk of the court, See Fed.R.Civ.P.4(b) "if the summons is in proper form , the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant". Fed.R.civ.P 4(c)(1) "A summons shall be served together with a copy of the complaint". Plaintiff had followed the L.R in conjunction with Fed.R.Civ.P. Plaintiff then served the defendant by Certified special process server.

On January 10, 2003, plaintiff was informed by the Deputy Clerk of the Court to return the summonses that was previously served on Jan 09,2003, and pickup the AMENDED SUMMONSES which Court had prepared and stamped for the plaintiff to serve upon the defendants. plaintiff had noted the word "against" Missing a "t" and unlike original summons was the last word of line two, this was accomplished by intentional double spacing of the line Which

contained the word "agains". It is note worthy that "agains" is plural of **again** WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY Volume I, again,**2:** another time, once more **2:b** in the next place, **3**:again and again.

Plaintiff further investigated this matter and learned that the format also altered. Subsequently it is reasonable to state plaintiff had received a document that served him as unequal hand by a public officials.

Plaintiff asserts that the Court had administrated numerous disparate treatment, also deprived plaintiff of the use of the library at the Court, plaintiff was told ,he must be escorted by the security personnel and that security had to stay with the plaintiff during the research .the defendants request is reasonable means of familiarizing himself with the federal procedures and review samples of pre,se litigants filings. as well as attorney's filings as territorial law library only contains limited D&Os. The documents which interests plaintiff are public records , plaintiff shall not be denied such a basic request and assistance. Plaintiff further requests use of open court as a speculator to take notes and also observe scheduling and discovery conferences by professionals .

Plaintiff is not of any security threat to the federal court due to his nationality or ethnicity by any means and his requests are within the scope of the law.

Plaintiff asserts that his obligations of serving the summonses has been executed under the provision of the law by factual evidence and that defendant defaulted to answer the complaint, Plaintiff had no intention of serving the defendants with any amended summonses again and again , accordingly he pleaded for assistance off island , plaintiff was told that the notation has been made in comparative worth and differences to the document, Plaintiff stated to Deputy Clerk of the Court that this original document is Off -island on or about FEBURARY 05,2003, and is unaware of the status.
Plaintiff is in process of compliance to the ORDER which was received on February 24th 2003.

dated this 27th day of February, 2003

Tony H. Ashtiani

*T. [signature]*

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM
4TH FLOOR, U.S. COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

OFFICIAL BUSINESS

CERTIFIED MAIL
7000 0520 0021 6807 9315

ASHTIANI, TONY
P.O. Box 12723
Tamuning, GU 96931

Recieved. Jan/8/03
at 15:50

NAME _____
1st Notice  JAN 0 6 2003
2nd Notice _____
Return 21 JAN

EXHIBIT "A"

```
                                                    FILED
                                          DISTRICT COURT OF GUAM
                                               DEC 26 2002
                                              MARY L. M. MORAN
                                              CLERK OF COURT
```

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC., dba CONTINENTAL MICRONESIA, and CONTINENTAL AIRLINES, INC.,<br><br>    Defendants. | Civil Case No. 02-00032<br><br>**SCHEDULING NOTICE** |

**TONY ASHTIANI, Pro Se**
**P.O. Box 12723**
**Tamuning, GU 96931**

    The Local Rules establish procedures for complying with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. Counsel should study the Local Rules before attempting to process cases in this Court.

    Pursuant to Local Rules 16.1 and 16.2, it is hereby ORDERED that:

    1.    Counsel of record and all pro se litigants that have appeared in the case must meet and confer, within fifteen (15) days after receipt of this Notice, but no later than sixty (60) days after the filing of the complaint, prior to commencing discovery.

    2.    A proposed Scheduling Order and a proposed Discovery Plan shall be filed on or before the 28th day of January, 2003. Careful and immediate attention should be given to the directions in Local Rules 16.1 and 16.2 to ensure complete and timely compliance