ORIGINAL

FILED
DISTRICT COURT OF GUAM
FEB 28 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM



| | |
|---|---|
| TONY H. ASHTIANI,<br>　　Plaintiff,<br>vs.<br>CONTINENTAL MICRONESIA, et al.,<br>　　Defendants. | Civil Case No. 02-00032<br><br>ORDER |

The Court is in receipt of the Plaintiff's Pleading filed on February 27, 2003. Therein, the Plaintiff seemingly expresses his frustration with having to comply with the Federal Rules of Civil Procedure, the Local Rules and the lack of access to the Court's library. As noted in the Court's February 21, 2003 Order ("Order"), service had not been properly effectuated upon the defendants and in order to correct the problems, the plaintiff was instructed as to what steps he needed to take. However, rather than follow the Court's Order, the plaintiff chose to file the present pleading.

Because the plaintiff is proceeding pro se, the Court allows the plaintiff greater latitude than it would if the plaintiff was proceeding with advice of counsel. See Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988)(where the plaintiff proceeds pro se, the court construes pro se pleadings liberally and affords the plaintiff the benefit of any doubt). Accordingly, rather than dismiss the Plaintiff's complaint for failing to follow the Court's previous Order, the Court will once again encourage the Plaintiff to follow that Order.

///

1     The Court strongly cautions the plaintiff to bear in mind that it cannot allow the invocation
2 of liberal pro se rules, and little else, to circumvent the basic requirement that the defendants be
3 properly served. Although this Court affords pro se parties such as himself great latitude when
4 construing his claims, this liberality has limits. Should the plaintiff not choose to follow the rules
5 pursuant Fed.R.Civ.P. 4, the Plaintiff may face the dismissal of his complaint. See Fed.R.Civ.P.
6 4(m).

7     In addition, the plaintiff needs to understand that the Court is under heightened security
8 alert and thus, at present, the use of the Court's library is specifically limited to Court personnel.
9 However, the Plaintiff states that he wants access to the library to review samples of pro se and
10 attorney filings. Such filings are not kept in the library and are maintained with the Clerk of Court.
11 The plaintiff is welcome to review any and all public filings in the custody of the Clerk of Court.

12     SO ORDERED this 28th day of February, 2003.

JOHN S. UNPINGCO
Chief Judge