# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
MAR 10 2003
MARY L.M. MORAN
CLERK OF COURT

```
TONY H. ASHTIANI              )
                              )
           Plaintiff,         )   Case No.: No. 02-00032
                              )
     vs.                      )   AMENDED COMPLAINT
                              )
CONTINENTAL MICRONESIA, INC.  )
CONTINENETAL MICRONESIA,      )   UNDER TITLE VII OF THE CIVIL
dba CONTINENETAL AIRLINES, INC.)  RIGHTS ACT OF 1964; DEMAND FOR
                              )   JURY TRIAL.
                              )
           Defendant          )
```

Tony H. Ashtiani
P.O. BOX 12723
Tamuning, Guam 96931
(671) 688-4844
(671) 653-5575

This amended complaint is in pursuant to complaint filed on Nov. 14, 2002, within the provisions of title VII civil rights act of 1964 as amended, jurisdiction is specially conferred on the court by U.S.C 2000e-5(g), Equitable and other relief are also sought pursuant to 42 U.S.C 2000e-5(g).

AMENDED COMPLAINT - 1

1. Plaintiff, Tony H. Ashtiani is a citizen of the United States of America and resides at 191 A chalan Cabesa Yigo Guam 96929.

2.  

3. Plaintiff was employed with Continental Airlines in LAX airport then transferred to Guam upon company request to assist on DC-10 fleets, plaintiff is known for his knowledge about the aircraft. Plaintiff had served the company over 17 years. Plaintiff became aware and had first hand knowledge of his termination on July 12,2001, by a certified letter USPS mail.

4. Plaintiff filed a discrimination charge with E.E.O.C ,after receiving unjust dismissal notice and right to sue on Aug 19, 2002, Plaintiff requested his case file from E.E.O.C , it took several months for the plaintiff to put 631 pages of documents in sequence by dates and events. The plaintiff noticed investigators recommendation dated July 11, 2002. This recommendation was following a chain of events of three letters.

1.) June 14, 2002 Letter from EEOC investigator to Continental Airlines. **Exhibit A.**

2.) June 18, 2002 Intentional delay by defendants to accomplish July 3,2001 as pivoting point of respond to EEOC. **Exhibit B**

3.) It is imperative to state that JUL 3, 2001 was the date of plaintiff's termination and specific reason for termination is stated as Jun 23 and Jun 24 2001 as no-call/no-show.

4.) July 10, 2002 defendants concealed crucial information, and statistical data in reference to number of terminated employees all minorities, by shifting months to defendant's advantage and more important, defendant not responsive to EEOC requests, **EXHIBIT C.** Defendant bold legal strategy was a big risk between no cause finding and now intentional discrimination and intentional retaliation post 9/11.

5.) On July 11, 2002 EEOC Investigator received the **EXHIBIT C,** which was faxed from respondents Headquarter legal dept , it is important to point out EEOC Investigator Mr Raymond J griffin Jr was working in his position for 6 to 8 months, thus Investigator dismissed the case. **EXHIBIT D.**

The acts set forth in paragraphs above are continuing, the plaintiff describes the intent of the defendants hereon after.

On July 10, 2002. Defendant alters the initial request of EEOC June 1999 and modification made to 6 months ahead to January 1, 2000. (Skipping 6 months) defendant withheld information in reference to statistical data to conceal the identity of Mr. Ali

AMENDED COMPLAINT - 3

1 Mahdi; he was released in Dec 1999. African-American 44 years
2 old male, Muslim. Defendant interfering with the federal
3 government investigation procedures by shifting months back and
4 forth, with no regards for EEOC and Plaintiff's rights.
5
6 More over, On July 10, 2002 Respondent alters the ending period
7 of statistics from June 2001, to July 3, 2001, which its
8 original motive of change of this date was generated on the
9 letter dated June 18, 2002. More important this had played an
10 optical illusion to distract investigator's recollection in
11 reference to (July 03). U.S. Federal Investigator had requested
12 days between June 1999 to June 2001. There is nowhere mentioning
13 of the ending period July 3, 2001 by the federal investigator.
14
15 This is an intentional discrimination and intentional
16 Retaliation for filing charges. Defendant sets up Plaintiff in
17 reply on Jul 10, 2002, letter to EEOC, where Plaintiff's name
18 did not even belong. While this act of ruthless legal strategy
19 is malice and harms one name in ill will and bad faith!
20
21 Plaintiff was distressed and emotionally disturbed following his
22 findings, for several months thereon after, this conduct is
23 shocking and offends the common man's conscience. There is no
24 doubt defendant had acted recklessly, with malice and
25 accordingly willful misconduct.

1. On June 14, 2002 Mr. Griffin requested date of discharge both in
2. Questions (1)(e) and (2) and requests all relevant documentation
3. for each employee discharged. Respondent again fails to reveal
4. the information of discharged dates on Jul 10 2002 letter to
5. EEOC. Because Respondent had already terminated Mr. Bruce Lee on
6. or about June 6, 2001. Chinese National, also a minority in
7. plaintiff's Department, plaintiff asserts once again this
8. factual document is in violation of civil rights act of 1964
9. title VII AS amended for failure to cooperate with the federal
10. investigation.
11.
12. If in fact, correct information were presented, pattern of
13. practice had been established. It is note worthy to state,
14. defendant only brings up Mr. Bruce Lee's name, though defendant
15. never mentioned Mr. Lee was terminated.
16.
17. Therefore, Plaintiff is seeking relief of wrongful termination
18. and reinstatement, with no conditions. Plaintiff seeks his
19. rights to recovery under the provisions of 42 U.S.C 2000e
20. sections and sub sections. Rights to recovery and punitive and
21. compensatory damages caused by the defendant's intentional
22. discrimination and intentional retaliation post 9/11.
23.
24.
25.

