CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.



IN THE DISTRICT COURT FOR GUAM

| | |
|---|---|
| TONY H. ASHTIANI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONTINENTAL MICRONESIA, INC. ) <br> dba CONTINENTAL MICRONESIA, ) <br> and CONTINENTAL AIRLINES, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL CASE NO. CIV02-00032 <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT; DECLARATION OF MAILING** |

Defendants as identified in this action (collectively "Continental") file the following answer to the amended complaint filed March 10, 2003.

Answer to <u>first</u> "preamble" paragraph: Continental denies the allegations.

Answer to <u>second</u> "preamble" paragraph: Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

3151154.1.000901-00030

Answer to third "preamble" paragraph: Continental admits it employed Plaintiff and that the employment terminated for cause. All remaining allegations not specifically admitted are denied.

Answer to fourth "preamble" paragraph: Continental admits Plaintiff filed a discrimination charge with the EEOC and that the charge was dismissed. Remaining allegations not specifically admitted are denied.

Answer to numbered paragraphs.

1. Continental admits it received and replied to Plaintiff's "Exhibit A."

2. Continental denies the allegations of paragraph 2.

3. Continental avers and alleges that sufficient legal justification existed for the termination of Plaintiff's employment, including but not limited to no-call/no-show. Remaining allegations not specifically admitted are deemed denied.

4. Continental denies the allegations of paragraph 4.

5. Continental admits the EEOC dismissed Plaintiff's charge of discrimination. Remaining allegations are deemed denied.

Answers to unnumbered paragraphs following paragraph numbered 5.

Answer to first paragraph: Continental denies the allegations.

Answer to second paragraph: Continental denies the allegations.

Answer to third paragraph: Continental denies the allegations.

Answer to fourth paragraph: Continental denies the allegations.

Answer to fifth paragraph: Continental denies the allegations.

Answer to sixth paragraph: Continental denies the allegations.

Answer to <u>seventh</u> paragraph: Continental denies the allegations.

Answer to <u>eighth</u> paragraph: To the extent allegations against Continental are asserted in this paragraph, Continental denies the allegations.

## DEFENSES

1. The amended complaint fails to state a claim upon which relief may be granted.

2. The amended complaint should be dismissed for lack of effective service of process.

3. The amended complaint should be dismissed for lack of subject matter jurisdiction.

4. The amended complaint should be dismissed on grounds that Plaintiff's exclusive remedy for the harm alleged is worker's compensation.

5. The amended complaint should be dismissed on grounds that Plaintiff has failed to exhaust administrative remedies.

6. Plaintiff's employment terminated for legitimate, legal and non-discriminatory business reasons.

7. Plaintiff's claims are barred by the doctrines waiver, estoppel and unclean hands.

8. Plaintiffs damages, if any, were either caused or contributed to by Plaintiff and are accordingly barred or subject to reduction in accordance with the percentage of fault on the part of Plaintiff.

9. Plaintiff has not taken reasonable steps to avoid or reduce the effects, if any, of the actions complained of.

10. Plaintiff has failed to take reasonable steps to avoid or reduce damages, if any.

11. Plaintiff's allegations are not plead with sufficient specificity so as to entitle Plaintiff to special damages.

12. Continental denies each and every allegation of wrongdoing not so denied in the answer to the complaint.

13. Plaintiff is not entitled to any recovery on any grounds.

14. Defendants' actions were at all times based on legitimate, non-discriminatory business reasons, without regard to Plaintiff's ethnicity.

15. Plaintiff is barred from maintaining this action because he unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer, or to avoid harm otherwise.

16. Plaintiff's damages, if any, were the result of intervening and superseding causes.

17. Plaintiff's damages, if any, were the results of action(s) taken by a third party.

18. Plaintiff has failed to mitigate his alleged damages, if any, and has failed to take reasonable precautions to reduce the damages, if any.

19. Defendants incorporate herein by reference all defenses allowed by federal statutory and common law, and other defenses allowed by applicable law, which may become apparent as discovery is conducted and completed in this case. Defendants reserve the right to allege additional facts and affirmative defenses as they may have discovered.

WHEREFORE, Continental prays for judgment against Plaintiff as follows:

1. That judgment be entered against Plaintiff on the amended complaint and in favor of Continental.

2. That Plaintiff be awarded nothing on the amended complaint.

3. That Continental recover its costs of suit.

4. For such other and further relief the Court may award.

Dated this 28th day of March 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Continental Micronesia, Inc. dba Continental
Micronesia and Continental Airlines, Inc.

## DECLARATION OF MAILING

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 28th day of March 2003, I will cause to be served, via certified mail with return receipt requested, a true and correct copy of **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT; DECLARATION OF MAILING** upon Plaintiff at Post Office Box 12723, Tamuning, Guam 96931.

Dated this 28th day of March 2003.

_____
DAVID LEDGER