*Tony Ashtiani (pro se)*
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

FILED
DISTRICT COURT OF GUAM
APR 03 2003
MARY L. M. MORAN
CLERK OF COURT
19

*Attorneys for Defendant*
*CARLSMITH BALL LLP*
*Mr. David Ledger*
*Ms. Elyze McDonald*

**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| **Tony H. Ashtiani,** Plaintiff, | Civil Case No.: **02-00032** |
| vs. | AMENDED. |
| **Contineneta1 Micronesia Inc, dba, Continental Micronesia, Continental Airlines,** Defendant | **Motion to seize cover-up in postal violation of EEOC Director in coordinated effort of defendant's counselors in Hawaii and Guam.** |

This Matter has come before the District Court of Guam based on the **DECLARATION OF MAILING** presented by Continental attorney Mr. David Ledger, "(I will cause to be served, via certified mail return receipt requested)" **Exhibit A.** See Fed. R. Civ P.5(b)(2)(B), Mailing a copy to the last Known address of the person served. Service by mail is complete on mailing **Exhibit B.**

ORIGINAL

1 | There is no requirement for service by registered or certified
2 | mail return receipt requested. **Exhibit C.**
3 |
4 | The motive behind the diversion statement in **DECLARATION OF**
5 | **MAILING** is contrary to the federal rule of civil procedures
6 | Plaintiff in the following describes the motive that activated
7 | such diversion.
8 |
9 | The CARLSMITH BALL firm is based in Honolulu, Hawaii. The EEOC
10 | director Mr. Riera whom cooperated with defendant to unjustified
11 | dismissal of Plaintiff's charge is also located in Honolulu,
12 | Hawaii. The Defendant switched representation from Maher & Maher
13 | to firm CARLSMITH BALL LLP, after amended complaint. Exhibits in
14 | the amended complaint involves EEOC Director as over seeing
15 | authority in the unjust dismissal, Thus professional conduct was
16 | violated, accordingly, forces were joint and centralized in
17 | Honolulu, Hawaii, In order to further cover-up violation.
18 |
19 | The envelopes, which Plaintiff received from the defendant's
20 | attorneys as the "ANSWER" was received on **Mar 28, 2003**.
21 | **Exhibit D.**
22 |
23 | The letter from the EEOC director dated and mailed on Mar 26,
24 | 2003 from Hawaii was also received on **Mar 28, 2003**
25 | simultaneously. **Exhibit E.**

1  The fact that both envelopes was in Plaintiff's P.O.Box on Mar
2  28 2003 one from EEOC and one from CARLSMITH BALL LLP is led to
3  believe that both opposing parties are in a coordinated effort
4  and their motive to divert the attention away from the Plaintiff
5  focus on this law suit and spread the plaintiff thin by dividing
6  his lonely force of one man army.

9  Plaintiff had left a message for EEOC director and informed him
10 of his United States postal services violation, in mid March
11 2003, and that plaintiff will be reporting it to the authority.
12 It is timely to present to this Court a hand written USPS
13 document as return receipt requested, this document was switched
14 by the plaintiff's original return receipt request which EEOC
15 director kept and had sent back to the plaintiff a fraudulent
16 return receipt request to deny proof of service. PS FORM 3811,
17 block A of this from has a forged signature.  **Exhibit F.**

19 The plaintiff presents to this Court an actual and true return
20 receipt of the PS Form 3811 dated 10/8/02. Hand written by the
21 plaintiff and was signed by Ms. Emily Mauga. **Exhibit G.**

23 While the plaintiff is open minded that there may not be a
24 violation of Fed. R. Civ. P.5, plaintiff receiving a PS FORM

