CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.



FILED
DISTRICT COURT OF GUAM
MAY 16 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT FOR GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>      Plaintiff,<br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA,<br>and CONTINENTAL AIRLINES, INC.<br><br>      Defendant. | CIVIL CASE NO. CIV02-00032<br><br>**RESPONSE TO PLAINTIFF'S "PLEADING TO DEFENDANTS' COUNSEL OF PROPER SERVICE TO UNREPRESENTED PARTY"** |

I. Introduction.

On April 16, 2003, pro se Plaintiff filed a "Pleading to Defendants' Counsel of Proper Service to Unrepresented Party," requesting that he be served "directly" at Guam Law Library, 141 San Ramon Road, in Hagåtña. Defendant files this Response to Plaintiff's pleading, interpreting Plaintiff's pleading as a request that he be served with pleadings in person as opposed to by mail. Defendant has and intends to continue to serve Plaintiff by mail throughout this case. As this

3152859.1.013280-00079

Response demonstrates, service by mail is an acceptable method of service under the Federal Rules of Civil Procedure. On the other hand the federal rules do not explicitly require personal service, even in instances of unrepresented parties.

II.     Federal Rule of Civil Procedure 5(b) Does Not Require Plaintiff to be Served Personally.

Federal Rule of Civil Procedure 5 states that "every pleading subsequent to the original complaint" can be served by "[d]elivering a copy to the person served by: (i) handing it to the person; (ii) leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or (iii) if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there." Fed. R. Civ. P. 5(a), (b)(2)(A). In addition, Rule 5 also permits service by "[m]ailing a copy to the last known address of the person served." Fed. R. Civ. P. 5(b)(2)(B).[1] Significantly, Rule 5 offers no preference for one method of service over another, even in cases of unrepresented parties.

In this case, Plaintiff is proceeding pro se. He does not have a permanent physical office location where Defendant can serve documents on Plaintiff or any authorized agent. Plaintiff has requested that Defendant serve him at the Territorial Law Library; however, Plaintiff does not have an established office or mailbox at the Library.[2] Accordingly, service by mail constitutes the only secure method of serving Plaintiff.[3]

---

[1] Rule 5 permits two further alternative methods of service: "[i]f the person served has no known address, leaving a copy with the clerk of the court" or by "[d]elivering a copy by any other means including electronic means." Fed. R. Civ. P. 5(b)(2)(C), (D).

[2] Nor should any of the librarians be considered agents of Plaintiff.

[3] Nor do the Federal Rules of Civil Procedure nor any caselaw mandate an extra effort on the part of one party to serve another who is unrepresented to track them down to ensure personal service. As the

On each pleading Plaintiff has submitted to the Court, Plaintiff has listed a post office box address in Tamuning, Guam. As the Federal Rules of Civil Procedure clearly permit service by mail, Defendant intends to use this federally-endorsed method to ensure that service of court-filed documents on Plaintiff is accomplished.

III. Caselaw does not Require that Unrepresented Parties be Served "Directly."

In his "Pleading," Plaintiff cites two cases for the proposition that he should be served "directly." The facts and resolution of both cases have absolutely no bearing on the issue whether Plaintiff should be served "directly." First, in SEC v. Everest Mgm't Corp., 87 F.R.D. 100, 102 n.1 (S.D.N.Y. 1980), the SEC attempted to serve motion papers on some of the defendants' counsel who had been disbarred. After the service of documents by mail was being returned, the SEC decided not to serve the defendants at all, a determination the Court found "commend[ing] itself neither to reason nor law." Id. The court instructed that if "a party is no longer represented by an attorney, as necessarily was the case here, service *must* be made on the party himself." Id.

The Everest court's underlying point was that a party whose counsel has disappeared or no longer accepts service must be served somehow, and that the opposing party cannot completely stop service based on the non-presence of counsel. Such situation does not exist here: Defendant has not halted service because Plaintiff is proceeding pro se. In contrast, Defendant has, as permitted under Federal Rule of Civil Procedure 5, served Plaintiff through mailing its pleadings at the address Plaintiff has listed in every pleading he has filed with this Court.

---

Court itself recognized at the May 7, 2003 Scheduling Conference, the Court must treat the parties fairly, even in spite of the fact that one party chooses to represent himself.

Whether or not Plaintiff chooses to pick up his mail does not affect whether or not service by mail in this case is appropriate. Rule 5(b) "provides that service is complete upon mailing. *Moreover, refusal to accept mail does not vitiate service.*" Anthony v. Marion County General Hosp., 617 F.2d 1164, 1168 n.5 (5th Cir. 1980) (emphasis added); see also Bourne, Inc. v. Romero, 23 F.R.D. 292, 296 (E.D. La. 1959) (refusal to accept notices of depositions served by mail was "not a failure to effect service of the notices, but notice by defendants to plaintiffs of their refusal to have their depositions taken"). Accordingly, Plaintiff's refusal to pick up mail at his postal address offers no legal justification for the Court to compel Defendant to track Plaintiff down and serve him personally when the federal rules fully endorse and permit service by mail. Furthermore, Plaintiff also fails to provide a legally sufficient reason why service upon him by mail is improper in this case.

Plaintiff also cites Love v. Hayden, 757 F.Supp. 1209, 1210-11 (D. Kan. 1991), in which the plaintiff in a section 1983 case sued and served the defendants in their official capacities under Federal Rule of Civil Procedure 4. The court granted the plaintiff leave to amend her complaint to add claims against the defendants in their individual capacities. The plaintiff, however, failed to effect new service upon the individual defendants. Id. The court accordingly found that it had no personal jurisdiction over the defendants in their individual capacities, as they had not been served as such. Id.

The issue in Love was proper service under Rule 4 when a complaint has been amended but the plaintiff fails to re-serve the amended complaint. In contrast, Defendant here has already been served with the Amended Complaint; accordingly, the proper issue is service under Rule 5. As Love does not address Rule 5, it has no applicability here.

Through its own research, Defendant has not discovered any caselaw that requires that an unrepresented party must only be personally served through Rule 5(b)(2)(A), and cannot be serviced by mail under Rule 5(b)(2)(B). Instead, as Rule 5 plainly permits, a party may utilize either method of service.

IV. Conclusion.

For the foregoing reasons, Defendants requests that the Court deny Plaintiff's request that he be served in person as opposed to through the mail. Neither the Federal Rules of Civil Procedure nor established caselaw require personal service upon unrepresented parties.

Dated this 15th day of May 2003.

CARLSMITH BALL LLP

*Elyze McDonald*

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba Continental Micronesia and Continental Airlines, Inc.