Tony Ashtiani , pro Se
P.O.Box 12723
Tamuning Guam 96931
(671) 688-4844
(671) 653-5575

Attorney for Defendants
Mr. David Ledger
Ms. Elyze McDonald

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, | Case No.: Civil No. 02-00032 |
| Plaintiff, | |
| vs. | PLAINTIFF'S OPPOSITION RESPONSE TO (Response to plaintiff's counsel of proper service to unrepresented party). |
| Continenetal Micronesia Inc,dba, Continental Micronesia , Continental Airlines , | |
| Defendant | |

On Apr 03, 2003 plaintiff had filed with the Court Amended Motion to Seize cover-up in violation of EEOC director in coordinated effort of defendants' counselors in Hawaii and Guam. **Exhibit A**, the generating element of that motion was diversion of federal rule 5 in regards to Certified Mail.

There is no requirement for service by registered or certified mail Fed. R. Civ. P. 5(b)(2)(B) **Exhibit B**. While defendant continues sending pro se plaintiff certified mail, **JOINT EXHIBIT C.**

Plaintiff continuously had gone to CARLSMITH BALL LLP to retrieve his documents as the law firm ignores the pleading as plaintiff humbly asked to be served directly. " Unrepresented parties are served directly". **Exhibit D.**

It is note worthy that defendant fails to respond to the first motion as filed by the court in sequence and in the present response by the defendant filed on May 16 2003 there is no mention of the <u>Certified Mail.</u>

Defense counsel diverts and steers away from the word "certified mail" in 5 pages of response and in fact not responsive to the root of the issue at hand. While defendant's firm CARLSMITH is in attempt to flood the pro se plaintiff with certified mail and chip away at his time by making him stand in long lines at the post office by representing his slip in exchange of mail, Certainly not the intend of Federal Civil Procedures Rule 5, The Public Officials and Federal Attorneys whom wrote these rules had logical elements in prioritizing these methods of service as it is evident, first federally-endorsed to ensure that service of court-field documents on parties are accomplished is written as (NUMBER 1) #1. "handing it to the person" **EXHIBT E.**

Plaintiff did not ask for any special treatment, rather asked defendant not to divert or modify the rule, in the other hand defendant is refrain from abuse of discretion and process.

Plaintiff vigorously adheres to federal rule 5 at all his servings to the defendant so there will not be any question of service raised. Certificate of service filing with the Court speaks for itself. Plaintiff had not asked to be tracked down, plaintiff has cell phone and it shall prevent defendants of any concern of tracking down. Regardless plaintiff is at the law library majority of the time.

Defendant states, "Through its own research, defendant has not discovered any case law that requires that an unrepresented party must only be **personally** served".

In support of memorandum of law **VINDINGI Vs. MEYER** 441 F.2d 376,377-78 (2d Cir. 1971) (Notice of action proposed or taken should also have been sent to plaintiff personally. In the absence of a court order directing such service, the defendant's attorneys were at fault for failing to do what common sense required.) in doing so they took unfair advantage of the plaintiff.**EXHIBIT F.**

Plaintiff requests that plaintiffs' pleading to be granted by Honorable Chief Judge John S. Unpingco.

Respectfully Submitted,

_____
Tony H. Ashtiani

Dated this 20th day of May 2003

```
Tony Ashtiani (pro se)
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

Attorneys for Defendant
CARLSMITH BALL LLP
Mr. David Ledger
Ms. Elyze McDonald
```

FILED
DISTRICT COURT OF GUAM
APR 03 2003
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| Tony H. Ashtiani,<br><br>    Plaintiff,<br><br>vs.<br><br>Continenetal Micronesia Inc,<br>dba, Continental Micronesia,<br>Continental Airlines,<br><br>    Defendant | Civil Case No.: 02-00032<br><br>*Amended.*<br>Motion to seize cover-up in postal violation of EEOC Director in coordinated effort of defendant's counselors in Hawaii and Guam. |

This Matter has come before the District Court of Guam based on the **DECLARATION OF MAILING** presented by Continental attorney Mr. David Ledger, "(I will cause to be served, via certified mail return receipt requested)" **Exhibit A.** See Fed. R. Civ P.5(b)(2)(B), Mailing a copy to the last Known address of the person served. Service by mail is complete on mailing **Exhibit B.**

