ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

FILED
DISTRICT COURT OF GUAM
JUN 05 2003
MARY L. M. MORAN
CLERK OF COURT

42

IN THE DISTRICT COURT FOR GUAM

| | |
|---|---|
| TONY H. ASHTIANI, <br><br> Plaintiff, <br><br> vs. <br><br> CONTINENTAL MICRONESIA, INC. <br> dba CONTINENTAL MICRONESIA, <br> and CONTINENTAL AIRLINES, INC. <br><br> Defendants. | CIVIL CASE NO. CIV02-00032 <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DECLARATION OF MAILING** |

Defendants as identified in this action (collectively "Continental") file the following answer to the Second Amended Complaint filed May 15, 2003.

1. Continental denies the allegations contained in paragraph 1.

2. Continental denies the allegations contained in paragraph 2.

3. Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis denies the allegations.

4. Continental admits it employed Plaintiff and that the employment terminated for cause. All remaining allegations in paragraph 4 not specifically admitted are denied.

5. Continental admits it employed Plaintiff and that the employment terminated for cause. All remaining allegations in paragraph 5 not specifically admitted are denied.

6. Continental denies the allegations contained in paragraph 6.

7. Continental denies the allegations contained in paragraph 7.

8. Continental denies the allegations contained in paragraph 8.

9. Continental denies the allegations contained in paragraph 9.

10. Continental denies the allegations contained in paragraph 10.

11. Continental denies the allegations contained in paragraph 11.

12. Continental denies the allegations contained in paragraph 12.

13. Continental denies the allegations contained in paragraph 13

14. Continental admits that it terminated Plaintiff for cause. All remaining allegations of paragraph 14 not specifically admitted are denied.

15. Continental does not understand the allegations contained in paragraph 15, and therefore specifically and generally denies the allegations contained therein.

16. Continental denies the allegations contained in paragraph 16.

17. Continental denies the allegations contained in paragraph 17.

18. Continental denies the allegations contained in paragraph 18.

## FIRST CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 18, inclusive, of the Second Amended Complaint.

20. Continental denies the allegations contained in paragraph 20.

21. Continental denies the allegations contained in paragraph 21.

## SECOND CAUSE OF ACTION: NEGLIGENT SUPERVISOR

22. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 21, inclusive, of the Second Amended Complaint.

23. Continental denies the allegations contained in paragraph 23.

24. Continental denies the allegations contained in paragraph 24.

25. Continental denies the allegations contained in paragraph 25.

26. Continental denies the allegations contained in paragraph 26.

27. Continental denies the allegations contained in paragraph 27.

28. Continental denies the allegations contained in paragraph 28.

29. Continental denies the allegations contained in paragraph 29.

30. Continental denies the allegations contained in paragraph 30.

31. Continental denies the allegations contained in paragraph 31.

32. Continental denies the allegations contained in paragraph 32.

## THIRD CAUSE OF ACTION: UNLAWFUL DISCRIMINATION BASED UPON RACE AND NATIONAL ORIGIN

33. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 32, inclusive, of the Second Amended Complaint.

34. Continental admits that the Civil Rights Act of 1964 prohibits discrimination on the basis of race or color. All remaining allegations of paragraph 34 not specifically admitted are denied.

35. Continental denies the allegations contained in paragraph 35.

36. Continental denies the allegations contained in paragraph 36.

37. Continental denies the allegations contained in paragraph 37.

38. Continental denies the allegations contained in paragraph 38.

39. Continental denies the allegations contained in paragraph 39.

40. Continental denies the allegations contained in paragraph 40.

41. Continental denies the allegations contained in paragraph 41.

**FOURTH CAUSE OF ACTION: INTENTIONAL DISCRIMINATION AND INTENTIONAL RETALIATION POST 9/11**

42. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 41 inclusive, of the Second Amended Complaint.

43. Continental denies the allegations contained in paragraph 43.

44. Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies the allegations therein.

45. Continental admits Plaintiff filed a discrimination charge with the EEOC and that the charge was dismissed. Remaining allegations in paragraph 45 not specifically admitted are denied.

46. Continental admits it received and replied to Plaintiff's "Exhibit D."

47. Continental denies the allegations of paragraph 47.

48. Continental denies the allegations of paragraph 48.

49. Continental avers and alleges that sufficient legal justification existed for the termination of Plaintiff's employment, including but not limited to no-call/no-show. Remaining allegations not specifically admitted are deemed denied.

