FILED
DISTRICT COURT OF GUAM
JUN 20 2003
MARY L. M. MORAN
CLERK OF COURT

47

**IN THE DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

* * *

TONY H. ASHTIANI,
Plaintiff,
vs.
CONTINENTAL MICRONESIA, INC., et al.,
Defendants.

CIVIL CASE NO. 02-00032

TRANSCRIPT OF PROCEEDINGS

BEFORE

THE HONORABLE JOHN S. UNPINGCO
Chief Judge

SCHEDULING CONFERENCE

WEDNESDAY, MAY 7, 2003

* * *

ORIGINAL

Wanda M. Miles
Official Court Reporter
District Court of Guam

**APPEARANCES:**

**FOR THE PLAINTIFF:**

TONY H. ASHTIANI, Pro se
P.O. BOX 12723
TAMUNING, GUAM 96931

**FOR THE DEFENDANTS:**

CARLSMITH BALL LLP
BY: DAVID LEDGER, Esq.
ELYZE McDONALD, Esq.
134 West Soledad Avenue
Bank of Hawaii Building, Suite 401
Hagatna, Guam 96910

HAGATNA, GUAM; WEDNESDAY, MAY 7, 2003; 4:32 P.M.

* * *

THE CLERK: Civil Case 02-00032, Tony H. Ashtiani versus Continental Micronesia, Inc., et cetera, et al., Scheduling Conference.

Counsel, please state your appearances.

MR. ASHTIANI: Good afternoon, Your Honor. Tony Ashtiani, pro se litigant.

THE COURT: Okay.

MS. McDONALD: Good afternoon, Your Honor. Elyze McDonald for Continental Micronesia.

THE COURT: Okay. There are three motions in this case filed by the plaintiff. Defendant has not filed responses. And the defendant should file -- is ordered to file its opposition, if any, to the three motions by May 30th, 2003. Any reply of the plaintiff shall be filed by June 9th, 2003. Thereafter, if the court deems a hearing is necessary, one will be scheduled. Otherwise, the court will take it on the papers.

There have been two proposed scheduling orders and discovery plans submitted to the court in this case. And there are differences, marked differences between the two; however, under the rules, the Local Rules, it appears that the defendant's proposed

schedule is in conformity with that more so than the plaintiff's. And so, the court will accept the scheduling order filed by the defendant as it's in conformity with the Local Rules of practice of this court.

The parties also do not agree as to trial dates. Plaintiff wants the trial to begin on January 2nd, 2004, whereas the defendant wants the trial to begin on March 22nd, 2004.

The plaintiff's scheduling order, in it he wants the pretrial materials, discovery materials, witness list, exhibit list, and designations of discovery responses filed on or before January 16th, 2004; however, the trial is to begin under his schedule on January 2nd, 2004. So he can't do the trial without all these other materials that are due after the trial. So that's not correct on his part.

In addition, he wants the final pretrial conference to be held on November 21st, 2003, which conflicts with Local Rule 16.7(h) which states that "the final pretrial conference is to be seven days before trial."

Both parties, however, agree that the trial will take approximately four days. And is there any reason why both of you cannot agree on a proposed trial

date?

MS. McDONALD: Your Honor, can I speak to that?

THE COURT: Yes.

MS. McDONALD: During our scheduling meeting between the parties, we did agree on the dates that defendant puts in its scheduling order. I believe, and Mr. Ashtiani can speak to that if he has since changed his mind, because he did file his scheduling order before ours, and before we met. So I believe the dates, from my last understanding under the defendant's scheduling order are agreed to between the parties.

The nature of the disagreement was basically on the nature of the case description in our scheduling order and the initial disclosure deadline. Those are the only issues that, to my understanding, are in dispute between the parties.

THE COURT: Okay.

MR. ASHTIANI: Your Honor?

THE COURT: Yes, Mr. Ashtiani.

MR. ASHTIANI: It's a pleasure being in your court, Your Honor.

However, I believe that there's a large gap between the trial date and the date that we had set for friendly -- as far as the discovery is concerned, which

was November 21st, I believe Ms. McDonald had presented to me. I believe three months between that date and the trial date is a large gap, that's why I wanted to kind of close up the gap and maybe, I believe January 2nd is not --

Actually, I did make a mistake, Your Honor, I apologize to the court for that, I did overlook the 21 days failure which is a cause; however, if you can move it up to sometimes in February or late January would be fine. I believe the large gap is undue burden.

THE COURT: Anything else?

