Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

FILED
DISTRICT COURT OF GUAM
SEP 30 2003
MARY L. M. MORAN
CLERK OF COURT

(50)

# IN DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, | ) |
| Plaintiff, | ) Civil Case No.: 02-00032 |
| Vs. | ) |
| Continental Micronesia Inc, Dba, Continental Micronesia, Continental Airlines, | ) MOTION FOR PROTECTIVE ORDER ) Rule 30 (c), (d). |
| Defendant | ) |

TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF RECORD:

This matter before the Court in reference to notice of deposition, and Subpoena. Plaintiff makes objection to all deposition and subpoena of Dr. Chenet, Dr. Rapadas, and Plaintiff. **Joint Exhibit A.**

## Relief Sought

Plaintiff moves the court for an ORDER quashing the Notice of Deposition and Subpoena for records by law offices of CARLSMITH BALL LLP. Date scheduled in these notices is <u>Untimely</u>.

## Grounds for Motion

1) Rule 26(C)(1) of the federal rules of civil Procedure permits this court to enter a protective order reliving a party from obligation created by a deposition notice that **(1)** do not provide "reasonable" notice as required by rule 30(b)(1). And **(2)** that is <u>untimely</u> under the DEFENDANT'S SCHEDULING ORDER AND DISCOVERY PLAN under the parties mutually agreed and the Court case management **ORDER** by the Court. **EXHIBIT B.**

2) The discovery cutoff date is on October 1, 2003.

3) Plaintiff had agreed to extend discovery cutoff date to October 30 2003, due to defense counsel Ms. McDonald residing off island and Mr. David Ledger having a compact Schedule, this extension was effectually accommodated. **EXHIBIT C.**

**4)** Defendant <u>furthermore</u> requested to change dates of Discovery Motions and Discovery Motions hearings, which Plaintiff will not agree to such stipulation and intend to assert by it due to the fact it was omitted from the initial agreement.

**5)** Defense counsel residing off island should have no impact on scheduling order that was previously ORDRED. As the law firm employees many other attorneys on Guam.

**6)** Defendant has had ample opportunities to depose witnesses, Plaintiff asserts that this corporate legal strategy and tactic is to prevent Plaintiff to file a Motion to compel discovery.

**7)** Plaintiff lacks funds to retain attorney to object to questions and it is hard to answer question and object at the same time. This would serve justice to the rich and not low income families that been harmed by corporations.

**8)** Defendant may not violate plaintiff's Procedural Due Process and fair justice once again and depose Plaintiff at CARL SMITH law firm and have both home field and psychological advantage over the pro plaintiff.

**9)** Defendant once again is violating Plaintiff's Procedural Due Process and Constitutional rights. Declaration of Mark Williams attached. **EXHIBIT D.**

## Supporting Material

Plaintiff who fails to object to testimony of allegedly privileged
Nature waives whatever **privilege** might have existed as to
That testimony. See McCormick Handbook of the law of evidence
103, at 221-22(E Cleary ed. 2d ed. 1972); 8 wigmore, Evidence
2388, at 853-54(McNaughton rev. 1961) (physician-patient privileged
Waived by failure to object).

Plaintiff also basis this motion that Guam has a public policy in effect 6 GCA - 503(f). The Physician- patient privilege.

This motion is made on the pleadings and papers already on file in this matter, on this motion, on the attached notice of motion and declaration of plaintiff and on whatever argument and evidence is presented at the hearing of this motion.

Dated this 30TH day of September 2003.

Respectfully Submitted,

Tony H. Ashtiani

Plaintiff

# DECLARATION

## Certification of Attempt to Resolve Dispute Without Court Action

I, Tony H. Ashtiani, pro se plaintiff declare and solemnly swear under the penalty and perjury under the United States laws that Attorney Mr. David Ledger Esq, and I have Attempted to Resolve Dispute Without Court Action. By signing the undersigned Plaintiff certifies that as required by Rule 26(c), 30(c)(d) of the Federal Rules of Civil procedure, Plaintiff conferred with Defense counsel by telephone on September 22, 2003 and matter remains in dispute.

