# ORIGINAL ●

CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.



**FILED**
DISTRICT COURT OF GUAM

OCT 02 2003

MARY L. M. MORAN
CLERK OF COURT

53

## IN THE DISTRICT COURT OF GUAM

TONY H. ASHTIANI,

               Plaintiff,

   vs.

CONTINENTAL MICRONESIA, INC.
dba CONTINENTAL MICRONESIA
and CONTINENTAL AIRLINES, INC.,

               Defendant.

CIVIL CASE NO. CV02-00032

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTION ORDER**

       Plaintiff's Motion for Protective Order is unfounded and dilatory. It is intended to delay the taking of his deposition, scheduled on October 8 and 9, 2003. Furthermore, it is not in compliance with the Federal Rules of Civil Procedure or the Local Rules of Practice, as Plaintiff has not met and conferred with Defendant prior to bringing the Motion. The Court should deny the motion and award sanctions against Plaintiff, in the amount Defendant has incurred in opposing the Motion.

4845-5406-0800.1.013280-00079

1.    **Plaintiff has not complied with Federal Rules of Civil Procedure 26(c) and 37(a)(2), and Local Rule 37.1.**  Federal Rule 26(c) states that a motion for protective order must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party to resolve a discovery dispute without court action.  Local Rule 37.1 confirms this federal rule.  Plaintiff's certification filed with the Motion deals with a separate discovery dispute.  Plaintiff never contacted defense counsel to resolve this discovery dispute prior to filing his Motion.  See Ex. A (Declaration of Elyze McDonald) at ¶9.

Absent compliance with these rules, the Court should completely deny consideration of the motion.  Doe v. National Hemophilia Found., 194 F.R.D. 516, 519 (D. Md. 2000); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995).

2.    **Plaintiff has been given reasonable notice of the deposition.**  Plaintiff was originally served with a Notice of Deposition on September 18, 2003, and thereby notified Plaintiff that Defendant will be taking his deposition on October 8 and 9, 2003.  See Ex. A at ¶4, Ex. C.  Because Plaintiff objected to the Notice because of scheduling conflicts, Defendant served Plaintiff with an Amended Notice of Deposition on September 24, 2003.  Ex. A at ¶5, Exs. D and E.  Plaintiff had two weeks' notice of the deposition.  In other courts, eight days' notice constitutes "reasonable notice" under Federal Rule of Civil Procedure 30(b)(1).  See Jones v. United States, 720 F. Supp. 355, 366 (S.D.N.Y. 1989).

3.    **The Notice of Deposition is not Untimely.**  Because Defense counsel currently lives off-island, Defendant requested an extension of the discovery cutoff deadline, originally October 1, 2003, in order for defense counsel to arrange to travel to Guam to take the deposition.  On September 8, 2003, Plaintiff granted Defendant an extension of the discovery cut-off date of another thirty days, to October 31, 2002.  See Ex. B.  As the only purpose of the

4845-5406-0800.1.013280-00079

request for the extension was to take Plaintiff's deposition, Defendant communicated to Plaintiff that it did not require a full thirty days, and drafted a Stipulation to extend the discovery deadlines to October 17, 2003. Ex. A at ¶6, Ex. F. The Stipulation also listed new deadlines for discovery motions, as would be necessary since the discovery cutoff date was being extended.

Defendant handed Plaintiff the proposed Stipulation on September 17, 2003. Despite requests from defense counsel to sign the Stipulation, Plaintiff stated that he was not sure if he could comply with the new discovery motion cutoff deadlines. Ex. A at ¶7. Nevertheless, Plaintiff **never** revoked his extension, or gave defense counsel any indication that he would not honor his extension.

The Deposition is therefore timely under the agreement between the parties.

4. **Defendant has no intention to prevent Plaintiff to file a motion to compel discovery**. Defendant has been completely cooperative throughout the discovery process. Plaintiff has threatened to bring motions to compel on other issues, and Defendant has generously offered to assist in drafting Local Rule 37.1 Stipulations, as Plaintiff repeatedly pleas to Defendant that he types slow and does not have any office assistance. Defendant does not understand Plaintiff's statement in his motion that Defendant is trying to prevent him from filing a motion to compel.

