CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.



FILED
DISTRICT COURT OF GUAM
OCT 07 2003 *mba*
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>Defendant. | CIVIL CASE NO. CV02-00032<br><br>**MOTION TO RECONSIDER COURT'S DENIAL OF DEFENDANT'S MOTION TO SHORTEN TIME TO HEAR PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; DECLARATION OF ELYZE McDONALD; EXHIBIT A** |

On or about October 6, 2003, the Court denied Defendant's Motion to Shorten Time to Hear Plaintiff's Motion for Protective Order. Defendant respectfully requests that the Court reconsider its ruling for the following reasons:

1.     Plaintiff's Non-Compliance with the Federal Rules of Civil Procedure.

Plaintiff has not complied with the Local Rules of Practice and the Federal Rules of Civil Procedure governing discovery motions. In particular Plaintiff failed to confer with Defendant prior to bringing his Motion, in violation of Federal Rule of Civil Procedure 26(c). Plaintiff's Certificate of Attempt to Resolve Dispute without Court Action, filed with his Motion, is untrue.

4845-1572-3264.1
4822-3415-2960.1



Plaintiff never contacted Defendant prior to bringing his Motion. See Declaration of Elyze McDonald.

The Court cannot hear motions that have not been first attempted at resolution between the parties, pursuant to Federal Rule of Civil Procedure 26(c). Doe v. National Hemophilia Found., 194 F.R.D. 516, 519 (D. Md. 2000); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995).

2.      No Good Cause Exists to Grant Plaintiff's Motion for Protective Order. Courts are empowered to issue protective orders on a good cause showing that a party intends to use the discovery for a purpose unrelated to settlement or trial preparation of the case in which the discovery is taken or requested. See Seattle Times Co. v. Rhinehart, 467 U.S. 20 35-36, 81 L. Ed. 2d 17 (1984). Factors the Court should consider in determining if good cause exists are: danger of abuse if a protective order is granted; the good faith of various parties' positions; the adequacy of protective measures provided by a protective order; and the availability of other means of proof. Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 415 (M.D.N.C. 1991).

In this instance, Defendant seeks to depose Plaintiff on the causes of action and facts asserted in his Second Amended Complaint. Defendant has not sought anything unrelated to this case, and no abuse will occur. Defendant simply seeks to uncover the facts underlying Plaintiff's Second Amended Complaint through conducting the deposition. If Defendant is unable to conduct Plaintiff's Deposition, trial will be elongated as the opportunity to understand the issues and present them in a concise manner before the jury will be usurped.

Defendant in good faith relied upon Plaintiff's representation that the discovery cutoff date was extended. In bad faith, Plaintiff has retracted that extension through the backhanded tactic of asserting that the deposition is untimely. **Plaintiff should not be awarded for**

4845-1572-3264.1
4822-3415-2960.1

violating the spirit of the Federal Rules of Civil Procedure, requiring cooperation and cordiality between parties, by being permitted to delay an appropriate and reasonably-noticed deposition.

     3.     Plaintiff's Deposition has been scheduled for October 8 and 9, 2003. Plaintiff has been adequately notified of the dates and times of the deposition. Defendant has incurred great expense in scheduling the deposition and arranging for the attendance of its senior in-house legal counsel and attorney, both residing off-island, in attending the deposition.

     For these reasons, Defendant respectfully requests that the Court reconsider its denial of Defendant's Motion to Shorten Time.

     Respectfully submitted this 7th day of October 2003.

CARLSMITH BALL LLP

ELYZE McDONALD
Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## DECLARATION OF ELYZE MCDONALD

     I, Elyze McDonald, declare:

     1.     I am an attorney at law licensed to practice before the District Court of Guam.. I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

     2.     If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

     3.     Plaintiff **NEVER** contacted me to meet and confer regarding this discovery dispute. While the parties conducted meetings to confer regarding other discovery

4845-1572-3264.1
4822-3415-2960.1

disputes, Plaintiff never contacted me to discuss the timing of the Amended Notice of Deposition.

4. Plaintiff agreed to an extension of the discovery cutoff deadline to October 31, 2003. Attached hereto as Exhibit A is a true and correct copy relaying that extension.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 7th day of October 2003, at Hagatna, Guam.

_____

ELYZE McDONALD

4845-1572-3264.1
4822-3415-2960.1

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time. oct.5'i 2003.

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

RECEIVED
CARLSMITH BALL
ate: 9/8/03
n 2:01 By: SW
EXHIBIT A