CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.



FILED
DISTRICT COURT OF GUAM
OCT 07 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>Defendant. | CIVIL CASE NO. CV02-00032<br><br>**APPLICATION FOR <u>EXPEDITED</u><br>PRETRIAL CONFERENCE (FED. R.<br>CIV. P. 16); DECLARATION OF<br>ELYZE McDONALD; EXHIBIT A** |

Defendant Continental Micronesia, Inc. respectfully applies for an expedited

Pretrial Conference pursuant to Federal Rule of Civil Procedure 16. Rule 16 states that a

> court may in its discretion direct the attorneys for the parties and
> any unrepresented parties to appear before it for a conference or
> conference before trial for such purposes as
>
> > (1) expediting the disposition of the action;
> > (2) establishing early and continuing control so that the
> > case will not be protracted because of lack of management;
> > (3) discouraging wasteful pretrial activities;
> > (4) improving the quality of the trial through more
> > thorough preparation; and

4845-1572-3264.1

**ORIGINAL**

(5) facilitating the settlement of the case.

Fed. R. Civ. P. 16(a). All of these reasons apply.

In this action, Plaintiff Tony H. Ashtiani has filed a Motion for Protective Order to prevent Defendant's taking of his deposition, properly noticed for October 8 and 9, 2003. Defendant scheduled the deposition after Plaintiff granted Defendant an extension beyond the discovery cutoff date of October 1, 2003 to October 31, 2003. Ex. A. Plaintiff has unjustifiably retracted that extension by his Motion for Protective Order.

Most significantly, Plaintiff has not complied with Federal Rule of Civil Procedure 26(c) which requires a party moving for a protective order to confer with opposing counsel prior to bringing the Motion. **Plaintiff simply failed to confer with opposing counsel prior to raising his Motion, and thus the motion is not properly before this Court.** Doe v. National Hemophilia Found., 194 F.R.D. 516, 519 (D. Md. 2000); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995). See Declaration of Elyze McDonald. Plaintiff's statements in the Certificate of Attempt to Resolve Dispute without Court Action, filed with the Motion for Protective Order, is untrue because Plaintiff never contacted Defendant prior to raising his Motion for Protective Order. This is also in violation of Local Rule 37.1.

If the Court does not hear Plaintiff's Motion on an expedited basis, Defendant will have incurred great expense in scheduling Plaintiff's deposition, including the off-island travel of its attorney and its in-house senior legal counsel. Plaintiff simply should not allowed to manipulate the pretrial process through backhanded tactics that are not in compliance with the Federal Rules of Civil Procedure.

By granting a Rule 16 pretrial conference, the Court can expedite this matter by determining if the Motion is properly before the Court in view of the lack of Rule 26(c) certification, considering the merits of the Motion for Protective Order, and possibly allowing

4845-1572-3264.1

the Deposition to proceed in order for the parties to discover the facts underlying Plaintiff's claim. The goal of more thorough preparation will be served by a possible Order directing Plaintiff to attend his deposition. The Motion itself constitutes a wasteful pretrial activity, one which the Court should address and rectify immediately in order to prevent a waste of time and expenses incurred in scheduling the deposition.

Defendant therefore respectfully requests an expedited hearing on the Motion for Protective Order on an expedited basis.

Respectfully submitted this 7th day of October 2003.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*

ELYZE McDONALD
Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## DECLARATION OF ELYZE MCDONALD

I, Elyze McDonald, declare:

1. I am an attorney at law licensed to practice before the District Court of Guam.. I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2. If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3. As Plaintiff admits in its Motion for Protective Order, he granted Defendant an extension of the discovery cutoff deadline by an extra thirty (30) days, to October 31, 2003. Attached hereto as Exhibit A is a true and correct copy of that extension.

4845-1572-3264.1

4. Plaintiff **NEVER** contacted me to meet and confer regarding this discovery dispute. While the parties conducted meetings to confer regarding other discovery disputes, Plaintiff never contacted me to discuss the timing of the Amended Notice of Deposition.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 7th day of October 2003, at Hagatna, Guam.

_____
ELYZE McDONALD

4845-1572-3264.1

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time.

OCT, 3, 1 2003.

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

RECEIVED
CARLSMITH BALL
Date: 9/8/03
     2:0/    By: SW

EXHIBIT A