FILED
DISTRICT COURT OF GUAM

OCT 07 2003

MARY L. M. MORAN
CLERK OF COURT

59

1　Tony H. Ashtiani
2　P.O.Box 12723
　　Tamuning Guam 96931
3　671-688-4844
　　671-653-5575
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

10　Tony H. Ashtiani,　　　　　　　　　) Civil Case No.: 02-00032
11　　　　　　Plaintiff,　　　　　　　 )
12　vs.　　　　　　　　　　　　　　　　 )
　　Continental Micronesia Inc,　　　 ) DECLARATION IN SUPPORT OF
13　　　　　　　　　　　　　　　　　　　 ) MOTION TO COMPEL.
14　Dba, Continental Micronesia,　　　 )
　　Continental Airlines,　　　　　　　) (Fed. R. Civ. P. 37)
15　　　　　　　　　　　　　　　　　　　 )
16　　　　　　Defendant　　　　　　　　 )
17
18
19
20　TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF
21　RECORD:
22
23　　　　I, TONY H. Ashtiani declare under penalty of perjury under
24　the United States laws and laws of Guam that the following
25　statements are true and correct:

ORIGINAL

CV 02-00032 PAGE 1 OF 2

1

2       1.    I , plaintiff (Tony H. Ashtiani) in the above-entitled

3   action.

4       2.    On or about Jun 16, 2003, I caused to be served on

5   defendant Continental Micronesia Inc. (hereinafter "CMI") a

6   First Request for production of documents , a copy, which is

7   attached hereto as **Exhibit A.**

8       3.    On Jul 15, 2003 we received Defendant CMI's Defendant's

9   respond to plaintiff's first request for production of documents

10  and things. A true and correct copy of defendant CMI's

11  Defendant's Answers to Plaintiff's First request for production

12  of documents is attached hereto as **Exhibit B.**

13      4.    Plaintiff has conferred with counsel for defendant CMI

14  and discussed the responses indicated in Exhibit B. we attempted

15  in good faith to resolve the disputes identified in the exhibits

16  and conferred on the subject of the objections. We have been

17  unable to resolve such disputes and have advised counsel that

18  Plaintiff would be required to make a motion to compel.

19

20      Dated this  7TH.  day of October ,2003.

21

22                                    Tony H. Ashtiani

23

24                                    Plaintiff

25

1  Tony H. Ashtiani
   P.O.Box 12723
2  Tamuning Guam 96931
   671-688-4844
3  671-653-5575

4  **Attorneys for Defendant**
   **CARLSMITH BALL LLP**
5  Mr. David Ledger
   Ms. Elyze McDonald
6

7

8

9

10                     DISTRICT COURT OF GUAM

                        TERRITORY OF GUAM

11

12  Tony H. Ashtiani,                )   Civil Case No.: 02-00032
                                     )
13          Plaintiff,               )   **PLAINTIFF FIRST REQUEST OF THE**
                                     )   **PRODUCTION OF DOCUMENTS TO**
14       Vs.                         )   **DEFENDANT CONTINENTAL**
                                     )   **MOCRONESIA INC,**
15  Continental Micronesia Inc,      )
                                     )
16  Dba, Continental Micronesia,     )   Fed R. Civ P. 34
                                     )
17  Continental Airlines,            )
                                     )
18          Defendant                )
                                     )
19

20  TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF

21  **RECORD:** Plaintiff hereby request pursuant to Fed R Civ P rule 34,

22  Plaintiff requests that Defendant respond in writing, under

23  oath, to the following Requests for Production of Documents

24  within 30 days from the service and this request, and produce

25  and permit inspection and copying of documents described below

    on July 15 , 2003. At 0900 A.M to plaintiff at Guam Law Library

**RECEIVED**
**CARLSMITH BALL**    CV 02-00032 PAGE 1 OF 20

Da.

1  at 141 San Ramon street Conference room B Hagatna, Guam. In

2  lieu of producing the documents for inspection, defendant may

3  forward legible copies of them to plaintiff on or before the

4  date of production, except that defendant must label all

5  documents (e.g. Exhibit A, B, C, etc.). And indicate in

6  writing which documents are responsive to which requests).

7  As an alternative earlier means of production, defendant may

8  photocopy all responsive documents and deliver the same to the

9  plaintiff on or before the date set for production. Defendants

10 and the counsel of records are reminded of their obligations

11 under rule 34 of the Federal rule of civil procedure.

12 Terms are defined in accordance with Rule 1001 of Rules of

13 Evidence.

14

## DEFINITION AND INSTRUCTION

15

16 The word "document is used in these requests in the broad

17 and liberal sense and means any written, typed, recorded or

18 graphic matter, however produced or reproduced, of any kind and

19 description, whether sent, received, or neither, and all copies

20 thereof which differ in any way from the original (whether by

21 interlineations, stamped received, notation, indication of copy

22 sent or received, or otherwise) regardless of whether designated

23 confidential, privileged or otherwise and whether such is an

24 original, master, duplicate or copy, including, but not limited

25 to, papers, notes, accounts statements or summaries, ledgers,

CV 02-00032 PAGE 2 OF 20

1  pamphlets, periodicals, books, advertisements, drawings,

2  telegrams, audio or video tape recordings, communications,

3  including inter-office and intra office memoranda, delivery

4  tickets, bills of lading, invoices, quotations, claims

5  documents, reports, records, studies, work sheets, working

6  papers, corporate records, minutes of meetings, circulars,

7  bulletins, notebooks, bank deposit slips, bank check, canceled

8  checks, data processing cards and/or tapes, computer software,

9  electronic mail messages, photographs, transcriptions or sound

10  recordings of any type of personal or telephone conversations,

11  interviews, negotiations, meetings or conferences, or any other

12  things similar to any of the foregoing.

13      The term "communication" as used in these requests means

14  any words heard, spoken, written or read, regardless of whether

15  designated confidential, privileged or otherwise, and including,

16  without limitation, words spoken or heard at any meeting,

17  discussion, interview, encounter, conference, speech,

18  conversation or other similar occurrence, and words written or

19  read from any document(s) as described above.

20      The term "person" as used in these requests means

21  individuals or entities or any type, including but not limited

22  to, natural persons, governments (or agencies thereof), quasi-

23  public entities, corporations, partnerships, groups, mutual or

24  joint ventures and other forms of organizations or associations.

25

1    The term "date" as used in these requests shall mean the

2    exact day, month and year, if ascertainable, or if not the best

3    approximation thereof (including by relationship to other

4    events).

5    As used herein, the words or phrases, "explaining,"

6    "describing," "defining," "concerning," "reflecting," or

7    "relating to" when used separately or in conjunction with one

8    another mean, directly or indirectly, mentioning, pertaining to,

9    involving, being connected with or embodying in any way or to

10   any degree the stated subject matter.

