Tony H. Ashtiani
P.O. Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

# UNTIED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, | ) |
| Plaintiff, | ) |
| | ) Civil Case No.: 02-00032 |
| Vs. | ) |
| | ) DECLARATION OF TONY H. ASHTIANI |
| Continental Micronesia Inc, | ) IN SUPPORT OF MOTION TO COMPEL. |
| Dba, Continental Micronesia, | ) |
| Continental Airlines, | ) Local rule 37.1 (b) |
| | ) |
| Defendant. | ) |

I am plaintiff, Tony H. Ashtiani in the above-entitled action. I declare under the penalty of perjury of the untied states laws that STIPULATION GOVERNING TO COMPEL DISCOVERY (attached with cover letter) was prepared in order to comply with local rule 37.1(b) to the best of my ability as I understood them. **EXHIBIT A**

I hand delivered above-mentioned documents to law firm of CARLSMITH BALL at 1:09 P.M On October 06, 2003. The same afternoon at 2:00 P.M I received a call from CARLSMITH BALL and

ORIGINAL

FILED
DISTRICT COURT OF GUAM
OCT 07 2003
MARY L.M. MORAN
CLERK OF COURT

1. Attorney Ms. Elyze McDonald ESQ,. Stated to me that she will not
2. be able to respond to Stipulation by October 07, 2003 by noon.
3. As she has not been able to look at the stipulation, I reminded
4. attorney Ms. McDonald that it is ORDERED by the Honorable Chief
5. Judge that Discovery motion cutoff date is on October 8, 2003.
6. ORDERED by the Court. Defendant did contact plaintiff on October
7. 7, 2003 and was told to pick up some documents. Defendant has
8. stated that Stipulation is not in compliance of rule 37.1 (b)
9. and defendant has not been given enough time while plaintiff has
10. attempted to resolve this issue since July 23, 2003. **EXHIBIT B.**
11. Plaintiff on numerous occasions both by telephone "Meet and
12. Confer" and by writing attempted to receive documents in
13. reference to statistics and this issue has not been resolved.
14.
15. This 7th day of October 2003.
16.
17. Submitted Respectfully,
18.
19. Tony H. Ashtiani
20. _____
21. Plaintiff
22.
23.
24.
25.

Tony H. Ashtiani
P.O. Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

October 6, 2003.

Via: Hand Delivery

CARLSMITH BALL LLP
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

Re: LR 37.1(b) Stipulation
Tony H. Ashtiani Vs. Continental Micronesia Inc,

In District Court of Guam CV. 02-00032

Dear Attorneys Ms. Elyze McDonald and Mr. David Ledger.

Enclosed, my points and authorities regarding the disputed discovery in my motion to compel, for inclusion in the Stipulation

I respectfully request that stipulation prepared by the plaintiff to be responded by the defendant, Plaintiff is open to any suggestion and ideas which you may have, although it is my intend to file discovery motion on October 07, 2003. Prior to closing day at the District Court Clerk's Office, Please provide defendant's response no later than 12:00 noon of above-mentioned day.

Very Truly Yours

Tony H. Ashtiani

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No.: 02-00032 |
| Continental Micronesia Inc, | ) |
| Dba, Continental Micronesia, | ) STIPULATION GOVERNING |
| Continental Airlines, | ) TO COMPEL DISCOVERY. |
| Defendant | ) Local rule 37.1 (b) |

Enclosed my points and authorities regarding the disputed discovery in my motion to compel, for inclusion in the stipulation

**1. Relevancy, materiality, etc.; Reasonably Calculated**

That which is relevant would also be material. Thus, the two are grouped together.

Kerr v. United States Dist. Ct for north. Dist. Of California, 511 F.2d 192, 196(9th Cir. 1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976):

1  The question of relevancy is to be more
2  loosely construed at the discovery stage
3  than at the trail. Under F.R.C.P. 26(b)(1)
4  it is no ground for objection that
5  information sought in pretrial discovery
6  would not be admissible at trail if the
7  testimony sought appears reasonably
8  calculated to lead to the discovery
9  of admissible evidence.

