```
 1  Tony H. Ashtiani
    P.O.Box 12723
 2  Tamuning Guam 96931
    671-688-4844
 3  671-653-5575
```



FILED
DISTRICT COURT OF GUAM
OCT 10 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: **02-00032** |
| ) | |
| Vs. ) | |
| ) | |
| **Continental Micronesia Inc,** ) | |
| ) | **PLAINTIFF'S REPLY TO** |
| **Dba, Continental Micronesia,** ) | **DEFENDNAT'S OPPOSITION TO** |
| ) | **PLAINTIFF'S MOTION FOR** |
| **Continental Airlines,** ) | **PROTECTIVE ORDER.** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter before the Court as plaintiff's opportunity to clear his name, state the facts and that his actions were justified in moving the Court for protective order.

**1)** On October 07, 2003. Plaintiff went to CARLSMITH law firm to drop off a document. Plaintiff asked Ms. Elyze McDonald if she was going to file Opposition to Motion for Protective

1  Order, Ms. McDonald stated that she "already did," however
2  plaintiff did not have a copy of it. As shown by **(EXHIBIT A)** it
3  is not listed as one of the documents served on plaintiff
4  earlier that day. Plaintiff kindly requested a copy of the
5  Opposition. Instead, defense counsel directed him to the Post
6  Office or to District Court to make copies, Plaintiff on October
7  8, 2003 kindly asked Mr. Walter (Court staff) for such copies.
8  Plaintiff is not aware of any reason why Ms. McDonald would not
9  serve him with copies except burdening him with having to go to
10 the District Court and make copies there.
11
12     2) It is note worthy that Plaintiff is grateful to District
13 Court of Guam staff for their prompt response in going to
14 Chamber getting my file to make copies, Plaintiff became aware
15 of (29) pages of OPPOSITION documents on October 08 2003.
16 **(JOINT EXHIBIT B)**.
17
18     3) Plaintiff through out this litigation, in particular
19 answering interrogatories and response to production of
20 documents, has sought the prevention of any harm by defendant
21 upon those of its employees who inflicted harm on plaintiff.
22 Furthermore Plaintiff prays for wisdom to understand the complex
23 laws of this advanced great land of ours.

1. 4) Plaintiff had not meant any harm by motion for
2. protective order, Plaintiff admits agreeing to a 30 days
3. extension, as per defendant's request. However, when drafting
4. the stipulation intended to commemorate the agreement between
5. the parties, defendant suddenly changed it to 17 days. Plaintiff
6. did not agree to a 17 days extension, therefore, he did not sign
7. the stipulation. Plaintiff was confused by sudden change as
8. defendant continuously objected to production of documents.
9. Defendant refused to "Meet and Confer" "Courts have held that telephone
10. Rather, defendant wrote: in person per **LR 37.1.**
11. conferences satisfy the requirements of the Local Rules of
12. practice and the Federal Rules of Civil Procedure." (Citing,
13. Ballot v. University Of Kansas Medical Center, 159 F.R.D.
14. 558,560(D. Kan. 1994).)
15. 
16. 
17. 5) Plaintiff in good faith spent 110 Minutes on the phone
18. to defendant's counsel's Hawaii office, then wrote a letter to
19. defendant (**EXHIBIT C**) which was omitted from Defendant's recent
20. filing with the Court. (including omission of important facts).
21. 
22. (6) Due to Defendant's "slip and sliding" and "hiding the
23. ball" tactics, plaintiff was left with limited procedural
24. mechanism, thus presented Defendant with Second Request for
25. Production of Documents which was due on October 15, 2003.

(7) On September 15 2003 Plaintiff served his second request for production on defendant and defendant on September 17, 2003 wrote (discovery motion cut off) October 17, 2003. This date would give plaintiff only one day to file a motion to compel and one day after receiving defendant's response to Second Request for Production of Documents, plaintiff was alerted and several times asked Ms. McDonald "since there is only (4) requests, could you please answer them so that I have time to bring a motion to compel." She was not responsive.

(8) Accordingly, due to the date changes of the originally agreed from 30 days to 17 days and ill will motive (to prevent plaintiff from having enough time to file a motion in case he was dissatisfied with defendant's production of documents), Plaintiff filed for motion for protective order and wanted to obey the ORDER of the United States District Court and did not want to disobey any ORDER stated in the Scheduling Order.

(9) Defendant continuously in communication to the Court states that plaintiff does not follow the rules, while defendant propounded plaintiff with interrogatories that was in direct violation of **LR 33.1(a)**. <u>Interrogatories or request for</u>

Case 1:02-cv-00032    Document 75    Filed 10/10/2003    Page 4 of 15

admission shall not exceed twenty five (25) in number, counting any subparts or sub questions as individual question.

(10) Plaintiff has praised Ms. Elyze McDonald for her ambitious and intelligence, Plaintiff throughout this litigation will maintain courteous relationship with defendant's counsel and will keep his continuous respect for her.

