# ORIGINAL

CARLSMITH BALL LLP

ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813



Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>        Defendant. | CIVIL CASE NO. CV02-00032<br><br>**MOTION TO EXTEND SCHEDULING<br>ORDER DEADLINES; EXHIBITS A - G** |

## I.    INTRODUCTION

In good faith and with diligence, Defendant Continental Micronesia, Inc. relied on

an informal agreement between the parties allowing Defendant to take Plaintiff Tony H.

Ashtiani's deposition one week past the discovery cutoff date established in the May 21, 2003

Scheduling Order. Plaintiff in complete bad faith retracted that agreement after the discovery

cutoff date passed. Accordingly, Defendant requests an Order extending the deadlines in the

Scheduling Order for the limited purpose of allowing Plaintiff's deposition to proceed.

4814-2530-7904.1.013280-00079

## II.    STATEMENT OF FACTS

Because Defense counsel primarily tasked with this case currently lives off-island, in early September 2003, Defendant requested an extension of the discovery cutoff deadline, originally set as October 1, 2003, in order for defense counsel to arrange to travel to Guam to take the deposition. *See* Ex. A at ¶¶ 3-4.  Defendant also based its request on the fact that its client's senior in-house legal counsel, based in Houston, Texas, would be unable to travel to Guam to attend a deposition in September. Ex. A at ¶ 4.  On September 8, 2003, Plaintiff granted Defendant an extension of the discovery cut-off date of another thirty days, to October 31, 2003. *See* Ex. A at ¶ 6, Ex. B.  As the only purpose of the request for the extension was to take Plaintiff's deposition, Defendant communicated to Plaintiff that it did not require a full thirty days, and drafted a Stipulation to extend the discovery deadlines only to October 17, 2003.  Ex. A at ¶ 9, Ex. F. The Stipulation also listed new deadlines for discovery motions, as would be necessary since the discovery cutoff date was being extended. *See* Ex. F.

Defendant served Plaintiff with the proposed Stipulation on September 17, 2003. See Ex. F.  Despite requests from defense counsel to sign the Stipulation, Plaintiff stated that he was not sure if he could comply with the revised discovery motion cutoff deadlines listed in the Stipulation. Ex. A at ¶ 10.  While the Stipulation was not filed as the parties continued to negotiate the deadlines, Plaintiff **never** revoked his agreed extension, nor gave defense counsel any indication that he would not honor his agreement. Ex. A at ¶ 11.  Defendant therefore had no reason to doubt Plaintiff's promise stated in his September 8, 2003 letter that he would honor a thirty-day extension of the cutoff date.  Had Defendant received any indication that Plaintiff would not honor his informal extension, Defendant would have scheduled the deposition prior to the October 1, 2003 cutoff date, using counsel residing on-island. Ex. A at ¶ 5.

Defendant originally served Plaintiff with a Notice of Deposition on September 18, 2003, notifying Plaintiff that Defendant will be conducting his deposition on October 8 and 9, 2003. See Ex. A at ¶ 7, Ex. C. Because Plaintiff objected to the Notice because of scheduling conflicts, Defendant served Plaintiff with an Amended Notice of Deposition on September 24, 2003, which still provided Plaintiff with two weeks' notice of the deposition dates. Ex. A at ¶ 7, Exs. D and E.

Plaintiff filed a Motion for Protective Order on September 30, 2003, claiming that the deposition is untimely, being filed beyond the original discovery cutoff date of October 1, 2003. On October 8, 2003, the Court ruled that Plaintiff's Motion was moot, and upheld the October 1 discovery cutoff deadline.

## III. **DISCUSSION**

"It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). The purpose of permitting depositions pursuant to Federal Rule of Civil Procedure 30 is to allow for the fair and expeditious preparation of cases, minimizing to the extent possible trial time spent in wasteful sparring unrelated to merits of the case. *Dienstag v. Bronsen*, 49 F.R.D. 327 (S.D.N.Y. 1970).

Overall, the purpose of pretrial discovery is to narrow the issues at trial and to provide parties with mutual knowledge of all relevant facts thereby preventing surprise. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Shelak v. White Motor Co.*, 581 F.2d 1155 (5th Cir. 1978); *Coxe v. Putney*, 26 F.R.D. 562 (E.D. Pa. 1961). *See also Tiedman v. American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958) (a trial is not a sporting event, and discovery is founded upon policy that search for truth should be aided).

