# ·ORIGINAL ●                    ●

CARLSMITH BALL LLP

ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

FILED
DISTRICT COURT OF GUAM

OCT 1 7 2003

MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY; DECLARATION OF DIXON McKINZIE; EXHIBIT A; DECLARATION OF MAILING** |

## I.    INTRODUCTION

Plaintiff Tony H. Ashtiani seeks to compel Defendants to produce documents that

he intends to use to compile statistics constituting circumstantial evidence to prove that

Defendant terminated him on the basis of race.  Generally, Plaintiff's sought-after information

will not assist in his search to create these statistics, nor are they reasonably calculated to lead the

discovery of admissible evidence under Federal Rule of Civil Procedure 26.   The Court should

deny Plaintiff's motion.

4823-3625-8048.1.013280-00079

## II. SUMMARY OF DEFENDANT'S CONTENTIONS AND POINTS AND AUTHORITIES

As Plaintiff failed to give Defendant a sufficient amount of time to prepare its contentions and points and authorities in a Stipulation format, see Ex. A, Defendant heretofore supplies such information in this Opposition.

REQUEST NO. 3:  Copy of all (a)P-160s (b) P-187 of Mr. Dixon McKenzie, Human Resources Director.

RESPONSE:  Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

Defendant's Contention:  This request will invade the privacy of Mr. McKinzie, when another mode of discovering the information will be more appropriate, and not invade Mr. McKinzie's privacy.  See pp. 7-8, infra.

REQUEST NO. 4:  Copy of all P-160s (b) P-187 of Mr. James Hammer director of maintenance.

RESPONSE:  Objection is being made as the requested materials are irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

Defendant's Contention:  This request will invade the privacy of Mr. Hammer, when another mode of discovering the information will be more appropriate, and not invade Mr.

Hammer's privacy.  See pp. 7-8, infra.

REQUEST NO. 6:  Copy of the return receipt of the U.S.P.S certified letter (PS form 3811) signed by the Plaintiff on July 12, 2001 which contained Plaintiff's termination letter dated July 03, 2 2001 signed by Mr. Herrera.

RESPONSE:  A diligent search and reasonable inquiry has been made in an effort to locate the item requested. However, Defendant is unable to comply as it does not have in its control or possession a copy of the return receipt of the U.S.P.S. certified letter (PS form 3811) signed by the Plaintiff on July 12, 2001 which contained Plaintiff's termination letter dated July 03, 2 2001 signed by Mr. Herrera.

Defendant's Contention:  Defendant cannot produce this document as it not in its possession.  See pp. 10-11, infra.

REQUEST NO. 7:  (a) All document of 1 thru 6 levels of attendance records and counseling notice of which were received by Plaintiff; (b) list of witnesses and attendees whom were present at such meetings, including employer's representative, employees, and union representative; and (c) the jointly filled out discussion form(s) (which, at the end of each such meeting all parties acknowledged such meeting and signed the mentioned form).

RESPONSE:  (a) If these documents exist and appear to be discoverable in this action, they will be produced; (b) Defendant is unable to comply as it does not have in its possession a list of witnesses and attendees whom were present at such meetings, including employer's representative, employees, and union representative; and (c) objection is being made as to vagueness.

Defendant's Contention:  Defendant produced documents responsive to Request No. 7(a) and (c).  Defendant need not produce request 7(b) as it does not maintain such a list.

See pp. 10-11, infra.

REQUEST NO. 8: Documents of Plaintiff's employee evaluation and/or progress reports from Defendant's Technical Services Division, where Plaintiff worked and employer provided this form during evaluation as Plaintiff had acknowledged and signed of employer expectation from the Plaintiff (referred to therein as, "employee").

RESPONSE: If these items can be obtained and are discoverable in this action, they will be produced.

Defendant's Contention: Defendant produced documents in response to this request. See p. 11, infra.

REQUEST NO. 9: Please provide dates [???] in regard to each and every DC-lO-30 exiting the fleets of Continental Micronesia Inc.,

RESPONSE: Objection is being made as to relevancy.

Defendant's Contention: This request is not calculated to lead to the discovery of admissible evidence. See pp. 8-9, infra.

REQUEST NO. 13: Please provide a list of names of all mechanics, mechanic helpers, Airframe mechanics, sheet metal mechanics, sheet metal mechanic helpers, tool crib attendants either in the Technical Services Division of terminal line or B CHECK that were under the union contract of Continental Micronesia Inc, and International Brotherhood of Teamsters who were employed by the Defendant who had two or more consecutive No call/No show from the period from June 1990 to the present.

