|  |  |
|---|---|
| Tony H. Ashtiani<br>P.O.Box 12723<br>Tamuning Guam 96931<br>671-688-4844<br>671-653-5575 | FILED<br>DISTRICT COURT OF GUAM<br>OCT 22 2003<br>MARY L. M. MORAN<br>CLERK OF COURT |

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani,<br><br>    Plaintiff,<br><br>Vs.<br><br>Continental Micronesia Inc,<br><br>Dba, Continental Micronesia,<br><br>Continental Airlines,<br><br><br>    Defendant. | Civil Case No.: **02-00032**<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDNAT'S MOTION TO EXTEND SCHEDULING DEADLINES. COUNTER-MOTION TO QUASH** |

Pursuant to Local Rule 16.4 and 16.5, plaintiff <u>pro se</u> moves the court for quashing the Motion filed by the defendant arguing same old motion with different caption. Defendants' discovery motion once again requesting **extension** of time for discovery is <u>untimely</u>. As the Court has ordered in the Scheduling Order in this matter, "all discovery motion shall be filed no later than OCTOBER 8, 2003." **Exhibit A.**

CV 02-00032 PAGE 1 of 7

ORIGINAL

## A. LR 16.4 FILING OF MOTIONS DOES NOT EXCUSE COUNSEL FROM THE REQUIRMENTS OF THIS RULE.

"Absent an order of the court to the contrary, the filing of a motion, including a discovery motion, a motion for summary judgment, or a motion to dismiss, will not excuse the parties from complying with this Rule and any Scheduling Order entered in the case." **LR 16.5 EXTENSION OF DEAD LINES FIXED IN SCHEDULING ORDER.** Therefore, delayed discovery will not justify an extension of discovery deadlines.

## B. GROUNDS FOR QUASHING CMI'S MOTION BASED ON FACTUAL ELEMENTS.

1). Defendant has retained the services of CARLSMITH BALL to conduct its legal representation in District Court of Guam.

2). Defendant's counsels are Ms. Elyze McDonald Esq., and Mr. David Ledger Esq,.

3). Ms. Elyze McDonald has worked in the District Court of Guam as a Law clerk and it is reasonable to believe that counsel has a good knowledge of the Local Rules of practice.

4). Defense counsel should reasonably have known that limits set by Federal Court in Scheduling Orders are important and there are time frame and dead lines to meet as windows of opportunity once closed, attempt of prying it open is interference with Court scheduling and calendar. Defense counsel is throwing off the sequence and timing of the procedure adopted by the Court by filing <u>Untimely Discovery Motion.</u> **Exhibit A.**

5). Plaintiff <u>pro se</u>, filed his Discovery Motion on October 7, 2003 before the dead line without any office assistant, Plaintiff marked his calendar and looked at it every day, why can it be the same for the defendant obeying the Court Order.

6). It is worthy of note that counsel represents that "plaintiff <u>never</u> contacted her." This is misleading if not worse. Plaintiff attempt in contacting her and she was not in her office, then my call was forwarded to Mr. David Ledger Esq,. and held a conversation with him. I told him straight out that I will bring a motion for protective order. He stated "that in your declaration you can put down that you spoke to me". However Ms. McDonald has omitted this fact from her correspondences, regardless, one of the counsels was informed and that plaintiff has satisfied his obligation to defendant under the rules.

## C. THE TEST DETERMINING WHETHER "GOOD CAUSE" APPLIES To CMI EVEN IF DEFENDANTS' DISCOVERY MOTION WAS TIMELY.

**Vitti v. Brown**, 359 N.J super. 40, 818 A. 2d 384 (2003)
Decided Feb. 11, 2003.

The terms **"good cause," "extraordinary circumstances,"** and **"exceptional circumstances"** have been used within our legal system in a variety of contexts. *Id at 387.*

For purposes of rule governing time permitted for discovery, which requires showing of **"exceptional circumstances"** with respect to requests to extend time to complete discovery filed after time for discovery has expired and matter has been fixed for arbitration, there generally must be some showing that circumstances presented were clearly beyond control of attorney and litigant seeking extension of time; an excessive workload, recurring problems with staff, desire to avoid expense associated with discovery, or delays arising out of extended efforts to resolve matter through negotiations will generally not be sufficient to justify an extension of time. *Id at 384.*

There are no exceptional circumstances here. Defendant's counsel compact schedule or manpower needed in Hawaii while this case is being tried in District Court of Guam is not good enough excuse for extension.

