Tony H. Ashtiani
P.O. Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

FILED
DISTRICT COURT OF GUAM
OCT 24 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, | ) |
| Plaintiff, | ) Civil Case No.: 02-00032 |
| Vs. | ) |
| Continental Micronesia Inc, | ) |
| Dba, Continental Micronesia, | ) REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY |
| Continental Airlines, | ) |
| Defendant. | ) |

Plaintiff Tony H. Ashtiani pro se, herby files this Reply Memorandum in support of his Motion for Order Compelling Discovery.

# I. ASHTINAI HAS A RIGHT TO CMI'S SATISTAICAL INFORMATION OF CMI'S PROMOTED AND TERMINATED EMPLOYEES.

The plaintiffs have proved a pattern and practice of discrimination on the basis of race <u>in promotions through the use of statistical evidence</u> and individual instances of racial discrimination. The examination of the promotion practice reveals that it was applied to blacks in an adverse and inequitable manner.
**(Lilly v. Harris-Teeter Supermarket** 545 F. Supp.686 <u>Id. at 708</u>)

The hiring evidence, <u>in conjunction with the promotion evidence,</u> can be examined to determine <u>whether discrimination is present.</u>
(Cite as: 545 F. Supp. 686, Id <u>at 709</u>)

Also <u>see</u> <u>Fisher v. Procter and Gamble, 613 F.2d 527, 541 (5th Cir. 1980)</u>

Accordingly, Ashtiani is entitled to information of promoted employees before 9/11 and further more, Ashtiani has right to information and list of employees that were laid off and furloughed after 9/11.

It should be noted, that contrary to the impression CMI's counsel, with the generous assistance of Mr. Dixon McKinzie, plaintiff is not requesting system wide Information of 40,000 employees of Continental Airlines or 1300 employees in CMI as

implied in Declaration of McKenzie as to mislead the Court. Plaintiff is simply asking information within his own technical services division and quality control and quality assurance departments. This involves less than 100 employees.

In Raddatz v. Standard Register Co., 177 FRD 446 (D. Minn., 1997), the court granted plaintiff's motion to compel, in part, allowing plaintiff to obtain age, address, termination, and salary information, contained in management personnel files, for a reasonable period of time.

Plaintiff's national origin discrimination claim is founded upon disparate impact and disparate treatment discrimination. In order to establish a disparate impact, the plaintiff "must show that a facially neutral employment practice has a 'significantly discriminatory impact upon a protected class." Sengupta v. Morrison-Knudsen Co. Inc., 804 F.2d 1072, 1076 (9th Cir. 1986). Therefore, in order to prove disparate impact, the use of statistical analysis is necessary. Likewise, a prima facie case of disparate treatment can be established through statistical evidence of discrimination. Id., at 1075.

In order to show disparity in outcome between groups, statistical data may be admitted, but the data must be

sufficiently substantial to race an inference of causation. Smith v. Xerox Corp., 196 F.3d 358 (9th Cir. 1999).

## II. ASHTIANI HAS RIGHT TO INFORMATION IN REFERENCE TO DATES OF DC-10 EXITING CMI FLEETS.

Plaintiff asserts that African American employee Ali Mahdi was a good employee on his arrival to Guam and assisted with shortage of manpower, he was treated just like the rest as long as Mahdi could fix CMIs' 22 year old Boeing 727-100 and DC-10 leaking jets "keep them flying". These certified aircraft mechanics were asked to transfer from Continental Airlines to help and assist CMI, Mr. Hammer and Mr. Mckinzie have no business and right to bring these mechanics here to Guam on a contract then breach their contract by terminating them after they fixed their leaking jets and when they got their new generation jets CMI looked for a reason to terminate these very same loyal certified mechanics.

Accordingly, Ashtiani has right to information as the dates DC-10-10 AND DC-10-30 exited the fleets of CMI.

## III. ASHTIANI IS ENTITLED TO ALL RELEVENT INFORMATION RELATING TO CMI'S PROMOTION OF ITS MANAGEMENT.

Plaintiff request of P-160 and P-187 of defendant Hammer and defendant Mckinzie is imperative because **1)** did Mr. Hammer and Mr. Mckinzie occupy a managerial position when the acts of discrimination took place. **2)** We must first examine the extent of their duties and responsibility and most importantly <u>when did that responsibility start</u> these information are relevant because P-160 and P-187 would reveal that minorities were effected the most as result of their promotions. This is necessary to determine whether CMI may be held liable.

