

FILED
DISTRICT COURT OF GUAM
NOV 07 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

TONY H. ASHTIANI,

    Plaintiff,

vs.

CONTINENTAL MICRONESIA INC.,
dba CONTINENTAL MICRONESIA,
and CONTINENTAL AIRLINES, INC.,

    Defendant.

Civil Case No. 02-00032

**ORDER**

This matter comes before the Court on Defendant's Motion to Extend Scheduling Order Deadlines, in which Defendant seeks an extension for the limited purpose of allowing Defendant to depose Plaintiff. Although the Court scheduled oral arguments on the motion to be heard on November 7, 2003, the Court finds it unnecessary to hear oral arguments and, accordingly, vacates the scheduled hearing. For the reasons discussed below, the Court DENIES Defendant's motion.

1

**I. Background.**

Plaintiff alleges that Defendant Continental Micronesia, Inc. wrongfully terminated his employment in violation of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act of 1993. (See S. Am. Compl. ¶¶ 1, 34, 61.) Plaintiff was an airplane mechanic employed by Defendant for about 17 years when he was fired on July 3, 2001. (Id. ¶¶ 8 & 15.)

On May 7, 2003, the parties appeared before the Court for a Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. On May 21, 2003, the Court adopted the Rule 16(b) Scheduling Order and Discovery Plan proposed by Defendant.[1] On September 8, 2003, Plaintiff sent a signed letter to Defendant, which states in pertinent part: "[Y]ou had requested 30 (thirty) days extension on discovery cut off date due to compact schedule of Mr. Ledger, [sic] I will be more than happy to accommodate you this extension." (See Def.'s Mot'n Ex. B.) On September 17, 2003, Defendant served on Plaintiff a proposed Stipulation and Order to Reschedule Discovery Deadlines[2], which was never signed by Plaintiff nor filed with the Court. (See Def's Mot'n at 2 & 5.) On September 18, 2003, Defendant served on Plaintiff a Notice of Deposition, which scheduled October 8 and 9, 2003, as the dates on which Defendant planned to depose Plaintiff. (See Id. at 3.) After Plaintiff objected to the Notice, Defendant, on September 24, 2003, served on Plaintiff an Amended Notice of

---

[1] The Scheduling Order set a discovery cut-off date, also the final date on which depositions may be taken, of October 1, 2003, and a discovery motion cut-off date of October 8, 2003.

[2] The Stipulation proposed to change the discovery cut-off date from October 1, 2003, to October 17, 2003, and to change the discovery motion cut-off date from October 8, 2003, to October 24, 2003. (See Def.'s Mot'n Ex. F at 1-2.)

2

Deposition, retaining October 8 and 9, 2003, as the dates for Defendant's deposition of Plaintiff. (See Id. & Ex. E at 1.) On September 30, 2003, Plaintiff filed a Motion for Protective Order, seeking to prevent Defendant from deposing Plaintiff on October 8 and 9, 2003, and Drs. Alix Chenet and Juan Rapadas on October 10, 2003. On October 8, 2003, the Court issued an Order finding Plaintiff's Motion for Protective Order moot due to the fact that the Scheduling Order bars Defendant from taking any depositions past the discovery cut-off date of October 1, 2003. On October 15, 2003, Defendant filed a Motion to Extend Scheduling Order Deadlines, which proposes November 18, 2003, as the final date on which Defendant could depose Plaintiff, and November 25, 2003, as the final date on which discovery motions could be filed. Plaintiff filed herein an Opposition to Defendant's Motion and a Counter-Motion to Quash on October 22, 2003. Defendant filed a Reply on October 31, 2003.

**II. Analysis.**

Federal Rule of Civil Procedure 16(b) states that "the district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties ... enter a scheduling order that limits the time ... (2) to file motions; and (3) to complete discovery...." FED. R. CIV. P. 16(b). Rule 16(e) further provides that "[a]fter any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of action unless modified by a subsequent order." FED. R. CIV. P. 16(e).

In this case, the Rule 16(b) Scheduling Order accepted by the Court and currently in effect establishes October 8, 2003, as the cut-off date for discovery motions. However,

3

Defendant filed the present motion for extension, which the Court construes as a discovery motion, on October 15, 2003–one week past the allowed time for filing. Therefore, Defendant's Motion to Extend Scheduling Order Deadlines is untimely. For this reason alone, the Court may deny Defendant's discovery motion. See Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988), where the court stated that the motion filed after the scheduling order cut-off date was untimely and could be denied on that sole basis). Nevertheless, the Court also finds that, even if Defendant had filed its motion promptly, Defendant has failed to satisfy the standard for modification of a Rule 16(b) schedule.

A Scheduling Order entered pursuant to Rule 16(b) "shall not be modified except upon a showing of good cause and by leave of the district judge...." FED. R. CIV. P. 16(b). In determining good cause, courts must consider whether the party seeking modification has been diligent. Johnson, 975 F.2d at 609. A court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). Where the party has been careless, no diligence may be found. See Id. (citing Engleson v. Burlington N. R.R. Co., 972 F.2d 1038 (9th Cir. 1992)).

Here, Defendant sought modification of the Scheduling Order one week after it was permitted to do so, yet Defendant has not submitted an explanation for its tardiness. Defendant's sole reason to extend the deadlines is to allow defense counsel who resides outside of Guam to depose Plaintiff. (Mot'n at 5.) However, in its motion, Defendant states that it

4

could have scheduled the deposition of Plaintiff before the October 1, 2003, discovery cut-off date, (Mot'n at 2 & 4.), thereby not requiring alteration of the schedule. Thus, this is not a case where the pretrial schedule could not reasonably be met despite the moving party's diligence, for Defendant here merely delayed the taking of Plaintiff's deposition. Additionally, to show good cause for modification of the Scheduling Order, Defendant discusses at length its claim that the parties had informally agreed to extend discovery. (Id. at 2.) Defendant argues that it acted diligently and in good faith when it drafted a proposed stipulation to the extension, which Plaintiff never signed and which was never filed with the Court, (Id.), and that Plaintiff, in bad faith, breached the informal agreement when he filed a Motion for Protective Order, (Id. at 1 & 3.). However, regardless of whether Plaintiff had agreed to extend discovery, modification of the Scheduling Order requires Defendant to seek the approval of the Court, see FED. R. CIV. P. 16(e), and not of Plaintiff. Defendant understood this one week too late when it filed the present motion. In fact, the untimeliness of Defendant's motion suggests that Defendant intended to allow the October 1, 2003, discovery cut-off date to lapse and then, in violation of the controlling schedule, take the depositions from October 8-10, without having secured the Court's permission. This leads the Court to find that Defendant acted carelessly, rather than diligently, and, therefore, Defendant has failed to show good cause to modify the Scheduling Order.

**III. Conclusion.**

The Court hereby DENIES Defendant's Motion to Extend Scheduling Order Deadlines due to the untimely filing of Defendant's motion and the Court's determination that, even if the

motion had been timely filed, Defendant has failed to show good cause for such an extension.

As Defendant's motion is denied, Plaintiff's Counter-Motion to Quash is now MOOT.

IT IS SO ORDERED this 7th day of November, 2003.

_____
JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 11/7/03.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 11/7/03
Deputy Clerk     Date

6