

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

TONY H. ASHTIANI,

    Plaintiff,

vs.

CONTINENTAL MICRONESIA, INC.,
d/b/a CONTINENTAL MICRONESIA,
and CONTINENTAL AIRLINES, INC.,

    Defendants.

Civil Case No. 02-00032

**ORDER**

Having received and considered Defendant Continental Micronesia, Inc.'s Application for Expedited Pretrial Conference, filed October 7, 2003, and Plaintiff's Opposition, filed October 20, 2003, the Court DENIES Defendant's motion, as discussed below.

Defendant applies for an expedited pretrial conference, pursuant to Federal Rule of Civil Procedure 16(a).[1] Defendant's reasons for bringing the present application are to determine if

---

[1] Rule 16(a) provides district courts with the discretion to require parties to an action to attend pretrial conferences for the purposes of

1

Plaintiff's Motion for Protective Order, filed herein on September 30, 2003, is "properly before the Court in view of the lack of Rule 26(c) certification, consider[] the merits of the Motion for Protective Order, and possibly allow[] the Deposition [of Plaintiff] to proceed in order for the parties to discover the facts underlying Plaintiff's claim." (Def.'s Appl. Exp. P. Conf. at 2-3.) However, on October 8, 2003, the Court found Plaintiff's Motion for Protective order moot. Therefore, Defendant's grounds for an expedited pretrial conference are also moot. Accordingly, the Court DENIES Defendant's Application for Expedited Pretrial Conference.

IT IS SO ORDERED this 21st day of November, 2003.

_____
JOHN S. UNPINGCO
**District Judge**

Notice is hereby given that this document was entered on the docket on 11/24/03.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 11/24/03
Deputy Clerk        Date

---

(1) expediting the disposition of the action;
(2) establishing early and continuing control so that the case will not be protracted because of lack of management;
(3) discouraging wasteful pretrial activities;
(4) improving the quality of the trial through more thorough preparation, and;
(5) facilitating the settlement of the case.

FED. R. CIV. P. 16(a).

2