Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

**FILED**
DISTRICT COURT OF GUAM

**NOV 2 1 2003**

MARY L. M. MORAN
CLERK OF COURT



## UNITED STATES DISTRICT COURT

### DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, | ) |
|       Plaintiff, | )   Civil Case No.: **02-00032** |
|       Vs. | ) |
| Continental Micronesia Inc, | )   **PLAINTIFFS' AFFIDAVIT IN** |
| | )   **SUPPORT OF MOTION FOR PARTIAL** |
| Dba, Continental Micronesia, | )   **SUMMARY JUDGEMENT** |
| Continental Airlines, | ) |
| | )    **(Fed R. Civ. P. 56(a))** |
|       Defendant. | ) |
| | ) |
| | ) |

---

### AFFIDAVIT OF Tony H. ASHTIANI

    **1.** My name is Tony H. Ashtiani Plaintiff, <u>pro se</u> in the above-entitled action. I am over 18 years of age. I reside at 191 Chalan Cabesa Yigo, Guam. U.S.A. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

# ORIGINAL

2.    I make this affidavit in support of my motion for partial summary judgment

3.    On July 03, 2001 the plaintiff was discharged from his employment with the defendant and I had first hand knowledge of my termination on July 12, 2001 via certified mail U.S.P.S.

4.    On May 15, 2003 , plaintiff filed Second Amended Complaint on this action alleging discrimination against defendant under the provisions of Federal Statute Title VII Civil Rights Act of 1964 as amended and FMLA of 1993.

5.    Statistical evidence indicates that, subsequent to the time of plaintiff's discharge from December 1999 to July 04, 2001. There were three minorities discharged from maintenance department within eighteen (19) months period.

6.  List of minorities among the majorities. **EXHIBIT A.**

7.  Statistical study, Race v. Termination.    **EXHIBIT B.**

8.  Mr. Mahdi was discharged shortly after defendants' e-mail. **EXHIBIT C**

**9**. The names of two individuals were concealed during the EEOC investigation by touch and go of Mr. Bruce lees' name and moving the dates six months forward to conceal Mr. Ali Mahdis' termination. This malice and reckless act by defendant is explained in motion for partial summary judgment. In section (Intentional Discrimination and Intentional retaliation Post 9/11) for filing a charge.

**10.** Plaintiff studied the statistics very carefully and it was reveled that 9.2% percent of the maintenance department were minorities among the majorities. Out of the 9.2% **(3 out of 10 received termination)**. While **9.2%** (percent) of the minorities among the majority occupied the work force they received **100 %** (percent) of the termination in 19 months period.

> McAlester presented the <u>unrebutted</u> statistical evidence that in the Denver facility blacks received <u>twenty-four percent</u> of the terminations over a five-year period, although they made up only <u>six percent</u> of the work force. The statistics also established that for the ramp service, blacks received <u>six of eight terminations</u> over a <u>two-year</u> period. The likelihood of this occurring by chance is one in 440,000. <u>These unrefuted statistics are sufficient to support a jury's finding of pretext against United.</u>

> *McAlester v.United Airlines.851 F.2d 1249*

**11.** Defendant Mr. McKinzies' Answer to Interrogatories attached. **EXHIBIT D.**

**12.** Plaintiff's in his answer to interrogatories to defendant in particular Answer to Interrogatories NO (18) had admitted having component evidence to support the allegations of wrongful termination and racial discrimination. **EXHIBIT E.**

**Respectfully submitted,**

Dated: this _2 / 𝑆𝑙 ._ day of November, 2003.

Tony H. Ashtiani,

<u>Pro Se</u>, litigant

I sign this affidavit in support of Motion for Partial Summary judgment this _18th_ day of November, 2003.

at Hagatna, Guam U.S.A.

_F. Ashtiani_

TONY H. ASHTIANI

Pro se, plaintiff

GUAM, U. S. A. )
               ) S. S.
HITY OF HAGATNA )

SUBSCRIBED AND SWORN to before me this 18th day of November, 2003 by TONY H. ASHTIANI.



_Benjamin G. Galarpe_
BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932

**GUAM STATION**

## Continental Micronesia Inc.

Subsidiary of
## Continental Airlines

Race / national origin      <u>Vs.</u>      Termination

### Statistical study

### <u>December  1999    TO      July  2001</u>

(19 months period)

### <u>List of Minorities among the majorities</u>

| Name | National-Origin | Status |
|------|-----------------|--------|
| Don Ching | Chinese | |
| Bruce Lee | Chinese | (terminated) |
| Lin Horng Yi | Chinese | |
| Ali Mahdi | African American | (terminated) |
| Fabian Therell | African American | |
| Sherman Thompson | African American | |
| Harry Broudus | African American | |
| Tony Ashtiani | Iranian | (terminated) |
| Patrick Ahmed | Sudanese | |
| Joe Nguyen | Vietnamese | |

**GUAM STATION**

## Continental Micronesia Inc.

Subsidiary of

# Continental Airlines

Race     <u>Vs.</u>     Termination

**<u>Statistical study</u>**

**<u>December 1999 TO July 2001</u>**

(19 months period)

| Name | National-Origin | Division |
| --- | --- | --- |
| Ali Mahdi | AFRICAN AMRICAN | Maintenance Dept. |
| Bruce Lee | CHINESE | Maintenance Dept. |
| Tony H. Ashtiani | IRANIAN | Maintenance Dept. |

There are **90** employees in Maintenance Dept , See Mr. McKinzie's Declaration.

They were **92** employees in Maintenance division at the time of discharge.

**10** minorities among the majority made up **9.2 %** of the work force.

Among the **9.2 %** of all the minorities **3 0ut of 10** were terminated.

Minorities made **<u>9.2%</u>** of the work force and they received **<u>100%</u>** of the termination.

Babauta, Benjamin C.

