FILED
DISTRICT COURT OF GUAM
NOV 24 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

TONY H. ASHTIANI,

Plaintiff,

vs.

CONTINENTAL MICRONESIA INC.,
dba CONTINENTAL MICRONESIA,
and CONTINENTAL AIRLINES, INC.,

Defendants.

Civil Case No. 02-00032

**ORDER**

Before the Court comes Plaintiff's Motion to Compel Discovery of Request Nos. 3, 4, 6, 7, 8, 9, 13, 24, 32, 35, and 36 of Plaintiff's First Request of the Production of Documents to Defendant Continental Micronesia Inc. Upon review of the record and relevant case law, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion, as discussed and ordered below.

**I. BACKGROUND.**

Plaintiff Tony Ashtiani is suing Defendants Continental Micronesia, Inc. ("Defendant" or "CMI"), d/b/a Continental Micronesia, and Continental Airlines, Inc. for wrongful

1

termination of employment in violation of Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act of 1993. (See S. Am. Compl. ¶¶ 1, 34, 61.) In his Second Amended Complaint, filed herein on May 15, 2003, Plaintiff states eight causes of action: (1) intentional infliction of emotional distress, (2) negligent supervision, (3) unlawful discrimination based upon race and national origin, (4) intentional discrimination and intentional retaliation post-September 11, 2001, (5) violation of federal statute of Family Medical Leave Act of 1993, (6) constructive termination, (7) wrongful termination, and (8) sales of fraudulent insurance policies by Defendant to employees. Plaintiff is of Middle Eastern descent. (Mot. at 5.) He was a certified aircraft mechanic employed by Defendants for about 17 years when he was fired on July 3, 2001. (S. Am. Compl. ¶¶ 8 & 15.) Plaintiff alleges he was fired because of his race and national origin, which he intends to prove through a Title VII disparate treatment claim. (Mot. at 5.)

On June 16, 2003, the Court received Plaintiff's First Request of the Production of Documents to Defendant Continental Micronesia, Inc. Defendant CMI served its response upon Plaintiff on July 15, 2003. On October 7, 2003, Plaintiff filed a Notice and Motion to Compel Discovery. Defendant then filed its Opposition on October 17, 2003. Plaintiff filed his Reply on October 24, 2003. This Court heard oral arguments on Plaintiff's motion on October 31, 2003.

## II. ANALYSIS.

Federal Rule of Civil Procedure 26(b)(1) provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ....

2

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Courts should construe the scope of discovery liberally so as to provide the parties with the information needed for proper litigation of the disputed facts. Richlin v. Sigma Design West, Ltd., 88 F.R.D. 634, 637 (E.D. Cal. 1980) (citing Mitsui & Co. (U.S.A.) Inc. v. Puerto Rico Water Resources Auth., 79 F.R.D. 72 (D.C. P.R. 1978)); see also Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997) (citing Jones v. Commander, Kansas Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993)) (stating that Rule 26(b) "is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at trial."). The party objecting to discovery bears the burden of proving why discovery should not be permitted, and the burden of explaining and supporting its objections. Richlin, 88 F.R.D. at 637 (citing Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990)). The objector's burden of proof will not be met simply by submitting "boilerplate objections that the discovery is vague, ambiguous, overbroad, unduly burdensome, etc ... without specifying how each request for production is deficient and without articulating the particular harm that would accrue if they were to respond to [the] discovery requests." St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). Where a party fails to respond to a discovery request or responds evasively or incompletely, Rule 37 of the Federal Rules of Civil Procedure allows the discovering party to file a motion to compel discovery. Equal Employment Opportunity Comm'n v. Klockner H &

K Machs., Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citing FED R. CIV. P. 37(a)(2),(3)). It is in the sound discretion of the trial court whether to grant a motion to compel discovery pursuant to Rule 37(a). Id. (citing Community Sav. and Loan Ass'n v. Fed. Home Loan Bank Bd., 68 F.R.D. 378, 381 (E.D. Wis. 1975)).

