1  **Tony H. Ashtiani**
   P.O.Box 12723
2  Tamuning Guam 96931
   671-688-4844
3  671-653-5575

4

**FILED**
**DISTRICT** COURT OF GUAM
DEC 05 2003
MARY L. M. MORAN
CLERK OF COURT

112

5

## UNITED STATES DISTRICT COURT

6

### DISTRICT OF GUAM

7

8  **Tony H. Ashtiani,**                )
                                        )
9            Plaintiff,                 )  Civil Case No.: **02-00032**
                                        )
10           Vs.                        )
                                        )  **AFFIDAVIT OF TONY H. ASHTIANI**
11 **Continental Micronesia Inc,**      )  **IN SUPPORT OF REPLY TO**
                                        )  **DEFENDATNT'S OPPOSITION TO**
12 **Dba, Continental Micronesia,**     )  **PLAINTIFFS' MOTION FOR PARTIAL**
                                        )  **SUMMARY JUDGMENT.**
13 **Continental Airlines,**            )
                                        )
14           Defendant.                 )     **(Fed R. Civ. P. 56)**
                                        )
15                                      )
                                        )
16 _____

17

Guam U.S.A              ) SS:
18
Municipality of Hagatna  )
19

20

21     I make this affidavit in Pursuant to federal rules of civil

22 procedure rule 56.

23

24     I, Tony H. Ashtiani, being first fully sworn say:

25

**1.** All the statement made in this affidavit is based on my personal knowledge.

**2.** All exhibits referred and herein attached have been reviewed and thus I have personal knowledge of these documents and information contained therein.

**3.** I am plaintiff pro se in the above entitled action.

**4.** The CMI Attendance policy in reference to no show. I was not a no show and even if this was true it clearly states "without notification". **EXHIBIT A.**

**5.** CMI and IBT agreement ARTICLE 18 ABSENCE FROM DUTY states Two (2) consecutive days "without notifying" the company of the reason for his absence. **EXHIBIT B.**

**6.** I received a letter on July 12, 2001 via certified mail containing defendant's CMI letter dated July 03, 2001. stating two defenses as specific reasons for cause of termination. **EXHIBIT C.**

**A.** No call/ No show On Jun 23, 24 2001.

**B.** Refusal to meet to discuss the situation on Monday July 02, 2001.

**C.** Even if sick calls required supervisor approval see paragraph 19 and 20 for this defense.

Plaintiff proves based on preponderance evidence that specific reason for termination were pretext.

7. Mr. Joe Pangelinans' Declaration **EXHIBIT D.**

8. Mr. Joe Pangelinans' Declaration **Exhibit E.**

Mr. Joe pangelinan states that "I had informed Mr.Mendoza that duty supv. On duty that Tony Ashtiani would not be in on Jun 23, 24 2001 at approx 1300, shift starts at 1330".

9. Mr. Mendoza On June 23, 2001 at 16:38 (Approx 3 and ½ Hours after he was informed by Mr. Pangelinan sends a e-mail "TONY DID NOT SHOW UP FOR ANY OF HIS DAYS" although in the same email he offers FMLA to Mr. R. Gumataotao and warns him to secure Doctor Note. Employee of the same classification as Plaintiff. Defendant's production document (000931) **EXHIBIT F.**

10. Mr. Ron Roberts declaration 'I was told by one supervisor Bill Herrera " if Glenn would of told me Tony called in all this would not be happening."' **EXHIBIT G.**

11. Plaintiff was informed to attend a meeting at 1600 on July 02, 2001.

12. Attorney Mark Williams Esq., asks what is the meeting about and defendant deprived plaintiff rights to procedural due process and rights to representation Declaration of Mark

Williams .**EXHIBIT H.** (please note that this happened at 10:30 a.m.)

**13.** Accordingly, left with limited procedural mechanism Ashtiani requested information and submitted a letter to human resources on July 02, 2001 at 11:05 a.m. Defendants' production of document (000928) **EXHIBIT I.**

**14.** It was not until 11 minutes after the meeting at 16:11 that Ms. Teresa Sage response to my letter and states " I Have received your letter". She states "you need to contact Zar as soon as possible". Defendants Production of Document (000929) **EXHIBIT J .**

**15.** Plaintiff respectfully directs the attention of the Court that, this meeting was nothing but a "staged theatre" as Mr. Zar Atalig On June 28, 2001 (3 days prior to the meeting) had requested plaintiff's final pay check Defendants' production of documents (000225) **EXHIBIT K**.

**16.** It is not plaintiff that has produced these documents Rather, it is the defendant through its own production of documents that has produced documents to discredit and unworthy of believe their own case. This single piece of document (000225) critical pivoting point under FRCP rule (56), Genuine issue of facts, upsetting indeed, indicates ill will, malice, and recklessness with no regards to plaintiffs' rights to adequate fair hearing to clear his name.

**17.**   Defendant   in   their   official   capacity   has   violated plaintiff's   right   protected   by   the   Equal   Protection   Clause   of the   Fifth   and   Fourteenth   Amendment   and   by   **42   U.S.C.   SEC   2000e-2 (703)(2)(D)**.   Consequently,   plaintiff   prays   for   partial   summary judgment.

### UNLAWFUL EMPLOYMENT PRACTICES.

### 42 U.S.C. SEC 2000e-2 (703)(2)(D)

Nothing in this Subsection shall be construed to authorize or permit the  denial  to any person of the  due  process of law requires by the constitution.   **EXHIBIT L**

**18.**   Noted   that   Defendant   is   making   this   change   on   October 30,   2001.   (4   months   after   termination).   Defendants'   production of   document   (000254)   **EXHIBIT M**

**19.**  Plaintiff  also  fully  covered  this  defense  of  defendants as  Plaintiff  requested  from  his  Co-worker  to  bring  out  similar situation  sick  calls  from  the  same  classification  as  plaintiff of  different  race  and  nationality.

**A.**  On  April  03,  2002   Tony.  R.    Calls  Roger.    (non  Supv).
**EXHIBIT N.**

**B.**  On  April  14   2002   Junior.  M.  Calls  Victor.  (non  Supv).
**EXHIBITS O.**

**C.**  On  April  27,  2002   Marlon   R.  Calls  Fabian.  (non  Supv).
**EXHIBITS P.**

**20.** These above employees did call non-supervisors and did not receive any authorization from supervisor prior to their absences of not coming to work, and Ashtiani among all the employees of CMI needs authorization from supervisor for his absences.

