ORIGINAL



CARLSMITH BALL LLP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA and CONTINENTAL AIRLINES, INC.,<br><br>Defendants. | CIVIL CASE NO. CIV02-00032<br><br>DEFENDANT CONTINENTAL MICRONESIA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S UNAUTHENTICATED EVIDENCE; DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE; <u>AND DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF TONY H. ASHTIANI AND ATTACHED EXHIBITS 1-55, FILED ON DECEMBER 19, 2003</u> |

I. **INTRODUCTION**

This pleading presents Defendant Continental Micronesia, Inc.'s position on its Motion to Strike Plaintiff Tony H. Ashtiani's Unauthenticated Evidence and its response to Ashtiani's Cross-Motion to Strike. Continental also argues that the Court should not consider the inappropriate and untimely Affidavit and accompanying exhibits filed by Ashtiani on December 19, 2003.

II. **GOVERNING STANDARDS FOR AFFIDAVITS UNDER RULE 56**

Federal Rule of Civil Procedure 56 requires that affidavits filed in support of and in

opposition to motions for summary judgment be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Section 1746 of Title 28 of the United States Code permits unsworn declarations subscribed under penalty of perjury to be used in place of sworn affidavits in federal proceedings. However, such declarations must comply with the requirements of section 1746, which provides that for declarations executed within the United States and its territories, such declarations must state: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

Some courts do not impose strict literal compliance with section 1746, although they do require language stating the declaration is being made "under penalty of perjury" and is "true." See Nissho-Iwai American Corp. v. Kline, 846 F.2d 1300 (5th Cir. 1988); Kersting v. United States, 865 F. Supp. 669, 676 (D. Haw. 1994); Matsuda v. Wada, 101 F. Supp. 2d 1315, 1322 (D. Haw. 1999).

III. **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHENTICATED EVIDENCE**

   A. INTRODUCTION

Ashtiani has not demonstrated that any of his exhibits or declarations are in conformance with federal statutes and rules governing the admissibility and authenticity of evidence. The Court should strike all inadmissible and unauthenticated evidence proferred by Ashtiani during the summary judgment proceedings, and critically analyze all remaining evidence as to whether they raise genuine issues of material fact on his causes of action.

   B. NEITHER THE COURT NOR CONTINENTAL OWES ANY OBLIGATION TO ASHTIANI TO EXPLAIN THE RULES OF CIVIL PROCEDURE

Under the law of the Ninth Circuit, neither the Court nor Continental owes any obligation to Ashtiani as a pro se plaintiff to explain the rules of civil procedure. Jacobsen v. Filler, 790 F.2d

1362 (9th Cir. 1985).

Ashtiani cites McNeal v. Macht, 763 F. Supp. 1458 (E.D. Wis. 1991), and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), for the proposition that he should have been given notice of evidentiary requirements. These cases do not support his position, nor does he deserve any such assistance from the Court or Continental. First, both cases were actions under 42 U.S.C. § 1983 brought by pro se inmate litigants. Indeed, Jacobsen recognizes that pro se inmate cases differ from regular pro se civil litigation because of the difficulties unrepresented inmates face in understanding the legal rules, and obtaining access to legal materials. See 790 F.2d at 1365, n.4 ("an inmate's choice of self-representation is less than voluntary"). Jacobsen expressly refuses to extend the same lenient standard to pro se litigants in normal civil disputes, and rejects the idea that courts "help one side to a lawsuit rather than another solely because of the status of their legal representation. Doing so necessarily implicates the court's impartiality and discriminates against opposing parties who do have counsel." Id. at 1365, n.7. Ashtiani deserves no leniency or assistance from the Court or opposing counsel by his failure to comply with the Federal Rules of Civil Procedure. He does not face the same handicaps as an inmate litigant,[1] and should not be afforded special treatment by way of allowing further affidavits or opportunities to correct his pleading deficiencies.

Moreover, Ashtiani cites McNeal for the proposition that the allegations in his Second Amended Complaint are transformed from "mere allegations" into "specific facts" sufficient to meet the requirements of an Affidavit. The complaint in McNeal was a form complaint for section 1983 inmate litigants which specifically stated that the complainant faces criminal prosecution for perjury should it be proved that he willfully or knowingly made material statements that were false. See

---

[1] Unlike an inmate litigant, Ashtiani has had full access to legal resources at the Territorial Law Library, and it is obvious that he utilizes those resources since he asks that he be served at the Library. Because he has the opportunity to seek assistance of counsel and to conduct his own research at the Library, the Court should not provide him any more leniency than a represented party, as Jacobsen directs.

