Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

FILED
DISTRICT COURT OF GUAM
DEC 3 1 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

Tony H. Ashtiani,  ) Civil Case No.: 02-00032
                   )
    Plaintiff,     )
                   ) PLAINTIFF'S REPLY TO
    Vs.            ) DEFENDANT'S OPPOSITION TO
                   ) PLAINTIIF'S COUNTER MOTION TO
Continental Micronesia Inc, ) STRIKE. AND OPPOSITION TO
                   ) DEFENDANT'S MOTION TO STRIKE
Dba, Continental Micronesia, ) AFFIDAVIT OF TONY H.ASHTIANI
                   ) AND ATTACHED EXHIBITS 1-55
Continental Airlines, ) FILED ON DECEMBER 19,2003.
                   )
    Defendant.     )
                   )
                   )
                   )

Plaintiff presents this pleading before the court in reference to pleadings filed by defendant CMI on December 24, 2003 and was served on plaintiff on December 26, 2003.

## I. COUNTER MOTION AND AFFIDAVITS FILED ON DECEMBER 19, 2003 IS TIMELY.

Defendant on December 5, 2003 filed a motion to strike plaintiffs exhibits. Plaintiff filed opposition and counter motion on December 19 2003, (within 14 days).

*Opposition defined*. Act of opposing or resisting; Also, a position confronting another or placing in contrast; that which is or furnishes an obstacle to some result. Black Law Dictionary (West Group, Sixth Edition) **EXHIBIT A.**

**LR 7.1 Motion Practice**.

LR 7.1 (1),(2) Whether motion set or not for oral argument "the opposing party shall have fourteen (14) days from the date of the filing of the motion to serve and file an opposition.. . .."

LR 7.1 (C) Moving Papers. There shall be served and filed with the motion. **(1)** a memorandum in support thereof containing the points and authorities upon which the moving party relies: **(2)** the evidence upon which the moving party relies: **(3)** any affidavit permitted by the Federal Rules of Civil Procedure: and **(4)** the proposed order granting the relief requested in the motion.

Plaintiff filed his documents timely within fourteen (14) days form the date of defendants motion, Therefore, All moving papers, evidence, exhibits, affidavits are timely within the provision of the local rules. In lieu :

> Plaintiff appears to have filed his motion to strike after the 20 day limit set forth in Fed.R.Civ.P. 12(f) expired. However, since Rule 12(f) **permits the Court to act on its own initiative**, and since plaintiff's summary judgment motion raises the same issues as his motion to strike, I will consider his Rule 12(f) motion at this time. Gorwin v. Local282,I.B.T. 838F.Supp.116

"Nevertheless, due to their pro se status, Michael's parents will be afforded a measure of latitude. Accordingly, the school district's motion to strike (document no. 24) is denied". *Michael M. ex rel. M.D. v. Plymouth School Dist*. 2003 wl 1191396

On other hand, defendant is requesting that any pleading from the plaintiff that is presented to the court that is damaging to defendant should not be allowed. While defendant here, in its' motion filed on Dec 24, 2003, before the court is filing a "motion to strike".

Summary judgment serves as vehicle with which court can determine whether further exploration of facts is necessary.

Defendant has provided such vehicle to plaintiff to submit more facts.

## II. REPLY MEMORANDUM IN SUPPORT OF DECLARATION PRESENTED BY PLAINTIFF.

plaintiff in this civil action became aware of 28 USC 1746 after defendant had raised the issue that declaration were unsworn declarations.

Pro se litigants look up to pleadings of attorneys of large law firms and base upon those documents they gather their pleading. In this instance, plaintiff had reviewed declaration of defense counsels dated October 7 and 14 ,2003. these documents were attachments of defendants pleadings filed with district court and both did not state "under penalty of perjury" nor stated that the "forgoing is true and correct" these documents were also were part of Federal proceedings. **Joint EXHIBIT B.**

"Declaration which recited that it was made under penalty of perjury was admissible in support of summary judgment motion under statute permitting unsworn declaration made under penalty of perjury to substitute for sworn affidavit.." *McLaughlin v.Cohen686F.Supp.454*

"Unsworn statement signed under penalty of perjury could be used, in lieu of sworn statement or affidavit, in support of opposition to motion to dismiss which was treated as motion for summary judgment.." *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Intern*., Inc. 982 F.2d 686

These declaration of my co -workers were not admitted to raise arguments. Rather, they were presented to shed light on the facts of this case. These declaration are relevant to this case. It is the determination of trial court at its own discretion that these individuals have reviewed and signed these declarations as non-attorney in good faith.

