```
Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575
```



FILED
DISTRICT COURT OF GUAM
DEC 3 1 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

Tony H. Ashtiani, )
)
    Plaintiff, ) Civil Case No.: 02-00032
) **AMENDED**
Vs. ) OPPOSITION TO DEFENDANTS' MOTION
) TO STRIKE UNAUTHENICATED
Continental Micronesia Inc, ) EXHIBITS. COUNTER MOTION TO
) STRIKE DEFENDANTS' EXHIBITS.
Dba, Continental Micronesia, ) AFFIDAVIT AND DECLARATION OF
) VINCE DIAZ. AFFADAVIT OF TONY
Continental Airlines, ) ASHTIANI TO AUTHENTICATE
) EXHIBITS ON RECORDS.
    Defendant. )
)
) **RULE 56**
)
) **28. USC 1746**

In pursuant to Fed Rule of Civ. P Rule 15, plaintiff makes this amendment to caption and page 7 as to "Counter Motion" plaintiff made this error due to ongoing cross motion for summary judgment.

This matter before the Court I n reference to defendants Motion to strike Ashtiani's Exhibits, Defendant here, has provided a vehicle for plaintiff to submit further affidavit in opposition and opportunity to authenticate exhibits on record in his opposition to defendants motion

to strike, failing that Rule 56 (e) "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits."

Plaintiff submits further *affidavit of Vince Diaz* in support of his claim of defendants' bad affidavit made rule 56 (g), Plaintiff had also addressed this issue at motion hearing.

Prior to filing a motion for Partial summary judgment plaintiff reviewed the rule 56, and looked at few cases, and noticed a supreme court case that was frequently cited. "But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to **"the affidavits, *if any*"** (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment **"with or without supporting affidavits"** (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary

judgment, as set forth in Rule 56(c), is satisfied. *Celotex Corp. v. Catrett* 106 S.Ct. 2548 *id at 2553*

Further more, There were many cases that referred to these languages of "with or without affidavit" and "if any" led plaintiff to believe of it necessity to even requiring affidavit.

"A declaration under penalty of perjury may always be substituted for a sworn affidavit" See Matthew & Bender forms and 28 USC 1746.

> Unsworn statement signed under penalty of perjury could be used, in lieu of sworn statement or affidavit, in support of opposition to motion to dismiss which was treated as motion for summary judgment. Fed.Rules Civ.Proc.Rule 56(e), 28 U.S.C.A.; 28 U.S.C.A. § 1746. *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Intern.*, Inc. 982 F.2d 686

Declaration of Vince Diaz, Joe Pangelinan, Ron Roberts, Kathleen P. Sgambelluri and Mark Williams are all admissible evidence.

> Declaration which recited that it was made under penalty of perjury was **admissible** in support of summary judgment motion under statute permitting unsworn declaration made under penalty of perjury to **substitute for sworn affidavit.** 28 U.S.C.A. § 1746. *McLaughlin v. Cohen* 686F.Supp.454

Pro se plaintiff in his affidavit and his declaration states under penalty of perjury that the forgoing is true and correct. "(When pro se civil rights plaintiff properly executed form complaint which called for declaration in conformity with federal statute requiring that affiants declare under penalty of perjury that foregoing statements in form are true, plaintiff's statement of claim

CV. 02-00032

was transformed from "mere allegations" of pleading into "specific facts" as in evidentiary affidavit and, therefore, plaintiff's failure to proffer evidentiary materials directly in opposition to defendants' motion for summary judgment, without more, did not mandate entry of summary judgment in favor of defendants". 42 U.S.C.A. § 1983; 28 U.S.C.A. § 1746. McNeal v. Macht 763 F.Supp. 1458.
And even then, defendant had duty to provide plaintiff with notice in plain English language of all necessary documents and how the formal contents should be.("In sum, absent a clear indication that the *pro se* litigant understands the nature and consequences of Rule 56--as is required under *Vital* and which we reiterate today--he or she must be so informed by the movant in the notice of motion"). McPherson v. Coombe 174 F.3d 276.

A claim of race discrimination may be established either under the direct evidence method or the indirect burden-shifting method. Plaintiff has succeeded in showing evidence that there were other mechanics that did not have to call supervisor when calling sick See *Vince Diazs' affidavit*. In order to establish employment discrimination under the *McDonnell-Douglas* burden-shifting test, an employee must first establish a prima facie case by demonstrating, among other things, that a similarly situated person outside the protected class was treated better.

A claim of race discrimination may be established in one of two ways--under the direct method or the indirect burden-shifting method. See *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir.1997). Accordingly plaintiff supervisors has treated Ashtiani differently and through direct and circumstantial evidence that the employer decision was pretext.

For Example, In a wrongful discharge of title VII case where the plaintiff alleges that he or she was discharged for discriminatory reasons, one source and undisputed fact might be stated as follows:

| Source: | Undisputed Fact: |
|---|---|
| Corporate documents shift turn over logs Admissible Rule 803(6) | *Vince Diaz Affidavit at 3,4,5* |
| April 03, 2002, Rodriguez calls Ruiz Non-Supervisory Exhibit (29) | "Mechanics other than supervisor in the maintenance Department took sick call Messages from other employees." |
| May 14, 2002, Martinez calls Saclot Non-Supervisory Exhibit (30) | "Message of incoming calls were either noted in the shift turn over log, or on the message board or passed on verbally to the supervisor on duty." |
| May 27, 2002, Raqueno calls Therrell Non-supervisory Exhibit (31) | "I have personal knowledge mechanics whom called another mechanic for sick calls were not considered No-call/ No- Show and were not reprimanded. This was in house policy at CMI Maintenance Dept." |

**Rule 56 (g). Bad affidavit made.** Mckinzie at P 16 "As the IBT Agreement and Continental'sAttendance policy state,"When reporting an absence an absence from work, an employee must Speak directly to supervisor .A phone call to non supervisory personal, such as to another mechanic does not constitute proper Continental protocol for reporting such absence".

