ORIGINAL

CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA and CONTINENTAL AIRLINES, INC.,<br><br>　　　　　Defendants. | CIVIL CASE NO. CIV02-00032<br><br>**DEFENDANT CONTINENTAL MICRONESIA, INC.'S MOTION TO STRIKE DECLARATION OF TONY ASHTIANI AND EXHIBIT 56 FILED JANUARY 9, 2004** |

I.  **INTRODUCTION**

Defendant Continental Micronesia, Inc. moves to strike the Declaration of Tony Ashtiani and accompanying Exhibit 56, filed on January 9, 2004. Exhibit 56 is purportedly a Technical Services Division Shift Log dated June 19, 2001.

II. **BACKGROUND**

Both parties filed summary judgment motions on November 21, 2003, both seeking the entry of summary judgment in their favor. On December 5, 2003, within its Reply in support of

its motion, Continental filed a Motion to Strike all unauthenticated evidence proferred by Ashtiani. The Court held a hearing on the summary judgment motions on December 12, 2003.

On December 19, 2003, Ashtiani filed an Opposition to Continental's Motion to Strike, a Cross Motion to Strike Continental's summary judgment exhibits, and Affidavits of Vince Diaz and Ashtiani. On December 24, 2003, Continental filed its Reply as well as a Motion to Strike Ashtiani's December 19, 2003 Affidavit and accompanying Exhibits 1 - 55, on the basis of untimeliness.

Ashtiani then filed a series of documents. First, on December 31, 2003, he filed a Reply in support of his Counter-Motion to Strike and his Opposition to Continental's December 24, 2003 Motion to Strike. On that same day, he filed an Amended Opposition to Continental's Motion to Strike, a Counter-Motion to Strike Continental's exhibits, and additional affidavits of Vince Diaz and Ashtiani. In addition, on January 9, 2004, Ashtiani filed a Supplemental Opposition to Continental's Motion to Strike Ashtiani's December 19, 2003, a Motion to Strike "Sham" Affidavits submitted by Continental, as well as a Declaration with attached Exhibit 56.

Ashtiani did not seek leave of Court to file supplemental or amended pleadings or additional exhibits pertaining to the summary judgment motions.

### III. TIMELINESS: ASHTIANI HAS NOT SOUGHT PERMISSION OR LEAVE FROM COURT TO FILE FURTHER EXHIBITS AND EVIDENCE

Federal Rule of Civil Procedure 56(c) permits a party opposing a motion for summary judgment to serve opposing affidavits prior to the day of the hearing on such motion. Rule 56 also allows the court to "permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Fed. R. Civ. P. 56(e).

Ashtiani seeks to introduce Exhibit 56 (attached to his January 9, 2004 Declaration) to demonstrate that non-supervisors took "sick" calls from employees during the period of time

Ashtiani was employed at Continental. This exhibit pertains to issues presented during the summary judgment proceedings in this case. Ashtiani has not requested permission from the Court to file this exhibit and additional information. Ashtiani thus has no grounds for filing this untimely exhibit. Its submission violates the Federal Rules of Civil Procedure and the court's inherent power to control the proceedings before it. See, e.g., Jones v. Menard, 559 F.2d 1282, 1285 n. 5 95th Cir. 1977).

Federal Rule of Civil Procedure 6 governs the approach in the event of late filings. It requires that a motion be made and a late filing be permitted where the failure to meet the deadline was the result of excusable neglect. In order to accept Ashtiani's late submissions, the Court must regard the very filing of the late document as a motion made to file it, and infer for itself - for Ashtiani provides no explanation - what constituted his excusable neglect. The Supreme Court in Lujan v. National Wildlife Federation, 497 U.S. 871, 894-98 (1990), found that a district court did not abuse its discretion in rejecting affidavits filed untimely, when the party provided no motion nor just cause in support of the late filings. Similarly, here, the Court should strike Exhibit 56 and all other untimely filed exhibits from the record.

## IV. **EXHIBIT 56 LACKS AUTHENTICATION**

In order to be admissible, evidence must be authenticated, meaning that it be attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. Orr v. Bank of Am., NT & SA, 285 F.3d 764, 774 (9th Cir. 2002).

Ashtiani fails to provide any foundation for this exhibit or to authenticate it. Ashtiani has not stated whether he has any personal knowledge of this exhibit, nor has he furnished a declaration from any person that does. Ashtiani claims to have received the document from

Continental by way of a production of documents. However, Continental did not furnish Exhibit 56 to Ashtiani in its production of documents.

This document is completely unauthenticated, and should be stricken from the record.

V.  **CONCLUSION**

For all the foregoing reasons, Continental moves that the Court strike Ashtiani's Exhibit 56.

DATED: Hagåtña, Guam, January 16, 2004.

CARLSMITH BALL LLP

_____
ELYZE MCDONALD
DAVID LEDGER
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.