Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

Tony H. Ashtiani,

    Plaintiff,

Vs.

Continental Micronesia Inc,

Dba, Continental Micronesia,

Continental Airlines,

    Defendant

Civil Case No.: 02-00032

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO STRIKE "SHAM" AFFIDAVITS AND ATTACHED EXHIBITS BY DEFENDANT IN ATTEMPT TO OBSTRUCT JUSTICE.**

Plaintiff filed supplemental opposition on Jan 09, 2004, timely within 14 days of Defendant's Motion to strike affidavit of Tony H. Ashtiani and attached Exhibits 1-55 on December 19, 2003. which was served on plaintiff on December 26, 2003.

Defendant here, failed to file reply on Jan 09, 2004 and not responsive to some very key and important issues brought forth by the plaintiff, Rather defendant filed two separate documents On January 16, 2004.

LR. 7.1: <u>Motion Practice</u>: 7.1(d)(2)(B) The moving party may, not less than seven days after service of the opposition, serve <u>and file a reply to the opposing party's opposition</u>.

LR. 7.1(f): <u>Failure to File Required Papers</u>. Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be.

Defendant failure to file reply on January 16, 2004, is consent to plaintiff's pleadings not to exclude:

1) Discrimination in its employee's benefits including Ashtinai.

2) Employee choosing representative of its own choosing.

3) First, proff that plaintiff's statistics are inaccurate.

Defendant only filed a <u>opposition</u> to matters in pages 9 and 10 in reference to "SHAM" Affidavit. Thus defendant has consented to all Ashtiani's pleadings from pages (1) through (8) and pages (11) and (12) by failure to reply.

In all retro respect, Plaintiff in this pleading presents his reply to defendant's opposition within 7 days in pursuant to Local Rule 7.1.

Pentecostal Holiness Church, Inc. v. Mauney 270 So.2d 762 "Sham pleadings" are those which are inherently false and must have been known by interposing party to be untrue.

Ashtiani citing Kennedy v. Allied Mut. Ins. Co., 952 F2d 262 (9th cir. 1991) is completely relevant indeed because defendant has provided a sham affidavit upon the Court and that Mckinzie affidavit is untrue and states lee's termination was retracted yet Mr. Lee is working at Sears Just because defendant failed to depose affiant that does not justify for defendants sham affidavit and fabricated documents.

The defendants affidavit is sham because attachments to that affidavits are emails that were not sent and do not have any reply by any of the addresses I have already discussed this issue and I explained the defendants "fraud upon the Court".

"Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible." Id. (citation omitted) Rule 60(b)(3)

Defendant complaints that Ashtiani's motion is brought month later, while defendant has turned a blind eye to kennedy's

case which states "If **after a hearing** on the issue it does find a sham".

**CONCLUSION**

Plaintiff asserts that District court of Guam is very thorough with examining documents for the forgoing reasons Plaintiff respectfully asks Honorable Chief Judge John S. Unpingco to have defendants' e-mails and exhibits examined by the cyber technical division of the Federal Court.

Plaintiff is not requesting hearing on Motion to strike and rests upon his pleadings unless the Honorable Chief Judge ORDER a hearing plaintiff gladly will obey and will be more than happy to attend such meeting.

**Respectfully submitted,**

This 22ND day of January 2004.

Tony H. Ashtiani

_____

Pro se , Plaintiff.