1  Plaintiff prays that the District Court of Guam grants this Pro
2  se litigant his days in court of law. Further more and more
3  plaintiff prays that Honorable Chief Judge JOHN S. UNPINGCO
4  grant the plaintiff Jury trial.
5
6
7                                          Dated this 7th day of March 2003.
8
9                                          *Tony H. Ashtiani* (signature)
10
11                                         Tony H. Ashtiani
12
13
14
15                     VERIFICATION
16  GUAM, U. S. A.    )
                      ) S. S.
17  HAGATNA, GUAM     )

18      On this 7th day of March, 2003, TONY H. ASHTIANI personally appeared
19  before me a notary public and hereby state that he has read the foregoing
20  COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; DEMAND FOR JURY
21  TRIAL and acknowledged that he has signed the above amended complaint.



BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932

AMENDED COMPLAINT - 6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

June 14, 2002

<u>Via US Mail and Fax</u>

Continental Airlines, Inc.
Legal Department
ATTN: Louid Obdyke, Esq.
P.O. Box 4607
Mail Code HQSLG
Houston, Texas 77210

RE: Tony Ashtiani v. Continental Micronesia, Inc.
EEOC Charge No.378-A2-000115

Dear Obdyke,

In order to continue with the investigation, our office will need the following information.

1) Provide a list of all Respondent's aircraft mechanics who were no call/no show for two consecutive days between June 1999 to June 2001. Identify by

a. name
b. ethnic identity
c. date of hire
d. date(s) of no call/no show
e. date of discharge

2) Provide all relevant documentation for each employee's discharge. If the employee was not discharged, explain why.

Provide the requested informed by June 21, 2002. If you have any questions, contact me at 808-541-3721. Thank you.

Sincerely,

Raymond J. Griffin Jr.
Investigator

# Continental Airlines

Continental Airlines, Inc.
41st Floor HQSLG
1600 Smith Street
Houston TX 77002

Tel 713 324 5000
Fax 713 324 5161

June 18, 2002

VIA FACSIMILE: 808-541-3390

Mr. Raymond J. Griffin, Jr.
The Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd., Room 7-127
Honolulu, HI 96850

Re: Tony H. Ashtiani, Charging Party
Continental Micronesia, Inc., Respondent
Charge No. 378A200115

Dear Mr. Griffin:

I am in receipt of your request for additional information dated June 14, 2002. I am unable to respond by June 21 due to the fact that the company's director of human resources is out of the office until June 24, and then I will be "on the road" until July 1, 2002. We will gather appropriate comparative information and will forward it on July 3, 2002.

Again, I look forward to working with you in order to assist in a closing this charge with a finding of no cause for discrimination.

Sincerely,

Louis K. Obdyke
Senior Attorney
(713) 324-2218

IMANAGE 45020v1

**Continental Airlines**

Continental Airlines, Inc.
41st Floor HQSLG
1600 Smith Street
Houston TX 77002

Tel 713 324 5000
Fax 713 324 5161

July 10, 2002

VIA FACSIMILE: 808-541-3390

Mr. Raymond J. Griffin, Jr.
The Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd, Room 7-127
Honolulu, HI 96850

Re:   Tony H. Ashtiani, Charging Party
      Continental Micronesia, Inc., Respondent
      Charge No. 378A20011S

Dear Mr. Griffin:

In response to your June 14 request for supplemental information, CMI advises that two maintenance employees other than Mr. Ashtiani were disciplined during the time period of January 1, 2000 to the date of Mr. Ashtiani's discharge, July 3, 2001, both occurred prior to Mr. Ashtiani's discharge. Other divisions within the company have additional disciplinary actions for No Call/No Show, but checks were made only within the maintenance (Tech Ops) department as that is where Mr. Ashtiani worked.

Mr. Bruce Lee, Chinese/American, was deemed a No Call/No Show in May 2000, but upon investigation and the employee's explanation (death in the family and qualified FMLA leave), Mr. Lee's disciplinary action was retracted. A second No Call/No Show involved a mechanic assigned to fly check flights for maintenance checks, Mr. Edwin Antonio, Asian-Filipino/American. Mr. Antonio failed to show-up for a scheduled check flight and failed to call in - he was issued a written warning based on no prior disciplinary action in his file, unlike Mr. Ashtiani's extensive disciplinary history. The Guam maintenance supervisors are checking for other possible No Call/No Show disciplinary actions, but since the company does not keep a "running log" for discipline, they must look at each individual personnel file - including all those discharged during the time period (files now in storage).

CMI hopes this information supports its decision to terminate Mr. Ashtiani for reasons other than his national origin, or any other discriminatory reason, and that you will be able to find no cause for discrimination.

Sincerely,

Louis K. Obdyke
Senior Attorney
(713) 324-2218

IMANAGE 45258v1

JUL. 11. 2002 7:54AM   Continental Legal Dept   NO. 5924   P. 3

Case 1:02-cv-00032   Document 11   Filed 03/10/2003   Page 10 of 11

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

July 11, 2002

TO: File

FROM: Raymond J. Griffin Jr., Investigator

RE: Tony Ashtiani v. Continental Micronesia, Inc.
EEOC Charge # 378-A2-00131

Investigator received additional information from Respondent on July 11, 2002. (See Response)

Between May 30, 2002 to June 28, 2002, Investigator received additional information from Charging Party to review. Charging Party's submitted witnesses' contact numbers and statements. Several witnesses attest of how Respondent's treated "locals" better than "non-local" in regard to terms and conditions of employment. <u>However, there was no new evidence found that CP was discriminated against of his national origin, Iranian.</u> I respectfully recommend case dismissal.