1  3849 notice of certified mail in addition of first class mail
2  has raised a motive of ill will.  **EXHIBIT H**.
3
4  Plaintiff asserts that hidden motive of diversion of Fed R.
5  Civ P. 5(b)(2)(B) in the **DECLARATION OF MAILING** is entrapment in
6  coordinated effort by defendant's attorney in Honolulu and the
7  Hawaii EEOC director to switch documents and later blame the
8  plaintiff.
9
10 More, Plaintiff has seen many switching and immoral
11 activities by the both defendant and the EEOC director that now
12 plaintiff is on the highest state of alertness. Plaintiff has
13 watched, monitored, and studied their activity in his 20 months
14 of dealings with the parties.
15
16 More over, plaintiff asserts that defendant counselors at
17 CRLSMITH BALL LLP and Continental are using their political
18 affiliation and their linkages of past employment in the
19 community to favor the defendant and cause more harm to the Pro
20 Se plaintiff. More over plaintiff asserts wrong full termination
21 by the defendant caused early 401 K withdraw, resulted in tax
22 penalty and even family violence which would not have occurred
23 if the defendant adhered to the public policy and FMAL, total
24 absence of manicheism between mankind.
25

Further more and more, The Plaintiff prays and pleads to Federal District Court OF Guam and Honorable Chief Judge John S. Unpingco to Grant the Motion in favor of the Plaintiff.

Dated this 3rd day of APRIL 2003.

Tony H. Ashtiani

## DECLARATION OF MAILING

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 28th day of March 2003, I will cause to be served, via certified mail with return receipt requested, a true and correct copy of **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT; DECLARATION OF MAILING** upon Plaintiff at Post Office Box 12723, Tamuning, Guam 96931.

Dated this 28th day of March 2003.

_____
DAVID LEDGER

## RULES OF CIVIL PROCEDURE    Rule 5

and other persons subject to contempt sanctions by reason of their relation or connection to parties.

*ney v. United States*, 291 Fed. 497 (8th Cir.), *cert. denied*, 263 U.S. 714 (1923). For this purpose, the rule as before does not distinguish between parties

### LIBRARY REFERENCES

**Law Review and Journal Commentaries**

Changes to the Federal Rules of Civil Procedure. Lawrence W. Newman and Michael Burrows, 211 N.Y.L.J. 3 (Jan. 31, 1994).

## Rule 5. Serving and Filing Pleadings and Other Papers

(a) **Service: When required.** Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.

(b) **Making Service.**

(1) Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party.

(2) Service under Rule 5(a) is made by:

(A) Delivering a copy to the person served by:

(i) handing it to the person;

(ii) leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or

(iii) if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

(B) Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.

(C) If the person served has no known address, leaving a copy with the clerk of the court.

(D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

(3) Service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served.

29

is by personal delivery of a copy of the document.[37] However, service may also be accomplished by mailing a copy of the document.[37.1] These are the two most common methods of service currently used. However, the rule also authorizes service by delivery of a copy of the document in question to the court clerk when the person to be served has no known address.[37.2] Furthermore, if the parties to be served consents to it in writing, that party may be served by whatever electronic means to which he or she (or his or her counsel) has consented.[37.3]

*Rule 5 has broad definition of "personal delivery."* When Rule 5 service is made by personal delivery, the papers in question may either be handed directly to the attorney or unrepresented party,[37.4] or they may be left at the attorney's or party's office with a clerk or other person in charge, or, if no one is in charge, left in a conspicuous place in the office.[38] If the office is closed, or the person to be served has no office, the papers may be left at the person's dwelling house or usual place of abode with a person of suitable age and discretion who resides there.[39] It is not acceptable service, however, to slip the papers under the office door of an attorney whose office is closed.[40]

*Rule 5 service by mail is made by ordinary, first class mail.* Rule 5 service by mail is made by mailing the paper in question to the attorney or the unrepresented party at his or her last known address.[41] There is no requirement for service by registered or certified mail, return receipt requested.[42] A document or paper is "mailed" within the meaning of the rule if it is placed in an envelope, addressed to the attorney or unrepresented party at his or her last known address, the proper postage is affixed, and the envelope is deposited in a U.S. Postal Service mailbox or Post Office.[43] Facsimile transmission is not considered *service by mail*,[44] although service by fax may be authorized as service by electronic consent if the party to be served has executed a written consent authorizing this form of service.[44.1]

*Service by mail requires only mailing, not receipt.* Service by mail is complete at the time of mailing.[45] The service is complete even if there is no receipt of

---

[37] See Fed. R. Civ. P. 5(b)(2)(A).