RECEIVED
CARLSMITH BALL
Date: 4-4-03
Time: 12:46 pm By: JKT

is by personal delivery of a copy of the document.[37] However, service may also be accomplished by mailing a copy of the document.[37.1] These are the two most common methods of service currently used. However, the rule also authorizes service by delivery of a copy of the document in question to the court clerk when the person to be served has no known address.[37.2] Furthermore, if the parties to be served consents to it in writing, that party may be served by whatever electronic means to which he or she (or his or her counsel) has consented.[37.3]

*Rule 5 has broad definition of "personal delivery."* When Rule 5 service is made by personal delivery, the papers in question may either be handed directly to the attorney or unrepresented party,[37.4] or they may be left at the attorney's or party's office with a clerk or other person in charge, or, if no one is in charge, left in a conspicuous place in the office.[38] If the office is closed, or the person to be served has no office, the papers may be left at the person's dwelling house or usual place of abode with a person of suitable age and discretion who resides there.[39] It is not acceptable service, however, to slip the papers under the office door of an attorney whose office is closed.[40]

*Rule 5 service by mail is made by ordinary, first class mail.* Rule 5 service by mail is made by mailing the paper in question to the attorney or the unrepresented party at his or her last known address.[41] There is no requirement for service by registered or certified mail, return receipt requested.[42] A document or paper is "mailed" within the meaning of the rule if it is placed in an envelope, addressed to the attorney or unrepresented party at his or her last known address, the proper postage is affixed, and the envelope is deposited in a U.S. Postal Service mailbox or Post Office.[43] Facsimile transmission is not considered *service by mail,*[44] although service by fax may be authorized as service by electronic consent if the party to be served has executed a written consent authorizing this form of service.[44.1]

*Service by mail requires only mailing, not receipt.* Service by mail is complete at the time of mailing.[45] The service is complete even if there is no receipt of

---

[37] See Fed. R. Civ. P. 5(b)(2)(A).

[37.1] *See* Fed. R. Civ. P. 5(b)(2)(B).

[37.2] *See* Fed. R. Civ. P. 5(b)(2)(C).

[37.3] *See* Fed. R. Civ. P. 5(b)(2)(D).

[37.4] Fed. R. Civ. P. 5(b)(2)(A)(i).

[38] Fed. R. Civ. P. 5(b)(2)(A)(ii).

[39] Fed. R. Civ. P. 5(b)(2)(A)(iii).

[40] Sinett Inc. v. Blairex Labs., 909 F.2d 253, 254 (7th Cir. 1990) (despite deadline for service of motion for new trial looming, court held slipping papers under door was improper service).

[41] Fed. R. Civ. P. 5(b)(2)(B).

[42] *See* Fed. R. Civ. P. 5(b)(2)(B); *cf.* Fed. R. Civ. P. 4(f)(2)(C)(ii), (i)(1)(B), (i)(2).

[43] *See, e.g.,* Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir. 1988).

[44] Salley v. Bd. of Governors, Univ. of N.C., 136 F.R.D. 417, 419 (M.D.N.C. 1991) ("fax transmission may not be deemed service by mail").

[44.1] *See* Fed. R. Civ. P. 5(b)(2)(D).

[45] Fed. R. Civ. P. 5(b)(2)(B).

Case 1:02-cv-00032 Document 41 Filed 05/20/2003 Page 5 of 11

## Form 1

**United States Postal Service**
**Sorry We Missed You! We'll Deliver for You**

Today's Date: MAR 31 2003
Sender's Name: Carlsmith

Item is at:
___ Post Office *(See back)*

Available for Pick-up After
Date: ___
Time: ___

We will redeliver or you or your agent can pick up. See reverse.