50. Continental admits that the EEOC issued findings and dismissed Plaintiff's charge of discrimination. Remaining allegations are deemed denied.

51. Continental denies the allegations of paragraph 51.

52. Continental denies the allegations of paragraph 52.

53. Continental denies the allegations of paragraph 53.

54. Continental denies the allegations of paragraph 54.

55. Continental denies the allegations of paragraph 55.

56. Continental denies the allegations of paragraph 56.

### FIFTH CAUSE OF ACTION: VIOLATION OF FEDERAL STATUTE OF FAMILY MEDICAL LEAVE ACT OF 1993

57. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 56 inclusive, of the Second Amended Complaint.

58. Continental denies the allegations of paragraph 58.

59. Continental denies the allegations of paragraph 59.

60. To the extent allegations against Continental are asserted paragraph 60, Continental denies the allegations therein.

61. Continental denies the allegations of paragraph 61.

## SIXTH CAUSE OF ACTION: CONSTRUCTIVE TERMINATION

62. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 61 inclusive, of the Second Amended Complaint.

63. Continental denies the allegations of paragraph 63.

## SEVENTH CAUSE OF ACTION: WRONGFUL TERMINATION

64. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 63 inclusive, of the Second Amended Complaint.

65. Continental denies the allegations of paragraph 65.

## EIGHTH CAUSE OF ACTION: SALES OF FRAGULANET [sic] INSURANCE POLICIES BY DEFENDANT TO EMPLOYEES

66. Continental incorporates herein its responses to each of the allegations contained in paragraphs 1 through 65 inclusive and through paragraph 72, of the Second Amended Complaint.

67. Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis denies the allegations.

68. Continental denies the allegations of paragraph 68.

69. Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 69 and on that basis denies the allegations.

70. Continental denies the allegations of paragraph 70.

71. Continental denies the allegations of paragraph 71.

72. Continental denies the allegations of paragraph 72.

## DEFENSES

1. The Second Amended Complaint fails to state a claim upon which relief may be granted.

2. The Second Amended Complaint should be dismissed for lack of effective service of process.

3. The Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.

4. The Second Amended Complaint should be dismissed on grounds that Plaintiff's exclusive remedy for the harm alleged is worker's compensation.

5. The Second Amended Complaint should be dismissed on grounds that Plaintiff has failed to exhaust administrative remedies.

6. Plaintiff's employment terminated for legitimate, legal and non-discriminatory business reasons.

7. Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

8. Plaintiffs damages, if any, were either caused or contributed to by Plaintiff and are accordingly barred or subject to reduction in accordance with the percentage of fault on the part of Plaintiff.

9. Plaintiff has not taken reasonable steps to avoid or reduce the effects, if any, of the actions complained of.

10. Plaintiff has failed to take reasonable steps to avoid or reduce damages, if any.

11. Plaintiff's allegations are not plead with sufficient specificity so as to entitle Plaintiff to special damages.

12. Continental denies each and every allegation of wrongdoing not so denied in the answer to the complaint.

13. Plaintiff is not entitled to any recovery on any grounds.

14. Defendants' actions were at all times based on legitimate, non-discriminatory business reasons, without regard to Plaintiff's ethnicity.

15. Plaintiff is barred from maintaining this action because he unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer, or to avoid harm otherwise.

16. Plaintiff's damages, if any, were the result of intervening and superseding causes.

17. Plaintiff's damages, if any, were the results of action(s) taken by a third party.

18. Plaintiff has failed to mitigate his alleged damages, if any, and has failed to take reasonable precautions to reduce the damages, if any.

19. Defendants incorporate herein by reference all defenses allowed by federal statutory and common law, and other defenses allowed by applicable law, which may become apparent as discovery is conducted and completed in this case. Defendants reserve the right to allege additional facts and affirmative defenses as they may have discovered.

WHEREFORE, Continental prays for judgment against Plaintiff as follows:

1. That judgment be entered against Plaintiff on the Second Amended Complaint and in favor of Continental.

2. That Plaintiff be awarded nothing on the Second Amended Complaint.

3. That Continental recover its costs of suit.

4. For such other and further relief the Court may award.

Dated this 5th day of June 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc. dba Continental Micronesia and Continental Airlines, Inc.

## DECLARATION OF MAILING

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 5th day of June 2003, I will cause to be served, via certified mail with return receipt requested, a true and correct copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DECLARATION OF MAILING** upon Plaintiff at Post Office Box 12723, Tamuning, Guam 96931.

Dated this 5th day of June 2003.

_____
ELYZE McDONALD