MR. ASHTIANI: Your Honor, the fact that the nature of the case was in dispute is because I had pointed out to Ms. McDonald that there was a -- EEOC issued new "Guidance on Discrimination and Employee Benefits," which the defendant has been selling fraudulent insurance, that is part of the benefits of the employee. For that fact, there is a clause in here that was revised in October 3, 2000, that was released by EEOC, which falls in the umbrella of Title VII, which is a vast title. So for that fact, I believe that the title -- the nature of the case, being employee benefits, it also belongs to this, and that was the dispute all about.

Also with the FMLA, Your Honor, in fact, I do have a piece of document here that states:

"Equal protection clause of the Fourteen Amendment in minimizing the potential for employment discrimination on basis of sex while promoting equal employment opportunity for men and women."

So with that, Your Honor, FMLA, it is part of the discrimination.

THE COURT: What is FMLA?

MR. ASHTIANI: The Family Medical Leave Act, Your Honor.

THE COURT: Okay.

MR. ASHTIANI: I was terminated while I was attending my son. And that's what the case is all about.

The FMLA falls under the umbrella of Title VII, Your Honor, and that's what this case is based on.

THE COURT: Okay.

MS. McDONALD: Your Honor, can I just address that briefly?

THE COURT: Yes.

MS. McDONALD: Without getting into the merits of the case, basically the disagreement was what Mr. Ashtiani had put in his scheduling order as what he described the nature of the case to be, and he included

the FMLA violation and the fraudulent sale of insurance policy. Neither of those are alleged in the complaint or the amended complaint, and so that is why I didn't want to put that in a scheduling order and that be reflective in any way of us conceding that those are allegations that he has alleged in his complaint.

THE COURT: And the solution?

MR. ASHTIANI: Your Honor, if I may suggest in this court, respectfully, if I may amend my complaints, that would -- basically would resolve this matter.

THE COURT: That's correct.

MR. ASHTIANI: And if I do, may I ask you to grant that motion to me, Your Honor?

THE COURT: Yes. Well, you know, the court under the Federal Rules, we give permission to amend liberally. So please do so as quickly as you can so that we can zero in on what is the dispute all about, and all the grounds. Let's just look at all the grounds all in shot.

MR. ASHTIANI: Thank you, Your Honor.

THE COURT: So please do that. And how much time do you need?

MR. ASHTIANI: For amended complaint, Your Honor, I do not need much time; however; I did get similar cases and similar amended complaints which

I will follow and I'll make sure that I'm within the rules.

The one other issue, Your Honor, is that 14 days, per Rule 26(a)(1), it indicates that I have to bring the initial disclosure to the defendant within 14 days. I believe with the amended complaint, it will burry me and flood me with paperwork. I ask respectfully from the defendant -- there was a filing with Mr. Vandenberg which I looked at, they had given 60 days to the plaintiff to submit their initial disclosure after the conference scheduling -- scheduling conference.

So I'm not asking for 60 days, Your Honor; however, I ask for 30 days, if possible. I do not want to ask the court for extension and extension over and over. However, I believe with the amended complaint behind me, if I may, ask a little extension on the initial disclosure.

THE COURT: Okay. What's your position, Ms. McDonald?

MS. McDONALD: First on the amended complaint, Your Honor, I'd ask that the Court first give only permission to file a motion to amend the complaint.

And I say that because I believe there may be objections as to whether the complaint alleges new

facts. If it doesn't allege any new facts or any new claims, then of course we would have an objection to the granting of the amendment to the complaint. So we'd like the opportunity to respond to any --

THE COURT: But you won't know that until he files his complaint, whether he's alleging new facts or --

MS. McDONALD: We don't know that until he files a motion to amend the complaint, and then we have an opportunity to examine what the proposed complaint would look like.

THE COURT: No, but we're not -- if he files a motion, it may be in such abbreviated form that it might not give you enough information as to the facts. I've looked at some of his motions; they're really skimpy.

MS. McDONALD: That's correct.

THE COURT: No offense to you, Mr. Ashtiani. You know, it's a very brief type style of writing. And I realize where you're coming from, it's just that let's get it all in one shot. It's best under the rules we liberally grant leave for you to amend your complaint. I've already done so, so do so.

MR. ASHTIANI: Thank you, Your Honor.

THE COURT: And then if you wish to make a

motion after he has done so, because then the facts are flushed out in there, or if they're not in there, you would still have that advantage as well, so we won't be going back and forth too often.

MS. McDONALD: I understand, Your Honor. Thank you.

THE COURT: So why don't we just do that, and then you file your objections.

Let me give you a couple of weeks to file, two weeks from today's date to file an amended complaint, because you seem to be in a hurry with this case.

What we'll do is we'll adopt the scheduling order of the defendant as of now; it doesn't mean it's set in cement, it's just that, let's see what you've got, okay, and how it might or might not impact the schedule. Okay?