I have read the forgoing contents there of; and that the same is true to my knowledge, except as to matters stated on information and belief, which matters I believe to be true.

I declare under penalty of perjury that forgoing is true and correct.

Date: September 30TH, 2003

Tony H. Ashtiani,

_T. Ashtiani_
Pro se litigant

AO 88 (Rev. 1/94) Subpoena in a Civil Case



# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **GUAM U.S.A.**

TONY H. ASHTIANI,

      Plaintiff,

V.

CONTINENTAL MICRONESIA, INC.
dba CONTINENTAL MICRONESIA, and
CONTINENTAL AIRLINES, INC.,

      Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] CIV02-00032

TO: Dr. Alix Chenet
    612 North Marine Drive
    Suite 8, Dededo, Guam 96929

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| CARLSMITH BALL LLP<br>Suite 401, Bank of Hawaii Building<br>134 West Soledad Avenue<br>Hagatna, Guam 96910 | October 10, 2003<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ <br> Attorneys for Continental Micronesia, Inc. | September 18, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elyze McDonald, Esq.
CARLSMITH BALL, LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910
#(671) 472-6813

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Rcd. /s/ 9/18/03

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (11/91) Subpoena in a Civil Case



# United States District Court

DISTRICT OF __GUAM U.S.A.__

TONY H. ASHTIANI,

              Plaintiff,

V.

CONTINENTAL MICRONESIA, INC.
dba CONTINENTAL MICRONESIA, and
CONTINENTAL AIRLINES, INC.,

              Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: CIV02-00032

TO: Dr. Juan Rapadas
     120 West O'Brien Drive
     Hagatna, Guam 96910

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| CARLSMITH BALL LLP<br>Suite 401, Bank of Hawaii Building<br>134 West Soledad Avenue<br>Hagatna, Guam 96910 | October 10, 2003<br>1:30 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorneys for Continental Micronesia, Inc. | September 18, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elyze McDonald, Esq.
Carlsmith Ball LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910     #(671) 472-6813

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

T. Smith
Sep. 24, 2004.
11:40 AM.

CARLSMITH BALL LLP

ELYZE MCDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, <br><br> Plaintiff, <br><br> vs. <br><br> CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA, and CONTINENTAL AIRLINES, INC., <br><br> Defendants. | CIVIL CASE NO. CIV02-00032 <br><br> **AMENDED NOTICE OF DEPOSITION** |

TO:   TONY H. ASHTIANI

**PLEASE TAKE NOTICE** that Continental Micronesia, Inc., Defendant in the above-entitled action, will take the deposition of TONY H. ASHTIANI at the law offices of Carlsmith Ball LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam 96910, on the dates and times specified below:

| **DATE:** | **TIME:** |
|---|---|
| Wednesday, October 8, 2003 | 9:00 a.m. - 12:30 p.m. |
| Thursday, October 9, 2003 | 9:00 a.m. - 12:30 p.m. |

4844-5464-2176.1.013280-00079

emotional and intentional distress and mental anguish;

        d.     other subjects and issues as required.

5.    Other than the 25 count limit on Interrogatories and Requests for Admissions, Plaintiff does not anticipate requiring any other changes or limitations on discovery as may be imposed under federal or Local Rules.

6.    The discovery cut-off (defined as the last day to file responses to written discovery) is October 1, 2003. Depositions may be taken until the cutoff date and as provided above in paragraphs 3 and 4.

Dated this 30th day of April 2003.

CARLSMITH BALL LLP

*[signature: Elyze McDonald]*

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba Continental
Micronesia and Continental Airlines, Inc.

Dated this 30th day of April 2003.

TONY ASHTIANI, PRO SE

        TONY ASHTIANI, PRO SE
        Plaintiff

**SO ORDERED** this MAY 2 1 2003 .

/s/ John S Unpingco

JOHN S. UNPINGCO
Chief Judge, District Court of Guam

5.

Case 1:02-cv-00032    Document 52    Filed 09/30/2003    Page 9 of 13

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time.

oct,31, 2003.