5. **The Location of the Deposition does not Violate Plaintiff's Procedural Due Process Rights**. Defendant does not understand how holding a deposition at defense counsel's office will constitute a home field advantage. In any event, the party noticing the deposition usually has the right to choose the location. See Buzzeo v. Board of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998); Riley v. Murdock, 156 F.R.D. 130, 132 (E.D.N.C. 1994); Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993).

4845-5406-0800.1.013280-00079

6.    **The Court should Award Sanctions**.  Under Rules 26 and 37, the Court has the power to requiring a moving party to pay the party opposing a discovery motion attorneys fees unless the Court finds the motion was justified.  Fed. R. Civ. P. 26(c) and 37(a)(4).  This Motion is completely unfounded.  Plaintiff has not asserted a single meritable issue, and thereby has forced Defendant to incur needless attorney fees in opposing the Motion.  Defendant has been completely cooperative throughout the discovery phase of this case, and has been caught off-guard by the filing of this Motion.  Knowing that off-island defense counsel had travel arrangements to take Plaintiff's deposition, Plaintiff waited until the last hour to object to the deposition, waiting more than a week after being served with the Amended Notice of Deposition and two weeks after the Notice of Deposition.  The Court should award sanctions and award Defendants its attorneys fees incurred in responding to this unfounded motion.

Respectfully submitted this 2nd day of October 2003.

CARLSMITH BALL LLP

ELYZE McDONALD
Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

4845-5406-0800.1.013280-00079

CARLSMITH BALL LLP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam  96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.


## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>        Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DECLARATION OF ELYZE McDONALD** |

I, Elyze McDonald, declare:

1.    I am an attorney at law licensed to practice before the District Court of Guam..  I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2.    If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

4827-4212-1472.1.013280-00079

**EXHIBIT A**

3.      As Plaintiff admits in its Motion for Protective Order, he granted

Defendant an extension of the discovery cutoff deadline by an extra thirty (30) days, to October

31, 2003.  Attached hereto as Exhibit B is a true and correct copy of that extension.

4.      Defendant subsequently served a Notice of Deposition on September 18,

2003, informing Plaintiff of his deposition on October 8 and 9.  Attached hereto as Exhibit C is a

true and correct copy of that Notice of Deposition.

5.      After receiving Plaintiff's Objection to the Notice of Deposition, a true and

correct copy of which is attached hereto as Exhibit D, Defendant renoticed the Deposition and

served an Amended Notice of Deposition on September 24, 2003, effectively giving Plaintiff 14

days' notice of the deposition.  Attached hereto as Exhibit E is a true and correct copy of that

Amended Notice of Deposition.

6.      As the deposition would be held in the earlier half of the month of

October, I proposed to Plaintiff that we stipulate to extend the discovery deadlines only until

October 17, 2003, and to file it with the Court.  The proposed deadlines are listed in the attached

draft Stipulation and Order to Reschedule Discovery Deadlines, a true and correct copy of which

is attached hereto as Exhibit F.

7.      Despite requests from myself, Plaintiff stated to me that he was not sure

whether he would sign the Stipulation because he was not sure if he would be able to comply

with the discovery cutoff date.  I responded that Defendant is amenable to extending discovery

and discovery motion deadlines, but Plaintiff would need to propose dates.

8.      On September 15, 2003, Plaintiff filed a Second Request for Production of

Documents, a true and correct copy of which is attached hereto as Exhibit G.

4827-4212-1472.1.013280-00079

9.      Plaintiff **NEVER** contacted me to meet and confer regarding this discovery dispute.  While the parties conducted meetings to confer regarding other discovery disputes, Plaintiff never contacted me to discuss the timing of the Amended Notice of Deposition.  Attached hereto as Exhibits H and I are correspondence between the parties pertaining to the subjects of previous meet and confer meetings.  Defendant has always cooperated with Plaintiff, and has even drafted Local Rule 37.1 Stipulations for motions to compel that Plaintiff intended to bring.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 1st day of October 2003, at Honolulu, Hawaii.