11   The term "relate to," or any similar phrase, shall mean

12   refer to, reflect on, concern or be in any way logically or

13   factually connected with the matter discussed.

14   The term "employee" means any person who receives wages, a

15   salary or other income, in any form, from the defendant,

16   including, without limitation, supervisors, administrators,

17   manager, directors, officers, board of directors members,

18   contract workers, commission workers or any combination thereof.

19   For each document encompassed by these requests which

20   defendant claims to be privileged from or otherwise protected

21   against discovery on any ground, defendant shall expressly make

22   the claim, fully setting forth all grounds for the privileged or

23   protection and shall expressly describe the document with a

24   degree of specificity that will enable pro se plaintiff to

25   assess the applicability of the claimed privilege or protection.

1   If a request is made for production of documents which are

2   no longer in the possession, custody and/or control of

3   defendant, state when such documents were lost, destroyed or

4   otherwise disposed of; how recently where they in the

5   possession, custody and/or control of defendant and what

6   dispositions were made of them, including the identity of the

7   person(s) believed to be last or presently in possession,

8   custody and/or control of the documents.  If a document has been

9   destroyed, if applicable, state when such document was

10  destroyed, identify the person(s) who destroyed the documents,

11  and the person(s) who directed that the document be destroyed

12  and the reasons the document was destroyed.

13      Unless otherwise specified, each request requires a full

14  response for every and entire period of time with respect to

15  which defendant intends to offer any evidence.

16      If more than one copy of a requested document (e.g., a

17  clean copy and a copy with handwritten or other notations)

18  exists, and if one or more documents have any writing on them,

19  which differentiate them from other copies, defendant shall

20  produce all copies.

21      These document requests are continuing and, if at any time

22  subsequent to production of documents requested herein, any

23  document responsive to this request is located or comes within

24  the custody, possession or control of the defendant, plaintiff

25

1 requests that it forthwith be produced to the full extent

2 required by Rule 34 of the Federal Rules of Civil Procedure.

5 **REQUESTED DOCUMENTS**

7 1. All documents, notes, recordings, data compilations

8 and all files or other collections of documents, official or

9 unofficial, formal or informal, maintained or kept by Defendant,

10 or by any agent, attorney, employee, independent contractor,

11 representative, or board member thereof, or otherwise in its or

12 their possession, custody or control, relating or pertaining in

13 any way to the plaintiff, including, without limitation, all of

14 plaintiff's personnel files and documents, plaintiff's transfer

15 document, plaintiff's administrative file maintained by

16 defendant's Human Resources Department or any other department

17 or subdivision, representative or agent, and any other

18 departmental files relating or pertaining in any way to the

19 plaintiff.

20 2. All documents pertaining to plaintiff's job

21 performance and/or salary or compensation history as an

22 employee, including, without limitation, each document reviewed,

23 referred to, considered, or utilized in any way in the

24 preparation of plaintiff's performance reports.

1   3.     Copy of all (a) P-160s (b) P-187 of Mr. Dixon McKenzie,

2   Human Resources Director.

3   4.     Copy of all P-160s (b) P-187 of Mr. James Hammer

4   director of maintenance.

5   / 5.   Plaintiff's statement which was requested by and given

6   to Mr. William Herrera on the evening of June 26, 2001

7   explaining plaintiff's position relevant to the absence from

8   duty.

9   6.     Copy of the return receipt of the U.S.P.S certified

10  letter (PS form 3811) signed by the plaintiff on July 12, 2001

11  which contained plaintiff's termination letter dated July 03,

12  2001 signed by Mr. Herrera.

13  7. (a) All document of 1 thru 6 levels of attendance records

14  and counseling notice of which were received by plaintiff; (b)

15  list of witnesses and attendees whom were present at such

16  meetings, including employer's representative, employees, and

17  union representative; and (c) the jointly filled out discussion

18  form(s) (which, at the end of each such meeting all parties

19  acknowledged such meeting and signed the mentioned form).

20  8.     Documents of plaintiff's employee evaluation and/or

21  progress reports from defendant's Technical Services Division,

22  where plaintiff worked and employer provided this form during

23  evaluation as plaintiff had acknowledged and signed of employer

24  expectation from the plaintiff (referred to therein as,

25  "employee").

9. Please provide dates [??] in regard to each and every DC-10-30 exiting the fleets of Continental Micronesia inc.,

10. Please provide the list of all off-island trainings of plaintiff's mechanics including the list the names of the mechanics, their nationality, race, and ethnicity.

11. Please provide list of names of all defendant's employees who attended the off island General electric engine trainings, as well as their experience and comprehension of the complex engine and hand on experience, and their race, nationality and ethnicity.

12. Please provide the monthly shift schedules for mechanics working swings, early swings, early graveyard, and regular graveyard shifts, from the period of June 1997 to present.

13. Please provide a list of names of all mechanics, mechanic helpers, Airframe mechanics, sheet metal mechanics, sheet metal mechanic helpers, tool crib attendants either in the Technical Services Division of terminal line or B CHECK that were under the union contract of Continental Micronesia Inc, and International Brotherhood of Teamsters who were employed by the defendant who had two or more consecutive No call/No show from the period from Jun 1990 to the present.

14. Defendant's personnel and/or operating policies and/or procedures in existence during plaintiff's employment and all documents relating or pertaining thereto, including, without

1 limitation, each version of defendant's policies and/or
2 procedures on compensation, salary increases, bonuses, job
3 performance, performance evaluations, and equal employment
4 opportunity and retaliation for complaints of discrimination and
5 disparate treatments.

6 15. Defendant's policies and/or procedures on
7 discrimination and harassment and/or any other discrimination in
8 existence at any time during plaintiff's employment, and all
9 documents relating or pertaining thereto, including, without
10 limitation, each version of any discrimination policy or
11 procedure in effect during plaintiff's employment and each draft
12 thereof, and all documents referring or relating to training,
13 supervision, discipline of, or instruction to defendant's
14 officers, employees, independent contractors, representatives,
15 and/or board members on or about discrimination, harassment
16 and/or disparate treatments.

17 16. All documents referring, relating to, describing or
18 explaining, any suggestion, allegation, charge or complaint of
19 discrimination, harassment, disparate treatment (regardless of
20 how defendant characterizes the suggestion, allegation, charge
21 or complaint, and whether formal or informal), made by any other
22 employee, supervisor or management personnel of defendant during
23 plaintiff's employment, including, without limitation, any
24 suggestion, allegation, charge or complaint that defendant, Mr.
25 Dixon McKenzie, James Hammer , Mr. William Herrera , Mr. Glenn

1  Mendoza or any other officer, employee, independent contractor,

2  representative or board member thereof, (allegedly or actually)

3  discriminated ,harassed any employee, officer, supervisor on any

4  other person during plaintiff's employment.