10 As further stated in Jones v. Commander, Kansas Army
11 added):
12 Ammunitions plant, 147 F.R.D. 248, 250 (D.KAN.1993) emphasis

13   Relevancy has been defined as encompassing any
14   matter that bears on, or that reasonably could
15   lead to other matters that could bear on, any
16   issue that or may be in the case. Discovery is
17   not limited to issues by pleadings, for discovery
18   itself is designed to help define and clarity the
19   issues. . . . A request for discovery should be
20   considered relevant if there is any possibility that
21   the information sought may be relevant to
22   the subject matter of the action. Discovery
23   should ordinarily be allowed under the concept
24   of relevancy unless it is clear that the information
25   sought can have no possible bearing upon the
   subject matter of the action. (Citations omitted;
   emphasis added.)

   "Information is regarded as 'relevant to the subject
matter' if it might reasonably assist a party in evaluating the
case, preparing for trial, or facilitating settlement thereof. .
. ." CERAMIC Corp. Of America V. Inka Maritime Corp., 163
F.R.D 584,587 (C.D.CAL. 1995) (emphasis in original).

1  Document requests 13,24,32,and 35 are relevant because
2  Ashtiani intends to rely on them to compile statistical evidence
3  indicating that CMI's pervasively discriminates against
4  minorities, including plaintiff, through its disparate treatment
5  policies against pacific islanders and local hires. Thus, for
6  instance, in order to meet his burden plaintiff could show,
7  through circumstantial, statistical or direct evidence that the
8  discharge occurred under circumstances giving rise to an
9  inference of discrimination. Wallis v. J.R. Simplot Co., 26 F.3d
10 885, 891 (9th Cir.1994). He can meet his burden by showing that
11 defendant had a continuing need for his skills and services in
12 his various duties. Id.
13
14      Plaintiff could also establish a prima facie case of
15 discrimination by offering direct evidence of defendant's
16 discriminatory motives. See, Schnidrig v. Columbia Mach., Inc.,
17 80 F.3d 1406, 1409-10 (9th Cir.1996).
18
19      Document requests 3,4,6,7,8,9,and, 36 are relevant
20 because Ashtaini may relay on them as direct or circumenstantial
21 evidence of either intentional discrimination and that hiring,
22 firing, and employment evaluation practices have a desperate
23 impact including Ashtiani.
24
25

1  Document Requests 13,24,32,and 35 are directly relevant as
2  they refer to investigations of national origin discrimination
3  and harassment, respectively.
4
5      Document Request 7,8 in the First Request are relevant
6  because it is clear from the course of discovery to date that
7  CMI intends to place in issue Defendant Ashtiani's attendance
8  reports level 1 thru 6 which does not even exist. CMI plans to
9  argue that these manufactured reports are valid and trade days
10 are accountable attendance.
11
12     2.  **overly broad**
13
14     As you can ascertain from the requests themselves and the
15 analysis above, the requests are tailored to solicit well-
16 defined information. Document requests 3,4,13,24,32 and 35, are
17 relevant because Ashtiani intends to rely on them to compile
18 statistical evidence indicating that CMI's pervasively
19 discriminates against minorities, including plaintiff, through
20 its disparate treatment policies against pacific islanders and
21 local hires. Thus, for instance, in order to meet his burden
22 plaintiff could show, through circumstantial, statistical or
23 direct evidence that the discharge occurred under circumstances
24 giving rise to an inference of discrimination. In Rich v.
25 Martin Marietta Corp., 522 F.2d 333, 343, (10th Cir. 1975) the

court of appeals held that the district court erred in denying plaintiffs the right to discover information and statistics withheld by the defendant regarding hiring, firing promotion and demotion of Blacks, Hispanics and women on a plant-wide basis and within individual departments. Id. at 344-345.

3. Unduly Burdensome

Plaintiff's requests are not unduly burdensome. They are drafted with precision, in order to provide plaintiff with the requisite database from which he can ascertain relevant information. See, Par. 1, above. It is rather obvious that defendant simply dumps any conceivable objection into his pleading in response, simply in order to block plaintiff from securing the necessary information in order to present his case at trial.