This __10TH__ day of October 2003.

Respectfully submitted,

Tony H. Ashtiani
Plaintiff, pro se

CARLSMITH BALL LLP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>Defendant. | CIVIL CASE NO. CV02-00032<br><br>**CERTIFICATE OF SERVICE** |

I, Elyze J. Mc Donald, hereby certify that on the 7th day of October, 2003, I caused to be personally served, true and correct copies of the documents listed below upon Plaintiff, Tony H. Ashtiani:

1. Motion to Reconsider Courts Denial of Defendant's Motion to Shorten Time to Hear Plaintiff's Motion for Protective Order; Declaration of Elyze McDonald; Exhibit A;

2. Order;

3. Application for Expedited Pretrial Conference (FED. R. CIV. P. 16);

4. Order.

Declaration of Elyze McDonald; Exhibit A; and

4823-5198-6688.1.013280-00079

Executed this 9th day of October, 2003.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
ELYZE McDONALD
Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

4823-5198-6688.1.013280-00079

RECEIPT FOR PAYMENT
DISTRICT COURT OF GUAM
at HAGATNA, GUAM

Rcpt#:0023178          Date: 10/08/2003

Received From:
ASHTIANI, TONY
P.O. BOX 12723
TAMUNING, GUAM 96931

================================================
CV-03-00032
TONY H. ASHTIANI vs CONTINENTAL
MICRONESIA, INC., dba CONTINENTAL
MICRONESIA and CONTINENTAL
AIRLINES, INC.
Copies, $ 0.50 per page. (Qty. 29)
================================================

Account             Amount
-------             ------
322350              $14.50

                   ==========
Total:              $14.50
                   ==========

Payment Tendered:
  Cash :           $20.00
  Check:            $0.00
  M.O.:             $0.00
                   ==========
                   $20.00

Change Due:         $5.50

================================================
Checks and drafts are accepted subject
to collection and full credit will only
be given when the check or draft has
been accepted by the financial
institution on which it was drawn.
================================================

Deputy
Clerk: *Marilyn Alon*

Marilyn B. Alon

CARLSMITH BALL LLP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTION ORDER** |

Plaintiff's Motion for Protective Order is unfounded and dilatory. It is intended to delay the taking of his deposition, scheduled on October 8 and 9, 2003. Furthermore, it is not in compliance with the Federal Rules of Civil Procedure or the Local Rules of Practice, as Plaintiff has not met and conferred with Defendant prior to bringing the Motion. The Court should deny the motion and award sanctions against Plaintiff, in the amount Defendant has incurred in opposing the Motion.

4845-5406-0800.1.013280-00079

FILED
DISTRICT COURT OF GUAM
OCT 02 2003
MARY L. M. MORAN
CLERK OF COURT

RECEIVED
CARLSMITH BALL
Date: 9/22/03
12:30 By: [signature]

September 22, 2003.

Tony H. Ashtiani
P.O. Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

CARLSMITH BALL LLP
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

Re: Discovery Dispute & Motion to Compel Discovery

**In District Court of Guam CV. 02-00032**

Dear Attorney Ms. McDonald:

This matter before the defense counsel in regards to the letter, which you have provided plaintiff on September 15, 2003. In which you had only listed (1) item as plaintiff's motion to compel that was briefly discussed. For your convenience, I have attached the above-mentioned letter.

As you are well aware, we both spent a great amount of time (110 minutes) discussing statistics and pattern of the practice of the defendant Mr. Hammer and Mr. McKinzie both in official capacity and responsible for affirmative action and EEO of Continental Micronesia in Guam. I have responded to all your issues pertaining discovery in supplemental format per Fed R. Civ P. rule 26, 26e, 33, 34, as you and I have agreed all documents will be submitted to you on October 6, 2003. In lieu, items listed below as plaintiff's motion to compel were discussed and that you maintained your objections.

Further more, We discussed that I am unable to provide defendant answer to Interogatory No. 14 in reference to break down of witnesses to each cause of action, if you choose to compel and sanction against the plaintiff, I will be more than happy to pay your law firm for the time spent to bring such motion.

## INTERROGATORY NO. 14:

Identify the name of each and every witness you intend to call at trial, the nature of their testimony, and their address and/or phone number, in support of your:

(a) First Cause of Action in the Second Amended Complaint: Intentional Infliction of Emotional Distress

(b) Second Cause of Action in the Second Amended Complaint: Negligent Supervisor

(c) Third Cause of Action in the Second Amended Complaint: Unlawful Discrimination based upon Race and National Origin

(d) Fourth Cause of Action in the Second Amended Complaint: Intentional Discrimination and Intentional Retaliation post 9/11

(e) Fifth Cause of Action in the Second Amended Complaint: Violation of Federal Statute of Family Medical Leave Act of 1993

(f) Sixth Cause of Action in the Second Amended Complaint: Constructive Termination

(g) Seventh Cause of Action in the Second Amended Complaint: Wrongful Termination

(h) Eighth Cause of Action in the Second Amended Complaint: Sales of Fraudulent Insurance Policies by Defendant to Employees.