Thus the spirit of the rules is violated when advocates attempt to

> use discovery tools as tactical weapons rather than to expose the
> facts and illuminate the issues by overuse of discovery or
> unnecessary use of defensive weapons or evasive responses. All of
> this results in excessively costly and time-consuming activities that
> are disproportionate to the nature of the case, the amount involved,
> or the issues or values at stake.

Fed. R. Civ. P. 26, advisory committee note. The spirit of the discovery rules also requires that

discovery before trial be made whenever possible. *Stark v. American Dredging Co.*, 3 F.R.D.

300, 301 (E.D. Pa. 1943).

As Defendant seeks to depose Plaintiff after the deadlines established in the Rule

16 Scheduling Order, and thereby modify those deadlines, it must demonstrate good cause and

diligence. Fed. R. Civ. P. 16(b); LR 16.5; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

607-08 (9th Cir. 1992); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

"[C]arelessness [of a party seeking to amend a scheduling order] is not compatible with a finding

of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Thus,

> [a]lthough the existence and degree of prejudice to the party
> opposing the modification might supply additional reasons to deny
> a motion [to modify a scheduling order], the focus of the inquiry is
> on the moving party's reasons for seeking modification. If that
> party was not diligent, then the inquiry should end.

*Id.* at 609 (citation omitted).

In this case, Defendant exercised diligence in seeking the extension and in

attempting to submit the agreed-upon extension before the Court for its approval. First,

Defendant did not delay in seeking to take Plaintiff's deposition, and was prepared to take the

deposition prior to October 1, 2003, but asked for Plaintiff's cooperation in order to

accommodate Defense counsel and Defendant's senior in-house legal counsel's schedules.

Defendant in good faith relied on the informal extension between the parties.

Defendant also diligently sought a Stipulation to extend the scheduling order deadlines. Defendant's proposed deadlines themselves were diligently scheduled, in that they did not require the full thirty days agreed upon, and therefore would not disturb the remaining deadlines in the Scheduling Order. In essence, Defendant acted with good faith and diligence in seeking to take Plaintiff's deposition shortly beyond the discovery cutoff date.

Defendant continues to exercise diligence by requesting that the discovery cutoff deadline be reset for the specific and sole purpose of allowing Defendant to conduct Plaintiff's deposition. Allowing such limited discovery will keep the discovery phase closed except for the purpose of the deposition. In other words, Defendant does not, by this Motion, request a re-opening of all discovery. This extension of limited discovery will prevent further delay of this case.

There exist no extraordinary circumstances to prevent the taking of Plaintiff's deposition and to preclude the mutual discovery of facts that would necessarily limit the issues presented at trial. Indeed the only pressing circumstances at this stage are that without the deposition, a large amount of trial time - particularly that in front of a jury - will be wasted by issues that can be disposed of through information discovered during the deposition. The issues presented in Plaintiff's eight counts contained in his Second Amended Complaint can be seriously compacted, if not eliminated altogether.

Lastly, Plaintiff should not be awarded by his dishonorable behavior, which, while although compliant with the deadlines set by this honorable Court, blatantly violate the spirit of the Rules of Civil Procedure and the cordial conduct that this Court requires of its litigants. Most significantly, through his behavior, Plaintiff has disrupted the spirit of cooperation that once existed between the parties.

## IV. PROPOSED AMENDED SCHEDULING ORDER

Defendant proposes that the Scheduling Order be amended specifically and solely for the purpose of allowing Defendant to depose Plaintiff. In the Proposed Amended Scheduling Order, a draft of which is attached hereto as Exhibit G, Defendant proposes that it be allowed to depose Plaintiff on **November 18, 2003**, and that all motions stemming from disputes arising from the deposition be filed by November 25, 2003, and heard on or about December 16, 2003. Defendant also requests that the current dispositive motion deadline of November 21, 2003,[1] be moved to December 23, 2003, in order to allow Defendant to utilize a complete transcript to supplement its dispositive motions. Defendant also proposes that the hearing date for dispositive motions, currently scheduled for December 12, 2003, be moved and heard on or about January 13, 2003.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully moves that the deadlines in the Scheduling Order be extended for the limited purpose of allowing Defendant to depose Plaintiff.

DATED: Hagåtña, Guam, October 15, 2003.