RESPONSE: Objection is being made as the requested materials are irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks

information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

Defendant's Contention: Defendant need not produce this document as it does not exist. See p. 10, infra.

REQUEST NO. 24: All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

RESPONSE: Objection is being made as to vagueness, overbreadth, relevancy, and burdensomeness. In addition to said objections, Defendant is unable to comply as it has no documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

Defendant's Contention: This request is completely overbroad in scope. See pp. 9-10, infra.

REQUEST NO. 32: The P-l60's for all Defendant's supervisors that were (a) promoted in period of June 1998 to September 11, 2001; and (b) those supervisor that were furloughed or laid off after September 11, 2001 up to January 10 , 2002. Please provide their names, their race, nationality, and their ethnicity of all such individuals who were furloughed in the Technical Services Division, Maintenance, Quality control and Quality Assurance Division of Continental Micronesia, Inc.

RESPONSE: Objection is being made as the requested materials are irrelevant, harassing, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, or persons not parties to this suit.

Defendant's Contention: This request will invade the privacy of the supervisors, when another mode of discovering the information will be more appropriate, and not invade the supervisors' privacy. See pp. 7-8, infra. Furthermore, Defendant does not have any listing of the supervisors' races, nationalities, or ethnicities.

REQUEST NO. 35:  All documents or computerized surveys which was done by any means, including but not limited to, electronic means and referred to as survey by the maintenance supervisors in Guam of their director Mr. James Hammer. Please provide the copy of the surveys from each and every supervisor and identify which survey belongs to which supervisor.

RESPONSE:  Objection is being made as to vagueness, overbreadth, relevancy, and burdensomeness.

Defendant's Contention: This request is not calculated to lead to the discovery of any admissible evidence. See p. 9, infra.

REQUEST NO. 36:  All documents and statement from James Hammer in regards to making any racial comments either after September 11, 2001 or before September 11, 2001 to any one employed by the Defendant before or after Plaintiff's termination, in reference to Plaintiff.

RESPONSE:  Defendant is unable to comply as it has no documents in its possession responsive to this Request.

Defendant's Contention:  Defendant need not produce this document as it does not exist.  See p. 10, infra.

## III.  **DISCUSSION**

As Plaintiff states in his motion, Defendant primarily seeks to compel Defendant to produce documents to support the development of Plaintiff's theory, using circumstantial evidence, that he was terminated on the basis of race.  Mot'n at 10.  "Plaintiff's national original discrimination case will be proven in whole by demonstrating that Defendant CMI routinely and pervasively discriminates against racial minorities, for instance, Pacific Islanders, and including Ashtiani."  Mot'n at 10.  Plaintiff claims that the disputed requests in his First Request for Production of Documents seek out such evidence.

A careful review of Plaintiff's requests, however, reveal that the disputed requests have no relevance to proving Plaintiff's theory, that they will not compile the statistics he seeks to create, and that much of his requested information simply does not exist.

### A.    PLAINTIFF'S IRRELEVANT REQUESTS: 3, 4, 9, 32, 35

The crux of Plaintiff's requests is to seek statistical data to prove that Continental engaged in a pattern and practice of discrimination.  However, many of Plaintiffs Requests are completely irrelevant to this case:

Request Nos. 3, 4, and 32:  Plaintiff requests copies of P-187s of Dixon McKinzie, James Hammer and all of Plaintiff's supervisors promoted between June 1998 to September 11, 2001, and those furloughed or laid off after September 11, 2001 until January 10, 2002.  A P-187 is a internal company document that reports an employee's change of status.  See Declaration of Dixon McKinzie (hereinafter "McKinzie Decl.").  This document contains highly confidential information including an employee's social security number and salary information. Such information is completely irrelevant to this case, not being reasonably calculated to lead to

the discovery of any admissible evidence. Fed. R. Civ. P. 26.

Plaintiff has not articulated any reason why the confidential information of his supervisors is relevant to this case. Plaintiff states that an analysis of these internal documents "will show consistency with the pattern of practice of the time of their promotion." See Mot'n at 18. However, the P-187s and P-160s will not show any pattern of practice - or even any involvement at all - between supervisors and any other employee. The cases Plaintiff cites mainly deal with statistics involving the employee and co-employees similarly situated. Plaintiff's supervisors are not similarly situated with Plaintiff.