The rule amendments were intended to make arbitration and/or trial a meaningful event by requiring all discovery to be completed within the appropriate discovery time. These concerns were discussed in a report prepared by the Conference of <u>Civil Presiding Judges at the request of the</u> <u>Supreme Court</u> when the enactment of "Best Practices" was first being considered. *See Report of the Conference of Civil Presiding Judges on Standardization and Best Practices,* 156 N.*J*L.*J*. 80 (April 5, 1999). The following passage appears in that report, referring to one of the recommendations presented to the Supreme Court:

> **<u>Recommendation</u> 4.1. The rules should state the discovery period for each track, and make it clear that once the discovery period is over and an arbitration or trial date is set, no more discovery must occur, unless authorized by the court on a showing of "exceptional circumstances."**

(<u>Vitti v. Brown</u>, supra, 359 N.J super. 40, 818 A. 2d 384, at 389.)

<u>Packaging Industries Ltd. v. Hayduchok</u>, *94 N.J.Super. 494, 229 A.2d 261 (App. Div.1967)* (good cause justifying extension of discovery proceedings was not shown by fact of <u>substitution of counsel</u>).

Defense counsel in Hawaii is asking to <u>substitute</u> Mr. David P. Ledger in Guam and wants to fly to Guam to ask the same question and do the same task while Mr. ledger is well qualified and capable of doing in Guam. Rather CMI making the deposition fit their calendar, CMI should adjust their plan so that it could fit the scheduling order of the Court.

Defendants offered absolutely no explanation for the failure to file the motion to extend time within the original discovery period. Obviously, this is not a situation over which defendants had no control. Defendants have

CV 02-00032 PAGE 5 of 7

Case 1:02-cv-00032   Document 87   Filed 10/22/2003   Page 5 of 16

failed to establish the exceptional circumstances required by given the timing of this application. The motion to extend the time for discovery is denied. *Id, at 392*

The most egregious misconduct by defendant and its counsel is in the following assertions:

"In good faith and with diligence, Defendant ... relied on an informal agreement between the parties." There was an agreement between the parties based on defendants request to extend discovery by 30 days and it was, naturally, contingent on its approval by the Court. However, defendant's counsel, Ms. Elyze McDonald prepared a stipulation for only a 17 days extension. The stipulation was now a new offer for a 17 days extension. Once I realized that Ms. McDonald is moving dates back and forth, many red flags were raised. Ms McDonald, by dishonoring the agreement between us, had single-handedly destroyed the informal agreement. She has no right to call my conduct bad faith. She has no one to blame other than herself and cannot base a motion that must show exceptional circumstances on her own misconduct.

It is the proper situation for sanctions against MS. McDonald. Her disrespect of the Court's Rules that she knows very well; her abuse of plaintiff with her conduct and the misrepresentations in her motion. I have limited resources and should not spend my time and efforts (and there are heavy costs

even to pro se litigant) fighting a motion that anybody can ascertain she should not bring in the first place.

### D. Conclusion

Defense counsels situation is the one that she created for her self in attempt of taking advantage of the pro se plaintiff by switching dates.

Plaintiff prays to understand the tone of correspondence to the Court as I have been very honorable to defense counsel, It was concern of Ms. McDonald Esq, in reference to sanction of my motion to compel, I stated that plaintiff will not be asking for sanction or any fee, and I did so honorably. **EXHIBIT B**.

Plaintiff has done his best to bend over back wards to cooperate with her and I don't know what else to do.

**Respectfully Submitted, this** 22nd **day Of October, 2003.**

_/s/ T. Ashtiani_

Tony H. Ashtiani, Pro Se

emotional and intentional distress and mental anguish, compensatory and punitive damages, lost income, and attorneys fees. Defendant has answered and denied the allegations.

2. <u>The posture of the case</u>.

    (a) The following motions are on file:

        (i) Plaintiff's Motion to Seize Investigation, Intimidation, Harassment and Blackmail by the Defendant.

        (ii) Plaintiff's Amended Motion to Seize Cover-Up in Postal Violation of EEOC Director in coordinated effort of Defendant's Counselors in Hawaii and Guam.

    (b) The following motions have been resolved: None.

    (c) The following formal discovery has been initiated: Plaintiff has received documents from the EEOC.

3. All Motions to add Parties and Claims shall be on or before June 12, 2003.

4. All Motions to Amend Pleadings shall be filed not later than July 9, 2003.

5. <u>Status of discovery</u>. The Discovery Plan, *infra*, is adopted by the parties.

6. The parties shall appear before the District Court on May 7, 2003 at 3:30 p.m. for the Scheduling Conference.

7. The Discovery Cutoff (defined as the last day to file responses to Discovery) is October 1, 2003.

8.   (a) The anticipated discovery motions are: unknown. All discovery motions shall be filed not later than October 8, 2003, and heard October 29, 2003.