Mr. Mckinzie's and Mr. Hammers' action not limited and exclusive to official capacity and even more liable in their individual capacity.

Information is relevant to the subject matter of the litigation if it might reasonably assist a party in evaluating the case, preparing for trail, or facilitating settlement. " no longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into facts underlying opponent's case." <u>Hickman v. Taylor,</u> 329 U.S 495, 506-507, 67 S.CT. 385, 391 (1947).

Defendant attempts to thwart plaintiff's attempt to seek documents which are relevant and crucial to proving plaintiff's

allegations. Defendant seeks to hide documents behind blanket objections of relevance, overbreadth and burdensomeness.

In <u>Lowe v. Yolo County consol water co . 108 pac. Rptr. 297-302.</u> the court held:

> " It is not disputed of course, that a corporation may be held guilty of malice or oppression by reason of acts of these whom it has placed in <u>charge of its affaires</u> and who 'constitute, to <u>all purposes of dealing with others</u>, the corporation.'"

Defendant repeatedly represents that disclosure of certain documents would violate the privacy of the individual employees. As clearly shown by **Exhibit A**, CMI has produced documents containing such information. Moreover, plaintiff has no objection to the social security numbers and salaries blacked out. However, the information sought should be provided.

Defendant does not provide a definition of what may be considered private (except its reference to social security numbers and salaries). It arbitrarily designates certain documents as private. Without such definition the objection is meaningless. Finally,

The Rules do not differentiate between information that is private or intimate and that to which no privacy interests attach. Under the Rules, the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action. Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties. If a litigant fails to comply with a request for discovery, the court may issue an order directing compliance that is enforceable by the court's contempt powers. (Citing, Wash.Super.Ct.Civil Rule 37(b).)

<u>Seattle Times Co. v. Rhinehart</u>, 104 S.Ct. 2199, 2206 (1984). Clearly, the defendant

### IV. ASHTIANI'S REQUESTS ARE NOT UNDULY BURDENSOME.

CMI claims that Ashtiani's requests are unduly burdensome because they would allegedly cover several hundred pages however, such exaggeration and hand wringing does not comport with the facts. CMI cries that it cannot be put to the unreasonable burden and expense of producing the information requested should be ignored as without foundation. The burden of CMI making copies is indeed <u>nothing</u> comparing to what burden CMI has put plaintiff and his family through.

### V. ASHTIANIS' REQUEST DO NOT VIOLATE PRIVATE PRIVACY RATHER CMI VIOLATES PRIVACY OF ITS' EMPLOYEES.

Ashtiani request is not violating private privacy and plaintiff is not asking for Social Security of the employees. defense counsel is "hiding the ball" behind social security

numbers defendant could simply black out these numbers and submit the documents.

Plaintiff is confused as why the production of document number 000194 contains an employees' name, address and map produced by defendant **EXHIBIT A**.

Defendant is concern about expectation of privacy of its employees to not produce documents while Defendant is the one that violates the privacy of its employees through production of document.

## VI. DEFENDANT'S OBJECTION ARE MADE IN BAD FAITH AND DESIGNED TO FRUSTRATE PLAINTIFF.

Defendant seeks to frustrate plaintiff in his pursuit of legitimate discovery. Indeed, the requests are rather modest and very reasonable. A review of cases dealing with similar issues shows that defendants in CMI's position were compelled to discover vast quantities of documents. That is not the case here. Defendant's objections on the basis overbredth and burdensome-ness are simply frivolous.

Defendant's assertion of "privacy" is not only frivolous, it is contrary to well established precedent from the Supreme

Court. Seattle Times Co. v. Rhinehart, 104 S.Ct. 2199, 2206. Since there is no recognized privilege the privacy objections should be rejected.

Defendant also asserts that certain documents do not exist. However, it is clear (especially from the vociferous objection on other ground raised by defendant to the same discovery) that the information plaintiff seeks does exist in the records of defendant. For example, see defendant's objections to request No. 13. Defendant, nevertheless, should be compelled to produce the data it has on the subject regardless of its degree of organization. It is not material if a list it neatly organized or is provided as a set of disparate documents containing the information sought.