**From:** McKinzie, Dixon
**Sent:** Thursday, December 02, 1999 9:14 AM
**To:** Babauta, Benjamin C.; Tydingco, Bertha S.; Perez, Frank; Mendoza, Glenn R.; Lujan, James; Cruz, Tony; Herrera, William A.
**Cc:** Halaby, Dimitri; Atalig, Baltazar
**Subject:** FW: MAHDI ALI

FYI, my numbers are below.
*Dixon*
dmckinzie@csair.com
Office: (671) 642-8877
Pager: **(671) 476-8562**
Cell: **(671) 687-6354**
Fax: (671) 642-8343 (private)

-----Original Message-----
**From:** **Halaby, Dimitri**
**Sent:** Thursday, December 02, 1999 7:14 AM
**To:** Benjamin Babauta; Bertha Tydingco; Frank Perez; Glenn Mendoza; James Lujan; Tony Cruz; William Herrera
**Cc:** Atalig, Baltazar; McKinzie, Dixon; Perez, Clarissa; Johnston, Billy
**Subject:** FW: MAHDI ALI

All Supv,

Mr. Mahdi Ali was given the required FMLA documents yesterday 01 Dec. He has 15 days to complete and return to us. When you receive the documents, contact Dixon McKeinzie immediately, call him on his cell or page him if you have to. The company has 2 days to reply back. Until then, keep accurate documentation of events and always have union rep present when discussing sensitive issues with Mr. Mahdi

*Dimitri C. Halaby*
Aircraft Maintenance Manager
Tel: 671-642-8653
Cell: 671-688-1545
*"Just Another Day in Paradise"*



-----Original Message-----
**From:** Lujan, James
**Sent:** Thursday, December 02, 1999 1:17 AM
**To:** Halaby, Dimitri
**Subject:** RE: MAHDI ALI

Page 1

YES ,MR. ALL DID CALL IN SICK. I DID INFORM BERT THAT I FORGOT TO WRITE IT IN THE TURN OVER SHEET.

-----Original Message-----
**From:**       Halaby, Dimitri
**Sent:**        Monday, November 29, 1999 7:36 AM
**To:** Lujan, James
**Subject:**    FW: MAHDI ALI
**Importance:**   High

Jim,

Please let me know if Ali infact called you. I today.

Dimitri C. Halaby
Aircraft Maintenance Manager
Tel: 671-642-8653
Cell: 671-688-1545
"Just Another Day in Paradise"

-----Original Message-----
**From:**       Tydingco, Bertha S.
**Sent:**        Thursday, November 25, 1999 10:58 PM
**To:** Atalig, Baltazar; Halaby, Dimitri
**Cc:** Blas, Adrienne; Babauta, Benjamin C.; Mendoza, Glenn R.; Lujan, James; Herrera, William
**Subject:**    MAHDI ALI
**Importance:**   High

ZAR OR DIMITRI,

ALI HAD FAXED HIS DOCTOR'S EXCUSE THURSDAY EVENING.  WHATEVER THE CASE MAYBE
HE HAD INFORMED GLEN THAT HE CALLED IN SICK FOR THURSDAY AND LEFT A MESSAGE
WITH JAMES LUJAN.  WE NEED TO FIND OUT FROM JAMES IF THIS IS A TRUE STATEMENT, CAUSE
JAMES DID NOT TURN OVER ANY THING TO ME WHEN I RELIEVED HIM THAT NIGHT.  ALSO, WHY DID
ALI REPORT BACK TO WORK IF HE KNEW HE WAS STILL SICK WITH A STIFF NECK AND THEN TO
COVER HIS BUTT HE HAD THE DOCTOR WRITE HIM OUT AN EXCUSE TO COVER HIM ALL THE WAY
TO FRIDAY THE 26TH OF NOV.  I SERIOUSLY THINK SOMEONE NEEDS TO CK ON THIS DOCTOR EXCUSE
ISSUE.

BERT

Case 1:02-cv-00032     Document 100     Filed 11/21/2003     Page 9 of 40

# ORIGINAL ● ●

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

## IN THE DISTRICT COURT FOR GUAM

| | |
|---|---|
| TONY H. ASHTIANI, ) | CIVIL CASE NO. CIV02-00032 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANT CONTINENTAL** |
| ) | **MICRONESIA, INC.'S RESPONSE TO** |
| CONTINENTAL MICRONESIA, INC. ) | **PLAINTIFF TONY H. ASHTIANI'S FIRST** |
| dba CONTINENTAL MICRONESIA, ) | **SET OF INTERROGATORIES;** |
| and CONTINENTAL AIRLINES, INC. ) | **DECLARATION OF SERVICE** |
| ) | |
| Defendants. ) | |
| ) | |

Defendant Continental Micronesia, Inc. submits its Response to Plaintiff Tony H.

Ashtiani's First Set of Interrogatories.

## INTERROGATORY NO. 1:

(a) What fact do you have in support of your defense "The Second Amended

Complaint fails to state a claim upon which relief may be granted."

(b) List all documents you have in your possession, or have knowledge of,

which support your defense "The second Amended Complaint fails to state a claim upon which

relief may be granted."

Jul, 23, 03.
Reviewed
T. Attti

3155230-1.013280-00079

**ANSWER:**

(a)    Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Facts now known include the following: Plaintiff failed to exhaust his administrative remedies by failing to complete the union grievance procedures, procedures governing filing claims with the EEOC, and Guam's law governing worker's compensation.  Plaintiff was not terminated on the basis of race, but rather for legitimate, non-discriminatory reasons.

(b)    Not all documents supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Documents now known include the following: all documents filed with the EEOC, the Agreement between Continental Micronesia, Inc. and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Plaintiff's Personnel File, all of which have been produced.

**INTERROGATORY NO. 2:**

(a)    What fact do you have in support of your defense "The Second Amended Complaint should be dismissed for lack of effective service of process."

(b)    List all documents you have in your possession, or have knowledge of, which support your defense "The Second Amended Compliant should be dismissed for lack of effective service of process."

**ANSWER:**

(a)    Plaintiff served a summons for the Second Amended Complaint in this case on Dixon McKinzie and James Hammer.

(b)    Summons served on May 16, 2003.

## INTERROGATORY NO. 3:

(a)     What fact do you have in support of your defense "The Second Amended Complaint should be dismissed for lack of subject matter jurisdiction."

(b)     List all documents you have in your possession, or have knowledge of which support your defense "The Second Amended Complaint should be dismissed for lack of subject matter jurisdiction."

### ANSWER:

(a)     Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Facts now known include the following: Plaintiff failed to follow union grievance procedures, procedures governing filing claims with the EEOC, and Guam's law governing worker's compensation.

(b)     Not all documents supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Documents now known include the following: all documents filed with the EEOC, the Agreement between Continental Micronesia, Inc. and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Plaintiff's Personnel File, all of which have been produced.

## INTERROGATORY NO. 4:

(a)     What fact do you have in support of your defense "The Second Amended Complaint should be dismissed on grounds that Plaintiff's exclusive remedy for the harm alleged is worker's compensation."