Plaintiff moves for an order compelling Defendant CMI to produce Request Nos. 3, 4, 6, 7, 8, 9, 13, 24, 32, 35, and 36. Plaintiff seeks these Requests for the purpose of showing that "Plaintiff's national origin discrimination case will be proven in whole by demonstrating that Defendant CMI routinely and pervasively discriminates against racial minorities, for instance, Pacific Islanders, and including Ashtiani." (Mot. at 10.) Defendant protests against the production of these Requests, offering mostly unsupported boilerplate objections.[1] Because the party resisting production of discovery requests bears the burden of proving, through more than boilerplate objections, why discovery should not be allowed, the Court rejects such mere protestations by Defendant. However, insofar as Defendant has articulated explanations for their resistance to discovery, a discussion of the merits of such substantive objections follows below.

---

[1] Insufficient boilerplate objections are found in Defendant's response to Plaintiff's Request No. 3:

> Objection is being made as to the requested materials being irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request because it seeks information which is confidential, private and personal, and the disclosure of it would necessarily invade the privacy, and expectation of privacy, of persons nat parties to this suit.

(Opp'n at 2.) However, of all the above objections, Defendant only explains further its concerns about relevancy and a possible invasion of privacy. (See Id. at 7-8.) Therefore, the naked protests of immateriality, overbreadth, undue burden, and unreasonable calculation fail to assist Defendant in overcoming its burden of proof as to why discovery should not be permitted.

4

### A. Relevancy–Request Nos. 3, 4, 9, 32, & 35.

Parties may discover anything that is "relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). For information to be relevant during pretrial discovery, it need not be admissible at trial but should appear "reasonably calculated to lead to the discovery of admissible evidence." Kerr v. United States Dist. Court for N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975) (quoting Olympic Refining Co. v. Carter, 332 F.2d 260, 266 (9th Cir. 1964)). Relevant discoverable information also is not limited to things related to a party's case in chief but may also be information sought for other purposes like cross-examination of the other party's witnesses. Id. (citing United States v. Meyer, 398 F.2d 66, 72 (9th Cir. 1968)). Courts are to determine relevancy more loosely at the discovery stage than at the trial. Kerr, 511 F.2d at 197 (citing 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2008 at 41 (1970)).

Plaintiff moves to compel production of Request Nos. 3, 4, 9, 32, and 35. Defendant objects to these Requests on the basis of irrelevancy. Request Nos. 3 and 4 seek the P-160s and P-187s[2] of Plaintiff's former supervisors, Dixon McKinzie and James Hammer. Request No. 32 seeks the "P-160s for all defendant's supervisors that were (a) promoted in period of June 1998 to September 11, 2001; and (b) those supervisor [sic] that were furloughed or laid off after September 11, 2001 up to January 10, 2002." (Pl.'s F. Req. Produc. at 7.) In their Opposition,

---

[2]"A P-187 is an internal company form that documents a change in an employee's status, and contains confidential information such as an employee's social security number and salary information. A P-187 does not contain an employee's race, nationality, or ethnicity." (McKinzie Decl. ¶ 8.) "A P-160 is an older version of a P-187." (Id. ¶ 9.)

5

Defendant argues against production of these P-187s and P-160s because they contain employee social security numbers and salary information, which Defendant asserts to be both "highly confidential" and irrelevant to Plaintiff's case. (Opp'n at 7.) Since Defendant states that it "is capable of stipulating to information regarding promotions," Defendant appears only interested in protecting employee social security numbers and salary information from Plaintiff's review. (Id. at 8.) In reply, Plaintiff raises no objection to omitting this information from the documents. (Reply at 3.) Thus, the Court ORDERS redaction of employee social security numbers and salary information from the records. Therefore, the Court GRANTS Plaintiff's motion to compel discovery of Request Nos. 3, 4, and 32, with employee social security numbers and salary information redacted from the P-187s and P-160s.