**21.** Mr. Vince Diaz's statement " 2 Employees were hired as A&P'S after H. Ashtiani's termination." A&P's(Airframe & power plant) Mechanic. **EXHIBIT Q**

**22.** Mr. Ron Roberts in reference to racial remark post 9/11. **EXHIBIT R.**

**23.** June 14, 2002 letter from EEOC investigator to Continental Airlines, requesting statistical data. **EXHIBIT S** Defendants' production of document 001032.

**24.** June 18, 2002 Intentional delay to accomplish July 3,2001 as pivoting of response to EEOC. **EXHIBIT T** Noted that Jul 03, 2001 was the date of termination letter. Defendants' production of document 001034.

**25.** July 10, 2002 defendants concealed crucial information, and statistical data in reference to number of terminated employees, all minorities, by shifting months, and not responsive to EEOC requests of specific months in question. **EXHIBIT U** Defendants production of documents 001037. Defendants

alters the initial request of EEOC for June 1999 and submits modification made to 6 months ahead to January 1, 2000. **(Skipping 6 months)** Defendant withheld information in reference to statistical data to conceal the identity of Mr. Ali Mahdi which was released in <u>December 1999</u>. <u>African-American</u>, 44 years old, male also in the same respond to EEOC, defendant had already terminated Mr. Bruce Lee on or about June 6, 2001. <u>Chinese National,</u> also a minority in Plaintiff's Department, defendant does a touch and go with his name and never mentioned that he was also terminated.

**26.** Defendant On the same **EXHIBIT U** alters the ending period of statistics from June 2001 of EEOC , to fit their own to July 3, 2001, which its original motive of change of this date was generated on the letter dated June 18, 2002. previous **EXHIBIT T** More importantly, this had played an optical illusion to distract investigator's recollection in reference to (July 03). U.S. Federal Investigator had requested statistics between June 1999 to ending June 2001, no mention any where in his initial request **EXHIBIT S.** of ending period July 03 2001.

**27.** Defendant's bold legal strategy was a big risk between no cause finding and now intentional discrimination and intentional retaliation post 9/11. The defendants' actions were generated from Covering up statistical data.

**28.** May 14, 2001. I received a letter containing a request for Notice of Right to Sue, from EEOC, I was also asked to provide witnesses that you do not have to call supervisor when calling in sick.

**29.** During my review of my documents I notice Mr. Thompson had called in sick on Jun 19 , 2001 and his call was taken by Mr.Frank Taijeron non-supervisory position. **EXHIBIT V.**

**30.** I respectfully requested that if Mr. Thompson could assist me in this matter and call EEOC, he agreed.

**31.** During this period, I was told by my co-workers that supervisor and manager held a meeting in all shifts about a mechanic sexually harassing a gate agent.

**32.** It is worthy of note that a unwelcome and unpleasant physical contact with a female passenger service agent (name is kept confidential to not violate her expectation of private privacy rights) was conducted by an aircraft mechanic and that the gate agent had reported this incident to human resources department which at the time Mr. Dixon McKinzie was a director.

**33.** Noted, that Mr. McKinzie during this time was named a respondent to an EEOC Charge as well.

**34.** Few weeks later, EEOC stated to me that Mr. Thompson did not know my nationality and that I was Mexican and not Middle Eastern.

**35.** I was extremely confused, stressed and pressured by the outright lies. So I asked several mechanics if they knew anything about the motive of the lies. I was told by two mechanics the meeting about sexual harassment was held because Mr. Thompson was reported to HR.

**36.** Mr. Joe Pangelinan declaration about Mr. Thompson knowledge about my nationality and misleading the investigator. **EXHIBIT W .**

**37.** Mr. Therrell statement about Mr. Thompson knowledge about my nationality and that he was forced with a hidden motive behind it. **EXHIBIT X**

**38.** I truly Do not know why the attorneys defending title VII told Mr. Thompson to lie about my nationality, what hurts me the most, this respected woman went to human resources for help and protection, Rather CMI violated her dignity, human rights because a back door room deal was made with Mr. Thompson so that

he can lie to EEOC investigator. This is outmost malice reckless outrageous, callus, misconduct of a corporation against women.

I declare under penalty of perjury that the forgoing is true and accurate to the best of my knowledge.

Further the affiant sayeth naught.

Executed this _2nd_ day of December 2003 at Hagatna Guam.


I sign this affidavit in reply to defendants' opposition to plaintiff's motion for partial summary Judgment.

_____

TONY H. ASHTIANI


**SUBSCIBED AND SWARN TO BEFORE ME** On This _2nd_ day of December 2003 at Hagatna, Guam U.S.A. by Tony H. Ashtiani



BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932



# A TTENDANCE POLICY

Regular attendance and punctuality are essential factors in insuring the personal success of each Employee, the success of the Department to which we are assigned and the successful achievement of Continental Micronesia's Corporate Goals. Excessive absenteeism and lateness places an unfair burden on our fellow Employees and has a profound adverse effect on our ability to achieve our personal success and the continued success of Continental Micronesia. This attendance program is designed to assist each Employee by setting forth a standard for acceptable attendance so each Employee knows what is expected of them. It is also designed to assist our Management team in monitoring and managing Employee attendance and punctuality in a fair and consistent manner.

Eight (8) incidents within a twelve month period is normally considered to be excessive and can subject the Employee to serious disciplinary action.

## A.  *D*EFINITIONS

1.   **ACCOUNTABLE ABSENCES** are defined as an instance when an Employee is absent from work (a) due to sickness involving the Employee or his/her spouse or dependent child, (b) is late reporting for duty of more than 5 minutes, (c) is unable to report with prior notice to supervisor, (d) fails to report (no show) without prior notification to supervisor, and (e) departs early without authorization.

2.   **NO SHOW** is the most serious type of absenteeism. When an Employee fails to show for work, it creates a hardship on the operation and other Employees. More than one incident of no show may result in an acceleration of discipline. Two (2) consecutive days (or duty assignments) absence from duty without notification may result in discipline that does not exclude termination.

3.   **SICK** is an incident due to the illness of the Employee or his/her spouse or dependent child. Absence due to sickness is considered one incident even if it extends for consecutive days. The Employee must notify his/her supervisor in advance of each shift or duty assignment unless a doctor has prescribed a certain number of days free from work and the supervisor has been provided this information.

4.   **LATE REPORT** – An employee is considered late for disciplinary purposes if he/she reports for work more than 5 minutes late. Three incidents of reporting five or less minutes late within a six month period will trigger the issuance of one Late incident to the Employee's attendance record and will disqualify the Employee from participation in the ATTENDANCE INCENTIVE AWARDS PROGRAM.

5.   **PATTERNS AND TRENDS OF ABSENCE** – An Employee's attendance record will be reviewed to determine attendance patterns and trends. Patterns and trends may include absenteeism consistently falling in conjunction with an Employee's scheduled days off, scheduled vacation, holidays, surrounding day trade off, or when absenteeism frequently occurs on the same days of the month. In some cases, the attendance guidelines may be accelerated to promote attendance improvement by the Employee.