763 F. Supp. at 1461. In this case, however, Ashtiani makes no such statement in his Second Amended Complaint. The allegations therein do not become magically transformed in specific facts sufficient to support his position in these summary judgment proceedings through an Affidavit, which attaches numerous exhibits for which he has not demonstrated any personal knowledge of, and for which no foundation has been laid.

### C. ASHTIANI'S PROFFERED "DECLARATIONS" STILL FAIL TO MEET THE STANDARD OF ADMISSIBILITY

Ashtiani incorrectly claims that under 28 U.S.C. § 1746, the Declarations of Vince Diaz, Joe Pangelinan, Ron Roberts and Mark Williams are admissible.

#### 1. Vince Diaz

As already noted, only until Ashtiani filed both an Affidavit and a Declaration of Vince Diaz on December 19, 2003, he only presented to the Court handwritten statements purportedly authored by Vince Diaz. See footnote 12, infra. As the Affidavit and Declaration have both been submitted untimely, see discussion, § V, infra, the Court must examine whether the handwritten statement is admissible. A review of the document reveals that not only is it unsworn, it is not made under penalty of perjury nor stated to be "true and correct." The handwritten statement is clearly inadmissible, containing no safeguard for trustworthiness.

#### 2. Joe Pangelinan

Ashtiani has submitted declarations by Joe Pangelinan stating that Ashtiani called Pangelinan, a co-worker and not a supervisor, to report his absence on June 23, 2001. Pangelinan's Declarations[2] are not in conformance with 28 U.S.C. § 1746, as they are not stated to be "true." They therefore remain inadmissible.

---

[2] See Plaintiff's Mot'n for Partial Summary Judgment (hereinafter "MPSJ"), Exs. B, C; Plaintiff's Opp'n to Defendant's Mot'n for Summary Judgment (hereinafter "Opp'n"), Exs. B, C; Plaintiff's Reply in Support of Mot'n for Summary Judgment (hereinafter "Reply"), Exs. D, E; Plaintiff's Aff. filed Dec. 5, 2003, Exs. D, E, W.

### 3. Ron Roberts

Ashtiani has provided handwritten and typed statements by Ron Roberts, both containing the same content of ambiguous statements that Ashtiani would never work at Continental again.[3] Not only do these statements have no relevance to the issues at hand and provide no direct or indirect evidence of discrimination, the handwritten statements are not made under penalty of perjury and stated to be "true and correct," and the typed statements are not stated to be "true and correct." They are both inadmissible.

### 4. Kathleen P. Sgambelluri

A review of Sgambelluri's "Declaration," filed November 28, 2003, which is not stated to be "true and correct," reveals Sgambelluri has absolutely no knowledge of the events pertinent to this case.

### 5. Mark Williams

Williams' Declaration has absolutely no relevance to the legal and factual issues in this case. The Declaration details a discussion with Teresa Sage pertaining to the meeting on July 2, 2001, between Ashtiani and Continental. This information has no relevance to any of Ashtiani's causes of action.

### 6. Fabian Therell and Steven Martinez

Ashtiani's Opposition fails to address the exhibits authored by Fabian Therrell[4] and Steve Martinez. The Court should nevertheless not consider these exhibits as they are complete hearsay, not made under penalty of perjury, or stated to be true, and unauthenticated.

### D. UNAUTHENTICATED EVIDENCE:

#### 1. Shift Logs

---

[3] For the handwritten statements, see MPSJ, Exs. E, N and Opp'n, Ex. E. For the typed statements, see Opp'n, Ex. N; Reply, Ex. G; and Plaintiff's Aff. filed Dec. 5, 2003, Exs. G, R.

[4] See Plaintiff's Aff. filed Nov. 28, 2003, Exs. G, H; and Plaintiff's Aff. filed Dec. 5, 2003, Ex. X.

Numerous other exhibits offered by Ashtiani remain unauthenticated. For example, Ashtiani produces shift logs that purportedly claim to prove that Continental practices a policy whereby mechanics need not call in their absences to supervisory personnel.[5] These logs are dated after Ashtiani left his employment at Continental, so he could not have had any personal knowledge of these documents. He fails to provide any affidavit from a person with personal knowledge of the documents to authenticate them and their contents. They remain unauthenticated and are clearly inadmissible.

Nor do the shift logs provide any assistance to Ashtiani in demonstrating that Continental's reasons for terminating him were pretextual. Ashtiani fails to dispute the fact that he failed to report for work for two consecutive days, and that under Continental and union attendance policies, he was subject to discipline including termination as a result.