### III. ASHTIANI'S PRO SE STATUTS.

Whether prisoners or non prisoner as civil rights litigants both parties within the 6th amendment of U.S Constitution 2575. have access to law libraries or legal materials, however this access does not make pro se litigants, attorneys nor professor at law , the fact remains prisons do have law libraries and majority of time upon their choosing, inmates do get assistance of counsel assigned to them unlike Ashtiani. It is unclear the contest asserted in flag note 1 at page(3). Defendants is well aware that there is no participating in pro bono representation program here.

"The Court, however, is mindful that *pro se* litigants should be given special latitude in responding to such a motion. See <u>Graham v. Lewinski</u>, 848 F.2d 342, 344 (2d Cir.1988) ("special solitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment") accordingly, plaintiff may submit affidavits and additional material in accordance with Rule 56(e), Employee, appearing pro se, brought Title VII action against his former employer. The District Court, Block, J., held that, because employee was appearing pro se, he would be allowed to submit affidavits and additional material, despite fact that his failure to comply with federal and local summary judgment rules would normally require court to grant employer's summary judgment motion." <u>Gonzalez v. Long</u> 889 F.Supp. 639

In civil rights cases where plaintiff appears pro se, court must construe pleadings liberally and must afford plaintiff benefit of any doubt; <u>Panahi v. Los Angeles Police Dept.</u> 839F.2d621 (9th cir ,1988). In ruling on summary judgment motion, court construes pro se complaint more liberally than it would complaint of represented party.

plaintiff's previous affidavits also satisfies rule 56 (e)as well. "Statute requiring that properly executed unsowrn

affidavits be treated "with like force and effect" as sworn affidavits statutorily precluded the Department of Justice from requiring a notarized signature to verify the identity of a person who signed a Freedom of Information Act privacy waiver; statute did not distinguish between verification of a document's content and verification of a signer's identity. it is hereby ORDERED that plaintiff's motion for partial summary judgment is granted; it is FURTHER ORDERED that defendant's cross-motion for summary judgment is denied; <u>Summers v. U.S. Dept. of Justice</u> 776F.Supp.575

**IV. <u>DEFENDANT FAILURE TO USE THE DISCOVERY PERIOD IN TIMELY MANNER AND NOT DEPOSE PLAINTIFF IS NOT JUSTIFICATION FOR BAD AFFIDAVIT MADE AND ATTACH FABRICATED MEMEOS AND NOT SENT E-MAILS RULE 56(g), 901(b)(4)(9).</u>**

Plaintiff in his opposition filed in December 19, 2003, had provided the Court facts that defendant has presented the Court bad affidavit.

Moreover, Defendant Mckinzie's affidavit states Bruce lee's termination was retracted yet Mr. Lee is employed at Sears, the hidden motive of this "sham" affidavit made is to mislead the court that there is no statistics of CMI targeting and

Page 7 of 10 CV 02-00032

Case 1:02-cv-00032   Document 150   Filed 12/31/2003   Page 7 of 17

terminating minorities. The Ninth circuit requires the district Court to make a finding of the fact that the affidavit is a sham. "(district Court had to make factual determination that an affidavit contradicting prior deposition testimony was actually a "sham" before it could find that the affidavit could not be used to create an issue of fact precluding summary judgment.)" *Kennedy v. Allied Mut. Ins.Co.* 952 F.2d 262 (9th cir 1991)

Here, defendant has failed to take a deposition during the discovery period prior to discovery cut off date and is providing the court erroneous exhibit and is hiding behind blanket objection of untimely motion to strike.