Ashtiani submitting corporate records of (3) individual instances at different dates of (3) different mechanics calling (3) Non-supervisory individuals exhibits (29),(30),(31) and *affidavit of Vince Diaz* the conclusion is inescapable. "While the qualified witness testifying as to document sought to be introduced under business records exception to hearsay rule need not be the person who prepared the record and need not have personal knowledge of the entries in the record, the qualified witness must have knowledge of the procedure under which the records were created. Fed.Rules Evid.Rule 803(6), 28 U.S.C.A.*Overton v. City of Harvey* 29 F.Supp.2d 894

The fact remains that both Ashtiani and Diaz are qualified witnesses and have knowledge of the procedure under which the records were created. In other hand McKinzie's affidavit at 16 implying that in house policy did not apply to Ashtiani. Intent of congress in title VII is clear that employer provide equal treatment and equality regardless of race and nationality and creeds.

Ron Roberts conversation with James Hammer in Roberts' declaration is important element because in title VII. (affidavit describing conversations sufficient in title VII action) See *Sarcha v Sears, Roebuck & Co.*, 3 F.3d 1035,1041 (7th Cir.1993) as it has been established that declaration under penalty of perjury is substitute for affidavit.

*In re Greenwood Air Crash*, 924 F.Supp. 1511, 1514 (S.D.Ind.1995) (("Production of a document by a party constitutes an implicit authentication of that document."). Thus, the court finds that all of the exhibits at issue have been authenticated.) *International Paper Co. v. Androscoggin Energy LLC*. "(Exhibits offered in support of movant's motion for summary judgment were properly authenticated, since they were produced in discovery by its opponent)". Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.; Fed.Rules. Evid.Rule 901, 28 U.S.C.A. .

Defendants request to strike plaintiff's exhibits is dubious ,as defendant have produced them through rule 34 production of documents, in other hand defendant is asking to fight with double edged sword because Ashtiani is proceeding pro se. plaintiff works very hard reading the rules and works even harder for his pleadings from what I can gather by looking up dictionary. Accordingly, defendant need to understand and engage into facts and understand that pro se litigants rights are one the most essential elements in constituently rights.

### COUNTER MOTION TO STRIKE DEFENDATS' EXHIBITS.

Plaintiff's moves to strike all defendants exhibits that do not meet the requirement of Fed Rule of Evid 803 and 901 and that do not have company letter head or logo. "(Interoffice memorandum on company letter head properly admissible)" under (Fed Rule Evid. 803 and 901)

CV. 02-00032

790 F.2d 1249 5th Cir.1986 <u>United States v. Malandondo-Rivera</u> there are hardly any documents of defendant that meet this requirement. It is not that defendant does not have any 8 and 1/2 by 11 inch company letter Head papers.

Plaintiff assertion in strike of all defendants emails look alike Exhibits comes from inconsistency of E-mails and that Herrera writes to himself, Herrera to Herrera, Common man does not do this kind things unless he was paper trailing. (Authentication can be achieved through appearance, contents, substance, internal patterns, or other distinctive characteristics taken inconjuction with circumstances Fed ,R. Evid 901 (b) (4).

There fore, upon close examination of Herrera's notes and emails it is concluded that they have presented hearesay evidence under rule 802.1 Rule 802: Hearsay is not admissible and that Mckinzie, Herrera, Mendoza all interest parties in this suit and McKinzie and Hammer are both director in official capacity are named defendant in this law suit and that they are authority over Herrera and Mendoza. these documents were fabricated and are not admissible.

("**email** on the ground that it appears on its face not to have been sent and is **unauthenticated**") ... S & S Textiles Intern. v.Steve Weave, Inc. Mr. McKinzie, Herrera, Mendoza erroneous emails attached

affidavit is insufficient to support a conclusion that the **email** is a business record as defined in Rule 803(6). Furthermore, even if the **email** were admissible as a business record, the document contains second and third-hand hearsay. Plaintiffs was not even aware of these emails until after defendant was charged with discrimination by EEOC. negate the likelihood of deliberate or conscious misrepresentation." Fed.R.Evid. 803 "underlying theory".

("Absence of routineness of these e mails raises many ill will, bad faith malice and recklessness on the part of defendant and that there are no consistency or accuracy in these emails. Under Rule 803(6), plaintiff is obligated to prove digital signature of these emails.

"(The district court held that the affidavits and **emails** were inadmissible **hearsay** and that Stevens had the opportunity to depose the affiants but chose not to do so)" *Shipping and Terminal Company v. JAPAN RAINBOW*, II MV 334 F.3d 439

Here, defendant had multiple opportunity to depose all affiants Mckinzie, Herrera, Mendoza, and Ashtiani and has failed to do so and now is relying on internal emails unworthy of believe which does not even meet the standards on Fed Rule of evidence because it has no

digital signature and is inconsistence with the name of addresses. Memos signed during EEOC investigation after the fact are inadmissible dated January 24, 2002.( 8 Months after Ashtiani's termination) these documents have offered for anything other than the truth asserted therein.

Accordingly, Plaintiff moves to strike defendants Exhibits E,F,J,K,(L(2)EACH),M,N,(Q (2)EACH) in defendants Motion for summary judgment.

**Respectfully submitted,**

This 31ˢᵗ day Of December, 2003.

_____
Tony H. Ashtiani

<u>Pro se</u>