[37.1] See Fed. R. Civ. P. 5(b)(2)(B).

[37.2] See Fed. R. Civ. P. 5(b)(2)(C).

[37.3] See Fed. R. Civ. P. 5(b)(2)(D).

[37.4] Fed. R. Civ. P. 5(b)(2)(A)(i).

[38] Fed. R. Civ. P. 5(b)(2)(A)(ii).

[39] Fed. R. Civ. P. 5(b)(2)(A)(iii).

[40] Sineti Inc. v. Blairex Labs., 909 F.2d 253, 254 (7th Cir. 1990) (despite deadline for service of motion for new trial looming, court held slipping papers under door was improper service).

[41] Fed. R. Civ. P. 5(b)(2)(B).

[42] See Fed. R. Civ. P. 5(b)(2)(B); cf. Fed. R. Civ. P. 4(f)(2)(C)(ii), (i)(1)(B), (i)(2).

[43] See, e.g., Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir. 1988).

[44] Salley v. Bd. of Governors, Univ. of N.C., 136 F.R.D. 417, 419 (M.D.N.C. 1991) ("fax transmission may not be deemed service by mail").

[44.1] See Fed. R. Civ. P. 5(b)(2)(D).

[45] Fed. R. Civ. P. 5(b)(2)(B).

Envelope scan:

From:
CARLSMITH BALL LLP
POST OFFICE BOX BF
HAGÅTÑA, GUAM 96932

Postage meter: GUAM MPO $00.60 MAR 28 03, PB8694543

To:
Mr. Tony H. Astiani
Post Office Box 12723
Tamuning, Guam 96931

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
HONOLULU LOCAL OFFICE
300 ALA MOANA BLVD., ROOM 7-127
P.O. BOX 50082
HONOLULU, HI 96850-0051

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

AN EQUAL OPPORTUNITY EMPLOYER

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. TIMOTHY. A. RIERA.
300. Ala / mona. Blvd.
HAWAII. local office.
Honolulu. Hi 96850.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Emily Mauga ☒ Agent ☐ Addressee

B. Received by (Printed Name): Emily Mauga

C. Date of Delivery: 10/8/02

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☒ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*
EU 098796365 US

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1035

HONOLULU R&DC *2* 10/08/02 *23:23*

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

TONY. ASHIIANI.
P.O. BOX. 12723
TAMUNING. GUAM. 96931

United States Postal Service

**Sorry We Missed You! We Re-Deliver for You**

Today's Date: MAR 3 1 2003

Sender's Name: Carlsmith

Item is at:
__ Post Office *(See back)*

Available for Pick-up After
Date:
Time:

We will redeliver or you or your agent can pick up. See reverse.

✓ Letter
__ Large envelope, magazine, catalog, etc.
__ Parcel
__ Restricted Delivery
__ Perishable Item
__ Other:

**For Delivery:** *(Enter total number of items delivered by service type)*
**For Notice Left:** *(Check applicable item)*

__ Express Mail *(We will attempt to deliver on the next delivery day unless you instruct the post office to hold it.)*
✓ Certified
__ Recorded Delivery
__ Firm Bill
__ Registered
__ Insured
__ Return Receipt for Merchandise
__ Delivery Confirmation
__ Signature Confirmation

☐ **If checked, you or your agent must be present at time of delivery to sign for item**

**Article Number(s)**
7002 1000 0004 7153 5135

Notice Left Section

Customer Name and Address
Mr. Tony H. Ashtani
17-7-02

Article Requiring Payment
☐ Postage Due ☐ COD ☐ Customs

Amount Due
$

Delivered By and Date

☐ **Final Notice:** Article will be returned to sender on

PS Form **3849**, November 1999 — **Delivery Notice/Reminder/Receipt**