☐ If checked, you or your agent must be present at time of delivery to sign for item

✓ Letter
___ Large envelope, magazine, catalog, etc.
✓ Parcel
___ Restricted Delivery
___ Perishable Item
___ Other:

**For Delivery:** *(Enter total number of items delivered by service type)*
**For Notice Left:** *(Check applicable item)*

___ Express Mail *(We will attempt to deliver on the next delivery day unless you instruct the post office to hold it.)*
✓ Certified
___ Recorded Delivery
___ Firm Bill

___ Registered
___ Insured
___ Return Receipt for Merchandise
___ Delivery Confirmation
___ Signature Confirmation

Article Number(s): 7002 1000 0004 7153 5131

**Notice Left Section**
Customer Name and Address: Mr. Tony H. Ashani
12120

Article Requiring Payment
☐ Postage Due ☐ COD ☐ Customs    $ ___

Delivered By and Date: ___

✓ **Final Notice:** Article will be returned to sender on ___

PS Form **3849**, November 1999                       Delivery Notice/Reminder/Receipt

---

## Form 2

**United States Postal Service**
**Sorry We Missed You! We'll Deliver for You**

Today's Date: APR 08 2003
Sender's Name: Carlsmith

Item is at:
___ Post Office *(See back)*

Available for Pick-up After
Date: ___
Time: ___

We will redeliver or you or your agent can pick up. See reverse.

☐ If checked, you or your agent must be present at time of delivery to sign for item

✓ Letter
___ Large envelope, magazine, catalog, etc.
___ Parcel
✓ Restricted Delivery
✓ Perishable Item
___ Other:

**For Delivery:** *(Enter total number of items delivered by service type)*
**For Notice Left:** *(Check applicable item)*

___ Express Mail
✓ Certified
___ Recorded Delivery
___ Firm Bill

___ Registered
___ Insured
___ Return Receipt for Merchandise
___ Delivery Confirmation
___ Signature Confirmation

Article Number(s): 7002 1000 0004 7153 5131

**Notice Left Section**
Customer Name and Address: Tony H. Ashani
12120

Article Requiring Payment
☐ Postage Due ☐ COD ☐ Customs    $ ___

Delivered By and Date: ___

☒ **Final Notice:** Article will be returned to sender on 4-15

PS Form **3849**, November 1999                       Delivery Notice/Reminder/Receipt

## USPS Delivery Notice 1

**United States Postal Service**
**Sorry We Missed You! We ℓ⁰ Deliver for You**

Today's Date: 4-23-03
Sender's Name: [illegible]

Item is at: ___ Post Office (See back)

Available for Pick-up After — Date: ___ Time: ___

☐ If checked, you or your agent must be present at time of delivery to sign for item

**We will redeliver or you or your agent can pick up. See reverse.**

Article Number(s): 7002 1000 0004 7140 7326

For Delivery: (Enter total number of items delivered by service type)
For Notice Left: (Check applicable item)

✓ Letter
___ Large envelope, magazine, catalog, etc.
✓ Parcel
✓ Restricted Delivery
___ Perishable Item
___ Other:

___ Express Mail (We will attempt to deliver on the next delivery day unless you instruct the post office to hold it.)
✓ Certified
___ Recorded Delivery
___ Firm Bill

___ Registered
___ Insured
___ Return Receipt for Merchandise
___ Delivery Confirmation
___ Signature Confirmation

**Notice Left Section**
Customer Name and Address: TONY R. ASHTIANI  12723

Article Requiring Payment — Amount Due: $
☐ Postage Due  ☐ COD  ☐ Customs

✓ **Final Notice:** Article will be returned to sender on 5-2-03

Delivered By and Date:

PS Form **3849**, November 1999

**Delivery Notice/Reminder/Receipt**

---

## USPS Delivery Notice 2

**United States Postal Service**
**Sorry We Missed You! We ℓ⁰ Deliver for You**

Today's Date: APR 17 2003
Sender's Name: Bx FF

Item is at: ___ Post Office (See back)

Available for Pick-up After — Date: ___ Time: ___

☐ If checked, you or your agent must be present at time of delivery to sign for item

**We will redeliver or you or your agent can pick up. See reverse.**

Article Number(s): 7002 1000 0004 7140 7320

For Delivery: (Enter total number of items delivered by service type)
For Notice Left: (Check applicable item)

✓ Letter
___ Large envelope, magazine, catalog, etc.
✓ Parcel
✓ Restricted Delivery
___ Perishable Item
___ Other:

___ Express Mail (We will attempt to deliver on the next delivery day unless you instruct the post office to hold it.)
✓ Certified
___ Recorded Delivery
___ Firm Bill