Also, I want for your benefit to point out that three months time period, you know, before the trial, that's not -- that's not unreasonable.

MR. ASHTIANI: Okay, Your Honor.

THE COURT: And one of the reasons for that is we want both sides to be thoroughly prepared with their case and presentation, and also there may be witnesses or experts that either side may like to produce at the trial. And so it gives them time to prepare and

outline their case, and how they're going to examine or cross-examine the witnesses, and what kind of evidence to show, the documentation, the paperwork, and whether they can get the certified copies or authenticated copies of whatever documents they're producing.

So, my advice to you, let's just hold off with shortening for now, let's see what kind of documents are going to be flying back and forth between the two of you. No use shortening it and then at the end you're flooded and you come back in and say, I need more time to prepare. So let's just hold it at that.

If at the end of all the discovery, you still feel that the three months waiting time is too long, then you can ask for a motion to shorten time; you can file a motion to shorten time, then I'll hear your motion. Okay? Right now, let's just have sort of a rough game plan here, which is what this scheduling order is. Okay? And so, that being the case --

And we also have three motions outstanding that I will need to deal with.

MR. ASHTIANI: I believe there are two motions, Your Honor.

THE COURT: There are two now?

MR. ASHTIANI: The one I believe was intimidation and blackmail by the defendant.

THE COURT: Yes.

MR. ASHTIANI: Which I had also cited as *Shelly versus Continental Micronesia*. And that also happened prior in that case, which I do have a copy of that decision and order I'd like to --

THE COURT: No, wait. I see it. But you also filed a pleading caption "Pleading to Defendant's Counsel in Future Communications in Reasonable Time in Good Faith." I'm taking that as a motion, okay, that's the way I'm interpreting it. And I'll give you an opportunity to explain it later on if need be, if you can't explain it in writing.

I think that should do it for now. Let's see how the case evolves, let's see what the discovery brings. So, let's just follow their scheduling order.

MR. ASHTIANI: Yes, Your Honor. I do respect your advice and we'll go with March then.

THE COURT: And I said before, it's not set in concrete. If for some reason there's not much discovery and you still feel you would like to have a trial sooner, I will entertain a motion from you. Okay? It doesn't mean I'm going to grant it; it just means that I'm going to allow you to file it so I can consider it.

I do need to inform you, Mr. Ashtiani, that

you are representing yourself *pro se*, and while I'm fully appreciative of the fact that you're not a lawyer, you're not trained as a lawyer, I need to also inform you of the fact that I need to treat both sides fairly, okay?

MR. ASHTIANI: Thank you.

THE COURT: So you will have to present your case, you will have to make your case, okay? I cannot be coaching you from the bench when I'm presiding over the case. So that being the case, if you can get yourself a lawyer, that will be really help us out. If you're going to proceed by yourself, try to prepare as thoroughly as you possibly can.

Is there anything else?

MS. McDONALD: Nothing further from defendant, thank you.

THE COURT: Okay. I think we've got a good handle on this for now. So file your amended complaint and then she'll file whatever other motions she's got.

MR. ASHTIANI: And the initial disclosure is on hold at this point; correct, Your Honor?

THE COURT: Yes. Well, let's follow the discovery -- the scheduling order that's been proposed by the defense. Okay? Let's just follow that, so we have this game plan for now.

MR. ASHTIANI: Okay.

THE COURT: If you want, if you feel there's more time necessary, you can always make a motion for enlargement of time, that is, for additional time. But let's just have something that's a guide of the things that are to happen; we need that badly at this point in time.

MR. ASHTIANI: Yes, Your Honor.

THE COURT: But get your amended complaint in, have it filed in two weeks time, or sooner if you can; the sooner the better. But by no means should you rush just to get it in, be as thorough as you can.

MR. ASHTIANI: So I have, in two weeks, Your Honor, I have two things before me; one is amended complaint, and one is initial disclosure, which is 14 days after the scheduling conference, per Rule 26(a)(1)?

THE COURT: Correct.

MR. ASHTIANI: Okay. Thank you, Your Honor.

THE COURT: Well, thank you very much. I appreciate your coming here.

MS. McDONALD: Thank you, Your Honor.

MR. ASHTIANI: Thank you, sir. Thank you for having us.

(Proceedings concluded at 4:47 p.m.)

* * *

CERTIFICATE OF REPORTER

CITY OF AGANA )
) ss.
TERRITORY OF GUAM )

I, Wanda M. Miles, Official Court Reporter of the District Court of Guam, do hereby certify the foregoing pages 1-15, inclusive, to be a true and correct transcript of the shorthand notes taken by me of the within-entitled proceedings, at the date and time therein set forth.

Dated this 20th day of June, 2003.

Wanda M. Miles
________________________