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

RECEIVED
CARLSMITH BALL
ate: 9/8/03
n 2:01 By:

# DECLARATION

## DECLARATION OF MARK E. WILLIAMS

I, Mark E. Williams, declare as follows:

2. On ~~June~~ JULY 2, 2001 at approximately 10:30 a.m., Guam time, I contacted Ms. Teresa Sage of the Continental Airlines Human Resources Office by phone and advised her of this office's representation of Mr. Tony Ashtiani, and requested information regarding the subject matter of the pending hearing or conference between the Management of Continental Airlines and Mr. Ashtiani involving Mr. Ashtiani's disciplinary action, and his related appeal/grievance of such action. I further requested information necessary for the preparation of Mr. Astiani and this office for such conference or hearing. However, Ms. Sage refused to provide any such requested information or to acknowledge this office's representation of Mr. Ashtiani. Instead, Ms. Sage directed me to contact Continental's legal office in Houston, which we were unable to do by phone as the office in Houston was apparently closed at that hour.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and that if called as a witness, I could testify competently thereto. I further hereby declare that this declaration is executed under penalty of perjury at Hagatna Guam on 5/20/02.

_Mark E. Williams_
Printed Name

_[Signature]_
Signature
(Date)

conduct of the holder of the privilege indicating his consent to the disclosure, including his failure to claim the privilege in any proceeding in which he has the legal standing and opportunity to claim the privilege.

(b) Where two or more persons are joint holders of a privilege provided by 503(c) (lawyer-client privilege), (f) (physician-patient privilege), or (g) (psychotherapist-patient privilege), a waiver of the right of a particular joint holder of the privilege to claim the privilege does not affect the right of another joint holder to claim the privilege. In the case of the privilege provided by 503(c) (privilege for confidential marital communications), a waiver of the right of one spouse to claim the privilege does not affect the right of the other spouse to claim the privilege.

(c) A disclosure that is itself privileged is not a waiver of any privilege.

(d) A disclosure in confidence of a communication that is protected by a privilege provided by 503(c) (lawyer-client privilege), (f) (physician-patient privilege), or (g) psychotherapist-patient privilege), when such disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer, physician, or psychotherapist was consulted, is not a waiver of the privilege.

**SOURCE:** Guam Law and Practice. There is no equivalent version in the Federal Rules of Evidence.

**§503. Particular Privileges.** Except as otherwise required by the Organic Act of Guam or provided by Act of the Guam Legislature, the privileges of a witness, person, government, State, or political subdivision thereof shall include:

(a) the privilege of a Defendant in a criminal case not to be called as a witness and not to testify

(b) the privilege against self-incrimination

(c) the attorney-client privilege

(d) the privilege not to testify against one's spouse

(e) the privilege for confidential marital communication

(f) the physician-patient privilege

(g) the psychotherapist-patient privilege

(h) the clergyman-penitent privileges.

**SOURCE:** Guam Law and Practice.

**CROSS-REFERENCES:** 8 GCA §1.11 - Rights of Defendant Enumerated.

**COMMENT:** The Federal Rules of Evidence do not establish particular privileges, leaving it to the determination of the courts. Guam has seen fit to set forth the particular privileges it recognizes.

**§503.1. Privileged communications and information to Crime Stoppers organizations. (a) Definitions.** For purposes of this section:

(1) *Crime Stoppers organization* means a private, nonprofit organization that accepts and expends donations for rewards to persons who report to the organization information concerning criminal activity and that forwards the information to the appropriate law enforcement agency;

(2) *Privileged communication* means information provided by any person, in any manner whatsoever, to a Crime Stoppers organization in reporting alleged criminal activity;

(3) *Protected information* means the identity of the person reporting criminal activity to a Crime Stoppers organization, any records, statements (oral, written or recorded), papers, documents or any materials whatsoever utilized by a Crime Stoppers organization in reporting criminal activity or in processing such information, whether such information is in the possession of a Crime Stoppers organization, a police "Crime Stoppers" coordinator or his

Case 1:02-cv-00032   Document 52   Filed 09/30/2003   Page 13 of 13