ELYZE McDONALD

4827-4212-1472.1.013280-00079

**Tony H. Ashtiani**
**P.O.Box 12723**
**Tamuning Guam 96931**
**TEL/FAX 1-(671) 653-5575**
**CELL 1-(671) 688-4844**

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time.

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

**RECEIVED**
CARLSMITH BALL
Date: 09/08/03
'n 2:02 'y Sm

**EXHIBIT B**



CARLSMITH BALL LLP

ELYZE MCDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Agana, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

*T. Ashti*
*TONY. ASHTIANI.*
*Sep, 18, 2003.*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, | ) CIVIL CASE NO. CIV02-00032 |
|         Plaintiff, | ) |
|     vs. | ) **NOTICE OF DEPOSITION** |
| CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA, and CONTINENTAL AIRLINES, INC., | ) |
|         Defendants. | ) |

TO:    TONY H. ASHTIANI

        **PLEASE TAKE NOTICE** that Continental Micronesia, Inc., Defendant in the

above-entitled action, will take the deposition of TONY H. ASHTIANI at the law offices of

Carlsmith Ball LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña,

Guam 96910, on the date and time specified below:

3156703.1.013280-00079

**EXHIBIT C**

**DATE:**                          **TIME:**

Wednesday, October 8, 2003         9:00 a.m. - 12:00 p.m.
                                   1:30 p.m. - 4:00 p.m.

Thursday, October 9, 2003          9:00 a.m. - 12:00 p.m.
                                   1:30 p.m. - 4:00 p.m.

The deposition will be recorded stenographically pursuant to the Rules of Civil

Procedure for the Superior Court of Guam.

If said depositions are not completed on the date set out above, the taking of the

depositions will be continued from day to day thereafter, except for Sundays and holidays, at the

same place, until completed.

DATED this 18th day of September 2003.

CARLSMITH BALL LLP

_____
ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

1  Tony H. Ashtiani
   P.O.Box 12723
2  Tamuning Guam 96931
   671-688-4844
3  671-653-5575

4

5              IN DISTRICT COURT OF GUAM

6                   TERRITORY OF GUAM

7

8  Tony H. Ashtiani,               )
                                   )
9          Plaintiff,              )  Civil Case No.: 02-00032
                                   )
10         Vs.                     )
                                   )
11                                 )
   Continental Micronesia Inc,     )
12                                 )  OBJECTION TO NOTICE OF
   Dba, Continental Micronesia,    )  DEPOSITION AND ITS CONTENTS.
13                                 )
   Continental Airlines,           )
14                                 )
                                   )
15         Defendant               )
16  _____

17

18  TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF

19  RECORD:

20      This matter before the defense counsel in reference to

21  notice of deposition which was received on September,18 2003.

22

23      1.  Plaintiff had submitted a letter to defense counsel on

24  September 8, 2003. **EXHIBIT A"** which had provided them with

25  availability of time frame which plaintiff could attend the **EXHIBIT D**

RECEIVED
CARLSMITH BALL
Date: 09/18/03
1:47    By: [signature]

1  deposition. Such advance notice was not noted, thus plaintiff

2  objects to the afternoon sessions of such deposition.

3

4     2.   This case is **In District court of Guam** and that

5  Superior Court of Guam Rules of Civil Procedure does not apply.

6  **"EXHIBIT B"**.

7

8     3.   Plaintiff also objects to the location of such

9  deposition to be taken and requests that place of deposition be

10 taken at a mutual place rather that defendant having home field

11 advantage over the pro se plaintiff, and that Guam Law Library

12 Conference rooms "A" or "B" are available and can be reserved

13 for such activity.

14

15    4.   Plaintiff also requesting the names and numbers of

16 defense counsels which will be deposing the pro se plaintiff.