5  17.    Defendant's policies and/or procedures on racial

6  and/or national origin discrimination in existence at any time

7  during plaintiff's employment, and all documents relating or

8  pertaining thereto, including, without limitation, each version

9  of any racial or national origin discrimination policy or

10  procedure in effect during plaintiff's employment and each draft

11  thereof, and all documents referring to relating to training,

12  supervision, discipline of, or instruction to defendant's

13  officers, employees, independent contractors, representatives,

14  and/or board members on or about racial and/or national origin

15  discrimination.

16  18.    All documents referring or relating to, or describing

17  or explaining, any suggestion, allegation, charge or complaint

18  of racial and/or national origin discrimination (regardless of

19  how defendant characterizes the suggestion, allegation, charge

20  or complaint, whether formal or informal), made by any other

21  employee, supervisor or management personnel of defendant during

22  plaintiff's employment, including, without limitation, any

23  suggestion, allegation, charge or complaint that defendant, Mr.

24  Dixon McKenzie and Mr. James Hammer or any other officer,

25  employee, independent contractor, representative, or board

member thereof, discriminated against any employee, officer,
supervisor or any other person during plaintiff's employment on
the basis of race or national origin.

19. All documents referring or relating to salary
increases and/or bonuses for all maintenance supervisors, and
aircraft mechanics for the period of June 1998 to the present,
including, without limitation, all documents describing or
explaining the method or process, if any, by which defendant
made determinations as to salary increases and/or bonuses for
its employees during this same period.

20. All documents referring to or relating to salary,
bonus and/or compensation histories of each maintenance
supervisor employed by defendant in the period of June 1998 and
to the present.

21. All documents referring or relating to promotion of
the Human Resources Department management staff, including but
not limited to, Mr. Dixon McKenzie, Mr. Robbie Crisostomo, and
Theresa Sage, including the dates of promotion and date of
transfer from any other department to Human resources Department
of Continental Micronesia, Inc., and those of Continental
Airlines, that transferred to Continental Micronesia, Inc.

22. All documents referring or relating to compensation
grades, which have been established by defendant for
compensation, including, without limitation, employment records

1   showing compensation grade and actual salary for Mr. McKinzie

2   and Mr. Hammer.

3   23.   All documents, and all files or other collections of

4   documents, official or unofficial, formal or informal,

5   maintained or kept by defendant, or by any employee, independent

6   contractor, representative, or board member thereof, or

7   otherwise in its or their possession, custody or control,

8   relating or pertaining to the Mr. Dixon McKenzie and Mr. James

9   Hammer, including, without limitation, all of their personnel

10  files, their P-160's, the employees administrative file

11  maintained by the Human Resources Department and any

12  departmental or company files.

13  24.   All documents referring or relating to Mr. Dixon

14  McKenzie and Mr. James Hammer participation or involvement in

15  decision-making concerning any employee's employment, including,

16  without limitation, decisions relating to salary, promotion,

17  bonuses, hiring layoff or firing.

18  25.   All organizational descriptions or charts reflecting

19  the defendant's organizational structure, including without

20  limitation, each individual department's organizational

21  structure for the period from June 1998 to the present.

22  26.   All position descriptions or other documents referring

23  or relating to the duties and responsibilities of each position

24  of employment with defendant's organization from June 1998 to

25  present.

27. All documents that state, reflect, describe or evaluate, in whole or in part, the net worth of defendant, including, without limitation, documents listing or describing defendant's assets from which net worth independently may be ascertained, and any current financial statements reflecting defendant's assets and/or liabilities.

28. All minutes of meetings of defendant's board of directors and/or officers attended by Mr. Dixon McKenzie and Mr. James Hammer and all minutes of meetings of defendant's board of directors and/or officers during which any reference was made to any one or more of the following: plaintiff, Mr. Dixon McKenzie, Mr. James Hammer, Mr. Bill Herrera and Mr. Glenn Mendoza which contain any reference to or mention plaintiff filing charge with EEOC, plaintiff's civil action, plaintiff's termination, plaintiff's allegations that he was harassed, plaintiff's allegations that he was discriminated against, discrimination and/or differences in treatment between pacific islanders, Caucasians ,Blacks, Middle easterners or any other ethnic group or minority, any religious group including but not limited to, any Muslim group or employees.

29. All documents referring or relating, or the raw data from which the information may be compiled proving or disproving the existence of any differences or variations in grade, salary, bonuses and promotions between persons of Pacific Island origin and Caucasians, blacks, and Middle easterners between persons of

1    Pacific Island origin and Continental Airlines, Inc.'s

2    employees, or between employees of defendant and Continental

3    Airlines, Inc., or between persons who were residents of Guam at

4    the time they were hired and persons hired from off-island.

5    30.   All documents in regards to or which in any manner

6    refer to or mention the transfer of any aircraft mechanics from

7    Continental Airlines, Inc., to Continental Micronesia Inc., and

8    any documents in regards or which in any manner refer to or

9    mention their pay scale; and whether equal pay was applied for

10   performing the same job in the same job classification, during

11   period of August 1991 to the date of plaintiff's termination.

12   31.   The P-160's for every supervisor, officer, director or

13   any other supervisory or management personnel of defendant for

14   the period of Jun 1998 to the present, in the technical services

15   division, Maintenance, quality control and quality assurance

16   division of Continental Micronesia Inc.

17   32.   The P-160's for all defendant's supervisors that were

18   (a) promoted in period of June 1998 to September 11, 2001; and

19   (b) those supervisor that were furloughed or laid off after

20   September 11, 2001 up to January 10 , 2002. Please provide

21   their names, their race, nationality, and their ethnicity of all

22   such individuals who were furloughed in the Technical Services

23   Division, Maintenance, Quality control and Quality Assurance

24   Division of Continental Micronesia, Inc.

25

33. All written and/or computerized and/or electronic communications or other documents, including electronic mail messages, to or from, or intended to be to or from, any officer, employee, independent contractor, representative, or board member of defendant regarding plaintiff and/or plaintiff's complaint, whether such communication was addressed to such person or not and whether such communication was actually delivered to such person or not.

34. All written and/or computerized and/or electronic communications or other documents, including electronic mail messages, to or from, or intended to be to or from, any officer, employee, independent contractor, representative, or board member of defendant regarding Mr. Dixon McKenzie and Mr. James Hammer, whether such communication was addressed to such person or not and whether such communication was actually delivered to such person or not.

35. All documents or computerized surveys which was done by any means, including but not limited to, electronic means and referred to as survey by the maintenance supervisors in Guam of their director Mr. James Hammer. Please provide the copy of the surveys from each and every supervisor and identify which survey belongs to which supervisor.