4. Privacy Concerns

It clearly appears that defendant does not have standing to assert an objection, which belongs to another, who has raised no objection himself. Plaintiff also asserts that if a privacy legitimate concern of the defendant.

1
2
3
4  **REQUEST NO. 3:** Copy of all (a) P-160s (b) P-187 of Mr. Dixon
5  McKenzie, Human Resources Dire Copy of all (a) P-160s (b) P-187
6  of Mr. James Hammer director of maintenance.
7
8  **RESPONSE:** Objection is being made as to the requested material
9  being irrelevant, overly broad, unduly burdensome and not
10 reasonably calculated to lead to the discovery of admissible
11 evidence. Defendant further objects to this request because it
12 seeks information, which is confidential, private and personal,
13 and the disclosure of it would necessarily invade the privacy,
14 and expectation of privacy, or person not parties to this
15 suite.
16
17 **REQUEST NO. 4:** Copy of all (a) P-160s (b) P-187 of Mr. James
18 Hammer director of maintenance.
19
20 **RESPONSE:** Objection is being made as to the requested material
21 being irrelevant, overly broad, unduly burdensome and not
22 reasonably calculated to lead to the discovery of admissible
23 evidence. Defendant further objects to this request because it
24 seeks information, which is confidential, private and personal,
25

```
 1  and the disclosure of it would necessarily invade the privacy,
 2  and expectation of privacy, or person not parties to this suite.
 3
 4  REQUEST NO. 6: Copy of the return receipt of the U.S.P.S
 5  certified letter (PS form 3811) signed by the plaintiff on July
 6  12, 2001 which contained plaintiff's termination letter dated
 7  July 03, 2001 signed by Mr. Herrera.
 8
 9  RESPONSE: A diligent search and reasonable inquiry has been made
10  in an effort to locate the item requested. However, Defendant is
11  unable to comply as it does not have in its control or
12  possession a copy of the return receipt of the U.S.P.S certified
13  letter (PS form 3811) signed by the plaintiff on JULY 12, 2001
14  which contained plaintiff termination letter dated July 03, 2001
15  signed by Mr. Herrera.
16
17  REQUEST NO. 7: (a) All document of 1 thru 6 levels of attendance
18  records and counseling notice of which were received by
19  plaintiff; (b) list of witnesses and attendees whom were present
20  at such meetings, including employer's representative,
21  employees, and union representative; and (c) the jointly filled
22  out discussion form(s) (which, at the end of each such meeting
23  all parties acknowledged such meeting and signed the mentioned
24  form).
25
```

1  **RESPONSE:** (a) If these documents exist and appear to be
2  discoverable in this action, they will be produced; (b)
3  Defendant is unable to comply as it does not have in its
4  possession a list of witnesses and attendees whom were present
5  at such meetings, including employer's representative, employees
6  and union representative; and (C) Objection is being made to
7  vagueness.

8  **REQUEST NO.8:** Documents of plaintiff's employee evaluation
9  and/or progress reports from defendant's Technical Services
10 Division, where plaintiff worked and employer provided this form
11 during evaluation as plaintiff had acknowledged and signed of
12 employer expectation from the plaintiff (referred to therein as,
13 "employee").

14 **RESPONSE:** If these items can be obtained and are discoverable in
15 this action, they will be produced.

16 **REQUEST NO.9:** Please provide dates [???] in regard to each and
17 every DC-10-30 exiting the fleets of Continental Micronesia
18 inc.,

19 **RESPONSE:** Objection is being made as to relevancy.

20 **REQUEST NO.13:** Please provide a list of names of all mechanics,
21 mechanic helpers, Airframe mechanics, sheet metal mechanics,
22 sheet metal mechanic helpers, tool crib attendants either in the
23 Technical Services Division of terminal line or B CHECK that
24 were under the union contract of Continental Micronesia Inc, and
25 International Brotherhood of Teamsters who were employed by the
26 defendant who had two or more consecutive No call/No show from
27 the period from Jun 1990 to the present.