### ANSWER:

(a) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts now known Plaintiff has provided the list of the potential witness that may be called upon during the trial in the **Plaintiff's initial disclosures** submitted to the defendant on June 03, 2003.

(b) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(c) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(d) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(e) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26.Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(f) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(g) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(h) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

## PLAINTIFF'S MOTION TO COMPEL

## PRODUCTION OF DOCUMENTS

**REQUEST NO. 3:** Copy of all (a) P-160s (b) P-187 of Mr. Dixon McKenzie, Human Resources Director.

**RESPONSE :** Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information, which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or person not parties to this suite.

**REQUEST NO. 4:** Copy of all (a) P-160s (b) P-187 of Mr. James Hammer director of maintenance.

**RESPONSE:** Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information, which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or person not parties to this suite.

**REQUEST NO. 6:** Copy of the return receipt of the U.S.P.S certified letter (PS form 3811) signed by the plaintiff on July 12, 2001 which contained plaintiff's termination letter dated July 03, 2001 signed by Mr. Herrera.

**RESPONSE:** A diligent search and reasonable inquiry has been made in an effort to locate the item requested. However, defendant is unable to comply as it does not have in its control or possession a copy of the return receipt of the U.S.P.S. certified letter (PS form 3811) signed by the plaintiff on July 12, 2001 which contained plaintiff termination letter dated July 03, 2001 signed by Mr. Herrera.

**REQUEST NO. 7:** All document of 1 thru 6 levels of attendance records and counseling notice of which were received by plaintiff; (b) list of witnesses and attendees whom were present at such meetings, including employer's representative, employees, and union representative; and (c) the jointly filled out discussion form(s) (which, at the end of each such meeting all parties acknowledged such meeting and signed the mentioned form).

**RESPONSE:** (a) If these documents exist and appear to be discoverable in this action, they will be produced; (b) Defendant is unable to comply as it does not have in its possession a list of witnesses and attendees whom were present at such meetings, including employer's representative, employees, and union representative; and (c) objection is being made as to vagueness.

**REQUEST NO.8:** Documents of plaintiff's employee evaluation and/or progress reports from defendant's Technical Services Division, where plaintiff worked and employer provided this form during evaluation as plaintiff had acknowledged and signed of employer expectation from the plaintiff (referred to therein as, "employee").

**RESPONSE:** If these items can be obtained and are discoverable in this action, they will be produced.

**REQUEST NO. 9:** Please provide dates [???] in regard to each and every DC-10-30 exiting the fleets of Continental Micronesia inc.

**RESPONSE:** objection is being made as to relevancy.

**REQUEST NO. 13.** Please provide a list of names of all mechanics, mechanic helpers, Airframe mechanics, sheet metal mechanics, sheet metal mechanic helpers, tool crib attendants either in the Technical Services Division of terminal line or B CHECK that were under the union contract of Continental Micronesia Inc, and International Brotherhood of Teamsters who were employed by the defendant who had two or more consecutive No call / No show from the period from Jun 1990 to the present.

**RESPONSE:** Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information, which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or person not parties to this suite.

**REQUEST NO. 24.** All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

**RESPONSE:** Objection is being made as to vagueness, over breadth, relevancy, and burdensomeness. In addition to said objections, Defendant is unable to comply as it has no documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

**REQUEST NO. 32.** The P-160's for all defendant's supervisors that were (a) promoted in period of June 1998 to September 11, 2001; and (b) those supervisor that were furloughed or laid off after September 11, 2001 up to January 10, 2002. Please provide their names, their race, nationality, and their ethnicity of all such individuals who were furloughed in the Technical Services Division, Maintenance, Quality control and Quality Assurance Division of Continental Micronesia, Inc.

**RESPONSE:** Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because it seeks information, which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or person not parties to this suite.

REQUEST NO. 35. All documents or computerized surveys which was done by any means, including but not limited to, electronic means and referred to as survey by the maintenance supervisors in Guam of their director Mr. James Hammer. Please provide the copy of the surveys from each and every supervisor and identify which survey belongs to which supervisor.

RESPONSE: Objections is being made as to vagueness, over breadth, relevancy, and burdensomeness

REQUEST No 36: All documents and statement from James Hammer in regards to making any racial comments either after September 11, 2001 or before September 11, 2001 to any one employed by the Defendant before or after Plaintiff's termination in reference to plaintiff.

RESPONSE: Defendant is unable to comply as it has no document in its possession responsive to this Request.

I also wish that defendant would have met with plaintiff at **Guam Law Library On July 15 ,2003 at 0900** as stated in First Request of Production of Documents and produced the documents.

Very Truly yours

Tony H. Ashtiani

Cc; Attorney Mr. David Ledger