CARLSMITH BALL LLP

_____
ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

---

[1] If the Court is not inclined to move the dispositive motion deadline, giving Defendant only three days to supplement a dispositive motion with facts discovered during the proposed deposition, Defendant will supplement its Reply with citations from the transcript, if available by the Reply deadline.

4814-2530-7904.1.013280-00079

6.

CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam  96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.


### IN THE DISTRICT COURT OF GUAM


TONY H. ASHTIANI,

               Plaintiff,

   vs.

CONTINENTAL MICRONESIA, INC.
dba CONTINENTAL MICRONESIA
and CONTINENTAL AIRLINES, INC.,

               Defendant.

CIVIL CASE NO. CV02-00032

**DECLARATION OF ELYZE
McDONALD**


I, Elyze McDonald, declare:

1.     I am an attorney at law licensed to practice before the District Court of

Guam.  I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for

Defendant Continental Micronesia, Inc.

2.     If called as a witness, I would and could competently testify thereto to all

facts within my personal knowledge except where stated upon information and belief.

3.     I currently reside in Honolulu, Hawaii.

4820-4626-1504.1.013280-00079

# EXHIBIT A

4.      On September 3, 2003, I inquired as to whether Plaintiff would agree to an extension of the discovery cutoff date in order to allow me to fly to Guam to conduct the deposition, and to allow Defendant's senior in-house legal counsel, Louis Obdyke, residing in Houston, Texas, to attend the deposition.

5.      If Plaintiff did not agree to the extension, another attorney at Carlsmith Ball LLP's Guam office would have conducted the deposition prior to the October 1, 2003 cutoff date, and without Mr. Obdyke's presence.

6.      Plaintiff agreed to extend the discovery cutoff deadline by an extra thirty (30) days, to October 31, 2003. Attached hereto as Exhibit B is a true and correct copy of that extension.

7.      Defendant subsequently served a Notice of Deposition on September 18, 2003, informing Plaintiff of his deposition on October 8 and 9. Attached hereto as Exhibit C is a true and correct copy of that Notice of Deposition.

8.      After receiving Plaintiff's Objection to the Notice of Deposition, a true and correct copy of which is attached hereto as Exhibit D, Defendant renoticed the Deposition and served an Amended Notice of Deposition on September 24, 2003, with the same dates, effectively giving Plaintiff 14 days' notice of the deposition. Attached hereto as Exhibit E is a true and correct copy of that Amended Notice of Deposition.

9.      As the deposition would be held in the earlier half of the month of October, I proposed to Plaintiff that we stipulate to extend the discovery deadlines only until October 17, 2003, and to file it with the Court. The proposed deadlines are listed in the attached draft Stipulation and Order to Reschedule Discovery Deadlines, a true and correct copy of which is attached hereto as Exhibit F.

4820-4626-1504.1.013280-00079

10.    Despite requests from myself, Plaintiff stated to me that he was not sure whether he would sign the Stipulation because he unsure if he would be able to comply with the discovery cutoff date.  I responded that Defendant is amenable to further agreeing to extend discovery and discovery motion deadlines, but Plaintiff would need to propose dates that we would then submit to the Court.

11.    Plaintiff **NEVER** provided any indication he would not honor the extension until he filed a Motion for Protective Order on September 30, 2003.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 14th day of October 2003, at Honolulu, Hawaii.

_____
ELYZE McDONALD

4820-4626-1504.1.013280-00079

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time.

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

RECEIVED
CARLSMITH BALL
Date: 09/08/03
in 2:03 by: *(illegible)*

**EXHIBIT B**



CARLSMITH BALL LLP

ELYZE MCDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Agana, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

*T. Ashti*
*Tony. Ashtiani.*
*Sep. 18, 2003.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, ) | CIVIL CASE NO. CIV02-00032 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **NOTICE OF DEPOSITION** |
| ) | |
| CONTINENTAL MICRONESIA, INC. ) | |
| dba CONTINENTAL MICRONESIA, and ) | |
| CONTINENTAL AIRLINES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO:   **TONY H. ASHTIANI**

        **PLEASE TAKE NOTICE** that Continental Micronesia, Inc., Defendant in the

above-entitled action, will take the deposition of TONY H. ASHTIANI at the law offices of

Carlsmith Ball LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña,

Guam 96910, on the date and time specified below:

**EXHIBIT C**

| **DATE:** | **TIME:** |
|---|---|
| Wednesday, October 8, 2003 | 9:00 a.m. - 12:00 p.m.<br>1:30 p.m. - 4:00 p.m. |
| Thursday, October 9, 2003 | 9:00 a.m. - 12:00 p.m.<br>1:30 p.m. - 4:00 p.m. |

The deposition will be recorded stenographically pursuant to the Rules of Civil Procedure for the Superior Court of Guam.