If Plaintiff is seeking information regarding his supervisors promotions, then the Court must weigh the privacy interests at stake with the information being requested: "[T]he initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck." Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990), overruled on other grounds by Jaffe v. Redmond, 518 U.S. 1 (1996).

The privacy interests at stake are far greater than the interests of Plaintiff in this litigation. Personal information such as social security numbers and salaries are private and irrelevant to this case. Indeed, the ultimate information being requested - promotion information - is more proper as an interrogatory. Defendant is capable of stipulating to information regarding promotions, but will not sacrifice the private and confidential records of employees containing information of no remote connection or value to this case.

Request No. 9: Plaintiff requested dates in regard to each and every DC-10 exiting the fleets of Continental Micronesia, Inc. Plaintiff purportedly theorizes that Defendant had a need for his skills and services, but terminated him despite that need, and despite the

replacement of DC-10s with newer jets. Mot'n at 8. First of all, Defendant did not lay off Plaintiff; it terminated him for cause, that being his continuous absence from work, without notifying his supervisors of his absence, in violation of company policy. In that respect, Defendant's labor needs are not at issue. Furthermore, it is still uncertain what role "dates" pertaining to the exiting of DC-10s have to this litigation.

Request No. 35: Plaintiff seeks to uncover a survey that would reveal the attitudes of employees towards their supervisors to reveal "a level of dissatisfaction on the part of CMI employees." (Request No. 35.) This is a case about Plaintiff's termination, however, not about other employees' feelings. Plaintiff claims he was terminated because of his race. The requested survey adds nothing to Plaintiff's proposed compilation of statistics regarding termination based on race.

B.     PLAINTIFF'S OVERBROAD REQUEST:  24

A request that is overbroad in scope is improper. See Sorosky v. Burroughs Corp., 826 F.2d 794 (9th Cir. 1987) (lower court did not abuse discretion in denying plaintiff's motion to compel where plaintiff failed to show that the potential benefit of producing data regarding the defendant's worldwide business operations outweighed the burden); Collins v. J.C. Nichols Co., 56 FEP 1713 (W.D. Mo. 1991) (an interrogatory seeking information regarding all discrimination claims against defendant, not limited in time frame, is overly burdensome, because it would require the defendant to retrace its entire corporate history); Capellupo v. FMC Corp., 46 FEP 1193 (D. Minn. 1988) (upholding a magistrate's decision to refuse the plaintiff employee's request to discover documents spanning a 10-year period).

Plaintiff requests "all documents referring or relating to Mr. Dixon McKinzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion bonuses,

hiring layoff or firing." (Request No. 24.) Such a request is entirely overbroad and would require extensive searches of Defendant's files. See Lee v. Executive Airlines, Inc., 31 F. Supp. 2d 1355, 1356 (S.D. Fla. 1998). Mr. McKinzie, as Director of Human Resources at Continental Micronesia, Inc. makes employment-related decisions pertaining to over 1,300 employees. See McKinzie Decl. Mr. Hammer, as Director of Maintenance, makes employment-related decisions pertaining to over 90 employees. See McKinzie Decl. Compliance with this request is overbroad and consequently burdensome as it is not limited in any scope or timeframe.

C.    REQUESTS FOR WHICH NO DOCUMENTS EXIST: 6, 7(b), 13, 36

A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Federal Rule of Civil Procedure 34 only requires a party to produce documents that already exist, and are in the party's control, custody, or possession. Alexander v. FBI, 194 F.R.D. 305, 310 (D.D.C. 2000). Defendant does not have in its possession a list of witnesses and attendees present at attendance meetings (Request 7(b)) or "a list of names of all mechanics, mechanic helpers, Airframe mechanics, sheet metal mechanics, sheet metal mechanic helpers, tool crib attendants either in the Technical Services Division of terminal line or B CHECK that were under the union contract of Continental Micronesia, Inc. and International Brotherhood of Teamsters who were employed by the Defendant who had two or more consecutive No call/No show from the period June 1990 to the present" (Request 13). See McKinzie Decl.

Plaintiff also seeks all documents and statements made by James Hammer making any racial comments to any of Defendant's employees in reference to Plaintiff. (Request No. 36.) Defendant simply does not have any such documents in its control or possession. See McKinzie Decl.