    (b) The anticipated dispositive motions are: possibly summary judgment

2.

1  Ashtiani's First Request for production of documents and things:
2  specifically document requests 3,4,6,7,8,9,13,24,32,35, AND 36
3  Ashtiani also moves for an order that CMI pay to the moving
4  party the sum of $ ~~2000~~ 1900.00 as the reasonable costs and time of
5  self representation, studies, research and transportation to
6  and from the law library. Self-representation fees incurred by
7  the moving party in connection with this proceeding, pursuant to
8  Rule 37(a)(4)(A) Fed R. CIV. P. This motion seeks to compel
9  production of documents relevant to the subject matter of the
10 action, not privileged, and the refusal to respond is without
11 justification. This motion is based on this notice and motion,
12 the memorandum of points and authorities subjoined hereto and
13 the Declaration of Tony H. Ashtiani pro se plaintiff filed
14 herewith, Ashtiani's First Request for Production of Documents
15 and things, and Defendant's Answer to plaintiff's First Request
16 for Production of Documents.

                    Respectfully submitted,

     Dated this  7TH  day of October, 2003.


                                    Tony H. Ashtiani
                                    _____
                                        Plaintiff

CV 02-00032 PAGE 2 OF 20

Case 1:02-cv-00032    Document 87    Filed 10/22/2003    Page 9 of 16

(Cite as: 359 N.J.Super. 40, 818 A.2d 384)

Superior Court of New Jersey,
Law Division, Atlantic County.
Andrew VITTI, plaintiff,
v.
Michael E. BROWN, Martha, Crawley, John Schipani, John Does, Mary Does, ABC
Partnerships and XYZ Corporations,
Decided Feb. 11, 2003.

Plaintiff brought personal injury action against numerous defendants, two of whom filed motion to extend time for discovery, after time for discovery had expired and matter had been scheduled for arbitration. The Superior Court, Law Division, Atlantic County, William C. Todd, III, P.J.Cv., held, as a matter of first impression, that defendants failed to show "exceptional circumstances" for extension of time for discovery, as required by rule governing time permitted for discovery.
Motion denied.

West Headnotes

[1] KeyCite Notes

⚖307A Pretrial Procedure
   ⚖307AII Depositions and Discovery
      ⚖307AII(A) Discovery in General
         ⚖307Ak25 k. Sequence and Timing; Condition of Cause. Most Cited Cases

Defendants in personal injury action, who sought extension of time to complete discovery after time for discovery had expired and matter had been scheduled for arbitration, failed to show "exceptional circumstances" for such extension, required by rule governing time permitted for discovery; defendants failed to establish any legitimate reason for failure to complete discovery within time permitted by rules, there was no showing that additional discovery sought was truly essential, and defendants gave no explanation for failure to file motion within original discovery period. R. 4:24-1(c).

[2] KeyCite Notes

⚖307A Pretrial Procedure
   ⚖307AII Depositions and Discovery
      ⚖307AII(A) Discovery in General
         ⚖307Ak25 k. Sequence and Timing; Condition of Cause. Most Cited Cases

For purposes of rule governing time permitted for discovery, which requires showing of "exceptional circumstances" with respect to requests to extend time to complete discovery filed after time for discovery has expired and matter has been fixed for arbitration, request should address reasons why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; any attorney requesting additional time for discovery should establish that he made effective use of time permitted under rules, and failure to pursue discovery promptly, within time permitted, would normally be fatal to such request. R. 4:24-1(c).

[3] KeyCite Notes

⚖307A Pretrial Procedure
   ⚖307AII Depositions and Discovery
      ⚖307AII(A) Discovery in General
         ⚖307Ak25 k. Sequence and Timing; Condition of Cause. Most Cited Cases

For purposes of rule governing time permitted for discovery, which requires showing of "exceptional circumstances" with respect to requests to extend time to complete discovery filed after time for discovery has expired and matter has been fixed for arbitration, there should be some showing that additional discovery or disclosure sought is essential, that is, that the matter simply could not proceed without the discovery at issue or that the litigant in question would suffer some truly substantial prejudice. R. 4:24-1(c).

[4] KeyCite Notes

↪307A Pretrial Procedure
 ↪307AII Depositions and Discovery
  ↪307AII(A) Discovery in General
   ↪307Ak25 k. Sequence and Timing; Condition of Cause. Most Cited Cases

For purposes of rule governing time permitted for discovery, which requires showing of "exceptional circumstances" with respect to requests to extend time to complete discovery filed after time for discovery has expired and matter has been fixed for arbitration, there must be some explanation for counsel's failure to request an extension of the time for discovery within the original discovery period. R. 4:24-1(c).