As regard to No. 8, it seems hardly believable that defendant has only once (1991) in the seventeen years plaintiff was employed with it, did it conduct an annual evaluation of plaintiff.

## VII. CONCLUSION.

In Weahkee v. Norton, 621 F2d 1080, 1083 (10th Cir. 1980)

> We said, [W]hen the employer has come forward with legitimate non discriminatory

reasons for the action contested, a plaintiff may rely on statistics to discredit the reasons the employer presented for its action." see Bauer v. Bailar, 647 F2d 1037, 1045 (10th Cir. 1081).

CMI alleges that Ashtiani was terminated because he was No call/no show for two consecutive days on Jun 23 and Jun 24 2001 as the specific reason for the termination.

Mr. Ron Roberts states "I asked Mr. Hammer about Tony Ashtiani who I feel was wrongfully released from the company. Because of two supervisors not communicating with each other. I was told by one supervisor Bill Herrera 'if Glenn would have told me Tony called in all this would not be happening'". **EXHIBIT B.**

Therefore, Glenn Mendoza withheld information because he was named in grievance form whom tampered with attendance records.

Mr. Ron Roberts on second page of his statement states: Mr. Hammer told me that after the recent event of 9-11 "that Tony Ashtiani would never work around these aircraft again <u>if he could do any thing about it</u>. Because he could not trust people like Mr. Ashtiani." **EXHIBIT C.**

Plaintiff notes "if he could do anything about it" broad indeed which includes setting up plaintiff in any thing that he is capable of doing, even during this litigation.

Based on the Weahkee v. Norton,621 F2d 1080,1083(10th Cir. 1980) Plaintiff has established even more by proving that employer in fact concealed information and racial animus in fact came out of Mr. Hammers' mouth.

In Fact, if Ashtianis' motion to compel is GRANTED by Honorable Chief Judge of the District Court, It will certainly prove that Continental Airlines Legal Department is involved in legal malpractice of the federal statute as matter of public law and interfering with the investigation of the United States Federal Government. These exhibits were provided in Plaintiffs' Second Amended Complaint in fourth cause of action.

Respectfully submitted, this 24TH day of October 2003.

Tony H. Ashtiani, Pro Se

CV 02-00032 PAGE 11 of 11

Case 1:02-cv-00032   Document 90   Filed 10/24/2003   Page 11 of 14

"P.Fik"

NAME: MAHDI YUSEF ALI     TELEPHONE NO. 6467071

ADDRESS: OCEANSIDE APT. 202D TRANKILO ST. #5, ALUPANG COVE - TAMUNING
(Use house number and street/if any)

MAILING ADDRESS: P.O. BOX 27171 GMF, GUAM 96921-7171

Use the rest of the sheet to sketch a map showing how to reach your house. This information is to be used for emergency conctact since few of us have telephones.

[Hand-drawn map showing: BEACH at top; OCEANSIDE APTS. marked with X on the right; PIZZA HUT and LIGHTS on the left; MARINE (street label running vertically); GIBSONS building; TO AIRPORT at bottom left]

000194

May 29, 02

During the month of December on or about 11th I Ronald Roberts went to MR. Jim Hammer's office to talk to him about man power. Because of the recent layoff of Aircraft mechanic's. When I asked mr. Hammer about Bringing Back mr. wong (ED). Because we were told By mr John Carballido who took a year leave of absent's. John was told by mr Hammer he was recalling ED Wong. But this was only to keep john Happy until he left. mr Hammer Had no intentions of Bring anyone back, in fact mr. Hammer Had told me we were still 6 people over-manpower. So I asked mr Hammer about tony Cistiani who I feel was wrongfully Released from the Company. Because of two supervisor's not communicating with each other. I was told by one Supervisor Bill Herrera "if Glenn would of told me tony Called in all this would not be Happening."

(2)

Mr Hammer told me that after the recent event of 9-11." That Tony Astiani would never work around these aircraft again if he could do anything about it. Because he could not trust people like Mr. Astiani." End of statement.

Ronald E Roberts
671-653 8408