(b)     List all documents you have in your possession, or have knowledge of, which support your defense "The Second Amended Complaint should be dismissed on grounds that Plaintiff's exclusive remedy for the harm alleged is worker's compensation."

**ANSWER:**

(a)     Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Facts now known include the following: Plaintiff did not follow Guam's worker's compensation laws in pursuing remedies for injuries governed by Guam's worker's compensation laws.

(b)     Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 5:**

(a)     What fact do you have in support of your defense "The Second Amended Complaint should be dismissed on grounds that Plaintiff has failed to exhaust administrative remedies."

(b)     List all documents you have in your possession, or have knowledge of which support your defense "The Second Amended Complaint should be dismissed on grounds that Plaintiff has failed to exhaust administrative remedies."

**ANSWER:**

(a)     Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Facts now known include the following: Plaintiff failed to exhaust his administrative remedies by failing to follow union grievance procedures, procedures governing filing claims with the EEOC, and Guam's law governing worker's compensation.

(b)    Not all documents supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Documents now known include the following: all documents filed with the EEOC, the Agreement between Continental Micronesia, Inc. and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Plaintiff's Personnel File, all of which have been produced.

## INTERROGATORY NO. 6:

(a)    What fact do you have in support of your defense "Plaintiff's employment terminated for legitimate, legal and non-discriminatory business reasons."

(b)    List all documents you have in your possession, or have knowledge of, which support your defense "Plaintiff's employment terminated for legitimate, and legal and non discriminatory business reasons."

## ANSWER:

(a)    Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts now known include the following: Plaintiff failed to adhere to Defendants' policies regarding no-show. Defendant terminated Plaintiff under those policies, and not on the basis of race.

(b)    Not all documents supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Documents now known include the following: Plaintiff's personnel file, which has been produced.

## INTERROGATORY NO. 7:

(a)    What fact do you have in support of your defense "Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands."

(b)     List all documents you have in your possession, or have knowledge of which support your defense "Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands."

**ANSWER:**

(a)     Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Facts now known include the following: Plaintiff failed to exhaust his administrative remedies by failing to follow union grievance procedures, procedures governing filing claims with the EEOC, and Guam's law governing worker's compensation.  Plaintiff was not terminated on the basis of race, but rather for legitimate, non-discriminatory reasons.

(b)     Not all documents supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.  Documents now known include the following: all documents filed with the EEOC, the Agreement between Continental Micronesia, Inc. and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Plaintiff's Personnel File, all of which have been produced.

**INTERROGATORY NO. 8:**

(a)     What fact do you have in support of your defense "Plaintiff's damages, if any, were either caused or contributed to by Plaintiff and are accordingly barred or subject to reduction in accordance with the percentage of fault on the part of Plaintiff."

(b)     List all documents you have in your possession, or have knowledge of, which support your defense "Plaintiff's damages, if any, were either caused or contributed to by

Plaintiff and are accordingly barred or subject to reduction in accordance with the percentage of fault on the part of Plaintiff."

**ANSWER:**

(a)     Facts supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(a)     Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 9:**

(a)     What fact do you have in support of your defense "Plaintiff has not taken reasonable steps to avoid or reduce the effects, if any, of the actions complained of."

(b)     List all documents you have in your possession, or have knowledge of which support your defense "Plaintiff has not taken reasonable steps to avoid or reduce the effects, if any, of the actions complained of."

**ANSWER:**

(a)     Facts supporting this defense have not been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(b)     Documents supporting this defense have not been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 10:**

(a)     What fact do you have in support of your defense "Plaintiff has failed to take  reasonable steps to avoid or reduce damages, if any."

(b)    List all documents you have in your possession, or have knowledge of, which support your defense "Plaintiff has failed to take reasonable steps to avoid or reduce damages, if any."

**ANSWER:**

(a)    Facts supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(b)    Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 11:**

(a)    What fact do you have in support of your defense "Plaintiff's allegations are not plead with sufficient specificity so as to entitle Plaintiff to special damages."

(b)    List all documents you have in your possession, or have knowledge of which support your defense "Plaintiff's allegations are not plead with sufficient specificity so as to entitle Plaintiff to special damages."

**ANSWER:**

(a)    As required under the law, Plaintiff must plead special damages with specificity, and failed to do so in his Second Amended Complaint.

(b)    Plaintiff's Second Amended Complaint, filed on May 15, 2003.

**INTERROGATORY NO. 12:**

(a)    What fact do you have in support of your defense "Continental denies each and every allegation of wrongdoing not so denied in the answer to the complaint."

(b)     List all documents you have in your possession, or have knowledge of, which support your defense "Continental denies each and every allegation of wrongdoing not so denied in the answer to the complaint."

**ANSWER:**

(a)     As this defense is a catch-all of all other defenses, Defendant incorporates herein its responses to all other Interrogatories.

(b)     As this defense is a catch-all of all other defenses, Defendant incorporates herein its responses to all other Interrogatories.

**INTERROGATORY NO. 13:**

(a)     What fact do you have in support of your defense "Plaintiff is not entitled to any recovery on any grounds."

(b)     List all documents you have in your possession, or have knowledge of which support your defense "Plaintiff is not entitled to any recovery on any grounds."

**ANSWER:**

(a)     Facts supporting this defense are explained elsewhere in this Response to Interrogatories.

(b)     Documents supporting this particular defense are listed elsewhere in this Response to Interrogatories.

**INTERROGATORY NO. 14:**

(a)     What fact do you have in support of your defense "Defendants' actions were at all times based on legitimate, non-discriminatory business reasons, without regard to Plaintiff's ethnicity."

(b)    List all documents you have in your possession, or have knowledge of, which support your defense "Defendants' actions were at all times based on legitimate, non-discriminatory business reasons, without regard to Plaintiff's ethnicity."

**ANSWER:**

(a)    Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts now known include the following: Plaintiff failed to adhere to Defendants' policies regarding no-show. Defendant terminated Plaintiff under those policies.

(b)    Not all documents supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Documents now known include the following: Plaintiff's Personnel File, which has been produced.

**INTERROGATORY NO. 15:**

(a)    What fact do you have in support of your defense "Plaintiff is barred from maintaining this action because he unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer, or to avoid harm otherwise."

(b)    List all documents you have in your possession, or have knowledge of which support your defense "Plaintiff is barred from maintaining this action because he unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer, or to avoid harm otherwise."