Request No. 9 seeks the dates each DC-10 exited Defendant CMI's fleets. (Pl.'s F. Req. Produc. at 8.) Defendant objects to production of these dates because Defendant believes that Plaintiff seeks this information in exploration of Defendant's labor needs, which Defendant says is not at issue in this case. (Opp'n at 8-9.) "[I]t is still uncertain what role 'dates' pertaining to the exiting of DC-10s have to this litigation," Defendant adds. (Id. at 9.) According to Plaintiff, this information is necessary to prove that once all the DC-10s left CMI, CMI looked for reasons to terminate minority employees, such as Plaintiff, who were skilled in maintaining DC-10s. (See Reply at 4.) Because this information may help Plaintiff uncover a pattern of race discrimination, which may bolster Plaintiff's case against Defendants, the Court GRANTS Plaintiff's motion to compel discovery of Request No. 9.

Request No. 35 seeks surveys by maintenance supervisors in Guam of their director,

James Hammer. (Pl.'s F. Req. Produc. at 15.) Plaintiff further clarifies this request as seeking "[a]ny documents referring or relating to the attitudes of employees [that] may reveal a level of dissatisfaction on the part of CMI employees with CMI's response or lack of response to employee concerns such as salary, "COLA" or promotion practices effecting Guamanian, Locals or other nationalities ...." (Mot. at 18.) Defendant objects to production of such documents because "[t]his is a case about Plaintiff's termination ... not about other employees' feelings." (Opp'n at 9.) Although Defendant correctly points out Plaintiff's wrongful termination as the main focus of this action, the Court disagrees with the argument that Plaintiff should be limited to discovery on matters strictly involving Plaintiff's termination. The Court considers this particular information useful for Plaintiff to identify possible discriminatory practices by supervisor James Hammer, possible victims of race or national origin discrimination, as well as possible witnesses for trial. Therefore, the Court GRANTS Plaintiff's motion to compel discovery of Request No. 35.

**B. Breadth–Request No. 24.**

Relevant information may be withheld from the discovering party if the discovery request seeking such information is overly broad in scope. Rowlin v. Ala. Dep't of Pub. Safety, 200 F.R.D. 459, 461 (M.D. Ala. 2001). To determine whether a request is too broad, courts should look at the totality of the circumstances and balance the value of the material sought with the burden of providing the material. Id. (citing Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990)). Where a plaintiff seeks to prove his case through the use of statistical evidence, the statistics must cover information not limited to an "extremely small universe" or

7

else the statistics would have "little predictive value and must be disregarded." Sorosky v. Burroughs Corp., 826 F.2d 794, 804 (9th Cir. 1987) (quoting White v. City of San Diego, 605 F.2d 455, 461 (9th Cir. 1979)).

> Plaintiff moves to compel production of Request No. 24, which seeks from Defendant
>
> [a]ll documents referring or relating to Mr. Dixon McKenzie [sic] and Mr. James Hammer [sic] participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff [sic] or firing.

(Pl.'s F. Req. Produc. at 12.) Defendant objects to this Request because it is "entirely overbroad and would require extensive searches of Defendant's files," since McKinzie decides employment-related issues that pertain to over 1,300 employees, Hammer makes employment-related decisions pertaining to over 90 employees, and the Request is not limited in time or scope. (Opp'n at 10.) To support its position, Defendant cites cases but fails to draw a connection between the holdings in those court decisions and the circumstances in the instant action. For example, Defendant cites Sorosky, which affirmed a lower court's denial of the plaintiff's motion to compel where the plaintiff failed to show that the potential benefit of producing data regarding the defendant's worldwide business operations outweighed the burden. See 826 F.2d at 805. In contrast, Plaintiff's Request does not require Defendant to scour its files for information on Defendants' global operations. Defendant also cites Collins v. J.C. Nichols Co., which held that an interrogatory was overly burdensome because it required the defendant to retrace its entire corporate history. See 56 FEP 1713 (W.D. Mo. 1991). However, Defendant does not now claim that Request No. 24 would require Defendant to retrace its entire corporate