## ARTICLE 18

### ABSENCE FROM DUTY

A.   Unless otherwise provided by special departmental bulletin, an employee hereunder who is prevented from reporting for duty shall notify the supervisor on duty prior to the start of his shift and shall give the reason for his inability to report for duty. Such notification shall be necessary only once in any continuous period of absence providing that the employee has notified his immediate supervisor of the approximate duration of his absence and the date on which he will return to work.



B.   An employee hereunder shall not be absent from duty without prior permission in writing, except for sickness, injury, or other cause beyond the control of the employee.

    1.   An employee may be discharged for cause if he is absent from work for two (2) consecutive days without notifying the Company of the reason for his absence. However, he shall not be discharged if a satisfactory reason is given for not notifying the Company.

    2.   It is the employee's responsibility to initiate the Absence from Duty report and submit to his immediate supervisor for processing on each absence from duty for any cause whatsoever. Such report should be submitted prior to the employee taking any scheduled time off. However, it must be submitted prior to the employee returning to his first scheduled shift. The only exceptions to the prior approval are occupational injury or sickness. All other items listed in Article 9, Paragraph D must have prior approval or he will not receive any pay for such absence until such document is submitted regardless of other provisions of this Agreement.

C.   When it is necessary for an employee to be absent from duty because of death in his immediate family (wife, husband, child, mother, father, sister, brother, grandparents of employee, his mother-in-law or his father-in-law, grandchildren and dependents living in the employee's household), he shall have four (4) twenty-four (24) hour work periods to be taken within ten (10) twenty-four (24) hour periods starting from the time of death, during which he will not be required to report for duty and shall not suffer any loss of his base pay. **If the above defined death in the immediate family occurs, the employee taking such time off will be allowed at that time up to and including a maximum of forty (40) hours of unused vacation days or earned unused sick leave in conjunction with the above referenced four (4) days bereavement time. Such use of sick time will not count for attendance/disciplinary purposes.**

42

# Continental Micronesia



(21)

To:       Hamid (Tony) Ashtiani

From:      William A. Herrera

Subject:    Disciplinary Action

Date:       July 3, 2001

At the end of our discussion on June 26, 2001 with Prudencio Aguilo and IBT Representative, Mike Pablo present, you were advised that you would be contacted for a meeting on Monday. I had also advised you to contact me by Tuesday, 1600 if you had not heard from me. The meeting was scheduled to discuss your no-call/no-show of your shifts of June 23 and 24, 2001.

After numerous attempts, starting with my e-mail sent on June 27 to the address you had provided and also voice messages left on the answering machine associated with telephone number 653-5575, we have been unable to set a formal meeting date. Because of the faxed received at 1701 on July 3, 2001 it is apparent that you don't want to meet to complete this investigation. With the information that I have available and based on no reasonable explanation for not securing authorization for your absences on June 23 and 24, 2001 I have made the decision to terminate your employment with Continental Micronesia effective July 3, 2001.

Because your refusal to meet and discuss this situation any further, it is with regret that I am reduced to sending this certified letter concerning your status with Continental Micronesia. Your final paycheck is available and may be retrieved from the Human Resources department by contacting Robbi Crisostomo, 642-8727 or Teresa Sage, 642-8852.

Should you elect to appeal this termination, you may do so in accordance with Article 24 of the current bargaining agreement between Continental Micronesia, Inc. and The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

William A. Herrera

Cc:     Baltazar Atalig
        Employee Relations
        Union Representative
        P-file

323

(21)

# DECLARATION

DECLARATION OF JOE . PANGELINAN.

I, Joe Pangelinan declare as follows:

My name is Joe Pangelinan, at my own will I testify that Tony Ashtiani did call on June 23, 2001 at approx. 1250 p.m. that Tony informed me he will not be in due to illness of his son and he would not be in on June 23 and 24 , 2001.

If you have any questions please contact me at Cell 687-2303. Hm. 789-1946.

If called as a witness, I would and could testify competently testify thereto to all facts within my personal knowledge except where stated upon information and belief. I further hereby declare that this declaration is executed under penalty of perjury at *AGANA* , Guam. on this *17* day of November 2003.

_JOSEPH M. PANGELINAN_

Printed Name

Signature

### CERTIFIED COPY

GUAM, U. S. A.,

On this 18th day of November, 2003, I certify that the preceding or attached documents and the duplicate retained by me as a notarial record, are true, exact, copies of "DECLARATION OF JOE PANGELINAN", presented to me by the document's custodian TONY H. ASHTIANI, held in my custody as a notarial record, and that, to the best of my knowledge, are either public records nor publicly recordable documents, certified copies of which are available from an official source other than a notary.

BENJAMIN S. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2006
P. O. Box 821, Hagatna, Guam 96932

# DECLARATION

## DECLARATION OF JOE . PANGELINAN.

I, Joe Pangelinan declare as follows:

In addition to previous declaration, I had informed Mr. Mendoza that duty supervisor on duty that Tony Ashtiani would not be in on Jun 23 & 24 2001 at approx 1300, shift starts at 1330.

In reference to Mr. Sherman Thompson's statement everyone in the dept knew Tony Ashtiani was of Iranian descent on several occasion Mr. Sherman Thompson would talk Politics about Iran with Tony Ashtiani. Sherman Thompson on different occasions would refer to Tony Ashtiani as his "Persian Brother" or "Iranian Brother." Sherman Thompson is misleading the investigator on Tony Ashtiani knowledge of his nationality.

My personal view on the situation is Mr. Tony Ashtiani is a very respectable and knowledgeable individual in our dept. Please consider his case.

If called as a witness, I would and could testify competently testify thereto to all facts within my personal knowledge except where stated upon information and belief. I further hereby declare that this declaration is executed under penalty of perjury at _AGANA_ , Guam. on this __17__ day of November 2003.

_JOSEPH M. PANGELINAN._
Printed Name

_Signature_

**CERTIFIED COPY**

GUAM, U. S. A.,

On this 18th day of November, 2003, I certify that the preceding or attached documents and the duplicate retained by me as a notarial record, are true, exact, copies of "DECLARATION OF JOE PANGELINAN", presented to me by the document's custodian TONY H. ASHTIANI, held in my custody as a notarial record, and that, to the best of my knowledge, are either public records nor publicly recordable documents, certified copies of which are available from an official source other than a notary.

BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932

| | |
|---|---|
| **From:** | Mendoza, Glenn R |
| **Sent:** | Saturday, June 23, 2001 16:38 |
| **To:** | Babauta, Benjamin C; Herrera, William A |
| **Cc:** | Atalig, Baltazar |

TO DAYS/SWINGS 23JUN01
201- NLG DIP CW BY DAYS. AC TO DO 973. NO PLA.

227- GOOD TA AC. PUT LITE BULBS 4551 FOR MNL MX. IT'S IN THE COCKPIT. NO PLA.

228- SCK WIP, NO PLA. ONE DIP FOR NO1 ENG NO8 BLADE SLOT CONVEX TE SIDE  WITHIN LIMITS, NEED TO DO INSP PER ECRA 7221-0164. SPN PLA NO1 ENG HIGH STAGE BLEED, SWINGS WIP.

232- GOOD DISP, CHECKING ON AOG FOR INFO FOR SHIPPING ON PANEL 29-5221-3-0024 DUE IN 03JUL PER AOG ROBERT..

235- COMING IN AT 2255. WILL TRY AND MEET TO PUT OIL. NO PLA.

236- GOOD DISP.

   GOOD TA AC. NO PLA.

246- SCK WIP, NO PLA.

249- SWAPPED WITH 250, SENT SCK-3 PAPERWORK AND PARTS TO SPN TO CW.

250- SWINGS WIP FOR CONDUIT DIP, SCK WIP. ETR 0200 24JUN.

063- CAME IN WITH COFFEE AND OVEN INOP CW, DID NOT WORK CARGO DUE RAMP LOADING.

083- SCK WIP, WORKING PLA AT THIS TIME. FAULT ISO PANEL, A/C DOOR OIL, FWD CARGO LOADING SYS INOP.

PLS SEE IDI FOR EA FOR OXY GEN INSP.

BILL, TONY DID NOT SHOW UP FOR ANY OF HIS DAYS, HE DID TALK TO JOE P. ABOUT SOME MEETING YOU AND HIM ARE TO ATTEND ON MONDAY. SEE NOTE IN YOUR MAILBOX. ALSO RYAN G. HAS BEEN SICK THIS WHOLE WEEK. HE CALLED ME ON FRIDAY AND SAID HE WAS GOING TO SEE A DOCTOR THAT DAY, I TOLD HIM TO MAKE SURE HE HAD A DOC. NOTE. I DID OFFER FMLA BUT HE DECLINED.

PER MARTY EA FOR OXY GEN INSP MY BE DONE IF YOU FEEL YOU HAVE THE TIME AND MANPWR. IF NOT HE CAN HAVE IT DONE AT BCK, NO BIG RUSH ON THIS. PER MARTY.

ZAR, I WOULD LIKE TO TAKE ONE WEEK VAC STARTING 12-15JUL, THIS IS THE WEEK I MOVED IN MAY DUE TO BILL WAS ALSO ON VAC.

F

**000931**

1

# DECLARATION

## DECLARATION OF RON ROBERTS .

I, Ron Roberts declare as follows:

During the month of December on or about 11th, 2001. I Ronald Roberts went to Mr. Jim Hammer's office to talk to him about man power. Because of the recent layoff of Aircraft Mechanics when I asked Mr. Hammer about bringing back Mr. Wong (Ed), because we were told, by Mr. John Carbullido who took a year leave of absents. John was told by Mr. Hammer he was recalling Ed Wong. But this was only to keep John Happy until he left. Mr. Hammer had no intentions of bring anyone back, In fact, Mr. Hammer had told me we were still 6 people over-manpower. So I asked Mr. Hammer about Tony Ashtiani who I feel was wrongfully released from the Company because of two supervisor's not communicating with each other. I was told by one supervisor Bill Herrera "If Glenn would of told me Tony Called in all this would not be happening."

Mr. Hammer told me that after the recent event of 9-11 "That Tony Ashtiani would never work around these aircraft again if he could do anything about it because he could not trust people like Mr. Ashtiani." End of statement.

If called as a witness, I would and could testify competently testify thereto to all facts within my personal knowledge except where stated upon information and belief. I further hereby declare that this declaration is executed under penalty of perjury at YIGO       , Guam. on this 20th day of November 2003.


_RON  ROBERTS_

Printed  Name

Signature

### CERTIFIED COPY

GUAM, U. S. A.,

On this 26th day aof November, 2003, I certify that the proceding or attached document, and the duplicate retained by me as a notarial record, are true, exact,  stated portion of "DECLARATION OF RON ROBERTS", presented to me by the document's custodian TONI H. ASHTIANI, held in my custody as a notarial record, and that, to the best of my knowledge, are either public records nor publicly recordable documents, certified copies of which are available from an official source other than a notary.

BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932

G

## DECLARATION

**DECLARATION OF MARK E. WILLIAMS**

I, Mark E. Williams, declare as follows:

On ~~June~~ JULY 2, 2001 at approximately 10:30 a.m., Guam time, I contacted Ms. Teresa Sage of the Continental Airlines Human Resources Office by phone and advised her of this office's representation of Mr. Tony Ashtiani, and requested information regarding the subject matter of the pending hearing or conference between the Management of Continental Airlines and Mr. Ashtiani involving Mr. Ashtiani's disciplinary action, and his related appeal/grievance of such action. I further requested information necessary for the preparation of Mr. Astiani and this office for such conference or hearing. However, Ms. Sage refused to provide any such requested information or to acknowledge this office's representation of Mr. Ashtiani. Instead, Ms. Sage directed me to contact Continental's legal office in Houston, which we were unable to do by phone as the office in Houston was apparently closed at that hour.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and that if called as a witness, I could testify competently thereto. I further hereby declare that this declaration is executed under penalty of perjury at _Hagatna Guam_ on _3/20/02_.

_____
{Date}

_MARK E. WILLIAMS_                _Signature_
**Printed Name**                       **Signature**

### CERTIFIED COPY

GUAM, U. S. A.,

On this 3rd day of December, 2003, I certify that the preceding or attached document, and the duplicate retained by me as a notarial record, are true, exact, stated portion of "DECLARATION OF MARK E. WILLIAMS" presented to me by the document's custodian TONY H. ASHTIANI, held in my custody as a notarial record, and that, to the best of my knowledge, are either public records nor publicly recordable documents, certified copies of which are available from an official source other than a notary.

BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96982

313.

July 01, 2001

**TONY ASHTIANI**

P.O. BOX 12723
TAMUNING, GUAM  96931
CELL: 671- 688-4844
CELL: 671- 687-8182
TEL  : 671- 653-8008
FAX  : 671- 653-5575
(e-mail) ashtiani@ite.net

TO :   Ms .TERESA SAGE
       HUMAN RESOURCES DEPT.
       LABOR RELATIONS

RE:    MEETING

PLEASE BE ADVISE AS PER THE AGREEMENT BETWEEN CMI AND IBT , ARTICLE 24 ITEM F. LETTER VIA CERTIFIED MAIL WHICH WOULD INCLUDE THE FOLLOWING INFORMATION.