### 2. Evidence Pertaining to Joby Okada

Ashtiani claims he was treated differently from Joby Okada, and presents evidence of Mr. Okada's absence from work.[6] Ashtiani was not Okada's supervisor, and has not established how he has any personal knowledge of Okada's situation, or whether the situations are similar at all. In addition, Ashtiani fails to authenticate the documents pertaining to Okada. All such evidence should be stricken.

### 3. "Statistical Studies"

Ashtiani provides no information or foundation for his "Statistical Studies."[7] He has not provided the name of the person creating such study. If the author of the study is Ashtiani, he has not shown how he obtained such information, the length of time studies, or his qualifications for

---

[5] See MPSJ, Ex.L; Opp'n, Ex. L; Reply, Ex. M; and Plaintiff's Aff. filed Dec. 5, 2003, Exs. N, O, P, V.
[6] See Plaintiff's Aff. filed Nov. 28, 2003, Exs. C, D.
[7] See Plaintiff's Aff. filed Nov. 21, 2003, Exs. A, B.

producing such a study. His lack of foundation for the "studies" prevents their consideration by the Court.

E.  EVIDENCE PRODUCED BY CONTINENTAL

Continental produced the following exhibits presented by Ashtiani: a memorandum entitled "Final Paycheck Order,"[8] the Absence from Duty Report for June 23 and 24, 2001,[9] and a memorandum entitled "Quarter Attendance Audit."[10] None of these exhibits, however, provide any inference of discrimination, either directly or indirectly, sufficient to sustain a genuine issue of material fact. The final paycheck order was issued after Continental found no justifiable reason for Ashtiani's absences. The Absence from Duty Report, in addition to numerous other evidence records Ashtiani's absences as no-shows. In fact, Ashtiani fails to dispute that he failed to call in for work on June 23 and 24, and failed to report such absence directly to a supervisor, which the Absence from Duty Report merely confirms. Lastly, the Quarter Attendance Audit provides absolutely no helpful information for Ashtiani, as it does not pertain to his attendance in the month of June 2001. The Employment Absentee Records,[11] on the other hand, demonstrate how often Ashtiani was absent from work.

F.  CONCLUSION

The Court should strike all evidence and inappropriate affidavits and declarations presented by Ashtiani. Even if the Court fails to strike the inadmissible evidence, the Court must still determine whether Ashtiani has created a genuine issue of material fact with regard to the issues of his prima facie case and whether Continental's legitimate, nondiscriminatory reasons for terminating Ashtiani were pretextual. Throughout the summary judgment proceedings, Ashtiani has failed to

---

[8] See MPSJ, Ex. I; Opp'n, Ex. I; Reply, Ex. K; Plaintiff's Aff. filed Dec. 5, 2003, Ex. K.
[9] See MPSJ, Ex. K; Plaintiff's Aff. filed Nov. 28, 2003, Ex. K; Opp'n, Ex. K; and Plaintiff's Aff. filed Dec. 5, 2003, Ex. M.
[10] See Plaintiff's Aff. filed Nov. 28, 2003, Ex. L.
[11] See Continental's Mot'n for Summary Judgment, Exs. E, F.

prove his prima facie case and to present any credible evidence of pretext. Therefore, the striking of his exhibits and the granting of summary judgment in Continental's favor are both appropriate.

IV. **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE**

First, Ashtiani's Cross-Motion to Strike Continental's exhibits is untimely. Ashtiani should have objected to Continental's exhibits during the summary judgment proceedings, and certainly prior to the hearing to allow Continental to respond orally before the Court. Continental filed its Motion to Strike in a timely manner, as an objection contained in its Reply in Support of its Motion for Summary Judgment, thereby allowing the Court to question the parties on the issues of authenticity and admissibility at the hearing. Ashtiani's Cross-Motion is only offered in ill will in response to Continental's Motion, but has not been timely filed, and the Court should not consider the Cross-motion in its entirety.

Nevertheless, Continental will address the issues raised in Ashtiani's Cross-Motion to Strike, should the Court decide to entertain it. The Cross-Motion aims to strike Continental's exhibits that have been properly authenticated. Ashtiani claims that only documents printed on company letterhead are admissible, and therefore, all exhibits consisting of emails written by Herrera and Mendoza, which are not on company letterhead, are suspect. Ashtiani's position is wholly incorrect.

These document qualify under the present sense impression exception and the business documents exception of Federal Rule of Evidence 803. Exhibits E and F are Employee Absentee Records, which are official company documents detailing Ashtiani's attendance record for the years 2000 and 2001. Dixon McKinzie, in his capacity as a corporate officer and director of Human Resources at Continental, properly authenticated these documents in his Affidavit attached to Continental's Motion for Summary Judgment. See Miller v. Fairchild Induss., Inc., 885 F.2d 498 (9th Cir. 1989).