Plaintiff also asserts that there is a ongoing discovery of second request for production of documents served on September 15, 2003, which was totally ignored by the defendant and was served upon defendant prior to discovery cut off date.**EXHIBIT C.**

Motion to compel discovery is unanswered Summary judgment will not usually be granted while discovery requests remain unanswered. "(Party opposing motion for summary judgment bears responsibility of bringing to trial court's attention any outstanding discovery in the cause)". Cowan v. J.C. Penney Co., Inc. 790 F.2d 1529. (11 Cir 1986) Also See *Diaz v. American*

*Telephone & Telegraph* 752 F.2d 1356.(9TH Cir. 1985); We can make these determinations because, ordinarily, summary judgment orders are not entered until after the non-moving party has had an opportunity to obtain through discovery whatever evidence is necessary or relevant (at least for the purposes of summary judgment) and to place that evidence in the record. *International Brotherhood of Teamsters v. Untied States* 431 U.S. 324, 340 n. 20, 97 S.Ct. 1843, 1857 (quoting United States v. Ironworkers Local 86,43 F.2d 544,551 (9th Cir.),

The Supreme Court in Teamsters stated that McDonnell Douglas' requirements are not the "only means" by which plaintiffs may make the requisite prima facie showing. See Lynn, 656 F.2d at 1341 and *Frunco Construction Corp v. Waters*, 438 U.S 567,575-76, 98 S.Ct. 2943, 2948-49, 57 L.Ed 2d 957 (1978)

Primary purpose of Civil Rights Act of 1964 was to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to disadvantage of minority citizens, and to achieve such purpose, Congress proscribed not only overt discrimination but also practices that are fair in form, but discriminatory in operation. Defendant should not be allowed to provide the court with erroneous exhibits and e mails

that were only typed and print during EEOC investigation, These types of conduct has been intolerable to a common man and I respectfully ask the district court to examine and strike these documents as inadmissible exhibits.

this 31 ˢᵗ day of December , 2003 at Hagatna Guam.

**Respectfully submitted,**

_____

Tony H. Ashtiani

<u>Pro Se</u>, Litigant

[left column, partially cut off]

attorney for his
the law as appli-
to him for that
as to the market-
n a review of the
ls.

of the decision
r argued before
to the case, and
dgment is based.

certain decision
A *majority* opin-
d represents the
nis colleagues on
decision; it has
he following. A
e or more judges
issent from the
t agrees with the
sagrees with the
A *dissenting or*
esult reached by
h the reasoning
the majority in
t is agreed to by
g of the decision,
ie result. A *per*
ie court" which
iose author is not
a holding of the
ry concise.

d by a certified
d financial state-
ypes of opinions:
ts are presented
iepted accounting
in a manner con-
alified opinion is

re presented fair-
n a basis consist-
particular trans-
;.

ler an opinion on
ficient competent

re not presented
do not present
of operation, and
the entity. An
generally results
ice the client to
and in conformi-
nion.

ng; Majority opin-
ality; Slip opinion;

---

**Opinion evidence** *or* **testimony.** Evidence of what the witness thinks, believes, or infers in regard to facts in dispute, as distinguished from his personal knowledge of the facts themselves. The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to "expert witnesses". Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

*By expert witness.* If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. Fed.Evid. Rule 702. *See also* Expert testimony; Expert witness.

*By lay witness.* If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue. Fed.Evid. Rule 701.

**Opinio quæ favet testamento est tenenda** /əpín(i)yow kwìy féyvət tèstəméntow èst tənéndə/. The opinion which favors a will is to be followed.

**Opium** /ówpiyəm/. Drug consisting of inspissated juice of opium poppy.

**Oportet quod certæ personæ, terræ, et certi status comprehendantur in declaratione usuum** /əpórtət kwòd sə́rtiy pərsówniy, téhriy èt sə́rtay stéytəs kòmprəhendǽntər in dèklərèyshiyówniy yúwsyuwəm/. It is necessary that given persons, lands, and estates should be comprehended in a declaration of uses.

**Oportet quod certa res deducatur in donationem** /əpórtət kwòd sə́rtə ríyz diyd(y)əkéytər in dənèyshiyównəm/. It is necessary that a certain thing be brought into the gift, or made the subject of the conveyance.

**Oportet quod certa res deducatur in judicium** /əpórtət kwòd sə́rtə ríyz diyd(y)əkéytər in jədísh(iy)əm/. A thing certain must be brought to judgment.

**Oportet quod certa sit res quæ venditur** /əpórtət kwòd sə́rtə sìt ríyz kwìy véndətər/. It is necessary that there should be a certain thing which is sold. To make a valid sale, there must be certainty as to the thing which is sold.