___ Registered
___ Insured
___ Return Receipt for Merchandise
___ Delivery Confirmation
___ Signature Confirmation

**Notice Left Section**
Customer Name and Address: Tony R. Ashtiani  12723

Article Requiring Payment — Amount Due: $
☐ Postage Due  ☐ COD  ☐ Customs

☐ **Final Notice:** Article will be returned to sender on

Delivered By and Date:

PS Form **3849**, November 1999

**Delivery Notice/Reminder/Receipt**

United States Postal Service
**Sorry We Missed You! We ℓ⁺ Deliver for You**

| | |
|---|---|
| Item is at: | Today's Date: MAY 17 2003 | Sender's Name: Carlsmith |
| ☐ Post Office (See back) | Available for Pick-up After |
| | Date: | Time: |

☐ If checked, you or your agent must be present at time of delivery to sign for item

We will redeliver or you or your agent can pick up. See reverse.

___ Letter
___ Large envelope, magazine, catalog, etc.
___ Parcel
___ Restricted Delivery
___ Perishable Item
___ Other: _____

**For Delivery:** (Enter total number of items delivered by service type)
**For Notice Left:** (Check applicable item)

___ Express Mail (We will attempt to deliver on the next delivery day unless you instruct the post office to hold it.)
___ Certified
___ Recorded Delivery
___ Firm Bill

___ Registered
___ Insured
___ Return Receipt for Merchandise
___ Delivery Confirmation
___ Signature Confirmation

**Article Number(s)**
7002 0460 0701 3808 7005

**Notice Left Section**
Customer Name and Address:
Tony H. Ashtiani
12723

**Article Requiring Payment**

☐ Postage Due  ☐ COD  ☐ Customs  | Amount Due $

☐ **Final Notice:** Article will be returned to sender on _____ | Delivered By and Date

PS Form 3849, November 1999

Delivery Notice/Reminder/Receipt

possession of the property at the time of the seizure.[30] This provision would be applicable, for example, when a prompt deposition was needed for an in rem maritime action, in which case service on the custodian of the ship, rather than on the actual owner, would comport with these special Rule 5(a)'s service requirements.[31]

*Rule 5(b)—Same: How Made*

*Service under Rule 5 is made on attorney for party when party is represented by attorney.* Whenever a party is represented by counsel, pleadings and papers, other than the original complaint, must be served on the party's attorney, unless the court specifically orders service to be made on the party.[32] Thus, for example, in a class action, service or notice to the attorney of record constitutes service or notice to the entire class.[33] If service is made directly on the represented party, without approval of the court, the service will be invalid, and it may also be a violation of professional ethics.[34]

*Unrepresented parties are served directly.* On the other hand, a party who has no attorney of record in a proceeding, or no longer is represented by counsel, must be served directly.[35]

*Court retains discretion to order that represented party be served directly.* Even when a party is represented, court do sometimes order that notice be given directly to a party. A court is likely to order that notice be given directly to a party when the notice involves an order of a type that, if disobeyed, is punishable with contempt, or when an order or motion seeks to find the party in contempt for disobedience of a prior order.[36]

*Rule 5 service may be made by a variety of means.* There is no one, fixed method for service under Rule 5. The most obvious method of service a document

---

[30] Fed. R. Civ. P. 5(a).

[31] Fed. R. Civ. P. 5, advisory committee notes of 1970.

[32] Fed. R. Civ. P. 5(b)(1).

[33] United States v. Pend Oreille Pub. Util. Dist. No.1, 28 F.3d 1544, 1553 (9th Cir. 1994)(1995) (service of counterclaim on class representative constitutes notice to class).

[34] Fed. R. Civ. P. 5(b)(1); Bueford v. Resolution Trust Corp., 991 F.2d 481, 487 (8th Cir. 1993) (notice to party directly when represented by counsel may violate professional ethics).