17

18     Dated this 18 TH day of September , 2003.

19

20                    Submitted Respectfully.

21

22                    Tony H. Ashtiani

23

24                    _T. Ash_____

25                    Pro se plaintiff

**Tony H. Ashtiani**
**P.O.Box 12723**
**Tamuning Guam 96931**
**TEL/FAX 1-(671) 653-5575**
**CELL 1-(671) 688-4844**

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time. *oct,31, 2003.*

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

RECEIVED
CARLSMITH BALL
ate: 9/8/03
n 2:04 By:

|  |  |
|---|---|
| **DATE:** | **TIME:** |
| Wednesday, October 8, 2003 | 9:00 a.m. - 12:00 p.m. |
|  | 1:30 p.m. - 4:00 p.m. |
| Thursday, October 9, 2003 | 9:00 a.m. - 12:00 p.m. |
|  | 1:30 p.m. - 4:00 p.m. |

The deposition will be recorded stenographically pursuant to the Rules of Civil Procedure for the Superior Court of Guam.

If said depositions are not completed on the date set out above, the taking of the depositions will be continued from day to day thereafter, except for Sundays and holidays, at the same place, until completed.

DATED this 18th day of September 2003.

CARLSMITH BALL LLP

ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

**COPY** ● ●

T. MUN
Tony. ASHTIAN
SEP, 24, 2003.
11:30

CARLSMITH BALL LLP

ELYZE MCDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam  96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, ) | CIVIL CASE NO. CIV02-00032 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED NOTICE OF DEPOSITION** |
| ) | |
| CONTINENTAL MICRONESIA, INC. ) | |
| dba CONTINENTAL MICRONESIA, and ) | |
| CONTINENTAL AIRLINES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO:    TONY H. ASHTIANI

**PLEASE TAKE NOTICE** that Continental Micronesia, Inc., Defendant in the

above-entitled action, will take the deposition of TONY H. ASHTIANI at the law offices of

Carlsmith Ball LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña,

Guam 96910, on the dates and times specified below:

| **DATE:** | **TIME:** |
|---|---|
| Wednesday, October 8, 2003 | 9:00 a.m. - 12:30 p.m. |
| Thursday, October 9, 2003 | 9:00 a.m. - 12:30 p.m. |

4844-5464-2176.1.013280-00079

**EXHIBIT** ,

The deposition will be recorded stenographically pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice of the District Court of Guam.

If said depositions are not completed on the date set out above, the taking of the depositions will be continued from day to day thereafter, except for Sundays and holidays, at the same place, until completed.

DATED this 23rd day of September 2003.

CARLSMITH BALL LLP

_____
ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

*Recieved copy to Review.*
*To Read Prior To Sign.*

*F. All*

*Sep, 17, 03.*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>     Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>     Defendant. | CIVIL CASE NO. CV02-00032<br><br>**STIPULATION AND ORDER TO<br>RESCHEDULE DISCOVERY<br>DEADLINES** |

WHEREAS, Defendant seeks to extend the discovery cutoff deadline to accommodate Defendant's counsel, temporarily residing off-island, to travel to Guam to conduct further discovery and depositions in this case; and

WHEREAS such depositions will be conducted in the second week of October, 2003; and

WHEREAS Plaintiff has agreed to such extension,

IT IS HEREBY STIPULATED by and between the undersigned that the current Discovery cutoff date of October 1, 2003 be rescheduled to October 17, 2003.

4844-1027-3280.1

**EXHIBIT F**

IT IS ALSO HEREBY STIPULATED that Discovery Motions currently due no later than October 8, 2003 be rescheduled to October 24, 2003 and, that the Discovery Motions Hearing date currently scheduled to be heard no later than October 29, 2003 be rescheduled to November 14, 2003.

SO STIPULATED AND AGREED TO this _____ day of September 2003.

CARLSMITH BALL LLP

_____

ELYZE McDONALD
Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

SO STIPULATED AND AGREED TO this _____ day of September 2003.

_____

TONY H. ASHTIANI
Pro se Plaintiff

## **O R D E R**

**IT IS HEREBY ORDERED that:**

1.  Discovery cutoff date is October 17, 2003;

2.  Discovery Motions shall be filed not later than October 24, 2003, and heard on November 14, 2003.

DATED:_____.