36. All documents and statement from James Hammer in regards to making any racial comments either after September 11, 2001 or before September 11, 2001 to any one employed by the

1   defendant before or after Plaintiff's termination, in reference

2   to plaintiff.

3   37.    All documents, which relate or pertain to the factual

4   basis for any defense, including, without limitation, any

5   affirmative defense, defendant asserts in this civil action.

6   38.    All documents which relate or pertain to any

7   suggestions, proposals, plans, projects or other activities

8   concerning defendant's treatment of persons of Pacific Island

9   origin, Blacks, whites, Middle Easterners including, without

10  limitation, to proposals, programs, suggestions or plans to

11  remedy differences in treatment of pacific islanders,

12  Micronesian, Blacks, and Middle Eastern employed by defendant.

13  39.    All documents which defendant contends support or

14  constitute evidence supporting any defense, including, without

15  limitation, any affirmative defense, defendant asserts in this

16  civil action.

17  40.    All documents which defendant contends reflect or

18  relate to any alleged job performance deficiency of plaintiff.

19  41.    All documents referring or relating to, or describing

20  or explaining, any investigation by any individual or entity,

21  including, without limitation, defendant or Continental

22  Airlines, Inc., of any suggestion, allegation, charge or

23  complaint that Mr. Dixon McKenzie and any other Maintenance

24  Supervisor, at the time of plaintiff employed by the defendant,

25  harassed (regardless of how defendant characterized, the

suggestion, allegation, charge or complaint) plaintiff or anyone else or otherwise engaged in conduct of a discriminatory and disparate treatment with respect to plaintiff or anyone else.

42. All documents and notes from or by Mr. Dixon McKenzie regarding any complaint regarding public policy enforcement submitted to defendant's Manger of Human Resources, in relation to plaintiff during his employment with the defendant; and any documents evidencing any investigation launched consequently, its results or the outcome of any such investigation.

43. All documents and statement from Mr. Dixon McKenzie in regard to his involvement in any backroom meetings, orchestration of plaintiff's suspension which led to plaintiff termination on June 26, 2001.

44. All documents referring or relating to describing or explaining, any investigation by any individual or entity, including, without limitation, defendant and/or Continental Airlines, Inc., of any suggestion, allegation, charge or complaint that defendant or anyone else or otherwise engaged in conduct which discriminates against or otherwise disfavors any of the following: (1) persons of Middle Eastern origin; (2) persons hired by the company on Guam as opposed to persons hired from off island; or (3) Continental Airline, Inc.'s employees as opposed to Continental Micronesia Inc.'s employees.

45. All documents referring or relating to the administration and/or results of the management trainee program,

1  including documents showing those trainees who were promoted to

2  management positions after undergoing the training program.

3  46.   All documents referring or relating to defendant's

4  knowledge of Mr. Dixon McKenzie, Mr. James Hammer, Mr. William

5  Herrera and Mr. Glenn Mendoza prior employment record,

6  including, without limitation, those referring or relating to

7  any prior claims that any one of them was involved in any kinds

8  of discrimination and/or harassment of employees at his current

9  or prior places of employment.

10  47.   All documents referring or relating to defendant's

11  knowledge of Mr. Sherman Thompson's prior employment in either

12  civil employment and armed forces of the United States of

13  America, including demotion due to sexual harassment of a female

14  in Anderson Air Force Base and any other female in the armed

15  forces or elsewhere, including any female which employed at

16  Continental Micronesia Inc., while Mr. Sherman Thompson was

17  employed by the defendant.

18  48.   All documents presented for signature to, or prepared

19  for signature by, any employee, manager, supervisor,

20  administrator, officer or director of defendant relating to

21  alleged discrimination, harassment or any other conduct of

22  discriminatory nature by Mr. Dixon McKenzie and Mr. James

23  Hammer.

24  49.   All documents presented for signature to, or prepared

25  for signature by, any employee relating to any claims, charges,

1  allegations or complaints (however characterized) alleging

2  racial or national origin discrimination or any other kind of

3  discrimination by defendant or any of its employees.

4  50. All surveillance videos, tapes, movies, photos, notes,

5  memoranda, tape recordings, reports, whether electronic, digital

6  or analogue, or any other recording, documents or things

7  regarding, pertaining or relating to surveillance of the

8  plaintiff at the direction of defendant or anyone acting on its

9  behalf.

10  51. All documents, including, without limitation, notes,

11  tape recordings, diary entries, calendars, meetings' minutes or

12  meetings' notes, notes of or relating to communications, or any

13  other writing, recording or memorialization prepared or

14  received by defendant, or by any employee, representative or

15  agent relating to any of the events and circumstances alleged in

16  plaintiff's complaint and/or amended complaint.

17  52. All documents, referring or relating to any surveys

18  conducted by defendant or any of its employees of attitudes of

19  its employees.

20  53. All copies of letters sent by plaintiff to Mr. Bill

21  Meehan, including, without limitation, any copies which have had

22  written notes on them.

23  54. All copies of letter sent by plaintiff to Mr. Dixon

24  McKenzie in regards to plaintiff complaining about disparate

25

1  treatment and racial discrimination that Mr. Glenn Mendoza was

2  administrating on the non pacific islanders.

3  55.  All copies of the shift supervisors schedule on duty

4  and off duty schedule for the entire line maintenance supervisor

5  for period of January 1, 2001 to July 30, 2001.

6  56.  All documents which were reviewed or used by defendant

7  in preparing its answers to complaint and amended complaints.

8  57.  (a) All documents listed by defendant in its Initial

9  Disclosure (served on plaintiff on May 30, 2003) in this matter;

10  and (b) Any and all insurance policies, referred to as

11  "insurance coverage" on page 2, of Initial Disclosure (served on

12  plaintiff on May 30, 2003) in this matter, regardless of the

13  alleged deductible.

14  58.  All statements made by any person regarding plaintiff.

15  59.  All correspondence from or to defendant, its agents,

16  representatives or employees regarding plaintiff, or any member

17  of his family, or regarding his allegations, complaint or any

18  other matter or issue related to plaintiff of\r any member of

19  his family.

20  60.  All other documents from or to defendant, its agents,

21  representatives or employees regarding plaintiff, or any member

22  of his family, or regarding his allegations, complaint or any

23  other matter or issue related to plaintiff of\r any member of

24  his family.

25  Date:

Respectfully submitted,

ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

IN THE DISTRICT COURT FOR GUAM

TONY H. ASHTIANI,

Plaintiff,

vs.