**RESPONSE:** Objection is being made as to the requested material being irrelevant, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information, which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or person not parties to this suite.

**REQUEST NO. 24:** All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

**RESPONSE:** objection is being made as to vagueness, over breadth, and burdensomeness. In addition to said objections, Defendant is unable to comply as it has no documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participating or involvement in decision- making concerning any employment, including, without limitation, decision relating to salary, promotion, bonuses, hiring, lay off or firing.

**REQUEST NO. 32:** The P-160's for all defendant's supervisors that were (a) promoted in period of June 1998 to September 11, 2001; and (b) those supervisor that were furloughed or laid off after September 11, 2001 up to January 10, 2002. Please provide their names, their race, nationality, and their ethnicity of all such individuals who were furloughed in the Technical Services Division, Maintenance, Quality control and Quality Assurance Division of Continental Micronesia, Inc.

1  RESPONSE: Objection is being made as to the requested material
2  being irrelevant, overly broad, unduly burdensome and not
3  reasonably calculated to lead to the discovery of admissible
4  evidence. Defendant further objects to this request because it
5  seeks information, which is confidential, private and personal,
6  and the disclosure of it would necessarily invade the privacy,
7  and expectation of privacy, or person not parties to this suite.
8
9  REQUEST NO. 35: All documents or computerized surveys which was
10 done by any means, including but not limited to, electronic
11 means and referred to as survey by the maintenance supervisors
12 in Guam of their director Mr. James Hammer. Please provide the
13 copy of the survey from each and every supervisor and identify
14 which survey belongs to which supervisor.
15
16 RESPONSE Objection is being made as to vagueness, over breadth,
17 relevancy, and burdensomeness.
18
19 REQUEST NO 36: All documents and statement James Hammer in
20 regards to making any racial comments either after September 1,
21 2001 or before September 11, 2001 to any one employed by the
22 defendant before or after Plaintiff's termination in reference
23 to plaintiff.
24
25 RESPONSE. Defendant is unable to comply, as it has no document
   in its possession responsive to this request.

SO STIPULATED AND AGREED TO BY:

Tony H. Ashtinai

_/s/ T. Ashtinai_

Plaintiff

DATED THIS OCT. 06, 2003

LAW OFFICES OF CARLSMITH BALL LLP
Attorneys for Defendant

Mr. David Ledger ESQ.,

DATED THIS _____, 2003

Ms. Elyze McDonald ESQ.,

DATED THIS _____, 2003

Tony H. Ashtinai
P.O.Box 12723
Tamuning Guam 96931
1-(671) 653-5575
1-(671) 688-4844

JULY 23, 2003.

CARLSMITH BALL LLP
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

Dear Ms McDonald,

I am presenting this letter to you as a follow up in our telephone conversation on Jul 18, 2003 (Guam Date) as you were in Honolulu office of Carlsmith Ball law firm and before all is said, I hope that you have a pleasant stay in Honoluhu, Hawaii.

As you are well aware, On Jun 15, 2003 Plaintiff's Request of First Production of Document within the provision of Fed R. Civ P. Rule 34 was served upon your office, plaintiff received response to above mentioned requests on Jul 15, 2003 and found all responses were objected to and not responsive to all the requests, this is a very rare and thus frivolous, plaintiff is very disappointed, depressed, and stressed by such response.

Plaintiff was also asked to review a bankers box at Carlsmith's conference room, and found all the documents were the files which were suppose to be presented on the initial disclosure and is irrelevant. Plaintiff attempt to contact Mr. Ledger and was told he is in Hawaii as well, However plaintiff was contacted by Ms. June Cruz and was told that more documents are available for review by the end of this week, (July 25, 2003).

Plaintiff respectfully asks that Defendant CMI and attorneys of the record to adhere to Rule 34 and that plaintiff is serving this letter on grounds and basis that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. Defendant must label all documents (e.g. Exhibit A, B, C, etc.). And indicate in writing which documents are responsive to which requests).

Very truly yours,

Tony H. Ashtiani

RECEIVED
CARLSMITH BALL
Date: 7-23-03
Time: 11:34Am By: JWJ