If said depositions are not completed on the date set out above, the taking of the depositions will be continued from day to day thereafter, except for Sundays and holidays, at the same place, until completed.

DATED this 18th day of September 2003.

CARLSMITH BALL LLP

ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.



1  Tony H. Ashtiani
   P.O.Box 12723
2  Tamuning Guam 96931
   671-688-4844
3  671-653-5575

4

5                    IN DISTRICT COURT OF GUAM

6                         TERRITORY OF GUAM

7

8
   Tony H. Ashtiani,                    )
9                                       )
              Plaintiff,                )  Civil Case No.: 02-00032
10                                      )
              Vs.                       )
11                                      )
   Continental Micronesia Inc,          )
12                                      )  OBJECTION TO NOTICE OF
   Dba, Continental Micronesia,         )  DEPOSITION AND ITS CONTENTS.
13                                      )
   Continental Airlines,                )
14                                      )
                                        )
15                                      )
              Defendant                 )
16  _____

17

18
   TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF
19
   RECORD:
20
        This matter before the defense counsel in reference to
21
   notice of deposition which was received on September,18 2003.
22

23
        1.  Plaintiff had submitted a letter to defense counsel on
24
   September 8, 2003. **"EXHIBIT A"** which had provided them with
25
   availability of time frame which plaintiff could attend the      **EXHIBIT D**

                         CV 02-00032 PAGE 1 OF 2          Date: 09/18/03
                                                          1:47    By: Sue

   Case 1:02-cv-00032   Document 78   Filed 10/15/2003   Page 13 of 22

CARLSMITH BALL

deposition. Such advance notice was not noted, thus plaintiff objects to the afternoon sessions of such deposition.

2. This case is **In District court of Guam** and that Superior Court of Guam Rules of Civil Procedure does not apply. **"EXHIBIT B"**.

3. Plaintiff also objects to the location of such deposition to be taken and requests that place of deposition be taken at a mutual place rather that defendant having home field advantage over the pro se plaintiff, and that Guam Law Library Conference rooms "A" or "B" are available and can be reserved for such activity.

4. Plaintiff also requesting the names and numbers of defense counsels which will be deposing the pro se plaintiff.

Dated this _18 TH_ day of September , 2003.

Submitted Respectfully.

Tony H. Ashtiani

_T. Ashtiani_

Pro se plaintiff

**Tony H. Ashtiani**
**P.O.Box 12723**
**Tamuning Guam 96931**
**TEL/FAX 1-(671) 653-5575**
**CELL 1-(671) 688-4844**

September 8 ,2003.

**CARLSMITH BALL LLP**
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: "Meet and Confer" & Discovery cut off extension.**

**In District Court of Guam CV 02-00032**

Dear Attorneys Mr. Ledger and Ms. McDonald:

Thank you for your letter dated September 3, 2003. In which you are requesting to meet and confer via telephone, I am preparing for a summarized meeting so that it will not take much of our time. *oct,31, 2003 .*

Furthermore, you had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, I will be more than happy to accommodate you this extension.

I respectfully ask that the time frame of the deposition does not interfere with dropping or picking up my children at school or the time after school, which is to assist with their homework. Other than that, I am available from 8:30 a.m. to 1:30 p.m.

Sincerely,

Tony H. Ashtiani

**RECEIVED**
**CARLSMITH BALL**
ate: 9/8/03
n : 2:04 By:

**DATE:**                                                          **TIME:**

Wednesday, October 8, 2003                9:00 a.m. - 12:00 p.m.
                                                              1:30 p.m. - 4:00 p.m.

Thursday, October 9, 2003                  9:00 a.m. - 12:00 p.m.
                                                              1:30 p.m. - 4:00 p.m.

The deposition will be recorded stenographically pursuant to the Rules of Civil

Procedure for the Superior Court of Guam.

If said depositions are not completed on the date set out above, the taking of the

depositions will be continued from day to day thereafter, except for Sundays and holidays, at the

same place, until completed.

DATED this 18th day of September 2003.