Lastly, Plaintiff seeks a copy of a return receipt of a U.S.P.S. certified letter signed by the Plaintiff on July 12, 2001 containing the July 3, 2001 termination letter. (Request No. 6). Such document could not be discovered in Defendant's files, as Defendant stated in its response. Furthermore, an inquiry for a *return receipt* seems particularly irrelevant to the issues at hand. See McKinzie Decl.

D. REQUESTS WHICH WERE PRODUCED = 7(a), 7(c), 8

Several of Plaintiff's disputed requests were actually produced. Defendant produced documents pertaining to Plaintiff's attendance records. (Request 7(a).) Defendant also produced all of Plaintiff's employee evaluations. (Request 8). See McKinzie Decl.

IV. **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Compel.

DATED: Hagåtña, Guam, October 17, 2003.

CARLSMITH BALL LLP

ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

CARLSMITH BALL LLP

ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, | CIVIL CASE NO. CV02-00032 |
| Plaintiff, | |
| vs. | **DECLARATION OF DIXON MCKINZIE** |
| CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA and CONTINENTAL AIRLINES, INC., | |
| Defendant. | |

I, Dixon McKinzie, declare as follows:

1.      I am the Director for the Human Resources Department at Continental

Micronesia, Inc.

2.      That I, among other representatives of Continental Micronesia, Inc. and

Continental Airlines, Inc., have been involved on behalf of Continental in its dealings with

Plaintiff Tony H. Ashtiani. Based on my involvement in those dealings and on my personal

knowledge and review of the records maintained by Continental Micronesia, Inc. and

4849-8496-1280.1.013280-00079

Continental Airlines, Inc., I have personal knowledge of the matters set forth below.

3.    If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where state upon information and belief.

4.    Continental Micronesia, Inc. employs over 1,300 employees.

5.    Continental Airlines, Inc. employs over 42,000 employees.

6.    Mr. James Hammer is the Director of Maintenance at Continental Micronesia, Inc.

7.    Mr. Hammer's department has over 90 employees.

8    A P-187 is an internal company form that documents a change in an employee's status, and contains confidential information such as an employee's social security number and salary information. A P-187 does not contain an employee's race, nationality, or ethnicity.

9.    A P-160 is an older version of a P-187.

10.    Continental Micronesia, Inc. does not maintain any listing of employees who have not showed up for work for two or more consecutive days.

11.    In response to Plaintiff's Request Nos. 6, 7(b), and 36, Continental searched its records for the requested documents, but could not find the requested documents.

12.    In response to Plaintiff's Request Nos. 7(a), 7(c), and 8, Continental produced the documents requested.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of October 2003 at Hagåtña, Guam.

_____
J DIXON McKINZIE

CARLSMITH BALL LIP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>        Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DECLARATION OF ELYZE<br>McDONALD REGARDING LOCAL<br>RULE 37.1 STIPULATION** |

I, Elyze McDonald, declare:

1.    I am an attorney at law licensed to practice before the District Court of Guam. I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2.    If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3.    On July 18, 2003, I met with Plaintiff to discuss the discovery disputes at issue. At the conclusion of the meeting, I offered that because of Plaintiff's complaints that he

4838-6226-4064.1.013280-00079

**EXHIBIT A**

was a slow typer, that we would assist in drafting the Local Rule 37.1 Stipulation, in that Defendant would prepare the document listing the issues in dispute, and that Plaintiff would have to provide to us his contentions and points and authorities for inputting into the Stipulation. Plaintiff agreed.

4. Defendant proceeded to prepare the Stipulation and waited for Plaintiff's submission of his contentions and points and authorities.

5. Plaintiff never provided his contentions and points and authorities until 1:09 p.m. on October 6, 2003, one day before the discovery motion deadline, and provided them in a format that did not allow Defendant to input its own contentions and points and authorities.

6. One day did not give Defendant a sufficient amount of time to prepare its own contentions and points and authorities in a Stipulation format to conform with Local Rule 37.1.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 16th day of October 2003, at Honolulu, Hawaii.

_signature_

ELYZE McDONALD

## DECLARATION OF MAILING

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 17th day of October 2003, I will mail, via certified mail with return receipt requested, by depositing same in a sealed envelope with the U.S. Postal Service, a true and correct copy of DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY; DECLARATION OF DIXON MCKINZIE; EXHIBIT A; DECLARATION OF MAILING, addressed to Tony H. Ashtiani at Post Office Box 12723, Tamuning, Guam 96931.

Executed this 17th day of October 2003 at Hagåtña, Guam..

DAVID LEDGER