[5] KeyCite Notes

↪307A Pretrial Procedure
 ↪307AII Depositions and Discovery
  ↪307AII(A) Discovery in General
   ↪307Ak25 k. Sequence and Timing; Condition of Cause. Most Cited Cases

For purposes of rule governing time permitted for discovery, which requires showing of "exceptional circumstances" with respect to requests to extend time to complete discovery filed after time for discovery has expired and matter has been fixed for arbitration, there generally must be some showing that circumstances presented were clearly beyond control of attorney and litigant seeking extension of time; an excessive work load, recurring problems with staff, desire to avoid expense associated with discovery, or delays arising out of extended efforts to resolve matter through negotiations will generally not be sufficient to justify an extension of time. R. 4:24-1(c).
**385

(Cite as: 359 N.J.Super. 40, 818 A.2d 384, **385)

*42

(Cite as: 359 N.J.Super. 40, *42, 818 A.2d 384, **385)

Richard J. Albuquerque, Atlantic City, for Plaintiff.
Steven Antinoff, Marlton, for Defendants Brown and Crawley.

TODD, III, WILLIAM C., P.J.Cv.
This is an action for damages for personal injury, pending in the Law Division. This opinion deals with a motion to extend the time for discovery filed after the time for discovery had expired and the matter had been scheduled for arbitration. That application is governed by the provisions of R. 4:24-1(c). In resolving the matter, the court is required to address the "exceptional circumstances" standard set forth in the rule. On that basis, the court has attempted to provide some definition to that term.

The complaint was filed December 3, 2001. The discovery end date was December 3, 2002. Some time ago, the matter was scheduled for mandatory non-binding arbitration on February 11, 2003. This motion to extend the time for discovery was filed January 22, 2003, more than six weeks after the discovery end date. It was returnable February 7, 2003, approximately four days before the scheduled arbitration. Defendants Brown and
*43

(Cite as: 359 N.J.Super. 40, *43, 818 A.2d 384, **385)

Crawley's motion was supported by a certification executed by defendants' counsel, which focused on prior settlement discussions involving plaintiff and a codefendant ("Schipani"), and attempted to explain defendants' failure to complete discovery earlier. Those negotiations occurred in the summer of 2002. Plaintiff initiated those negotiations with the representatives of codefendant Schipani. At one point codefendant Schipani's

insurance carrier asked movant's carrier to contribute to a proposed settlement. That request was declined, and plaintiff reached a separate settlement with codefendant Schipani. A stipulation of dismissal was filed on September 10, 2002, confirming that settlement. Movant's attorney has now indicated he had concluded plaintiff would be willing to dismiss the claims asserted against his clients, based on the fact that **386

(Cite as: 359 N.J.Super. 40, *43, 818 A.2d 384, **386)

plaintiff had not made any specific demand as to them, suggesting that justifies defendants' failure to pursue discovery prior to the discovery end date. Defendants now ask for an extension of the time for discovery to permit the plaintiff to be deposed, and to permit time for a medical examination by a physician selected by defendants. That application was opposed. Plaintiff's counsel properly notes that neither plaintiff nor plaintiff's attorney did anything to suggest the claims asserted against movant were being abandoned. For the reasons noted below, the motion to extend the time for discovery is denied.

[1] R. 4:24-1(c) is one of several rules that deal with the time permitted for discovery, many of which were amended effective in September 2000, as a part of the "Best Practices" initiative. It is important to understand the relationship among the various rules bearing on the issue presented here.

Prior to September 2000, the time permitted for discovery was governed by R. 4:24-1, which dealt with the matter in relatively simple terms. Discovery was to be completed as to each defendant within 150 days of the date of service of the original complaint on that defendant unless an order was entered before the expiration of that period expanding the time for discovery. The rule required notice and a showing of good cause. In a *44

(Cite as: 359 N.J.Super. 40, *44, 818 A.2d 384, **386)

number of vicinages, differentiated case management programs had been implemented on an experimental basis. In those vicinages, cases were assigned to tracks and were given some additional time for discovery based on the track assignment. The time permitted for discovery in those programs generally ranged from 100 to 300 days, beginning with the issuance of the track assignment notice. Extensions were permitted, on motion. See the rules governing the Bergen and Camden differentiated case management programs appearing in the appendix to the 2000 Edition of the Rules Governing the Courts.