**ANSWER:**

(a)    Not all facts supporting this defense have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts now known include the following: Plaintiff failed to exhaust his administrative remedies by failing to follow

union grievance procedures, procedures governing filing claims with the EEOC, and Guam's law governing worker's compensation. Plaintiff was not terminated on the basis of race, but rather for legitimate, non-discriminatory reasons. Plaintiff declined two offers of reinstatement.

(b)    Not all documents supporting this defense have been discovered, and thus, this Answer may be supplement under Federal Rule of Civil Procedure 26. Documents now known include the following: all documents filed with the EEOC, the Agreement between Continental Micronesia, Inc. and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Plaintiff's Personnel File, all of which have been produced.

## INTERROGATORY NO. 16:

(a)    What fact do you have in support of your defense "Plaintiff's damages, if any, were the result of intervening and superseding causes."

(b)    List all documents you have in your possession, or have knowledge of, which support your defense "Plaintiff's damages, if any, were the result of intervening and superseding causes."

## ANSWER:

(a)    Facts supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(b)    Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

## INTERROGATORY NO. 17:

(a)    What fact do you have in support of your defense "Plaintiff's damages, if any, were the results of action(s) taken by a third party."

3155230-1.013280-00079                                11

(b)     List all documents you have in your possession, or have knowledge of which support your defense "Plaintiff's damages, if any, were the results of action(s) taken by a third party."

**ANSWER:**

(a)     Facts supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(b)     Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 18:**

(a)     What fact do you have in support of your defense "Plaintiff has failed to mitigate his alleged damages, if any, and has failed to take reasonable precautions to reduce the damages, if any."

(b)     List all documents you have in your possession, or have knowledge of, which support your defense "Plaintiff has failed to mitigate his alleged damages, if any, and has failed to take reasonable precautions to reduce the damages, if any."

**ANSWER:**

(a)     Facts supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(b)     Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

**INTERROGATORY NO. 19:**

(a)     What fact do you have in support of your defense "Defendants incorporate herein by reference all defenses allowed by applicable law, which may become apparent as

3155230-1.013280-00079                12

discovery is conducted and completed in this case. Defendants reserve the right to allege additional facts and affirmative defenses as they may have discovered."

—— (b)     List all documents you have in your possession, or have knowledge of, which support your defense "Defendants incorporate herein by reference all defenses allowed by applicable law, which may become apparent as discovery is conducted and completed in this case. Defendants reserve the right to allege additional facts and affirmative defenses as they may have discovered."

### ANSWER:

(a)     Facts supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(b)     Documents supporting this defense have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

Dated this 23rd day of July 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendants
Continental Micronesia, Inc. dba Continental
Micronesia and Continental Airlines, Inc.

## VERIFICATION

~~GUAM U.S.A~~                          )
STATE OF TEXAS                          )        ss:
~~MUNICIPALITY OF HAGÁTÑA~~ )
COUNTY OF HARRIS

        Dixon McKinzie, of Continental Micronesia, Inc., being first duly sworn under

oath, deposes and says:  that he has read the foregoing and knows the contents thereof; and that

the same is true to his knowledge, except as to those matters therein stated to be alleged on

information and belief, and that as to those matters he/she believes them to be true.

SIGN: _____

PRINT: _J. Dixon McKinzie_

TITLE: _Director, Human Resources_

    SUBSCRIBED and SWORN to before me this _22nd_ day of July 2003.

_Judith A. Dabney_

NOTARY PUBLIC

)SEAL(

JUDITH A. DABNEY
Notary Public, State of Texas
My Commission Expires
June 25, 2007

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 23rd day of July 2003, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANT CONTINENTAL MICRONESIA, INC.'S RESPONSE TO PLAINTIFF TONY H. ASHTIANI'S FIRST SET OF INTERROGATORIES; DECLARATION OF SERVICE** upon Plaintiff at the Law Offices of Carlsmith Ball LLP, Suite 401, Bank of Hawaii, 134 West Soledad Avenue, Hagåtña, Guam 96910.

Executed this 23rd of July 2003 at Hagåtña, Guam.

_____
ELYZE McDONALD

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

R E C E I V E D
CARLSMITH BALL
Date: 8/29/03
n : _____ By: ____

# IN DISTRICT COURT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani,<br><br>　　　　　　　Plaintiff<br><br>　　vs.<br><br>Continental Micronesia Inc,<br>Dba, Continental Micronesia,<br>Continental Airlines,<br><br>　　　　　　　Defendant | )<br>)<br>) Civil Case No.: **02-00032**<br>)<br>)<br>)<br>) **PLAINTIFF TONY H. ASHTIANI'S**<br>) **RESPONSE TO DEFENDANT'S**<br>) **CONTININTAL MICRONESIA'S INC'S**<br>) **FIRST SET OF INTERROGATORRIES.**<br>) **DECLERATION OF SERVICE**<br>)<br>) |

Pro se Plaintiff Tony H. Ashtiani hereby responds to defendant Continental Micronesia Inc's First set of interrogatories.

## GENERAL OBJECTIONS

Each of the following general objections is hereby incorporated into each of CMI's interrogatory answers, each of which shall be read as if these objections were printed therin in their entirety.

1.　Plaintiff strongly objects that these set of interrogetories are in violation of the **LR 33.1 (a)** limitation on Number of Interrogetories. Interogetories or request for admission shall not excced twenty-five (25) in number, counting any **subparts or subquestions** as individual questions.

2.　Plaintiff objetcs that its ability to respond fully to defendant's requests is hampered by the fact that defendant had served the plaintiff 21 interogetories and 24 sub parts and some sub parts contained 4 individual sub parts, these set of interrogetories were simoultenously served upon pro se plaintiff with First Request for Production of Documents.

Case 1:02-cv-00032　　Document 100　　Filed 11/21/2003　　Page 25 of 40



3.   Plaintiff objects to so much of the definations applicable as instructions to defendants' interrogatories as support to impose on plaintiff duties or obligations more extensive than those imposed by the appropriate rules of procedure.

4.   Plaintiff objects to Defandants' definations as intstruction to include home addresses and other personal identifiers in its identifiction of witnesses . Such information is unecessary and irrelevant to this action, and to provide it would constitute an unwarranted invasion of the personal privacy of these individuals.

## Plaintiff's objection and answer to defendant's first set of interrogatories.

### INTERROGATORY NO. 1

Identify each and every doctor or health care provider that you visited from whom you received any consultation, examination and/or treatment for any injury, illness (including but not limited to emotional, physical, and mental illness) and/or disability, including their full name and address, during the periods relevant to your Second Amended Complaint.