8

history. Defendant searches further for succor in Capellupo v. FMC Corp., which denied a request to discover documents spanning a 10-year period. See 46 FEP 1193 (D. Minn. 1988). However, Defendant has never stated that production of Request No. 24 would require Defendant to search for documents made over a 10-year or more period. Therefore, Sorosky, Collins, and Capellupo are inappositely cited by Defendant as support for its contention that discovery of Request No. 24 should not occur. Additionally, because Plaintiff raises a disparate treatment claim, which may rely heavily on statistics, see Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1075-76 (9th Cir. 1986), the Court considers the Plaintiff's need for copious documents from which he may compile statistics not limited to an extremely small universe, to outweigh the burden of Defendant to produce the requested material. Therefore, the Court GRANTS Plaintiff's motion to compel discovery of Request No. 24.

**C. Existence, Control, Custody, or Possession–Request Nos. 6, 7(b), 13, & 36.**

Discovery requests are limited in scope to documents over which the requested party has custody, control, or possession. FED. R. CIV. P. 34(a). "Federal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody, or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." Comcast of Los Angeles, Inc. v. Top End Int'l, Inc., No. CV 03-2213-JFW (Rcx), 2003 U.S. Dist. LEXIS 18640, at *12-13 (C.D. Cal. July 2, 2003) (quoting In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) (emphasis added), cert. dismissed, 517 U.S. 1205 (1996)). "Thus, '[a] party responding to a Rule 34 production request ... is under an affirmative duty to seek that information reasonably available to [it] from [its]

employees, agents, or others subject to [its] control.'" Id. at 13 (quoting Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted)). A party "cannot be compelled to create, upon the request of [another party], documentary evidence which is not already in existence in some form." Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co., 576 F. Supp. 511, 513 (W.D. Pa. 1983). Pursuant to Federal Rule of Civil Procedure 26(e), a party must supplement or amend its response to a discovery request if the party later learns the response was incorrect or incomplete. FED. R. CIV. P. 26(e); see also Comcast, 2003 U.S. Dist. LEXIS 18640, at *12 (citing Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987)) (where the court "remind[ed] defendants and their counsel that they have an obligation to conduct a reasonable inquiry into the factual basis of defendants' discovery responses").

Plaintiff moves to compel production of Request Nos. 6 and 36. Request No. 6 seeks a copy of the return receipt of a U.S.P.S. certified letter which was signed by Plaintiff on July 12, 2001, and which contained Plaintiff's letter of termination dated July 3, 2001. (Pl.'s F. Req. Produc. at 7.) Request No. 36 seeks "all documents and statement [sic] from James Hammer in regards to making any racial comments either after September 11, 2001 or before September 11, 2001 to any one employed by the defendant before or after Plaintiff's termination, in reference to plaintiff." (Pl.'s F. Req. Produc. at 15-16.) Defendant states that it cannot comply with Request No. 6 because it has not been able to locate any such receipt, (Opp'n at 11), and that it cannot comply with Request No. 36 because "Defendant simply does not have any such documents in its control or possession," (Id. at 10). If Defendant does not currently have control, custody, or possession of the requested documents or information in some documentary

10

form, then Defendant cannot be compelled to produce these Requests. See FED. R. CIV. P. 34(a). Thus, the Court DENIES Plaintiff's motion to compel discovery of Request Nos. 6 and 36. If Defendant should come into custody, control, or possession of the aforesaid documents, then Defendant must amend its response, pursuant to Rule 26(e).