1) THE CONTENTS OF THE MEETING?
2) THE NUMBERS OF PERSONS WHICH WILL ATTEND (CMI)?
3) WHO WILL BE ATTENDING THIS MEETING (PROVIDE LIST OF NAMES)?
4) WHICH  ARTICLES WILL BE DISCUSSED?
5) WHICH STEPS OF ARTICLE 24 WILL BE DISCUSSED?

SINCE THIS MEETING HAS DIRECT EFFECT ON ME I AM ENTITLED TO SUCH BASIC ANSWERS ALSO PROPER AND ADEQUATE TIME TO PREPARE.

YOUR COOPERATION IN THIS MATTER IS KINDLY APPRECIATED .

SINCERELY YOURS

JUI/02/01
11:05 AM

RECEIVED
7/2/01
JS 11:12 Am

**000928**

## Sage, Teresa

| | |
|---|---|
| **From:** | Sage, Teresa |
| **Sent:** | Monday, July 02, 2001 4:11 PM |
| **To:** | 'ashtiani@ite.net' |
| **Subject:** | Meeting |
| **Importance:** | High |

Tony,

I have received your letter. As a matter of fact, Bill Herrera has been trying to reach you to confirm the meeting that was scheduled for 1600 today. I understand he e-mailed you last week when he set it up. With regard to the information you refer to in your letter, I'm afraid you have misunderstood the contract. We welcome the chance to clarify during the meeting with you.

You need to contact Bill or one of the Tech Ops supervisors or Zar as soon as possible.

*Regards,*
*Teresa Sage*
tsage@csair.com
Employee Relations
(671) 642-8852 - *Office*
(671) 649-5006 - *Fax (private)*
(671) 720-8202 - *Pager*
*Co mail:* GUMHR

Ĵ

**000929**

1



# Continental Micronesia

**INTER-DEPARTMENTAL MEMORANDUM**
June 28, 2001

TO:      Beatriz A. Camacho,
            Payroll Department

FROM:   Adrienne B. Cruz

SUBJECT:  Final Paycheck – Tony Ashtiani

---

Enclosed is the Hours Summary, and Punch Detail Report for the aforementioned subject. Should you have any inquiries or require additional information, please do not hesitate to contact me.

Please be advised that this memorandum is countersigned and approved by our Manager.

K

_____

BALTAZAR ATALIG, Manager - Aircraft Maintenance

From the desk of:
*Adrienne B. Cruz*
**Administrative Specialist**
Phone:  [671] 642-8904
Fax:     [671] 649-5248
E-mail:  acruz@csair.com
Boardmail:    GUMMX

**000225**

(i) by a person who, prior to the entry of the judgment or order described in subparagraph (A), had—

(I) actual notice of the proposed judgment or order sufficient to apprise such person that such judgment or order might adversely affect the interests and legal rights of such person and that an opportunity was available to present objections to such judgment or order by a future date certain; and

(II) a reasonable opportunity to present objections to such judgment or order; or

(ii) by a person whose interests were adequately represented by another person who had previously challenged the judgment or order on the same legal grounds and with a similar factual situation, unless there has been an intervening change in law or fact.

(2) Nothing in this subsection shall be construed to—

(A) alter the standards for intervention under rule 24 of the Federal Rules of Civil Procedure or apply to the rights of parties who have successfully intervened pursuant to such rule in the proceeding in which the parties intervened;

(B) apply to the rights of parties to the action in which a litigated or consent judgment or order was entered, or of members of a class represented or sought to be represented in such action, or of members of a group on whose behalf relief was sought in such action by the Federal Government;

(C) prevent challenges to a litigated or consent judgment or order on the ground that such judgment or order was obtained through collusion or fraud, or is transparently invalid or was entered by a court lacking subject matter jurisdiction; or

(D) authorize or permit the denial to any person of the due process of law required by the Constitution.

(3) Any action not precluded under this subsection that challenges an employment consent judgment or order described in paragraph (1) shall be brought in the court, and if possible before the judge, that entered such judgment or order. Nothing in this subsection shall preclude a transfer of such action pursuant to section 1404 of title 28, United States Code.


OTHER UNLAWFUL EMPLOYMENT PRACTICES

SEC. 2000e-3. [Section 704]

(a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labormanagement committee controlling apprenticeship or other training or retraining, including onthejob training programs, to discriminate against any

# Continental Micronesia

**FORM: P-138CM**
**I&E#: 00-0703-3-1415**
**REV: 02/95**

**Employee Number:** 05963

## ABSENCE FROM DUTY REPORT

**Date Prepared:** 10/30/01

**INSTRUCTIONS**

1. SICK LEAVE: Immediately upon return to work or at the end of each pay period whichever first occurs.
2. OCCUPATIONAL INJURY LEAVE: Immediately when injury necessitates absence from duty.
3. VACATION: Prior to the start of the vacation period; OR when a paycheck is desired before the start of the vacation period, this form must be received in Payroll FOURTEEN (14) CALENDAR days prior to the date the check is desired.
4. OTHER: Immediately upon return to work or at the end of each pay period whichever first occurs.

Distribution: White copy - Payroll • Yellow copy - Division Head File • Pink copy - Supervisor File • Gold copy - Employee

---

**SICK LEAVE**

(Attach Doctor's Certificate When Requesting)

I, _____ , employed at _____ and _____
PRINT NAME                                              WORK LOCATION          /        COST CENTER

Employee Number_____ , hereby certify that I was absent due to sickness for the period of the time indicated below and that I was unable during such period to perform my regularly assigned duties.

DATE OF ABSENCE_____ TOTAL HOURS   **000254**

BRIEF DESCRIPTION, NATURE OF ABSENCE _____

Signature of Employee _____ ACKNOWLEDGED _____
                                                                              SUPERVISOR                    DATE

CIRCLE REGULAR DAYS OFF:   S   M   T   W   T   F   S

---

**OCCUPATIONAL INJURY LEAVE**

(Attach Doctor's Certificate When Requesting)

I, _____ , employed at _____ and _____
PRINT NAME                                              WORK LOCATION          /        COST CENTER

Employee Number_____ , hereby certify that I was absent due to sickness for the period of the time indicated below and that I was unable during such period to perform my regularly assigned duties.