All remaining exhibits are internal emails, memoranda and notes written by Ashtiani's supervisors, William Herrrera and Glenn Mendoza, in the ordinary course of business. They do not contain second or third-hand hearsay, but rather are direct accounts of the events occurring in June and July 2001, and are authenticated by the authors Herrera and Mendoza. Ashtiani's assertion that they are fabricated is unsupported. Indeed, they consist of present-sense impressions, being written shortly after the events occurring in 2001. See United States v. Ferber, 966 F. Supp. 90, 97 (D. Mass. 1997). These exhibits are also authenticated as business records by Dixon McKinzie, in his capacity as a corporate officer and based on his first hand knowledge of the events.

V.  **DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF TONY H. ASHTIANI AND ATTACHED EXHIBITS 1-55, FILED ON DECEMBER 19, 2003**

Rule 56 allows an adverse party to file affidavits up until the day prior to the hearing. Fed. R. Civ. P. 56(c). Ashtiani filed his Affidavit and attached Exhibits 1 through 55 purportedly in support of his Opposition to Continental's Motion to Strike his inadmissible evidence on December 19, 2003, seven days *after* the hearing on the summary judgment motions. Ashtiani claims that Rule 56(e) provides Ashtiani the opportunity to provide additional affidavits, but ignores the portion of that rule that gives only the Court the authority to allow such supplemental affidavits to be filed. The Court has not done so, and Ashtiani has thus no permission to file his supplemental affidavit and the Affidavit of Vince Diaz.

By the filing of his untimely Affidavit and Exhibits 1 through 55, Ashtiani attempts to sneak in additional evidence pertaining to the merits of the underlying Motion for Summary Judgment and Partial Motion for Summary Judgment. The Affidavit and its attached exhibits neither discuss nor support the merits of the Motion to Strike, but rather are re-introductions of previously submitted exhibits, some of which are apparently intended to "correct" his previous authenticated errors, as well as new exhibits that pertain to the summary judgment issues. The entire Affidavit and all of its

exhibits should be stricken from the Court record.

First, exhibits 1-17, 19-35, 38-39, 41-43, and 48 are exhibits that have already been submitted during the summary judgment proceedings, and have no relevance to the issue of whether they have been properly authenticated.

Second, exhibits that aim to "correct" authentication errors should be stricken as being untimely. For example, throughout the summary judgment proceedings, Ashtiani introduced an unsworn handwritten statement by Vince Diaz that was not made under penalty of perjury nor stated to be true.[12] Now, however, attached as Exhibit 1 to Ashtiani's Affidavit is a typed Declaration by Vince Diaz stating basically the same information as the handwritten statement, but made under "penalty of perjury" and stated to be "true and correct." This "Declaration" only aims to correct previous authentication and admissibility deficiencies, but however, it has been untimely filed and should not be considered by the Court.

Lastly, exhibits 1, 36, 37, 40, 44-47, 49, and 50-55 are all "new" pieces of evidence that have no relation to the issue of authentication of exhibits submitted with the summary judgment motions, and also should not be considered by the Court. Instead, these exhibits pertain to the issues pertaining to the summary judgment motions, which have already been briefed and addressed by the parties at the summary judgment hearing. Ashtiani provides no explanation for why this inadmissible evidence is being presented at such a late hour. The Court should disregard these exhibits, especially in light of the fact that Continental has not been given the opportunity to offer a reply to these exhibits.

## VI. CONCLUSION

Continental respectfully requests that the Court grant its Motion to Strike, deny Ashtiani's

---

[12] See Plaintiff's Mot'n for Partial Summary Judgment, Ex. M; Plaintiff's Aff. filed Nov. 28, 2003, Ex. J; Plaintiff's Opp'n to Defendant's Mot'n for Summary Judgment, Ex. M; Reply in Support of Mot'n for Partial Summary Judgment, Ex. P; and Plaintiff's Aff. filed Dec. 5, 2003, Ex. Q.

Cross-Motion to Strike on the basis of untimeliness and/or on its merits, and lastly, to strike Ashtiani's untimely Affidavit filed on December 19, 2003. What remains after all inadmissible evidence has been disregarded is the fact that Ashtiani has failed to provide any genuine issues of material fact to defeat Continental's Motion for Summary Judgment and to support his Motion for Partial Summary Judgment.

DATED: Hagåtña, Guam, December 24, 2003.

CARLSMITH BALL LLP

for ELYZE MCDONALD
DAVID LEDGER
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.