**Oppignerare** /əpignərériy/. Lat. In the civil law, to pledge.

**Opposer** /əpówzər/. An officer formerly belonging to the green-wax in the exchequer.

**Opposite.** An old word for "opponent."

**Opposite party.** Within statutes providing that opposite party shall be incompetent to testify as to matters equally within knowledge of deceased is one whose personal and financial interests, either immediate or remote, are antagonistic to like interests of protected party.

**Opposition.** Act of opposing or resisting; antagonism; state of being opposite or opposed; antithesis. Also, a position confronting another or placing in contrast; that which is or furnishes an obstacle to some result. Political party opposed to ministry or administration; or might be construed to include peaceful and orderly opposition to government.

**Oppression.** The misdemeanor committed by a public officer, who under color of his office, wrongfully inflicts upon any person any bodily harm, imprisonment, or other injury. An act of cruelty, severity, unlawful exaction, or excessive use of authority. An act of subjecting to cruel and unjust hardship; an act of domination.

Oppression which justifies award of punitive damages means act of cruelty, severity, unlawful exaction, or excessive use of authority and results from acts done in manner which violates right of another person with unnecessary harshness or severity as by misuse or abuse of authority or power. Dunfee v. Baskin–Robbins, Inc., 221 Mont. 447, 720 P.2d 1148, 1155.

*See* Coercion; Cruelty; Threat.

**Oppressor.** A public officer who unlawfully uses his authority by way of oppression *(q.v.).*

**Opprobrium** /əprówbriyəm/. In the civil law, ignominy; infamy; shame.

**Optimacy** /óptəməsiy/. Nobility; men of the highest rank.

**Optima est legis interpres consuetudo** /óptəmə èst líyjəs əntə́rpriyz kònswət(y)úwdow/. Custom is the best interpreter of the law.

**Optima est lex quæ minimum relinquit arbitrio judicis; optimus judex qui minimum sibi** /óptəmə èst lèks kwày mínəməm rəlíŋkwət arbítriyow júwdəsəs; óptəməs júwdeks kwày mínəməm síbay/. That law is the best which leaves least to the discretion of the judge; that judge is the best who leaves least to his own. That system of law is best which confides as little as possible to the discretion of the judge; that judge the best who relies as little as possible on his own opinion.

**Optimam esse legem, quæ minimum relinquit arbitrio judicis; id quod certitudo ejus præstat** /óptəməm ésiy líyjəm kwày mínəməm rəlíŋkwət arbítriyow júwdəsəs; id kwòd sə̀rtət(y)úwdow íyjəs préstæt/. That law is the best which leaves the least discretion to the judge; and this is an advantage which results from its certainty.

**Optima statuti interpretatrix est (omnibus particulis ejusdem inspectis) ipsum statutum** /óptəmə statyúwtay intə̀rprətéytrəks èst (ómnəbəs partíkyələs iyjə́sdəm inspéktəs) ípsəm statyúwtəm/. The best interpreter of a statute is (all its parts being considered) the statute itself.

EXHIBIT "A"

the Deposition to proceed in order for the parties to discover the facts underlying Plaintiff's claim. The goal of more thorough preparation will be served by a possible Order directing Plaintiff to attend his deposition. The Motion itself constitutes a wasteful pretrial activity, one which the Court should address and rectify immediately in order to prevent a waste of time and expenses incurred in scheduling the deposition.

Defendant therefore respectfully requests an expedited hearing on the Motion for Protective Order on an expedited basis.

Respectfully submitted this 7th day of October 2003.

CARLSMITH BALL LLP

_____
ELYZE McDONALD
Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## DECLARATION OF ELYZE MCDONALD

I, Elyze McDonald, declare:

1. I am an attorney at law licensed to practice before the District Court of Guam.. I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2. If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3. As Plaintiff admits in its Motion for Protective Order, he granted Defendant an extension of the discovery cutoff deadline by an extra thirty (30) days, to October 31, 2003. Attached hereto as Exhibit A is a true and correct copy of that extension.

4. Plaintiff **NEVER** contacted me to meet and confer regarding this discovery dispute. While the parties conducted meetings to confer regarding other discovery disputes, Plaintiff never contacted me to discuss the timing of the Amended Notice of Deposition.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 7th day of October 2003, at Hagatna, Guam.