[35] Fed. R. Civ. P. 5(b)(1); Love v. Hayden, 757 F. Supp. 1209, 1211 (D. Kan. 1991) (service on attorney general ineffective as to individual state officials, sued in their individual capacity, when plaintiff failed to show pursuant that Office of Attorney General appeared for and represented these individuals in their individual capacity); SEC v. Everest Management Corp., 87 F.R.D. 100, 102 n.1 (S.D.N.Y. 1980) (when attorney no longer in representative capacity, direct service on party is proper under Fed. R. Civ. P. 5(b)(1)).

[36] *See, e.g.,* I.A.M. Nat'l Pension Fund v. Wakefield Indus., 699 F.2d 1254, 1261 (D.C. Cir. 1983) (OSC re contempt generally served directly on party, as opposed to attorney, by order of court pursuant to Fed. R. Civ. P. 5(b), which vests discretionary power to so order in court).

*ney v. United States,* 291 Fed. 497 (8th Cir.), *cert. denied,* 263 U.S. 714 (1923). For this purpose, the rule as before does not distinguish between parties and other persons subject to contempt sanctions by reason of their relation or connection to parties.

### LIBRARY REFERENCES

**Law Review and Journal Commentaries**
   Changes to the Federal Rules of Civil Procedure. Lawrence W. Newman and Michael Burrows, 211 N.Y.L.J. 3 (Jan. 31, 1994).

## Rule 5. Serving and Filing Pleadings and Other Papers

**(a) Service: When required.** Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.

**(b) Making Service.**

   **(1)** Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party.

   **(2)** Service under Rule 5(a) is made by:

     **(A)** Delivering a copy to the person served by:

       **(i)** handing it to the person;

       **(ii)** leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or

       **(iii)** if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

     **(B)** Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.

     **(C)** If the person served has no known address, leaving a copy with the clerk of the court.

     **(D)** Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

   **(3)** Service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served.

[1] Normally the dismissal of an action for failure to prosecute is a matter within the discretion of the district court judge. Fischer v. Dover Steamship Co., Inc., 218 F.2d 682 (2d Cir. 1955). In the present case, however, we have the unusual fact of the complete disappearance of plaintiff's attorney.

[2] Although the district court found that plaintiff 'let eighteen months go by before inquiring about the status of his pending lawsuit,' plaintiff's affidavit states that he 'tried diligently to find Mr. Ennis.' We do not know what efforts plaintiff made or what assurances he may have received from Ennis's office where somebody apparently remained to answer the telephone for some time after Ennis's disappearance. We believe that this case should be remanded for a full evidentiary hearing on the issue of whether plaintiff in fact neglected his suit. See Welden v. Grace Line, Inc., 404 F.2d 76 (2d Cir. 1968).

[3] The procedure followed in this case of sending all notices, motions and orders to Ennis after it was known that he had disappeared seems to us to indicate a disposition to take refuge in the empty formality of fulfilling the letter of the legal requirements while disregarding the realistic demands presented by the situation. Surely once it became known that Ennis had disappeared, notice of action proposed or taken should also have been sent to plaintiff personally. In the absence of a court order directing such service, the defendant's attorneys *378

(Cite as: 441 F.2d 376, *378 )

were at fault for failing to do what common

(Cite as: 441 F.2d 376, *378)

sense required. In doing so they took unfair advantage of the plaintiff. See Negron v. Peninsular Navigation Corp., 279 F.2d 859 (2d Cir. 1960).

In reversing the order in this case, we do not depart from the regular course of our decisions upholding discretionary orders of dismissal for failure to prosecute. See, e.g., Redac Project 6426, Inc. v. Allstate Insurance Co., 412 F.2d 1043 (2d Cir.1969); Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir.1967); Hines v. Seaboard Air Line Railroad Co., 341 F.2d 229 (2d Cir.1965); Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H. v. Universal Terminal & Stevedoring Corp., 324 F.2d 234 (2d Cir.1963); Ohliger v. United States, 308 F.2d 667 (2d Cir.1962); Parker v. Broadcast Music, Inc., 289 F.2d 313 (2d Cir.1961); Fischer v. Dover Steamship Co., Inc., supra. The facts here are readily distinguishable from the facts in those decisions.

Reversed and remanded for an evidentiary hearing.

C.A.N.Y. 1971.

Vindigni v. Meyer,

441 F.2d 376, 1971 A.M.C. 1322, 14 Fed.R.Serv.2d 1436

END OF DOCUMENT

Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works