_____

HONORABLE JOHN S. UNPINGCO
Chief Judge, District Court of Guam

RECEIVED
ARLSMITH BALL
09/15/2003
2:40 By:

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

Tony H. Ashtiani,                      )
                                       )
          Plaintiff,                   ) Civil Case No.: **02-00032**
                                       )
     Vs.                               )
                                       ) **PLAINTIFF SECOND REQUEST OF THE**
Continental Micronesia Inc,            ) **PRODUCTION OF DOCUMENTS TO**
                                       ) **DEFENDANT CONTINENTAL**
Dba, Continental Micronesia,           ) **MOCRONESIA INC,**
                                       )
Continental Airlines,                  ) **Fed R. Civ P. 34**
                                       )
          Defendant                    )
                                       )
                                       )
_____)

TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF
RECORD: Plaintiff hereby request pursuant to Fed R Civ P rule 34,
Plaintiff requests that Defendant respond in writing, under
oath, to the following Requests for Production of Documents
within 30 days from the service and this request, and produce
and permit inspection and copying of documents described below
on October, 15, 2003. At 0900 A.M to plaintiff at Guam Law
Library at 141 San Ramon street Conference room B Hagatna, Guam.
In lieu of producing the documents for inspection, defendant may

**EXHIBIT G**

forward legible copies of them to plaintiff on or before the date of production, except that defendant must label all documents (e.g. Exhibit A, B, C, etc.).   And indicate in writing which documents are responsive to which requests).

As an alternative earlier means of production, defendant may photocopy all responsive documents and deliver the same to the plaintiff on or before the date set for production. Defendants and the counsel of records are reminded of their obligations under rule 34 of the Federal rule of civil procedure. Terms are defined in accordance with Rule 1001 of Rules of Evidence.

## DEFINITION AND INSTRUCTION

The word "document is used in these requests in the broad and liberal sense and means any written, typed, recorded or graphic matter, however produced or reproduced, of any kind and description, whether sent, received, or neither, and all copies thereof which differ in any way from the original (whether by interlineations, stamped received, notation, indication of copy sent or received, or otherwise) regardless of whether designated confidential, privileged or otherwise and whether such is an original, master, duplicate or copy, including, but not limited to, papers, notes, accounts statements or summaries, ledgers, pamphlets, periodicals, books, advertisements, drawings, telegrams, audio or video tape recordings, communications,

1    including inter-office and intra office memoranda, delivery

2    tickets, bills of lading, invoices, quotations, claims

3    documents, reports, records, studies, work sheets, working

4    papers, corporate records, minutes of meetings, circulars,

5    bulletins, notebooks, bank deposit slips, bank check, canceled

6    checks, data processing cards and/or tapes, computer software,

7    electronic mail messages, photographs, transcriptions or sound

8    recordings of any type of personal or telephone conversations,

9    interviews, negotiations, meetings or conferences, or any other

10   things similar to any of the foregoing.

11        The term "communication" as used in these requests means

12   any words heard, spoken, written or read, regardless of whether

13   designated confidential, privileged or otherwise, and including,

14   without limitation, words spoken or heard at any meeting,

15   discussion, interview, encounter, conference, speech,

16   conversation or other similar occurrence, and words written or

17   read from any document(s) as described above.

18        The term "person" as used in these requests means

19   individuals or entities or any type, including but not limited

20   to, natural persons, governments (or agencies thereof), quasi-

21   public entities, corporations, partnerships, groups, mutual or

22   joint ventures and other forms of organizations or associations.

23        The term "date" as used in these requests shall mean the

24   exact day, month and year, if ascertainable, or if not the best

25

1  approximation thereof (including by relationship to other

2  events).

3      As used herein, the words or phrases, "explaining,"

4  "describing," "defining," "concerning," "reflecting," or

5  "relating to" when used separately or in conjunction with one

6  another mean, directly or indirectly, mentioning, pertaining to,

7  involving, being connected with or embodying in any way or to

8  any degree the stated subject matter.

9      The term "relate to," or any similar phrase, shall mean

10  refer to, reflect on, concern or be in any way logically or

11  factually connected with the matter discussed.

12      The term "employee" means any person who receives wages, a

13  salary or other income, in any form, from the defendant,

14  including, without limitation, supervisors, administrators,

15  manager, directors, officers, board of directors members,

16  contract workers, commission workers or any combination thereof.