CONTINENTAL MICRONESIA, INC.
Dba CONTINENTAL MICRONESIA,
And CONTINENTAL AIRLINES, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CIV02-00032

**DEFENDANT CONTINENTAL
MICRONESIA, INC.'S RESPONSE TO
PLAINTIFF TONY H. ASHTIANI'S FIRST
REQUEST FOR PRODUCTION OF
DOCUMENTS; DECLARATION OF
SERVICE**

Defendant Continental Micronesia, Inc. submits its Response to Plaintiff Tony H.

Ashtiani's First Request for Production of Documents.

**REQUEST NO. 1:**   All documents, notes, recordings, data compilations and all

files or other collections of documents, official or unofficial, formal or informal, maintained or

kept by Defendant, or by any agent, attorney, employee, independent contractor, representative,

or board member thereof, or otherwise in its or their possession, custody or control, relating or

pertaining in any way to the Plaintiff, including, without limitation, all of Plaintiff's personnel files and documents, Plaintiff's transfer document, Plaintiff's administrative file maintained by Defendant's Human Resources Department or any other department or subdivision, representative or agent, and any other departmental files relating or pertaining in any way to the Plaintiff.

**RESPONSE**: Objection is being made on grounds of overbreadth as to timeframe and substance, and not being reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, if these items exist and can be obtained and appear to be discoverable in this action, they will be produced.

**REQUEST NO. 2:** All documents pertaining to Plaintiff's job performance and/or salary or compensation history as an employee, including, without limitation, each document reviewed, referred to, considered, or utilized in any way in the preparation of Plaintiff's performance reports.

**RESPONSE**: If these items can be obtained and appear to be discoverable in this action, they will be produced.

**REQUEST NO. 3:** Copy of all (a)P-160s (b) P-187 of Mr. Dixon McKenzie, Human Resources Director.

**RESPONSE**: Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

2

3154735-1-013820.00079

**REQUEST NO. 4:** Copy of all P-160s (b) P-187 of Mr. James Hammer director of maintenance.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 5:** Plaintiff's statement which was requested by and given to Mr. William Herrera on the evening of June 26, 2001 explaining Plaintiff's position relevant to the absence from duty.

**RESPONSE:** Defendant is unable to comply as it has no documents or tangible things resembling a statement given to Mr. Herrera on the evening of June 26, 2001 explaining Plaintiff's position relevant to Plaintiff's absence.

**REQUEST NO. 6:** Copy of the return receipt of the U.S.P.S certified letter (PS form 3811) signed by the Plaintiff on July 12, 2001 which contained Plaintiff's termination letter dated July 03, 2 2001 signed by Mr. Herrera.

**RESPONSE:** A diligent search and reasonable inquiry has been made in an effort to locate the item requested. However, Defendant is unable to comply as it does not have in its control or possession a copy of the return receipt of the U.S.P.S. certified letter (PS form 3811) signed by the Plaintiff on July 12, 2001 which contained Plaintiff's termination letter dated July 03, 2 2001 signed by Mr. Herrera.

**REQUEST NO. 7:** (a) All document of 1 thru 6 levels of attendance records and counseling notice of which were received by Plaintiff; (b) list of witnesses and attendees

3154735-1-013820.00079

whom were present at such meetings, including employer's representative, employees, and union representative; and (c) the jointly filled out discussion form(s) (which, at the end of each such meeting all parties acknowledged such meeting and signed the mentioned form).

**RESPONSE:** (a) If these documents exist and appear to be discoverable in this action, they will be produced; (b) Defendant is unable to comply as it does not have in its possession a list of witnesses and attendees whom were present at such meetings, including employer's representative, employees, and union representative; and (c) objection is being made as to vagueness.

**REQUEST NO. 8:** Documents of Plaintiff's employee evaluation and/or progress reports from Defendant's Technical Services Division, where Plaintiff worked and employer provided this form during evaluation as Plaintiff had acknowledged and signed of employer expectation from the Plaintiff (referred to therein as, "employee").

RESPONSE: If these items can be obtained and are discoverable in this action, they will be produced.

**REQUEST NO. 9:** Please provide dates [???] in regard to each and every DC-10-30 exiting the fleets of Continental Micronesia Inc.,

**RESPONSE:** Objection is being made as to relevancy.

**REQUEST NO. 10:** Please provide the list of all off-island trainings of Plaintiff's mechanics including the list the names of the mechanics, their nationality, race, and ethnicity.

**RESPONSE:** Objection is being made as to overbreadth, relevancy, and burdensomeness.

3154735-1-013820.00079

4

**REQUEST NO. 11:** Please provide list of names of all Defendant's employees who attended the off island General electric engine trainings, as well as their experience and comprehension of the complex engine and hand on experience, and their race, nationality and ethnicity.

**RESPONSE:** Objection is being made as to overbreadth, relevancy, and burdensomeness.

**REQUEST NO. 12:** Please provide the monthly shift schedules for mechanics working swings, early swings, early graveyard, and regular graveyard shifts, from the period of June 1997 to present.

**RESPONSE:** Objection is being made as to overbreadth, relevance, and burdensomeness.

**REQUEST NO. 13:** Please provide a list of names of all mechanics, mechanic helpers, Airframe mechanics, sheet metal mechanics, sheet metal mechanic helpers, tool crib attendants either in the Technical Services Division of terminal line or B CHECK that were under the union contract of Continental Micronesia Inc, and International Brotherhood of Teamsters who were employed by the Defendant who had two or more consecutive No call/No show from the period from June 1990 to the present.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

5

3154735-1-013820.00079

**REQUEST NO. 14:** Defendant's personnel and/or operating policies and/or procedures in existence during Plaintiff's employment and all documents relating or pertaining thereto, including, without limitation, each version of Defendant's policies and/or procedures on compensation, salary increases, bonuses, job performance, performance evaluations, and equal employment opportunity and retaliation for complaints of discrimination and disparate treatments.

**RESPONSE:** If these items can be obtained and are discoverable in this action, they will be produced.

**REQUEST NO. 15:** Defendant's policies and/or procedures on discrimination and harassment and/or any other discrimination in existence at any time during Plaintiff's employment, and all documents relating or pertaining thereto, including, without limitation, each version of any discrimination policy or procedure in effect during Plaintiff's employment and each draft thereof, and all documents referring or relating to training, supervision, discipline of, or instruction to Defendant's officers, employees, independent contractors, representatives, and/or board members on or about discrimination, harassment and/or disparate treatments.

**RESPONSE:** Objection is being made as the requested materials are unduly broad and burdensome, and constitute attorney-client privilege and attorney work product. Notwithstanding said objections, if these items can be obtained and are discoverable in this action, they will be produced.