CARLSMITH BALL LLP

ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

 **COPY**

*T. Aww̸*
*Tony. Ashtiani*
*Sep, 24, 2003.*
*11:30*

CARLSMITH BALL LLP

ELYZE MCDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TONY H. ASHTIANI, | ) | CIVIL CASE NO. CIV02-00032 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED NOTICE OF DEPOSITION** |
| | ) | |
| CONTINENTAL MICRONESIA, INC. | ) | |
| dba CONTINENTAL MICRONESIA, and | ) | |
| CONTINENTAL AIRLINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:    TONY H. ASHTIANI

    **PLEASE TAKE NOTICE** that Continental Micronesia, Inc., Defendant in the

above-entitled action, will take the deposition of TONY H. ASHTIANI at the law offices of

Carlsmith Ball LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña,

Guam 96910, on the dates and times specified below:

| DATE: | TIME: |
|---|---|
| Wednesday, October 8, 2003 | 9:00 a.m. - 12:30 p.m. |
| Thursday, October 9, 2003 | 9:00 a.m. - 12:30 p.m. |

4844-5464-2176.1.013280-00079

**EXHIBIT E**

The deposition will be recorded stenographically pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice of the District Court of Guam.

If said depositions are not completed on the date set out above, the taking of the depositions will be continued from day to day thereafter, except for Sundays and holidays, at the same place, until completed.

DATED this 23rd day of September 2003.

CARLSMITH BALL LLP

ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

*RECIEVED COPY TO REVIEW.*
*TO Read Prior TO Sign*
*T-AHW*

*Sep, 17, 03.*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>                Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>                Defendant. | CIVIL CASE NO. CV02-00032<br><br>**STIPULATION AND ORDER TO<br>RESCHEDULE DISCOVERY<br>DEADLINES** |

WHEREAS, Defendant seeks to extend the discovery cutoff deadline to accommodate Defendant's counsel, temporarily residing off-island, to travel to Guam to conduct further discovery and depositions in this case; and

WHEREAS such depositions will be conducted in the second week of October, 2003; and

WHEREAS Plaintiff has agreed to such extension,

IT IS HEREBY STIPULATED by and between the undersigned that the current Discovery cutoff date of October 1, 2003 be rescheduled to October 17, 2003.

4844-1027-3280.1

**EXHIBIT F**

IT IS ALSO HEREBY STIPULATED that Discovery Motions currently due no later than October 8, 2003 be rescheduled to October 24, 2003 and, that the Discovery Motions Hearing date currently scheduled to be heard no later than October 29, 2003 be rescheduled to November 14, 2003.

SO STIPULATED AND AGREED TO this _____ day of September 2003.

CARLSMITH BALL LLP

_____

**ELYZE McDONALD**
**Attorneys for Defendant**
**Continental Micronesia, Inc.**
**dba Continental Micronesia and**
**Continental Airlines, Inc.**

SO STIPULATED AND AGREED TO this _____ day of September 2003.

_____

**TONY H. ASHTIANI**
**Pro se Plaintiff**

## ORDER

**IT IS HEREBY ORDERED that:**

1.    Discovery cutoff date is October 17, 2003;

2.    Discovery Motions shall be filed not later than October 24, 2003, and heard on November 14, 2003.

DATED:_____.

_____

**HONORABLE JOHN S. UNPINGCO**
**Chief Judge, District Court of Guam**

CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>               Plaintiff,<br><br>   vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>               Defendant. | CIVIL CASE NO. CV02-00032<br><br>**ORDER** |

**IT IS HEREBY ORDERED that:**

1.     Defendant's Motion to Extend Scheduling Order Deadlines is GRANTED; and

2.     The deadlines in the May 21, 2003 Scheduling Order are hereby extended as follows: the discovery cutoff date is extended specifically and solely for the purpose of allowing Defendant to depose Plaintiff on November 18, 2003. All motions stemming from disputes arising from the deposition must be filed by November 25, 2003, and heard on December 16, 2003. The dispositive motion deadline of November 21, 2003, is furthermore

4824-1640-8832.1.013280-00079

**EXHIBIT G**

hereby moved to December 23, 2003, and shall be heard on or about January 13, 2003.

DATED:_____.

_____
HONORABLE JOHN S. UNPINGCO
Chief Judge, District Court of Guam

4824-1640-8832.1.013280-00079