The rules were amended effective in September 2000, as a part of the "Best Practices" initiative. One new rule was enacted, as R. 4:5A, requiring that almost all civil actions filed in the Superior Court be assigned to one of four tracks. R. 4:24-1 was amended to provide discovery periods for each track and to deal more specifically with motions to extend the time for discovery. Notably, the time permitted for discovery was expanded substantially. Under the prior version of R. 4:24-1, discovery was permitted for a period of 150 days from the date of service of the complaint on the defendant in question. Under the new rules, the time for discovery ranges from 150 days for Track I cases to 450 days for Track III and Track IV cases. Under the new rules, the time for discovery does not begin to run until the date the first answer is filed or 90 days from the date the first defendant is served. In addition, the new rules permit an additional 60 days of discovery in each track, if consented to by the attorneys involved, without the filing of a formal motion. See R. 4:24-1(a) and R. 4:24-1(c) respectively. At the same time, R. 4:17-7 was amended, to require that any amendments to answers to interrogatories be provided at least 20 days prior to the end of discovery, and imposing more substantial restrictions on the right to offer such amendments after that time. *Montiel v. Ingersoll*, 347 N.J.Super. 246, 789 A.2d 190 (Law Div.2001). R. 4:21A-1 was amended to provide that all cases subject to mandatory non-binding arbitration would be scheduled for arbitration no later than 60 days following the end of the applicable discovery period. It was *45

(Cite as: 359 N.J.Super. 40, *45, 818 A.2d 384, **386)

clearly contemplated that discovery would ordinarily be completed **387

(Cite as: 359 N.J.Super. 40, *45, 818 A.2d 384, **387 )

within the expanded periods allowed under the new rules. After September 2000, applications to extend the time for discovery should be the exception and not the rule.

It was in that context that the provisions of R. 4:24-1(c) dealing with motions to extend the time for discovery were amended in September 2000 and

(Cite as: 359 N.J.Super. 40, *45, 818 A.2d 384, **387)

again in September 2002. As amended the rule now provides as follows:

Extensions of Time. The parties may consent to extend the time for discovery for an additional 60 days. Such extension may be obtained by signed stipulation filed with the court or by application to the Civil Division Manager or team leader, by telephone or by letter copied to all parties, representing that all parties have consented to the extension. A consensual extension of discovery must be sought prior to the expiration of the discovery period. Any telephone application for extension must thereafter be confirmed in writing to all parties by the party seeking the extension. If the parties do not agree or a longer extension is sought, a motion for relief shall be filed with the Civil Presiding Judge or designee in Track I, II, and III cases and with the designated managing judge in Track IV cases, and made returnable prior to the conclusion of the applicable

discovery period. The court may, for good cause shown, enter an order extending discovery for a stated period, and specifying the date by which discovery shall be completed. The extension order shall also describe the discovery to be engaged in and such other terms and conditions as may be appropriate. Absent exceptional circumstances, no extension of the discovery period may be permitted after an arbitration or trial date is fixed. [R. 4:24-1(c).]

Obviously, the rule now requires a showing of good cause as a basis for any motion to extend the time for discovery returnable prior to the end of discovery, and a showing of exceptional circumstances as a basis for any motion presented after an arbitration or trial date is fixed. All matters are to be scheduled for arbitration or trial once the time for discovery is completed. This court has interpreted the rule as requiring a showing of exceptional circumstances whenever an application to extend the time for discovery is presented after the time for discovery has expired even if the matter has not yet been scheduled for arbitration or trial.

The exceptional circumstances requirement is new. The rule does not provide any specific definition for that term. Our appellate courts have not had occasion to address the matter in *46

(Cite as: 359 N.J.Super. 40, *46, 818 A.2d 384, **387)

any published opinion. It is in that context that this court will attempt to provide some structure for the inquiry required by the rule.

The terms "good cause," "extraordinary circumstances," and "exceptional circumstances" have been used within our legal system in a variety of contexts. As to "good cause," see, e.g., R. 1:13-7(a) (reinstatement after dismissal for lack of prosecution), R. 1:40-6(d) (removal from mediation), R. 4:6-1(c) (extension of time for responsive pleading), R. 4:6-3 (deferral of preliminary hearings), R. 4:10-3 (protective orders), R. 4:21A-4(f) (relief from orders entered based on failure to appear for arbitration), and R. 4:43-3 (setting aside entry of default). With respect to "extraordinary circumstances," see, e.g., R. 1:4-8(b)(3) (law firm's joint liability for frivolous litigation sanctions), R. 1:8-6(a) (sequestration of juries), R. 4:38-2(b) (separate trials on liability and damages), and R. 4:41-1 (reference of hearing to a master). With respect to "exceptional circumstances," see, e.g., R. 1:13-7(a) (dismissal **388

(Cite as: 359 N.J.Super. 40, *46, 818 A.2d 384, **388)

for lack of prosecution), R. 4:10-2(d)(3) (discovery from experts not expected to testify at trial), R. 4:16-1(c) (use of deposition testimony of witness who is absent but not unavailable), R. 4:23-5(a) (dismissal with prejudice for failure to make discovery), R. 4:43-2(d) (failure to apply for judgment by default).