### ANSWER:

Documents supporting this Answer may be supplemenetd under Federal Rule of Civil Procedure 26. Facts now known are plaintiff visited Dr. Alix Chenet, Chiropractice offices of Larkin and Miller, Mr Charles Salzberg, M.D., Inc. and received counseling from Dr. Rappadas and other counsoulers as well.

### INTERROGATORY NO. 2:

For each doctor or health care provider identified in your response to Interrogatory 1 above, (a) state the dates upon which you received consultation, examination, and/or treatment from that provider; (b) describe the injury, illness and/or disability for which you received treatment; and (c) describe the type of treatment, if any, you received from that provider.

### ANSWER:

(a) this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts now known plaintiff had complained in regards to the back injury which was caused by the employers discriminatory assignments and that supervisor on duty Mr. Herrera ratifying it on June ,26 2001. plaintiff is presenting Dr Salzburg's findings in <u>Production of Documents</u> . Plaintiff also had complaint to Dr. Chenet in regards to the stress, depression , lost of self steem and lack of motivation which he suffered after his wrongful termination.

(b) Facts supporting this answer are explained elsewhere in this response to interrogatories. The interrogatories will require the party to conduct independent research and compile data.

(c) This Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this answer are known that plaintiff had complaint about back injury to Dr. Chenet and that plaintiff was depressed by his injury and explained to Dr. Chenet about his stress level . Plaintiff was asked to attend Physical therapy but was not helping him . however Dr. Miller chiropractic therapy was helping to ease the lower back pains. Plaintiff also had visit with psychologist Dr. Rappadas in regards to his stress , and depression.

**INTERROGATORY NO. 3 :**

Identify each and every document, which relates to your responses to Interrogatories 1 and 2 above.

**ANSWER:**

Plaintiff honestly belives that he has answered these questions and that he must visit every one the medical offices to receive such documents. This Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories seek information that is as easily available to the interrogating party as to the interrogated party.

**INTERROGATORY NO. 4 :**

Identify each and every doctor or health care provider that your child visited from whom your child received any consultation, examination and/or treatment for any injury, illness (emotional, physical, and mental) and/or disability, including their full name and address, during the periods relevant to your Second Amended Complaint.

**ANSWER:**

Facts now known that the child was under care and was visited by Dr. Antonio Apellanes on July 02, 2001. It is also a factual statement that PMC was under a restructure and was being reorganized at the time period relevant to this case there were at times no pediatrician on duty , plaintiff called and was told by one nurse to administrate Motrin. As Dr. Wolf was also off island. Mr. Appelanes and Mrs. Appelanes both pediatrician were in the process of opening their own clinic which is now located in Dededo.

**INTERROGATORY NO. 5 :**

For each doctor or health care provider identified in your response to Interrogatory 4 above, (a) state the dates upon which your child received consultation, examination, and/or treatment from that provider; (b) describe the injury, illness and/or disability for which your child received treatment; and (c) describe the type of treatment, if any, your child received from that provider.

**ANSWER:**

(a) This Answer may be Supplemented under Federal Rule of Civil procedure Rule 26. The child was on its way to recovery and was seen by Dr. Appelanes He noted he still has symptoms. He was seen on July 02, 2001. Facts now known after Mr Herrera had presented the FMLA Certificate and instructed plaintiff in a cover letter to return it within 15 days . Plaintiff visited Dr. Apellanes. Exhibits in Production of Documents.

(b) This Answer may be supplemented under Federal Rule of Civil Procedure 26. CMI was given copies as well.

(c This Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories seek information that is as easily available to the interrogating party as to the interrogated party. CMI was given the copies as well.



## INTERROGATORY NO. 6 :

Identify each and every document, which relates to your responses in Interrogatories 4 and 5 above.

## ANSWER :

This Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories seek information that is as easily available to the interrogating party as to the interrogated party. Documents supporting this Answer is in production of document.

## INTERROGATORY NO. 7 :

Identify by providing a full name and address, each and every doctor or health care provider from whom you received any consultation, **examination and/or treatment for** any injury, illness and/or disability you attribute to the conduct of Continental Micronesia, Inc. dba Continental Micronesia and Continental Airlines, Inc.

## ANSWER :

This Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories seek information that is as easily available to the interrogating party as to the interrogated party. Plaintiff received counsultation, examination and treatament from Dr. Chenet , Chiropratice office of Larkin, and Miller also received examination of MRI of Dr. Berg and Dr. Salzburg , Further more he received counsultation from Dr Rappades and other counsoulers.

## INTERROGATORY NO. 8 :

For each health care provider identified in your response to Interrogatory 7 above: (a) state the dates upon which you received consultation, examination and/or treatment from that provider; (b) describe the injury, illness and/or disability for which you received treatment; and (c) describe the type of treatment, if any, you received from that provider.

## ANSWER :

(a) This Answer may be supplemented under Federal Rule of Civil Procedure 26. Plaintiff received all These treatments at verious dates and time frame , this request is extensive and requires party to compile files and data.

(b) This Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(c) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

## INTERROGATORY NO. 9 :

Identify each and every document, which relates to your responses to Interrogatories 7 and 8 above.



**ANSWER :**

Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

**INTERROGATORY NO. 10  :**

Specifically describe each and every job, including self-employed work, you have applied for or held since your termination from employment with Continental Micronesia, Inc., including the identity of each employer, the type of job applied for or held, the date(s) the job was applied for or held, the hours worked, and whether the job was part-time, fulltime or on call.

**ANSWER :**

This Answer may be supplemented under Federal Rule of Civil Procedure 26. To the extent defendant's interrogatories request information or documents that plaintiff considers to be confidential. Facts now known are that plaintiff was challenging his wrongful termination and retalliation including discrimination case against defendant and that was a 24 hours a day full time job for the plaintiff . Further more, post 9/11 there were lay offs and hiring freeze in the aviation industry  plaintiff has given his 17 years of  his youth life to defendant and plaintiff now at age 40 had a very minimum chance of getting hired as Guam has a limited job sources in aviation industry .plaintiff also has a home base auto repair facility which does respond to on call services .

**INTERROGATORY NO. 11   :**

Identify any and all documents, which relate to the information set forth by you in response to Interrogatory 10 above.

**ANSWER :**

This Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this answer is explained elsewhere in this response to interrogatories.