Plaintiff moves to compel production of Request Nos. 7(b) and 13. Request No. 7(b) seeks a "list of witnesses and attendees whom [sic] were present at" attendance meetings. (Pl.'s F. Req. Produc. at 7.) Request No. 13 seeks

> a list of all mechanics, mechanic helpers, Airframe mechanics, sheet metal mechanics, sheet metal mechanic helpers, tool crib attendants either in the Technical Services Division of terminal line or B CHECK that were under the union contract of Continental Micronesia Inc, and International Brotherhood of Teamsters who were employed by the defendant who had two or more consecutive No call/No show from the period from Jun [sic] 1990 to the present.

(Id. at 8.) Defendant objects to these Requests because it claims it does not have possession of either "list." (Opp'n at 10.) Defendant seems to construe Request Nos. 7(b) and 13 very strictly, which case law supports. See, e.g., United States v. United States Alkali Export Ass'n, 7 F.R.D. 256, 259 (S.D.N.Y. 1946) ("Rule 34 [of the Federal Rules of Civil Procedure] is to be used to call for the production of documents already in existence, and in the possession or control of an adverse party, and not to require an adverse party to prepare a written list to be produced for inspection."). However, it must be remembered that Plaintiff, drafter of these Requests, is proceeding pro se, and so the Court must give greater leeway to Plaintiff and construe his pleadings and requests liberally. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the

11

court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). Accordingly, the Court GRANTS Plaintiff's motion to compel discovery of Request Nos. 7(b) and 13, as long as the requested information exists in some documentary form. See Rockwell, 576 F. Supp. at 513.

### D. Documents Defendant Claims to have Produced–Request Nos. 7(a), (c), & 8.

As earlier noted, Rule 26(e) of the Federal Rules of Civil Procedure requires a party to supplement or amend its response to a discovery request if the party later learns the response was incomplete or incorrect. FED. R. CIV. P. 26(e).

Plaintiff seeks to compel production of Request Nos. 7(a),( c), and 8. Request No. 7(a) seeks "[a]ll document [sic] of 1 thru 6 levels of attendance records and counseling notice of which were received by plaintiff." (Pl.'s F. Req. Produc. at 7.) Request No. 7(c) seeks "the jointly filled out discussion form(s) (which, at the end of each [attendance] meeting all parties acknowledged such meeting and signed the mentioned form)." (Id.) Request No. 8 seeks Plaintiff's employee evaluations or progress reports from Defendant's Technical Services Division. (Id.) Defendant objects to being compelled to produce these Requests because it claims to already have produced them. (Opp'n at 11.) In fact, Plaintiff admits to having received, in response to Request No. 8, one employee evaluation made in 1991 by Defendant of Plaintiff, but then states that "it seems hardly believable that defendant has only once (1991) in the seventeen years plaintiff was employed with it, did it conduct an annual evaluation of plaintiff." (Reply at 9.) If Defendant has already produced the requested documents, then a Rule 37 motion to compel discovery due to incomplete or evasive responses is unwarranted. See

12

FED. R. CIV. P. 37(a). Therefore, the Court DENIES Plaintiff's motion to compel discovery of Request Nos. 7(a), (c), and 8. However, because complete compliance with discovery requests requires a party to supplement its response if it obtains additional information sought by the discovering party, the Court reminds Defendant that, pursuant to Rule 26(e), it has a duty to further produce these Requests if it finds or later come into custody, control, or possession of the requested information.

## III. CONCLUSION.

For the reasons stated above, the Court decides as follows:

1. The Court ORDERS Plaintiff's motion to compel discovery of Request Nos. 3, 4, and 13 GRANTED and ORDERS redaction of employee social security numbers and salary information contained therein;.

2. The Court ORDERS Plaintiff's motion to compel discovery of Request Nos. 7(b), 9, 24, and 35 GRANTED; and

3. The Court DENIES Plaintiff's motion to compel discovery of Request Nos. 6, 7(a), (c), 8, 13, and 36, and ORDERS Defendant Continental Micronesia, Inc. to supplement or amend their responses to these Requests, if needed, pursuant to Rule 26(e).

IT IS SO ORDERED this 24th day of November, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 11/24/03. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ Date _____
Deputy Clerk