DATE OF ABSENCE_____ TOTAL HOURS _____

Signature of Employee _____ ACKNOWLEDGED _____
                                                                              SUPERVISOR                    DATE

CIRCLE REGULAR DAYS OFF:   S   M   T   W   T   F   S

---

**VACATION**

I, _____ , employed at _____ and _____
PRINT NAME                                              WORK LOCATION          /        COST CENTER

Employee Number_____ , hereby certify that I will be on vacation in accordance with my approved vacation schedule for the period of time indicated below.

VACATION (HOURS) _____

DEFERRED HOLIDAYS (HOURS) _____

DATES OF VACATION (FROM) _____ (TO) _____ TOTAL HOURS _____

MY PAYCHECK TO BE ISSUED ON _____ is herewith requested for _____
                                               ( DATE )                                                      ( DATE )

Signature of Employee _____ ACKNOWLEDGED _____
                                                                              SUPERVISOR                    DATE

CIRCLE REGULAR DAYS OFF:   S   M   T   W   T   F   S

---

**OTHER**

(Personal Business, Authorized Leave, Jury Service, etc.)

I, *Tony Astiani* , employed at *GUMMX* and _____
PRINT NAME                                              WORK LOCATION          /        COST CENTER

Employee Number *05963* , hereby certify that I will be on vacation in accordance with my approved vacation schedule for the period of time indicted below.

DATE OF ABSENCE *Jun 23-24, 2001* TOTAL HOURS *20*

REASON FOR ABSENCE *No Show*

If because of death in the immediate family, what relation to the employee? _____

Signature of Employee *For Employee* ACKNOWLEDGED _____  *10/30/01*
                                                                              SUPERVISOR                    DATE

CIRCLE REGULAR DAYS OFF:   S   M   T   (W)  (T)  (F)  S

Distribution: White copy - Payroll • Yellow copy - Division Head File • Pink copy - Supervisor File • Gold copy - Employee

M

FORM: 40.0061CM
DATE: 04-01-01
M&E: 00-0703-3-1309

Continental Micronesia 

## TECHNICAL SERVICES DIVISION
### SHIFT LOG

| SUPERVISOR SIGNATURE: | DATE: 4/24/02 | SHIFT: SWING | STATION: Gum |
|---|---|---|---|

### PERSONNEL ABSENCES

| EMPLOYEE | TIME CALLED | TAKEN BY | REASON |
|---|---|---|---|
| Tony R. | 1228 | Roger | Sick |
| | | | |
| | | | |
| | | | |

| ACFT | TIME | SHIFT NOTES |
|---|---|---|

HEADS UP GROUND → RUBR STRUCTURE INSTR T-952/03
SEAT 5-7 DCFR plus 5 SMALL MISC 02

CLEANER FTR T-900 N-236 (DOS) FAK-3

RESR √ MEL BOOK ONBOARD AIRCRAFT FOR POSSIBLE
ATA CHAPTER — 32, 33, 34 + 38 MISSING.
INSPECTED A/C AS FOLLOWS:
N-240 — OK    N-246 — OK    N-227 — OK
N-236 — OK    N-228 — OK    N-235 — OK
N-201 — OK    N-249 — OK
N-250 — OPEN
N-228 — OPEN

2-EA CDL NON-ROUTINE ON N-250 AS FOLLOWS
① RH SIDE KRUEGER FLAP 3 + 4 SEALS TORN
② LH SIDE FLAP SEALS 1 + 2 TORN KRUEGER

| 058 | 9 | SV = DONE    O/R = θ    PLA = θ |
|---|---|---|
| MIKE/JOST OK | | OIL = θ    FUP = θ    BOR = θ |
| | | N/R = θ    LAV SHROUDS = DONE |

| 229 | 18 | SV = DONE    P/R = OPEN    PLA = θ |
|---|---|---|
| CHRIS/VIC | | OIL = ADDED    FUP = θ    BOR = θ |
| TONY D. | | HF MOD =            N/R = |
| | | LAV SHROUDS = REMOVED |
| | | RSTR # 4 TIRE CHANGE DUE WORN = DONE |

| 052 | 8 | SV = DONE    P/R = θ    PLA = θ |
|---|---|---|
| DAVID/GEORGE OK | | OIL = θ    FUP = θ    BOR = θ |

### DELAYS:

| A/C | STA | CODE | MIN | TRIP | NOTIFIED | | TIME | GROUNDED AIRCRAFT – REASON |
|---|---|---|---|---|---|---|---|---|
| 240 | GUM | 33 | 10 | 943 | | A/C | N-232 | VB-1    A-36 √ |
| | | | | | | GAS FED | | |

Case 1:02-cv-00032    Document 130    Filed 12/05/2003    Page 24 of 35

FORM: 40.0061CM
DATE: 04-01-01
M&E: 00-0703-3-1309

**Continental Micronesia**

O

## TECHNICAL SERVICES DIVISION
### SHIFT LOG

| | | | |
|---|---|---|---|
| SUPERVISOR SIGNATURE: *P Cyente* | DATE: 4/14/02 | SHIFT: GRAVES | STATION: GUM |

### PERSONNEL ABSENCES

| EMPLOYEE | TIME CALLED | TAKEN BY | REASON |
|---|---|---|---|
| J. Martino | 0513 | V. Saclof | Sick - Flu |
| | | | |
| | | | |
| | | | |
| | | | |

| ACFT | TIME | SHIFT NOTES |
|---|---|---|
| 236 | | 20 SV — C/W |
| | | MX RON — open |
| | | NAV DB — C/W |
| | | NonRoutines = 2 |
| | JOB BOX | 1.) #3 ? #4 LE KRUGER FLAP SPN Wise Seals |
| | | 2.) #2 ENG COWLING VORTEX DEVICE |
| 246 | | 20 SV — C/W   PLA - 1 |
| | | PLA - Video Syst INOP < Controller coming |
| | | in on trip-1 > |
| | | NAV - DB — C/W |
| | | Move to Gate 13 — |
| | | * Swapped out w/ A/c 228 |
| 227 | | 21 SV - C/W  PR - 0   PLA - 2  OIL - 1 |
| | | OIL - Door Stoppers |
| | | PLA - Kruger flip seals |
| | | |
| | | |
| 249 | | 15 SV 3 —   PLA - 0   OIL - 0  PR - 0 |
| | | Tire chg — |
| | | NAV DB — |
| | | 2-dents INBD LWR Thlg EDGE FLAP — C/W |
| | | TRNBKL — |
| | | 11 NR |
| INFO | — | MUST offer out PLT for 902/903 CNS @ 1830 |
| | | Jr. Martinez Called in Sick. cannot make |
| | | flight |

| DELAYS: | | | | | | TIME | GROUNDED AIRCRAFT – REASON |
|---|---|---|---|---|---|---|---|
| A/C | STA | CODE | MIN | TRIP | NOTIFIED | A/C | |
| | | | | | | | |
| | | | | | | | |