_____
ELYZE McDONALD

4845-1572-3264.1

CARLSMITH BALL LLP

ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.
dba Continental Micronesia and
Continental Airlines, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.<br>dba CONTINENTAL MICRONESIA<br>and CONTINENTAL AIRLINES, INC.,<br><br>　　　　　Defendant. | CIVIL CASE NO. CV02-00032<br><br>DECLARATION OF ELYZE<br>McDONALD |

I, Elyze McDonald, declare:

1. I am an attorney at law licensed to practice before the District Court of Guam. I am an attorney with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2. If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3. I currently reside in Honolulu, Hawaii.

4. On September 3, 2003, I inquired as to whether Plaintiff would agree to an extension of the discovery cutoff date in order to allow me to fly to Guam to conduct the deposition, and to allow Defendant's senior in-house legal counsel, Louis Obdyke, residing in Houston, Texas, to attend the deposition.

5. If Plaintiff did not agree to the extension, another attorney at Carlsmith Ball LLP's Guam office would have conducted the deposition prior to the October 1, 2003 cutoff date, and without Mr. Obdyke's presence.

6. Plaintiff agreed to extend the discovery cutoff deadline by an extra thirty (30) days, to October 31, 2003. Attached hereto as Exhibit B is a true and correct copy of that extension.

7. Defendant subsequently served a Notice of Deposition on September 18, 2003, informing Plaintiff of his deposition on October 8 and 9. Attached hereto as Exhibit C is a true and correct copy of that Notice of Deposition.

8. After receiving Plaintiff's Objection to the Notice of Deposition, a true and correct copy of which is attached hereto as Exhibit D, Defendant renoticed the Deposition and served an Amended Notice of Deposition on September 24, 2003, with the same dates, effectively giving Plaintiff 14 days' notice of the deposition. Attached hereto as Exhibit E is a true and correct copy of that Amended Notice of Deposition.

9. As the deposition would be held in the earlier half of the month of October, I proposed to Plaintiff that we stipulate to extend the discovery deadlines only until October 17, 2003, and to file it with the Court. The proposed deadlines are listed in the attached draft Stipulation and Order to Reschedule Discovery Deadlines, a true and correct copy of which is attached hereto as Exhibit F.

10. Despite requests from myself, Plaintiff stated to me that he was not sure whether he would sign the Stipulation because he unsure if he would be able to comply with the discovery cutoff date. I responded that Defendant is amenable to further agreeing to extend discovery and discovery motion deadlines, but Plaintiff would need to propose dates that we would then submit to the Court.

11. Plaintiff **NEVER** provided any indication he would not honor the extension until he filed a Motion for Protective Order on September 30, 2003.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 14th day of October 2003, at Honolulu, Hawaii.

*[signature]*
ELYZE McDONALD

4820-4626-1504.1.013280-00079

RECEIVED
CARLSMITH BALL
Date: 09/15/2003
2:40 p    By:

```
 1  Tony H. Ashtiani
    P.O.Box 12723
 2  Tamuning Guam 96931
    671-688-4844
 3  671-653-5575

 4

 5                    DISTRICT COURT OF GUAM

 6                       TERRITORY OF GUAM

 7

 8
    Tony H. Ashtiani,                )
 9                                   )
              Plaintiff,             )
10                                   ) Civil Case No.: 02-00032
         Vs.                         )
11                                   )
    Continental Micronesia Inc,      ) PLAINTIFF SECOND REQUEST OF THE
12                                   ) PRODUCTION OF DOCUMENTS TO
    Dba, Continental Micronesia,     ) DEFENDANT CONTINENTAL
13                                   ) MOCRONESIA INC,
    Continental Airlines,            )
14                                   ) Fed R. Civ P. 34
              Defendant              )
15                                   )
                                     )
16

17

18  TO: DEFENDANT CONTINETAL MICRONESIA INC., AND ITS ATTORNEYS OF

19  RECORD: Plaintiff hereby request pursuant to Fed R Civ P rule 34,

20  Plaintiff requests that Defendant respond in writing, under

21  oath, to the following Requests for Production of Documents

22  within 30 days from the service and this request, and produce

23  and permit inspection and copying of documents described below

24  on October, 15, 2003. At 0900 A.M to plaintiff at Guam Law

25  Library at 141 San Ramon street Conference room B Hagatna, Guam.
    In lieu of producing the documents for inspection, defendant may
```

EXHIBIT "C"