17      For each document encompassed by these requests which

18  defendant claims to be privileged from or otherwise protected

19  against discovery on any ground, defendant shall expressly make

20  the claim, fully setting forth all grounds for the privileged or

21  protection and shall expressly describe the document with a

22  degree of specificity that will enable pro se plaintiff to

23  assess the applicability of the claimed privilege or protection.

24      If a request is made for production of documents which are

25  no longer in the possession, custody and/or control of

defendant, state when such documents were lost, destroyed or

otherwise disposed of; how recently where they in the

possession, custody and/or control of defendant and what

dispositions were made of them, including the identity of the

person(s) believed to be last or presently in possession,

custody and/or control of the documents.  If a document has been

destroyed, if applicable, state when such document was

destroyed, identify the person(s) who destroyed the documents,

and the person(s) who directed that the document be destroyed

and the reasons the document was destroyed.

Unless otherwise specified, each request requires a full

response for every and entire period of time with respect to

which defendant intends to offer any evidence.

If more than one copy of a requested document (e.g., a

clean copy and a copy with handwritten or other notations)

exists, and if one or more documents have any writing on them,

which differentiate them from other copies, defendant shall

produce all copies.

These document requests are continuing and, if at any time

subsequent to production of documents requested herein, any

document responsive to this request is located or comes within

the custody, possession or control of the defendant, plaintiff

requests that it forthwith be produced to the full extent

required by Rule 34 of the Federal Rules of Civil Procedure.

## REQUESTED DOCUMENTS

1.     All documents, collections of documents, official or unofficial, formal or informal, maintained or kept by Defendant, in reference to the date that Mr. Dixon McKinzie became director of human resources dept responsible for EEO and affirmative action of Continental Micronesia Inc, in Guam.

2.     All documents, collections of documents, official or unofficial, formal or informal, maintained or kept by Defendant, in reference to the date that Mr. James Hammer became director of maintenance of Continental Micronesia Inc, in Guam.

3.     All documents, referring or relating to describing collections of documents, official or unofficial, formal or informal, maintained or kept by Defendant, employment record including, without limitation (a) names of terminated employees (b) dates of termination (c) terminated employee's nationality, at Continental Micronesia Inc., in Guam within the time frame of Mr. James Hammer acting in official capacity as director of maintenance at CMI.

4.     All documents, referring or relating to describing collections of documents, official or unofficial, formal or

informal, maintained or kept by Defendant, employment record

including, without limitation (a) names of terminated employees

(b) dates of termination (c) terminated employee's nationality,

at Continental Micronesia Inc., in Guam within the time frame of

Mr. Dixon McKinzie acting in official capacity as manger or

director of human resources at CMI responsible for EEO and

affirmative action.

Date: Sep, 15, 2003 Respectfully submitted,


Tony H. Ashtiani


Pro se litigant

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

R E C E I V E
CARLSMITH BALL
Date: 9/16
in : 4:50   By:

September 16, 2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: Discovery Dispute**

**In District Court of Guam CV. 02-00032**

Dear Attorney Ms. McDonald:

Thank you for "Meet and Confer" via telephone on **September 12, 2003. (Guam date)**, as you are well aware, I clearly indicated to you that my responses to defendant's interrogatories and production of documents were hampered and I had explained the reasons in my general objections in both documents. In our phone conversation I had provided a list of paragraph numbers and that each of plaintiff's request were individually explained to you. Further more my intentions of meet and confer was to bring a motion to compel in good faith effort to gather information in regards to statistics and pattern of practice of Continental Micronesia Inc., in Guam under the management in 1998 to 2002. Moreover, I was more than happy to provide you "similar case" McAlester Vs. United Airlines 851 f.2d 1249. In all retro respect it appears that you have a second "Meet and Confer" scheduled which I will be more than happy to attend and further discuss discovery issues with you.

Very truly yours,

Tony H. Ashtiani

Cc; Attorney Mr. David Ledger

**EXHIBIT H**



# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÁTÑA, GUAM 96932-5027
TELEPHONE 671.472.6813  FAX 671.477.4375
WWW.CARLSMITH.COM

DIRECT DIAL NO.                EMCDONALD@CARLSMITH.COM                OUR REFERENCE NO.:
013280-00079

*Picked up at.
14:38
T. A___
Tony. ASHTIANI
Sep, 15, 2003.*

September 15, 2003

Tony H. Ashtiani
Post Office Box 12723
Tamuning, Guam 96931

Re:  <u>Issues Pertaining to Discovery</u>

Dear Mr. Ashtiani:

This letter addresses several issues pertaining to the discovery phase of this case.  Please review the contents of this letter carefully.