**REQUEST NO. 16:** All documents referring, relating to, describing or explaining, any suggestion, allegation, charge or complaint of discrimination, harassment, disparate treatment (regardless of how Defendant characterizes the suggestion, allegation, charge or complaint, and whether formal or informal), made by any other employee, supervisor or

3154735-1-013820.00079

management personnel of Defendant during Plaintiff's employment, including, without limitation, any suggestion, allegation, charge or complaint that Defendant, Mr. Dixon McKenzie, James Hammer, Mr. William Herrera, Mr. Glenn Mendoza or any other officer, employee, independent contractor, representative or board member thereof, (allegedly or actually) discriminated, harassed any employee, officer, supervisor on any other person during Plaintiff's employment.

**RESPONSE:** Objection is being made as the requested materials are harassing, irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In a company with over 40,000 employees, the situations of other employees have no relevance to Plaintiff's individual fact situation. Defendant also objects to this Request on the basis of the res inter alios acta doctrine, i.e., Plaintiff must prove his case through his own particular facts and circumstances, not those pertaining to other persons. Defendant further objects to this Request on the basis that it seeks information which is confidential, private, and personal, and the disclosure of it would necessarily invade the privacy, and the expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 17:** Defendant's policies and/or procedures on racial and/or national origin discrimination in existence at any time during Plaintiff's employment, and all documents relating or pertaining thereto, including, without limitation, each version of any racial or national origin discrimination policy or procedure in effect during Plaintiff's employment and each draft thereof, and all documents referring to relating to training, supervision, discipline of, or instruction to Defendant's officers, employees, independent contractors, representatives, and/or board members on or about racial and/or national origin discrimination.

7

3154735-1-013820.00079

**RESPONSE:** Objection is being made as the requested materials are irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the basis of attorney-client privilege and attorney work product. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 18:** All documents referring or relating to, or describing or explaining, any suggestion, allegation, charge or complaint of racial and/or national origin discrimination (regardless of how Defendant characterizes the suggestion, allegation, charge or complaint, whether formal or informal), made by any other employee, supervisor or management personnel of Defendant during Plaintiff's employment, including, without limitation, any suggestion, allegation, charge or complaint that Defendant, Mr. Dixon McKenzie and Mr. James Hammer or any other officer, employee, independent contractor, representative, or board member thereof, discriminated against any employee, officer, supervisor or any other person during Plaintiff's employment on the basis of race or national origin.

**RESPONSE:** Objection is being made as the requested materials are harassing, irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In a company with over 40,000 employees, the situations of other employees have no relevance to Plaintiff's individual fact situation. Defendant also objects to this Request on the basis of the res inter alios acta doctrine, i.e., Plaintiff must prove his case through his own particular facts and circumstances, not those pertaining to other persons. Defendant further objects to this Request on the basis that it seeks information which is confidential, private, and personal, and the disclosure of it would necessarily invade the privacy,

and the expectation of privacy, or persons not parties to this suit.

REQUEST NO. 19: All documents referring or relating to salary increases and/or bonuses for all maintenance supervisors, and aircraft mechanics for the period of June 1998 to the present, including, without limitation, all documents describing or explaining the method or process, if any, by which Defendant made determinations as to salary increases and/or bonuses for its employees during this same period.

RESPONSE: Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit. Notwithstanding said objections, if documents pertaining to wages of mechanics exist, they will be produced.

REQUEST NO. 20: All documents referring to or relating to salary, bonus and/or compensation histories of each maintenance supervisor employed by Defendant in the period of June 1998 and to the present.

RESPONSE: Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

REQUEST NO. 21: All documents referring or relating to promotion of the Human Resources Department management staff, including but not limited to, Mr. Dixon

9

3154735-1-013820.00079

McKenzie, Mr. Robbie Crisostomo, and Theresa Sage, including the dates of promotion and date of transfer from any other department to Human resources Department of Continental Micronesia, Inc., and those of Continental Airlines, that transferred to Continental Micronesia, Inc.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 22:** All documents referring or relating to compensation grades, which have been established by Defendant for compensation, including, without limitation, employment records showing compensation grade and actual salary for Mr. McKinzie and Mr. Hammer.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 23:** All documents, and all files or other collections of documents, official or unofficial, formal or informal, maintained or kept by Defendant, or by any employee, independent contractor, representative, or board member thereof, otherwise in its or their possession, custody or control, relating or pertaining to the Mr. Dixon McKenzie and Mr. James Hammer, including, without limitation, all of their personnel files, their P-160's, the

10

3154735-1-013820.00079

employees administrative file maintained by the Human Resources Department and any departmental or company files.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 24:** All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

**RESPONSE:** Objection is being made as to vagueness, overbreadth, relevancy, and burdensomeness. In addition to said objections, Defendant is unable to comply as it has no documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

**REQUEST NO. 25:** All organizational descriptions or charts reflecting the Defendant's organizational structure, including without limitation, each individual department's organizational structure for the period from June 1998 to the present.

**RESPONSE:** Objection is being made as to relevancy. Notwithstanding said objection, if this item can be obtained and is discoverable in this action, it will be produced.

**REQUEST NO. 26:** All position descriptions or other documents referring or relating to the duties and responsibilities of each position of employment with Defendant's

3154735-1-013820.00079

organization from June 1998 to present.

**RESPONSE:** Objection is being made as the requested documents are overly broad, harassing, and irrelevant.

**REQUEST NO. 27:** All documents that state, reflect, describe or evaluate, in whole or in part, the net worth of Defendant, including, without limitation, documents listing or describing Defendant's assets from which net worth independently may be ascertained, and any current financial statements reflecting Defendant's assets and/or liabilities.

**RESPONSE:** Objection is being made as to overbreadth, relevancy and burdensomeness.

**REQUEST NO. 28:** All minutes of meetings of Defendant's board of directors and/or officers attended by Mr. Dixon McKenzie and Mr. James Hammer and all minutes of meetings of Defendant's board of directors and/or officers during which any reference was made to any one or more of the following: Plaintiff, Mr. Dixon McKenzie, Mr. James Hammer, Mr. Bill Herrera and Mr. Glenn Mendoza which contain any reference to or mention Plaintiff filing charge with EEOC, Plaintiff's civil action, Plaintiff's termination, Plaintiff's allegations that he was harassed, Plaintiff's allegations that he was discriminated against, discrimination and/or differences in treatment between pacific islanders, Caucasians, Blacks, Middle easterners or any other ethnic group or minority, any religious group including but not limited to, any Muslim group or employees.

**RESPONSE:** Defendant is unable to comply as it has no documents responsive to this Request.

**REQUEST NO. 29:** All documents referring or relating, or the raw data from which the information may be compiled proving or disproving the existence of any differences or

variations in grade, salary, bonuses and promotions between persons of Pacific Island origin and Caucasians, blacks, and Middle easterners between persons of Pacific Island origin and Continental Airlines, Inc.'s employees, or between employees of Defendant and Continental Airlines, Inc., or between persons who were residents of Guam at the time they were hired and persons hired from off-island.