R. 4:24-1(c) provides some limitation on the discovery process. For that reason, it is appropriate to consider the role discovery plays in our system of justice.

Discovery has two basic but distinct functions. First, the discovery process provides various methods of obtaining information which might otherwise be unavailable from any number of sources. By way of example, individuals or entities not otherwise involved in the litigation may be required to submit to depositions or to provide copies of documents in their possession. That type of information may be necessary to prepare the proofs which will be presented at arbitration or trial. Sometimes that information may be obtained from one's adversary, but that is not always the case. In addition, some of our discovery procedures can be used *47

(Cite as: 359 N.J.Super. 40, *47, 818 A.2d 384, **388)

to require one's adversary to provide disclosure as to positions being taken in the litigation, and just what will be presented at arbitration or trial. Interrogatories are typically used for that purpose. In some circumstances the types of discovery or disclosure just noted may be essential to one's ability to proceed. In most cases, discovery will be helpful in preparing for arbitration or trial.

By the same token, not all discovery is essential. There are costs associated with the discovery process which may not be justified given the specific circumstances at issue. Discovery can be expensive, in terms of the time required of attorneys, litigants and third parties, and in terms of out of pocket expenses. If not pursued promptly and efficiently, discovery can result in substantial delay. Indeed, our rules recognize that the discovery process can be abused in a variety of ways. See R. 4:10-3, permitting applications for protective orders where the discovery process is being used to embarrass or oppress an adversary, or where it involves undue burden or expense. It is generally appropriate to balance the value of having disputes resolved promptly, the benefit of providing for discovery and the costs involved in the discovery process.

For those reasons, many disputes are resolved through the court system with little or no discovery. That is true for most summary proceedings, which sometimes involve substantial rights. In the Family Division disputes over support, custody and domestic violence are often resolved with little or no discovery. Many landlord-tenant disputes are dealt with in the same fashion. In the Law Division any number of proceedings may be handled in a summary fashion pursuant to R. 4:67. The time allowed for discovery is often dependent on the amount in controversy, as evidenced by the rules governing practice in the Special Civil Part. See R. 6:4-5.

As already noted, the provisions of R. 4:24-1(c) requiring a showing of exceptional circumstances as a condition of obtaining an extension of the time for discovery after that time had expired *48

(Cite as: 359 N.J.Super. 40, *48, 818 A.2d 384, **388)

were enacted as a part of the "Best Practices" initiative. The propriety of developing meaningful limitations on

discovery was one basic concern of that initiative. The issue was previously discussed in this court's prior opinion in *Montiel:*

One clear focus of "Best Practices" was an attempt to deal with the problems previously presented as a result of litigants' failure to complete discovery in a timely fashion, the resulting delays **\*\*389**

(Cite as: 359 N.J.Super. 40, \*48, 818 A.2d 384, \*\*389)

and the problems presented in scheduling cases for arbitration and/or trial on a meaningful basis. The rule amendments were intended to make arbitration a meaningful event by requiring all discovery to be completed within the appropriate discovery time. These concerns were discussed in a report prepared by the Conference of Civil Presiding Judges at the request of the Supreme Court when the enactment of "Best Practices" was first being considered. *See Report of the Conference of Civil Presiding Judges on Standardization and Best Practices,* 156 *N.J.L.J.* 80 (April 5, 1999). The following passage appears in that report, referring to one of the recommendations presented to the Supreme Court:

**Recommendation 4.1. The rules should state the discovery period for each track, and make it clear that once the discovery period is over and an arbitration or trial date is set, no more discovery must occur, unless authorized by the court on a showing of "exceptional circumstances."**

At present, it all too often happens that discovery continues well past the time a case is scheduled for trial, and such protracted discovery frequently necessitates the postponement of scheduled trial dates. This recommendation is intended to provide a "discovery cut-off", once the case has been scheduled for a dispositive court event. [*Montiel, supra* 347 *N.J.Super.* at 253-254, 789 A.2d 190 (quoting, *Report of the Conference of Civil Presiding Judges on Standardization and Best Practices,* 156 *N.J.L.J.* 80, 82 (April 5, 1999)).]