**INTERROGATORY NO. 12  :**

State the amount of income and money that you have received from any <u>source</u> since July 2001. Fully describe and list separately all sources of income and money whether from employment, consulting work, severance pay, pensions, interest earned, investments, social security, gifts, etc. State the amount received from each source and the date of each receipt of funds.

**ANSWER :**

This Answer may be supplemented under Federal Rule of Civil Procedure 26. To the extent defendant's interrogatories request information or documents that plaintiff considers to be confidential. Facts are now known that due to the wrongfull termination plaintiff had made early withdraw of his 401-K which resulted in penalty Plaintiff received approximatly  $ 46.000.00 (Forthy six thousand dollars) in Dec 2001. plaintiff also provides a on call serivce in auto repair industry 24 hours a day .



## INTERROGATORY NO. 13 :

Have you or anyone acting on your behalf, retained or hired any expert(s) with regard to the subject lawsuit, or intend to call any expert witness (es) **during the trial** of this action? If so, please:

(a) State (i) the name, title, address and telephone number of each expert; and (ii) the field of expertise of each expert.

(b) state (i) the name and address each school where each expert received special education or training; (ii) the date of graduation from each school; and (iii) the name of each degree received.

(c) state (i) if any experts are members of a professional or trade association, (ii) the name and description of each association, and (iii) the dates of each expert's membership.

(d) state if any of your experts have written books, papers or articles on their areas of expertise, and identify (i) its title and subject matter, (ii) the date of publication, and (iii) the name of the publisher.

(e) state if any of your experts are licensed by governmental authority to practice in their fields, and if so, (i) identify the authority by whom each expert was licensed, (ii) the inclusive dates of each license, (iii) the general requirements of each license, and (iv) whether each license has ever been revoked or suspended.

(f) state if any of your experts practiced or worked in their fields during the past five years, and if so, (i) state the name and address of each employer, (ii) the dates of each employment, and (iii) the types of duties performed.

(g) State if any of your experts created reports of their opinions, conclusions or findings, and if so, state the name, date or other identification of each report and identify each person who has present custody of each report.

(h) State (i) the subject matter upon each witness will be expected to testify, and (ii) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

## ANSWER :

(a) (i) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories will require the party to conduct independent research and compile data. (ii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Defendants seek information that is of confidential research, privileged information of work product doctrine and information is withheld on the basis of these privileges.

(b) (i) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories are unreasonably burdensome, oppressive, or vexatious. (ii) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. To the extent defendant's interrogatories request information or documents that plaintiff considers to be confidential. (iii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories will require the party to conduct independent research and compile data.



(c ) (i) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. To the extent defendant's interrogatories request information or documents that plaintiff considers to be confidential. (ii) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories are unreasonably burdensome, oppressive, or vexatious (iii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories are unreasonably burdensome, oppressive, or vexatious Defendants seek information that is of confidential research, privileged information of work product doctrine and information is withheld on the basis of these privileges.

(d) (i) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. (ii) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. (iii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Defendants seek information that is of confidential research, privileged information of work product doctrine and information is withheld on the basis of these privileges.

(e) (i) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. (ii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. (iii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. (iv) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Defendants seek information that is of confidential research, privileged information of work product doctrine and information is withheld on the basis of these privileges.

(f) (i) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. (ii) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. (iii) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26.

(g) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

(h) (i) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. (ii) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.

## INTERROGATORY NO. 14 :

Identify the name of each and every witness you intend to call at trial, the nature of their testimony, and their address and/or phone number, in support of your:

(a) First Cause of Action in the Second Amended Complaint: Intentional Infliction of Emotional Distress

(b) Second Cause of Action in the Second Amended Complaint: Negligent Supervisor

Case 1:02-cv-00032    Document 100    Filed 11/21/2003    Page 31 of 40



(c) Third Cause of Action in the Second Amended Complaint: Unlawful Discrimination based upon Race and National Origin

(d) Fourth Cause of Action in the Second Amended Complaint: Intentional Discrimination and Intentional Retaliation post 9/11

(e) Fifth Cause of Action in the Second Amended Complaint: Violation of Federal Statute of Family Medical Leave Act of 1993

(f) Sixth Cause of Action in the Second Amended Complaint: Constructive Termination

(g) Seventh Cause of Action in the Second Amended Complaint: Wrongful Termination

(h) Eighth Cause of Action in the Second Amended Complaint: Sales of Fraudulent Insurance Policies by Defendant to Employees.

**ANSWER :**

(a) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. facts now known Plaintiff has provided the list of the potential witness that may be called upon during the trial in the **Plaintiff's initial disclosures** submitted to the defendant on June 03, 2003.

(b) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

( c) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(d) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(e) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26.Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(f ) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(g) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26.Facts supporting this Answer are explained elsewhere in this response to interrogatories.



(h) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

## INTERROGATORY NO. 15 :

Describe in detail all claims or actions filed or made against you in any proceeding in any court, including the jurisdiction of the case, the type of proceeding, the case number, the nature of each claim, the disposition of each claim, whether by ruling or by settlement, dismissal, stay, withdrawal or other, and identify any documents which relate or pertain thereto.

## ANSWER :

Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories are irrelevant and immaterial. Facts are known plaintiff sued Baby Johns useds cars for property damages in Small claims court, decision was in favor of Plaintiff.

## INTERROGATORY NO. 16 :

Describe in detail all claims or actions filed or made by you in any proceeding in any court, including, the jurisdiction of the case, the type of proceeding, the case number, the nature of each claim, the disposition of each claim, whether by ruling or by settlement, dismissal, stay, withdrawal or other, and identify any documents which relate or pertain thereto.

## ANSWER :

Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. The interrogatories are irrelevant and immaterial. Facts are known plaintiff sued Baby Johns useds cars for property damages in Small claims court, decision was in favor of Plaintiff.

## INTERROGATORY NO. 17 :

Identify each and every document, writing and/or communication that is the foundation for your belief that Continental Micronesia, Inc. dba Continental Micronesia and/or Continental Airlines, Inc. retaliated against you.

## ANSWER :

Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. facts are known that defendant had acted in ill will, malice and with no regards for ther plaintiff's civil rights and further more plaintiff had explained , answered and presented documents in his second amended complaint .



## INTERROGATORY NO. 18 :

With respect to your Second Cause of Action (Negligent Supervisor), identify:(a) the name of each and every supervisor who you claimed violated your rights (b) the time period in which each supervisor was employed by Continental Micronesia, Inc. or Continental Airlines, Inc.(c) the nature, date, and location, of the violation(s) (d) whether you or anyone known by you filed complaints or grievances against such supervisors, the date of such complaints or grievances, and the nature of such grievances.