Continental Micronesia

# TECHNICAL SERVICES DIVISION
## SHIFT LOG

SUPERVISOR SIGNATURE: _____  DATE: 4-28-02  SHIFT: GRAVEYARD  STATION: GUM

### PERSONNEL ABSENCES

| EMPLOYEE | TIME CALLED | TAKEN BY | REASON |
|---|---|---|---|
| Marlou | 7:35 | Fabian | Sick |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| ACFT | TIME | SHIFT NOTES |
|---|---|---|
| 236 | 0110-TERM | G-21  SC-OPEN  PR-∅  PLA-∅  OIL-∅ |
|  |  | * APU AUTO SHUTDOWN : STARTER GEN FILTER CLOGGED-OPEN |
|  |  | * STAB TRIM MOTOR R+R - OPEN |
|  |  | * ENG OIL SERVICE - C/W |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| 246 | 0100-TERM | G-20  SC-C/W  PR-∅  PLA-∅  OIL-∅ |
|  |  | * DIP-#2 ENG EEC FAULT, NEED TO CHANGE VBV-OPEN |
|  |  | * FUP-DROP DEAD : RIGHT PRIMARY HEAT EXCHANGER-∅ C/W |
|  |  |  |
|  |  |  |
|  |  |  |
| 240 | 0440-TERM | G-13  SC-OPEN  PR-∅  PLA-∅  OIL-∅ |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

DELAYS:

| A/C | STA | CODE | MIN | TRIP | NOTIFIED | TIME A/C | GROUNDED AIRCRAFT – REASON |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

MAY 29, 2002

TO WHOM IT MAY CONCERN:

I, VINCE DIAZ, MAKE THE FOLLOWING STATEMENTS:

THAT,

1. EMPLOYEES, OTHER THAN SUPERVISORS, IN THE MX DEPT. TOOK SICK CALL MESSAGES FROM OTHER EMPLOYEES . . .

2. THESE MESSAGES WERE EITHER NOTED IN THE SHIFT TURNOVER LOG, ON THE MESSAGE BOARD OR PASSED ON VERBALLY TO THE SUPERVISOR ON DUTY . . .

3. THIS PRACTICE IS NO LONGER USED AT WORK . . .

4. 2 EMPLOYEES WERE HIRED AS A & P's AFTER H. ASHTIANI'S TERMINATION, DENNIS FLORES & RICK CRUZ . . .

CERTIFIED COPY

GUAM, U. S. A.,

On this 3rd day of December, 2003,
I certify that the preceding or attached
document, and the duplicate retained by me
as a notarial record, are true, exact, stated
portion of "VINCE DIAZ STATEMENT", presented to me
by the document's custodian TONY H. ASHTIANI,
held in my custody as a notarial record, and that, to the best of
my knowledge, are either public records nor publicly
recordable documents, certified copies of which are
available from an official source other than a notary.

VINCE DIAZ

734-1383

Benjamin G. Galarpe

BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2006
P. O. Box 821, Hagatna, Guam 96982

345

# DECLARATION

## DECLARATION OF RON ROBERTS .

I, Ron Roberts declare as follows:

During the month of December on or about 11th, 2001. I Ronald Roberts went to Mr. Jim Hammer's office to talk to him about man power. Because of the recent layoff of Aircraft Mechanics when I asked Mr. Hammer about bringing back Mr. Wong (Ed), because we were told, by Mr. John Carbullido who took a year leave of absents. John was told by Mr. Hammer he was recalling Ed Wong. But this was only to keep John Happy until he left. Mr. Hammer had no intentions of bring anyone back, In fact, Mr. Hammer had told me we were still 6 people over-manpower. So I asked Mr. Hammer about Tony Ashtiani who I feel was wrongfully released from the Company because of two supervisor's not communicating with each other. I was told by one supervisor Bill Herrera "If Glenn would of told me Tony Called in all this would not be happening."

Mr. Hammer told me that after the recent event of 9-11 "That Tony Ashtiani would never work around these aircraft again if he could do anything about it because he could not trust people like Mr. Ashtiani." End of statement.

If called as a witness, I would and could testify competently testify thereto to all facts within my personal knowledge except where stated upon information and belief. I further hereby declare that this declaration is executed under penalty of perjury at YIGO_____, Guam. on this 20TH day of November 2003.


RON   ROBERTS

Printed Name                                           Signature

**CERTIFIED COPY**

GUAM, U. S. A.,

On this 26th day aof November, 2003, I certify that the proceding or attached document, and the duplicate retained by me as a notarial record, are true, exact, stated portion of "DECLARATION OF RON ROBERTS", presented to me by the document's custodian TONI H. ASHTIANI, held in my custody as a notarial record, and that, to the best of my knowledge, are either public records nor publicly recordable documents, certified copies of which are available from an official source other than a notary.

BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

June 14, 2002

<u>**Via US Mail and Fax**</u>

Continental Airlines, Inc.
Legal Department
ATTN: Louid Obdyde, Esq.
P.O. Box 4607
Mail Code HQSLG
Houston, Texas 77210

**RE: Tony Ashtiani v. Continental Micronesia, Inc.**
**EEOC Charge No.378-A2-000115**

Dear Obdyke,

In order to continue with the investigation, our office will need the following information.

1) Provide a list of all Respondent's aircraft mechanics who were no call/no show for two consecutive days between June 1999 to June 2001. Identify by

a. name
b. ethnic identity
c. date of hire
d. date(s) of no call/no show
e. date of discharge

2) Provide all relevant documentation for each employee's discharge. If the employee was not discharged, explain why.

Provide the requested informed by June 21, 2002. If you have any questions, contact me at 808-541-3721. Thank you.

Sincerely,

Raymond J. Griffin Jr.

Investigator

**001032**

# Continental Airlines



Continental Airlines, Inc.      Tel  713 324 5000
41st Floor  HQSLG              Fax 713 324 5161
1600 Smith Street
Houston TX 77002

June 18, 2002

VIA FACSIMILE: 808-541-3390

Mr. Raymond J. Griffin, Jr.
The Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd., Room 7-127
Honolulu, HI 96850

Re:     Tony H. Ashtiani, Charging Party
        Continental Micronesia, Inc., Respondent
        Charge No. 378A200115

Dear Mr. Griffin:

I am in receipt of your request for additional information dated June 14, 2002. I am unable to respond by June 21 due to the fact that the company's director of human resources is out of the office until June 24, and then I will be "on the road" until July 1, 2002. We will gather appropriate comparative information and will forward it on July 3, 2002.

Again, I look forward to working with you in order to assist in a closing this charge with a finding of no cause for discrimination.