## 1.  PLAINTIFF'S MOTION TO COMPEL

This letter confirms that Continental does not have any documents in its possession evidencing an insurance policy that covers Continental for violations of employment discrimination and wrongful termination.

## 2.  DEFENDANT'S MOTION TO COMPEL

I have reviewed your Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents.  I am requesting that you reconsider your responses to the following requests and interrogatories, and submit a Supplemental Response.  **We have agreed to meet and confer regarding these issues on Wednesday, September 17, 2003, at 10:00 a.m. (Guam time).**  If you fail to supplement your responses, Defendant will be filing a Motion to Compel.

### 2.1  Interrogatories

(a)  **Interrogatory No. 2(c)** requested that you describe the type of treatment you received from each and every doctor or health care provider.  Please clarify your response.  For example, was Dr. Chenet's only treatment a recommendation to attend physical therapy?  What treatment, if any, was prescribed by Dr. Rapadas?

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES · WASHINGTON, D.C.

**EXHIBIT I**

Case 1:02-cv-00032     Document 56     Filed 10/02/2003     Page 27 of 29

(b)     **Interrogatory No. 14** requested that you identify the name of each and every witness you intend to call at trial, the nature of their testimony, and their address and/or phone number, on each count listed in your Second Amended Complaint.  Your Response states that you provided this information in your Initial Disclosures.  Your Initial Disclosures, however, provides a list of 81 witnesses and is not broken down by each count. Most importantly, you have failed to identify the nature of each witness' testimony.  Please amend your Response to conform with the Request.

(c)     **Interrogatory No. 19** requested that you provide an explanation as to how each item of damages was calculated and identify each document that mentions, refers to, relates to, reflects or evidences any of your damages in this case, and identify each person who has knowledge of the information sought by this interrogatory.  You responded that the damages are listed in your Initial Disclosures.  Your Initial Disclosures, however, provide no specific calculation of damages, and explanation of that calculation, and a listing of persons who have knowledge of that calculation.  Please amend your Response to conform with the Request.

2.2     **Request for Production of Documents**

(a)     **Request No. 3** asked that you provide all documents demonstrating a plan or scheme to "cover-up" during EEOC proceedings in your case and in all "similar cases" you are aware of.    You objected to production of the similar cases on the bases of work product and privilege.  If you intend to produce evidence of these similar cases at trial, the doctrines of work product and privilege do not apply.  Please turn over whatever evidence of similar cases you are aware of.

(b)     **Request No. 7** asked that you turn over any and all documents evidencing or reflecting any economic and/or out-of-pocket loss you claim to have suffered as a result of the alleged discrimination.  Your Response was non-responsive.

(c)     **Request No. 8** asked that you provide a chronology of events referencing, relating or referring to the facts made the basis of you lawsuit.  Your Response was non-responsive.

(d)     **Request No. 11** asked that you produce a copy of any documents, notes, or records of any kind that you made or kept employed by CMI concerning the facts made the basis of this lawsuit.  Contrary to your Response, this is not a vague, overbroad and ambiguous Request.  Rather, it is specific in time - while employed at CMI - and scope - relating to the basis of this lawsuit.  Please produce the requested documents.

(e)     **Request No. 13** asked that you produce tape recordings, audio, video or both that you obtained and/or produced regarding the facts made the basis of this lawsuit.  Contrary to your Response, this is not an unreasonably burdensome, oppressive, or vexatious request.  Rather it is specific in scope to the facts made the basis of the lawsuit, and is thus limited in time to the timeframe surrounding your termination.

I especially wish to remind you that you must turn over every document that we have requested in a timely manner, particularly if you plan to introduce them at trial.

I look forward to our meeting this Wednesday. Feel free to contact me before then if you have any questions.

Sincerely,

Elyze McDonald

4815-2446-1056.2