**RESPONSE:** Objection is being made as to overbreadth, relevancy, and burdensomeness. In addition to said objections, Defendant has no documents in its possession responsive to this Request.

**REQUEST NO. 30:** All documents in regards to or which in any manner refer to or mention the transfer of any aircraft mechanics from Continental Airlines, Inc., to Continental Micronesia Inc., and any documents in regards or which in any manner refer to or mention their pay scale; and whether equal pay was applied for performing the same job in the same job classification, during period of August 1991 to the date of Plaintiff's termination.

**RESPONSE:** Defendant objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit. In addition to said objection, Defendant has no documents in its possession responsive to this Request.

**REQUEST NO. 31:** The P-160's for every supervisor, officer, director or any other supervisory or management personnel of Defendant for the period of Jun 1998 to the present, in the technical services division, Maintenance, quality control and quality assurance division of Continental Micronesia Inc.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to

13

3154735-1-013820.00079

the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 32:** The P-I60's for all Defendant's supervisors that were (a) promoted in period of June 1998 to September 11, 2001; and (b) those supervisor that were furloughed or laid off after September 11, 2001 up to January 10 , 2002. Please provide their names, their race, nationality, and their ethnicity of all such individuals who were furloughed in the Technical Services Division, Maintenance, Quality control and Quality Assurance Division of Continental Micronesia, Inc.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 33:** All written and/or computerized and/or electronic communications or other documents, including electronic mail messages, to or from, or intended to be to or from, any officer, employee, independent contractor, representative, or board member of Defendant regarding Plaintiff and/or Plaintiff's complaint, whether such communication was addressed to such person or not and whether such communication was actually delivered to such person or not.

**RESPONSE:** Objection is being made on the grounds of attorney-client privilege.

14

3154735-1-013820.00079

**REQUEST NO. 34:** All written and/or computerized and/or electronic communications or other documents, including electronic mail messages, to or from, or intended to be to or from, any officer, employee, independent contractor, representative, or board member of Defendant regarding Mr. Dixon McKenzie and Mr. James Hammer, whether such communication was addressed to such person or not and whether such communication was actually delivered to such person or not.

**RESPONSE:** Objection is being made as to vagueness, overbreadth, relevancy, and burdensomeness.

**REQUEST NO. 35:** All documents or computerized surveys which was done by any means, including but not limited to, electronic means and referred to as survey by the maintenance supervisors in Guam of their director Mr. James Hammer. Please provide the copy of the surveys from each and every supervisor and identify which survey belongs to which supervisor.

**RESPONSE:** Objection is being made as to vagueness, overbreadth, relevancy, and burdensomeness.

**REQUEST NO. 36:** All documents and statement from James Hammer in regards to making any racial comments either after September 11, 2001 or before September 11, 2001 to any one employed by the Defendant before or after Plaintiff's termination, in reference to Plaintiff.

**RESPONSE:** Defendant is unable to comply as it has no documents in its possession responsive to this Request.

**REQUEST NO. 37:** All documents, which relate or pertain to the factual basis for any defense, including, without limitation, any affirmative defense, Defendant asserts in this

3154735-1-013820.00079

civil action.

RESPONSE: Objection is being made on the grounds of attorney work product.

REQUEST NO. 38: All documents which relate or pertain to any suggestions, proposals, plans, projects or other activities concerning Defendant's treatment of persons of Pacific Island origin, Blacks, whites, Middle Easterners including, without limitation, to proposals, programs, suggestions or plans to remedy differences in treatment of pacific islanders, Micronesian, Blacks, and Middle Eastern employed by Defendant.

RESPONSE: Defendant is unable to comply as it has no documents in its possession responsive to this Request.

REQUEST NO. 39: All documents which Defendant contends support or constitute evidence supporting any defense, including, without limitation, any affirmative defense, Defendant asserts in this civil action.

RESPONSE: Objection is being made on the grounds of attorney-client privilege.

REQUEST NO. 40: All documents which Defendant contends reflect or relate to any alleged job performance deficiency of Plaintiff.

RESPONSE: If the requested items exist and appear to be discoverable, they will be produced.

REQUEST NO. 41: All documents referring or relating to, or describing or explaining, any investigation by any individual or entity, including, without limitation, Defendant or Continental Airlines, Inc., of any suggestion, allegation, charge or complaint that Mr. Dixon McKenzie and any other Maintenance Supervisor, at the time of Plaintiff employed by the Defendant, harassed (regardless of how Defendant characterized, the suggestion,

16

3154735-1-013820.00079

allegation, charge or complaint) Plaintiff or anyone else or otherwise engaged in conduct of a discriminatory and disparate treatment with respect to Plaintiff or anyone else.

**RESPONSE**: If the requested items exist and appear to be discoverable, they will be produced.

**REQUEST NO. 42**: All documents and notes from or by Mr. Dixon McKenzie regarding any complaint regarding public policy enforcement submitted to Defendant's Manager of Human Resources, in relation to Plaintiff during his employment with the Defendant; and any documents evidencing any investigation launched consequently, its results or the outcome of any such investigation.

**RESPONSE**: Objection is being made as to vagueness.

**REQUEST NO. 43**: All documents and statement from Mr. Dixon McKenzie in regard to his involvement in any backroom meetings, orchestration of Plaintiff's suspension which led to Plaintiff termination on June 26, 2001.

**RESPONSE**: Objection is being made as to vagueness, and to the reference made implying that any such "backroom meetings" occurred. In addition to said objections, Defendant is unable to comply as it has no documents in its possession responsive to this Request.

**REQUEST NO. 44**: All documents referring or relating to describing or explaining, any investigation by any individual or entity, including, without limitation, Defendant and/or Continental Airlines, Inc., of any suggestion, allegation, charge or complaint that Defendant or anyone else or otherwise engaged in conduct which discriminates against or otherwise disfavors any of the following: (1) persons of Middle Eastern Origin; (2) persons hired by the company on Guam as opposed to persons hired from off island; or (3) Continental Airline,

17

3154735-1-013820.00079

Inc.'s employees as opposed to Continental Micronesia Inc.'s employees.

**RESPONSE:** Objection is being made as the requested materials are harassing, irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In a company with over 40,000 employees, the situations of other employees have no relevance to Plaintiff's individual fact situation. Defendant also objects to this Request on the basis of the res inter alios acta doctrine, i.e., Plaintiff must prove his case through his own particular facts and circumstances, not those pertaining to other persons. Defendant further objects to this Request on the basis that it seeks information which is confidential, private, and personal, and the disclosure of it would necessarily invade the privacy, and the expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 45:** All documents referring or relating to the administration and/or results of the management trainee program, including documents showing those trainees who were promoted to management positions after undergoing the training program.