*R.* 4:24-1(c) requires a showing of "good cause" to support an application to extend the time for discovery that is heard before the time expires. After that time a showing of "exceptional circumstances" is required. Obviously, a more substantial showing is required to justify an extension of the time for discovery once that time has expired. As already noted, the term "good cause" has been used in a number of different contexts throughout the rules. Under the prior version of *R.* 4:24-1 good cause was required to justify any request for an extension of the time for discovery. The term was not defined in the prior version of the rule, but was addressed in one opinion published before the September 2000 amendment to the rule. *See* **\*49**

(Cite as: 359 N.J.Super. 40, \*49, 818 A.2d 384, \*\*389)

*Packaging Industries Ltd. v. Hayduchok,* 94 *N.J.Super.* 494, 229 A.2d 261 (App. Div.1967)(good cause justifying extension of discovery proceedings was not shown by fact of substitution of counsel). Obviously the rule requires some specific showing before the time for discovery will be extended, even when the motion is presented within the original discovery period. It is not sufficient that specific discovery was not completed, or that counsel has some general desire to complete the discovery at issue. *See Packaging Industries, Ltd., supra,* 94 *N.J.Super.* at 498, 229 A.2d 261. Any attempt to establish either good cause or exceptional circumstances justifying a request to extend the time for discovery should address the reasons why discovery has not been completed within the applicable discovery period and counsel's diligence in pursuing discovery during that time. In addition there should be some showing that counsel has a legitimate and substantial need for the additional discovery requested. That was true under the prior version of *R.* 4:24-1, which required a showing of good cause. From this court's perspective, that is clearly consistent with the concerns which formed the basis for the rule amendments in question effective in September 2000. **\*\*390**

(Cite as: 359 N.J.Super. 40, \*49, 818 A.2d 384, \*\*390)

In this case, the more substantial "exceptional circumstances" standard applies. Again, that term is new. It did not appear in the prior version of *R.* 4:24-1. Indeed, the term "exceptional circumstances" has been used relatively infrequently in the rules. The term "extraordinary circumstances" has been used much more frequently. The terms "exceptional circumstances" and "extraordinary circumstances" are similar. It might even be argued they are interchangeable. In any event, the cases interpreting the term "extraordinary circumstances" are instructive. *See Hartsfield v. Fantini,* 149 *N.J.* 611, 619, 695 A.2d 259 (1997) (an attorney's mistake cannot give rise to extraordinary circumstances capable of relaxing the thirty-day limitations period for filing a demand for trial de novo after arbitration), and *Wallace v. JFK Hartwyck at Oak Tree, Inc.,* 149 *N.J.* 605, 610, 695 A.2d 257, (1997) (same). *See also Ricra v. Barbera,* 328 *N.J.Super.* 424, 746 A.2d 68 (App.Div.2000) (in the context of late filings, attorney **\*50**

(Cite as: 359 N.J.Super. 40, \*50, 818 A.2d 384, \*\*390)

carelessness does not qualify as extraordinary circumstances) and *Martinelli v. Farm-Rite, Inc.,* 345 *N.J.Super.* 306, 785 A.2d 33 (App.Div.2001)(malfunction in computer system does not establish extraordinary circumstance required to extend time for filing of rejection of arbitrator's award).

In *Flagg v. Township of Hazlet,* 321 *N.J.Super.* 256, 728 A.2d 847 (App.Div.1999), the appellate division discussed the proper definition of the term "extraordinary circumstances" in some detail, in dealing with another application to extend the time for the filing of a trial de novo. The following passage appears in that

opinion:
Defendant's arguments belie a fundamental misunderstanding of the meaning of the term "extraordinary." This word, in common parlance, denotes something unusual or remarkable. The dictionary includes among its definitions of the word: "exceptional to a very marked extent: most unusual: far from common ... rarely equaled: singular, phenomenal: strikingly impressive ... having little or no precedent and usually totally unexpected ...." *Webster's Third New International Dictionary Unabridged* 808 (1971). Defendant's claim here is nothing more than a claim of human error or carelessness which is part of the fabric of every day existence and which *Wallace* specifically rejected as "extraordinary." Even if the case is characterized as one involving lax attorney supervision of staff, *Hartsfield* has already declared that such circumstances are not "extraordinary." [*Flagg v. Township of Hazlet, supra* 321 N.J.Super. at 260, 728 A.2d 847]

The term "exceptional circumstances" has been addressed by the courts in another context. *R.* 4:50-1 deals with the showing required when a party asks for relief from the terms of a final judgment or order, detailing a number of specific reasons which might justify that relief. *R.* 4:50-1(f) is commonly referred to as the catchall provision of that rule. It permits relief from a final judgment or order not otherwise subject to the more specific sections of that rule for "any other reason justifying relief from the operation of the judgment or order." The courts have interpreted that portion of the rule as requiring a showing of exceptional circumstances. *See Court Investment Co. v. Perillo,* 48 N.J. 334, 341, 225 A.2d 352 (1966) ("the very essence of (f) is its capacity for relief in exceptional situations"). In that context, the courts have also had occasion to provide more specific definition to **\*51**

(Cite as: 359 N.J.Super. 40, \*51, 818 A.2d 384, \*\*390)

that term. *See ibid.* ("[I]n such exceptional cases its boundaries are as expansive as the need to achieve equity and justice.").