## ANSWER :

(a) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts are now known are that plaintiff enjoyed the enviorment , rich culture in beatuiful island of Guam. Althought there were several Supervisor at CMI in Guam station that created harsh and hostile enviorment at work place.

Plaintiff kindly asks that the named individuals below not to be retaliated against as they all have family and love ones that depend on their income. I respectfully ask that these issues to be resolved through better education, training, communication with peace and harmony.

**Supervisor whom violated the plaintiff rights is Mr. James Lujan.**

Mr. James Lujan: When I was transferred from LAX to Guam, I was assigned to his shift and worked very hard and departed the flights to the best of my ability in a safe and on time manner, after a while he told me that "your ass is mine", and called me by many racial slurs, names like "Camel Jockey", and on numerous occasion had asked me if I parked my car or my camel in the parking lot, the most insulting time of my bitter experience with this man was when my wife was pregnant with my little daughter which is now named Emily in fact an outstanding  student . Mr. Lujan made remarks about my unborn child stated "I bit it will look funny, being half Camel and half Palauan" then he laughed real loud. Such conducts are malice, offensive, outrageous and intolerable in a civilized society.

Mr. Jerry Spence once wrote: "The old saw "sticks and stones can break your bones but words will never harm you," is patently false. *Words kill and words maim.* Today, in this age of alleged enlightenment, words are the weapon of choice for combat between business adversaries, in contents between employer and worker, in any struggle where issues both critical and petty are at stake. Although words vanish from the airwaves as quickly as they are spoken , the damage  they do is often permanent. We can leave scars on the psyche with words as disabling as the wound from any bullet."

 Mr. Mendoza was at the time our union chief steward and I told him in regards to the continuous name-callings and racial slurs, Mr. Mendoza informed me "Mr. James Lujan is his Uncle."

**Supervisor whom violated plaintiff rights and retaliated against the plaintiff is Glenn Mendoza:**

Mr. Glenn Mendoza retaliated against me because I had mentioned his name in a Grievance filed in Nov 99 and I had threatened to report him to EEOC as a supervisor that tampered and influenced attendance records and daily work assignments based on race and being part or not part of the  "click". The grievance filed with H.R tagged plaintiff as a "public policy enforcer" while this grievance was before Mr. Dixon Mckinzie, he failed to investigate by intentional means of baseless statute of limitation by means of discouragement, by the "end of the

day" Mr. McKinzie blew it off. He knew if in fact there was any truth to the grievance and witnesses came forth he will be opening up a can worms which he did not want to risk opening at all. Plaintiff will prove beyond the preponderance of evidence that false motive and retaliation was at play by Mr. Mendoza. Exhibits in Production of Documents.

Mr. Mendoza had told me that Ms. Martha Woodward during the previous negotiations had taught him, how to use the No show / No call as a reason of termination by not acknowledging the sick call for two consecutive days for legitimate reason for termination.

**Supervisor whom violated plaintiff rights and inflicted injury on the plaintiff is Mr. William Herrera:**

Mr. Herrera should have known that duty assignments of pairing up mechanics and placing plaintiff to work by himself as an intentional act are discriminatory in violation of federal statutes and that such assignments are unsafe. Mr. Herrera inflicted tremendous harm by failure to investigate as evident in Mr. Ron Roberts statement Mr. Herrera harmed bodily injury to me as he instructed or knew that plaintiff was assigned to lift a stretcher kit into the cargo bay by himself on June 26, 2001. The duty assignment sheets are verified by supervisors, Herrera not failure to protect, supervise, and intervene would have the same effect of encouraging, ratifying, condoning, exacerbating, as a result inflicted intentional injury on the plaintiff. Exhibits in Production of Documents.

"Negligent supervisor" theory is not limited to supervisors, mangerial positions such as directors are also within the same category whom are acting in their manegerial and official capacity of an Incorporation.

**Dirctor whom violated the rights of the plaintiff is Mr. James Hammer.**

Mr. Hammer violated plaintiff's rights because he inflicted disperate treatment by changing the terms and condition of the plaintiff in his letter dated August 27, 2001 this is in particular as he personally reviewed my Guam cell invoice and saw that a call was placed to my work on Jun 23,2001 at 12:53 and 12:56 P.M. pior to the shift start, and knew that no-call,no-show is not valid in part and thus invalid in whole ,rather being a geniune individual and admitting to their mistake and being apolegetic , he instead puts restriction on me and does not allow me to enjoy the same benefits in the union contract as my follow workers in the same job classification of other race and ancestry , he states in his letter that I am on 6th level attandance , however as of today there is not a piece of document that suggests CMI had commumincated effectivly as per the CMI manual and guidelines in regards to attendence. Defendant Hammer in capacity of the Diretor of maintenace department should known and should have known that failed communication and maintenance don't mix . Continental Express proved the theory of no communication in maintenace dept by bringing their crews and passengers to final screaming moments of their living days during de-iceing condition of the horizintal stabilizer panel held down by one screw as temporary hold down. Defendant Hammer should known and should have known to effectivly communicate with his 17 year mechanic that went beyond the call of his duty to assist to shorten the maintenance delays, and away from the needs of his family stayed over to train and even to perform the work on DC-10 engine changes and assisted many of his fellow workers with pilot reports. Defendant Hammer should known or should have known that plaintiff had never harmed a aircraft unlike many other mechanics that parked DC-10 on navy housings. Lead man that had collided aircraft 046 and 043 both DC-10 types and caused lost of revenues in multi millions. Photograph in Production of Documents. Defendant Hammer should known or should have known that plaintiff has never damaged an aircraft nor any individuals of CO or CMI nor any aircraft crews, flight attandents or pilots. Plaintiff during his 17 years of employment had a clear understanding that only thing aircraft collides or crashes into is air molucules. However Defendant

Hammer after 9/11 makes a dispicable, delibrate, cold ,callus, defaming, malice, outragaous, and intolarable statement in any civilized sociiety. Absoultly a statement which does not fit a man of his position employed by the fifth and nearly fourth largest airline in the United States. Defendant Hammer has no right to stereo-typeing and compare plaintiff with ignorrant, arrogent, and uneducated individuals that took the law in their own hands and were responsible for tragedy of 9/11. Plaintiff like many Americans felt sarrow and indeed sad for the innocent lives that were lost in New York. Exhibits in Production of Documents.