Sincerely,

Louis K. Obdyke
Senior Attorney
(713) 324-2218



# Continental
# Airlines

Continental Airlines, Inc.     Tel  713 324 5000
41st Floor  HQSLG              Fax 713 324 5161
1600 Smith Street
Houston TX 77002

July 10, 2002

VIA FACSIMILE: 808-541-3390

Mr. Raymond J. Griffin, Jr.
The Equal Employment Opportunity Commission
Honolulu Local Office
300 Ala Moana Blvd., Room 7-127
Honolulu, HI 96850

> Re:  Tony H. Ashtiani, Charging Party
>      Continental Micronesia, Inc., Respondent
>      Charge No. 378A200115

Dear Mr. Griffin:

In response to your June 14 request for supplemental information, CMI advises that two maintenance employees other than Mr. Ashtiani were disciplined during the time period of January 1, 2000 to the date of Mr. Ashtiani's discharge, July 3, 2001, both occurred prior to Mr. Ashtiani's discharge. Other divisions within the company have additional disciplinary actions for No Call/No Show, but checks were made only within the maintenance (Tech Ops) department as that is where Mr. Ashtiani worked.

Mr. Bruce Lee, Chinese/American, was deemed a No Call/No Show in May 2000, but upon investigation and the employee's explanation (death in the family and qualified FMLA leave), Mr. Lee's disciplinary action was retracted. A second No Call/No Show involved a mechanic assigned to fly check flights for maintenance checks, Mr. Edwin Antonio, Asian-Filipino/American. Mr. Antonio failed to show-up for a scheduled check flight and failed to call in - he was issued a written warning based on no prior disciplinary action in his file, unlike Mr. Ashtiani's extensive disciplinary history. The Guam maintenance supervisors are checking for other possible No Call/No Show disciplinary actions, but since the company does not keep a "running log" for discipline, they must look at each individual personnel file - including all those discharged during the time period (files now in storage).

**001037**

IMANAGE 45258v1

CMI hopes this information supports its decision to terminate Mr. Ashtiani for reasons other than his national origin, or any other discriminatory reason, and that you will be able to find no cause for discrimination.

Sincerely,

Louis K. Obayke
Senior Attorney
(713) 324-2218

**001038**

**Continental Micronesia** 

# TECHNICAL SERVICES DIVISION

| SHIFT LOG | | | |
|---|---|---|---|
| SUPERVISOR SIGNATURE | DATE: 6/19/01 | SHIFT: SWINGS | STATION: GUM |

**PERSONNEL ABSENCES**

| EMPLOYEE | TIME CALLED | TAKEN BY | REASON |
|---|---|---|---|
| S. THOMPSON | @ 2100 | F. TAIJERON | SICK |
| | | | |
| | | | |
| | | | |
| | | | |

| ACFT | TIME | SHIFT NOTES |
|---|---|---|
| | INFO | T-985 N-228 Dly 18 min. CODE-31 DUE VERBAL FROM CREW #3 ENG GTC CONTROL LITE ON. PREVIOUSLY PLA. UPLOAD GTC SOFTWARE AND RSV GTC OK NOW - FAULT CODE CARRLED WAS 73-01042 |
| | INFO- | JOHN / JOE J. FTR T-900 N-201 (DPS) FAK-2 |
| | INFO- | EDWIN / HARLEY FTR T-985 N-228 (HKG) FAK-3 |
| 246 | 15 | A-13 ✓ CAS BY CREW HANDIG |
| 232 | 15 | SV3 ✓        P/R=0        PIN=0 OIL=2        FUP=0        BOR=0 |
| 349 | 13 | SV=DONE        A/R=1 THE DONE        PLA=0 OIL=0        FUP=0        BOR=0 D/P- GTC FAULT= W.I.P CHANGING T/R-LUST TRNSKL INSP = DONE |
| 062 | 8 | SV= OPEN        P/R=1 1 OPEN        PIN=1 OIL=0        FUP=0        BOR=0 D/P- 4737 489 = WORK INPROGRESS |
| 082 | 9 | SV= DONE        P/R=0        PLA=3 WIP |

# DECLARATION

## DECLARATION OF JOE . PANGELINAN.

I, Joe Pangelinan declare as follows:

In addition to previous declaration, I had informed Mr. Mendoza that duty supervisor on duty that Tony Ashtiani would not be in on Jun 23 & 24 2001 at approx 1300, shift starts at 1330.

In reference to Mr. Sherman Thompson's statement everyone in the dept knew Tony Ashtiani was of Iranian descent on several occasion Mr. Sherman Thompson would talk Politics about Iran with Tony Ashtiani. Sherman Thompson on different occasions would refer to Tony Ashtiani as his "Persian Brother" or "Iranian Brother." Sherman Thompson is misleading the investigator on Tony Ashtiani knowledge of his nationality.

My personal view on the situation is Mr. Tony Ashtiani is a very respectable and knowledgeable individual in our dept. Please consider his case.

If called as a witness, I would and could testify competently testify thereto to all facts within my personal knowledge except where stated upon information and belief. I further hereby declare that this declaration is executed under penalty of perjury at AGANA , Guam. on this 17 day of November 2003.

_Joseph M. Pangelinan_
Printed Name

_Signature_

## CERTIFIED COPY

GUAM, U. S. A.,

On this 18th day of November, 2003, I certify that the preceding or attached documents and the duplicate retained by me as a notarial record, are true, exact, copies of "DECLARATION OF JOE PANGELINAN", presented to me by the document's custodian TONY H. ASHTIANI, held in my custody as a notarial record, and that, to the best of my knowledge, are either public records nor publicly recordable documents, certified copies of which are available from an official source other than a notary.

BENJAMIN G. GALARPE
NOTARY PUBLIC
In and for Guam, U.S.A
My Commission Expires: August 9, 2005
P. O. Box 821, Hagatna, Guam 96932

15 SEP 02

EEOC Director T. Piera

My Name Is Fabian Therrell. I'm
writing This Statement Of My
Own Free Will, I Have Been
Promised Nothing, I Have Nothing To
Gain or Loose.
I've Read The Statement Given
My Sherman Thompson. Its Full Of
Lies! Everyone In Guam Line
Maintenance Knows ~~Sherman~~ Tony Is From
Iran. This Includes Sherman.
He Would Call Tony The Iranian
Stallion or Persian Brother. Not A
Bad Thing But It Was Well Known.
Also, I've Work With Tony As Long
As Any one On Guam, And Tony Is
A Very Hard Worker, He Fixes Airplanes "
More Than I Have. I Believe
Sherman's Statement Was Forced, Or
There Was A Hidden Motive Behind It.

671 · 647 · 5387
Fabian 114 @ netpci.com
F. Therrell