**RESPONSE:** Objection is being made as the requested materials are irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 46:** All documents referring or relating to Defendant's knowledge of Mr. Dixon McKenzie, Mr. James Hammer, Mr. William Herrera and Mr. Glenn Mendoza prior employment record, including, without limitation, those referring or relating to any prior claims that any one of them was involved in any kinds of discrimination and/or harassment of employees at his current or prior places of employment.

18

3154735-1-013820.00079

**RESPONSE:** Defendant objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit. In addition to said objection, Defendant is unable to comply as it has no documents in its possession responsive to this Request.

**REQUEST NO. 47:** All documents referring or relating to Defendant's knowledge of Mr. Sherman Thompson's prior employment in either civil employment and armed forces of the United States of America, including demotion due to sexual harassment of a female in Anderson Air Force Base and any other female in the armed forces or elsewhere, including any female which employed at Continental Micronesia Inc., while Mr. Sherman Thompson was employed by the Defendant.

**RESPONSE:** Defendant is unable to comply as it has no documents in its possession responsive to this Request.

**REQUEST NO. 48:** All documents presented for signature to, or prepare for signature by, any employee, manager, supervisor, administrator, officer or director of Defendant relating to alleged discrimination, harassment or any other conduct of discriminatory nature by Mr. Dixon McKenzie and Mr. James Hammer.

**RESPONSE:** Objection is being made as the requested materials are harassing, irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In a company with over 40,000 employees, the situations of other employees have no relevance to Plaintiff's individual fact situation. Defendant also objects to this Request on the basis of the res inter alios acta doctrine, i.e., Plaintiff must prove his case through his own particular facts and circumstances, not those pertaining to other persons.

3154735-1-013820.00079

Defendant further objects to this Request on the basis that it seeks information which is confidential, private, and personal, and the disclosure of it would necessarily invade the privacy, and the expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 49:** All documents presented for signature to, or prepared for signature by, any employee relating to any claims, charges, allegations or complaints (however characterized) alleging racial or national origin discrimination or any other kind of discrimination by Defendant or any of its employees.

**RESPONSE:** Objection is being made as the requested materials are harassing, irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In a company with over 40,000 employees, the situations of other employees have no relevance to Plaintiff's individual fact situation. Defendant also objects to this Request on the basis of the res inter alios acta doctrine, i.e., Plaintiff must prove his case through his own particular facts and circumstances, not those pertaining to other persons. Defendant further objects to this Request on the basis that it seeks information which is confidential, private, and personal, and the disclosure of it would necessarily invade the privacy, and the expectation of privacy, or persons not parties to this suit.

**REQUEST NO. 50:** All surveillance videos, tapes, movies, photos, notes, memoranda, tape recordings, reports, whether electronic, digital or analogue, or any other recording, documents or things regarding, pertaining or relating to surveillance of the Plaintiff at the direction of Defendant or anyone acting on its behalf.

**RESPONSE:** Defendant is unable to comply as it has no materials in its possession responsive to this Request

20

3154735-1-013820.00079

**REQUEST NO. 51:** All documents, including, without limitation, notes, tape recordings, diary entries, calendars, meetings' minutes or meetings' notes, notes of or relating to communications, or any other writing, recording or memorialization prepared or received by Defendant, or by any employee, representative or agent relating to any of the events and circumstances alleged in Plaintiff's complaint and/or amended complaint.

**RESPONSE:** Objection is being made as to vagueness, overbreadth, and relevancy.

**REQUEST NO. 52:** All documents, referring or relating to any surveys conducted by Defendant or any of its employees of attitudes of its employees.

**RESPONSE:** Objection is being made as to vagueness, overbreadth, and relevancy.

**REQUEST NO. 53:** All copies of letters sent by Plaintiff to Mr. Bill Meehan, including, without limitation, any copies which have had written notes on them.

**RESPONSE:** If the requested items exist and appear to be discoverable, they will be produced.

**REQUEST NO. 54:** All copies of letters sent by Plaintiff to Mr. Dixon McKenzie in regards to Plaintiff complaining about disparate treatment and racial discrimination that Mr. Glenn Mendoza was administrating on the non pacific islanders.

**RESPONSE:** If the requested items exist and appear to be discoverable, they will be produced.

**REQUEST NO. 55:** All copies of the shift supervisors schedule on duty and off duty schedule for the entire line maintenance supervisor for period of January 1, 2001 to July 30, 2001.

21

3154735-1-013820.00079

**RESPONSE:** Objection is being made as to relevancy.

**REQUEST NO. 56:** All documents which were reviewed or used by Defendant in preparing its answers to complaint and amended complaints.

**RESPONSE:** Objection is being made on the basis of attorney-client privilege and attorney work product. Notwithstanding said objection, if such items are discoverable, they will be disclosed.

**REQUEST NO. 57:** (a) All documents listed by Defendant in its Initial Disclosure (served on Plaintiff on May 30, 2003) in this matter; and (b) Any and all insurance policies, referred to as "insurance coverage" on page 2, of Initial Disclosure (served on Plaintiff on May 30, 2003) in this matter, regardless of the alleged deductible.

**RESPONSE:** If such items are discoverable, they will be disclosed.

**REQUEST NO. 58:** All statements made by any person regarding Plaintiff.

RESPONSE: Objection is being made as to vagueness, overbreadth, relevancy, temporal scope, and burdensomeness.

**REQUEST NO. 59:** All correspondence from or to Defendant, its agents, representatives or employees regarding Plaintiff, or any member of his family, or regarding his allegations, complaint or any other matter or issue related to Plaintiff or any member of his family.

**RESPONSE:** Objection is being made as to vagueness, overbreadth, relevancy, temporal scope, and burdensomeness.

**REQUEST NO. 60:** All other documents from or to Defendant, its agents, representatives or employees regarding Plaintiff, or any member of his family, or regarding his allegations, complaint or any other matter or issue related to Plaintiff or any member of his

22

3154735-1-013820.00079

family.

    **RESPONSE:** Objection is being made as to vagueness, overbreadth, relevancy, temporal scope, and burdensomeness.

    Dated this 14th day of July 2003.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc., et al.

23

3154735-1-013820.00079

# DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 15th day of July 2003, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANT CONTINENTAL MICRONESIA, INC.'S RESPONSE TO PLAINTIFF TONY H. ASHTIANI'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; DECLARATION OF SERVICE** upon Plaintiff Tony H. Ashtiani as follows:

Carlsmith Ball LLP
Bank of Hawaii Bldg, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910

Executed this 14th day of July 2003 at Hagåtña, Guam.

_____
DAVID LEDGER

24

3154735-1-013820.00079