**\*\*391**

(Cite as: 359 N.J.Super. 40, \*51, 818 A.2d 384, \*\*391)

In *Housing Authority of Morristown v. Little,* 135 N.J. 274, 639 A.2d 286(1994) the Supreme Court discussed the use of *R.* 4:50-1(e) and (f) in the following terms.

Courts should use *Rule* 4:50-1 sparingly, in exceptional situations; the *Rule* is designed to provide relief from judgments in situations in which, were it not applied, a grave injustice would occur [*Id.* at 289, 639 A.2d 286]

[2] [3] [4] [5] Obviously, a very substantial showing is required to justify a request to extend the time for discovery once a matter has been scheduled for arbitration or trial. By the same token, it is clear some circumstances will justify such an extension. Given the concerns at issue, this court is satisfied four inquiries are appropriate with respect to any such request, presented after the discovery end date. First, as with motions considered within the original discovery period, any application should address the reasons why discovery has not been completed within time and counsel's diligence in pursing discovery during that time. Any attorney requesting additional time for discovery should establish that he or she did make effective use of the time permitted under the rules. A failure to pursue discovery promptly, within the time permitted, would normally be fatal to such a request. Second, there should be some showing that the additional discovery or disclosure sought is essential, that is that the matter simply could not proceed without the discovery at issue or that the litigant in question would suffer some truly substantial prejudice. Third, there must be some explanation for counsel's failure to request an extension of the time for discovery within the original discovery period. Finally, there generally must be some showing that the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time. An excessive work load, recurring problems with staff, a desire to avoid the expense associated with discovery, or delays arising out of extended efforts to resolve a matter through negotiations will generally not be sufficient to justify an extension of time. Assuming each of those issues is adequately addressed, the court should permit **\*52**

(Cite as: 359 N.J.Super. 40, \*52, 818 A.2d 384, \*\*391)

additional time for discovery with appropriate limitations. On the other hand, assuming the movant fails to address any one of those issues, it would appear appropriate to deny the request for additional time. In that circumstance, it would be difficult to conclude that denying the request for additional time would result in a "grave injustice."

There may be any number of situations in which one may be able to establish exceptional circumstances relatively simply. There is one problem often encountered in personal injury litigation that illustrates that point. It is not unusual for a personal injury claimant to be involved in ongoing medical treatment or diagnosis, as litigation is proceeding through discovery, which might result in some sudden and unexpected change in the claimant's condition. Typically, a claimant may be presented with the need for surgery which had not been anticipated. To the extent those developments were reasonably anticipated during the discovery period, one would expect an application to extend the time for discovery to be filed before discovery ends. Assuming the additional treatment or new diagnosis truly requires discovery or disclosure, good cause could easily be established. Similarly, it would not be difficult to establish exceptional circumstances, if the treatment or

diagnosis could not have been anticipated during the discovery period. In that circumstance, it could presumably be established that the attorney and litigant had no control over the situation. The failure to complete the discovery at issue within the original discovery **\*\*392**

(Cite as: 359 N.J.Super. 40, \*52, 818 A.2d 384, \*\*392 )

period and the failure to file the motion to extend within that time could be easily explained. Assuming the new treatment or diagnosis presents substantial

(Cite as: 359 N.J.Super. 40, \*52, 818 A.2d 384, \*\*392)

issues, one could consider the additional discovery or disclosure essential to the proper presentation of the matter, justifying the conclusion that exceptional circumstances had been established.

Applying that analysis, the circumstances presented here are not exceptional. In simple terms, this problem arises out of counsel's failure to attend to the matter within the time for discovery. Defendants have not established any legitimate reason **\*53**

(Cite as: 359 N.J.Super. 40, \*53, 818 A.2d 384, \*\*392)

for the failure to complete discovery within the time permitted by the rules. There has been no showing that the additional discovery sought is truly essential. It would undoubtedly be helpful to defendants to be able to conduct plaintiff's deposition, and to have the plaintiff examined by a physician of defendants' choosing, but there has been no showing of any substantial prejudice. Defendants offered absolutely no explanation for the failure to file the motion to extend time within the original discovery period. Obviously, this is not a situation over which defendants had no control.

Defendants have failed to establish the exceptional circumstances required by R. 4:24-1, given the timing of this application. The motion to extend the time for discovery is denied. An appropriate order has been entered.
N.J.Super.L.,2003.
Vitti v. Brown
818 A.2d 384, 359 N.J.Super. 40
END OF DOCUMENT

Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works