**Manager whom violated plaintiff rights of "due process" is Ms. Teresa Sage.**

Plaintiff had written a letter and had requested information in regards to the meeting which defendant had requsted on July 02, 2001 @ 1600 . Plaintiff was not given the information in regards to the contents of the meeting nor was given adequate time to prepare for self repesentation as Ms. sage also denied information to attorney Mark Williams and gave him a phone number that was a recording regarding reservation or job application. Ms.Teresa Sage violated plaintiff rights under the provision of 42 USC  SEC 2000e-3,s 703(2) (D).

**Director whom violated plaintiff's rights and many other minorities is Mr. Dixon McKinzie.**

Defendant McKinzie in managerial position and in official capacity of an Incorporation acting as Director of Human resources and responsible individual for EEO and affarmative action of CMI.

Defendant Mckinzie violated plaintiff's rights and others by allowing termination take place based on race , ancestery, age, religion , and many other Faderally protected statutes. Defendant Mckinzie by allowing Mr. Hammer change plaintiff's terms and working conditions of employment failed to protect, supervise, and intervene would have the same effect of encouraging, ratifying, condoning, and approved this act of discrimination,  defendant Mckinzie in his letter dated March 27, 2002 violates Federal statute once again by offering conditional reinstaement but this time corrects Mr hammers' desperate treatment conditon and allows plaintiff trade day and enjoy his union contract rights just like other employees of the same classifications of different race. In the same letter Defendant McKinzie violates plaintiff's Federal protected rights under "Enforcement Guidance on non-waivable employee rights under EEOC number 915.002 in his condition number four (4). Defendant McKinzie rather than stricking conditions and prevent further damages to plaintiff decides to suspend plaintiff without pay for a violation which was never commited, and punishes employee for Maintenace supervisors' intentional gap in communication served upon plaintiff as retalition resulting in plaintiff's wrongful termination. Although  Mr. Louis Obdyke while attemping to assist CMI , knowing that Mr. Mckinzie was involved in discrimination against minorities tried to the best of his ability to steer away from satistics (True story teller of the past) and indeed pattern of practice of Mr. Mckinzie. Plaintiff has explained the events of cover up post 9/11 in the Second Amended Complaint.

(b) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

(c) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.



(d) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories

## INTERROGATORY NO. 19 :

With respect to your claim for damages, please state (a) the total amount of damages you seek in the lawsuit, (b) state precisely and separately each and every item of damages for which you are making a claim and the amount alleged for each such item, (c) provide an explanation as to how each such amount was calculated, (d) identify each document that mentions, refers to, relates to, reflects or evidences any or your damages in this case or which relates or refers to this information sought by this interrogatory, and (e) identify each person who has knowledge of the information sought by this interrogatory and describe what he/she knows.

## ANSWER :

(a) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Plaintiff has provided the list of damages in **Plaintiff's initial disclosures** presented to defendant on June 03, 2003. Exceeding 1.1 Million dollars which excludes punitive damages in eight cause of action or any cause of actions.

(b) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories

(c) Facts supporting this Answer have not been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories

(d) Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories

(e) Not all documents supporting this Answer have been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories

## INTERROGATORY NO. 20 :

If you are contending that you mitigated your damages, please provide the following information:

(a) Describe in detail, each fact and reason which supports your contention that you have mitigated your damages;

(b) State your damages prior to mitigation and state the amount by which your damages have been reduced as a result of mitigation and how the damages prior to and after mitigation were calculated;

(C) Identify all documents which mention, refer to, or embody the information sought in this interrogatory; and



(d) Identify each person known to you who has knowledge of the information sought by this Interrogatory. For each person identified, state his or her full name, present or last known address and telephone number, and present or last known employer and position or job title at the time of employment.

**ANSWER :**

(a) Not all facts supporting this Answer have been discovered, and thus this Answer may be supplemented under Federal Rule of Civil Procedure 26. plaintiff has in good faith asked for back pay in his IBT grievence form dated July 13, 2001.

(b ) Fcats are now known that defendant Mr. Hammer and Mr. McKinzie both have refused to offer plaintiff back pay as as result of worngful termination which thereonafter magnified . Plaintiff also in good faith effort spoken to Mr. Daniel Morgan on August 18, 2003 @ 1400 which Mr. Francis Diaz also was attending. Plaintiff has in numberous occasions has attempted to mitigate his damages.

(c ) Plaintiff does not understand this question and belives facts supporting this Answer are explained elsewhere in this response to interrogatories.

(d ) Plaintiff resoanably belives that Mr. Louise Obdyke , Mr. Mckinzie and Mr. Hammer and the defense counsels have knowledge of the interrogetories.

**INTERROGATORY NO. 21 :**

Identify each person who prepared or assisted in the preparation of the responses to these interrogatories. (do not identify any one who simply typed or reproduced the responses.)

**ANSWER :**

Facts are now known plaintiff used the materilas available at the law library in regards to prepration of discovery and interrogatories by reviewing forms and other filings.

Executed this 29 [th] day of August 2003 .

Tony H. Ashtiani

*Pro se plaintiff*

## DECLARATION

I Tony H. Ashtiani declare that I have prepared and read the answers to interrogatories presented to me by defendant Continental Micronesia Inc, on July 31, 2003.

I have read the forgoing answers and know the contents there of; and that the same is true to my knowledge, except as to matters stated on information and belief, which matters I believe to be true.

I declare under penalty of perjury that forgoing is true and correct.

Date: _Aug, 29, 2003_.

_____

Tony H. Ashtiani, pro se litigant

RECEIVED
CARLSMITH BALL
Date: 8/29/03
in _____ By: ____

## **DECLARATION OF SERVICE**

I, Tony H. Ashtiani pro se plaintiff declare under penalty of perjury of the United States laws that on August 29th 2003. I personally hand delivered a true and correct copy of **PLAINTIFF TONY H. ASHTIANI'S RESPONSE TO DEFENDANT CONTINENTAL MICRONESIA INC'S FIRST SET OF INTERROGETORIES; DECLARATION OF SERVICE .** Upon defendant the papers were left with the receptionist who appeared to be in charge or associate of Law firm CARLSMITH BALL LLP , Suite 401, Bank of Hawaii , 134 West Soledad Avenue, Hagatna, Guam 96910.

Executed this 29th day of August of 2003

Tony H. Ashtiani

*Pro se plaintiff*