**ORIGINAL**



CARLSMITH BALL LLP

ELYZE MCDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>    Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANT CONTINENTAL MICRONESIA, INC'S RESPONSE TO PLAINTIFF'S AMENDED REQUEST FOR ISSUANCE OF ORDER (FILED JANUARY 29, 2004)** |

### I. INTRODUCTION

    Defendant Continental Micronesia, Inc. hereby provides its Response to Plaintiff Tony H. Ashtiani's Amended Request for Issuance of Order, filed on January 29, 2004. In his Amended Request, he restates his request that the Court deny Continental's Motion to Strike Mr. Ashtiani's Affidavit and attached Exhibits 1-55 (which Motion Continental filed December 24, 2003), on the grounds that Continental failed to file a Reply to his Opposition. In his Amended Request, Ashtiani includes an additional paragraph (i.e., paragraph 2 on page 3) regarding a

phone call between defense counsel and Mr. Ashtiani. Mr. Ashtiani also incorrectly asserts that his Amended Request is permissible under Federal Rule of Civil Procedure 15(a), which pertains to amended pleadings.

## II. ASHTIANI'S *AMENDED* REQUEST IS IMPROPER

Ashtiani files his Amended Request pursuant to Federal Rule of Civil Procedure 15(a) which allows a party to amend pleadings "at any time before a responsive pleading is served . . . or by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). A "pleading," however, includes

> a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

Fed. R. Civ. P. 7(a). Mr. Ashtiani's Amended Request does not fall within the definition of a pleading, as was therefore improperly submitted to the Court. Moreover, even if it is considered a pleading, a responsive document had already been filed (i.e., Continental's Response to the Request for Issuance of Order, filed Jan. 30, 2004). Ashtiani never sought leave from the Court to file his Amended Request, and Continental did not consent to its filing. The Court should disregard the Amended Request.

## III. CONTINENTAL INCORPORATES ALL OBJECTIONS CONTAINED IN ITS ORIGINAL RESPONSE TO ASHTIANI'S REQUEST FOR ISSUANCE OF ORDER (FILED JANUARY 26, 2004)

Continental hereby incorporates its objections contained in its Response (filed January 27, 2004) to Ashtiani's Original Request (filed January 26, 2004). The pertinent portions of Continental's Response are restated heretofore:

> On January 26, 2004, Plaintiff Tony H. Ashtiani filed a Request for Issuance of Order denying Continental's Motion to Strike Mr. Ashtiani's Affidavit and attached Exhibits 1-55, which

Motion was filed December 24, 2003. Mr. Ashtiani filed an Opposition to the Motion on December 31, 2003 and on January 9, 2004, he filed a Supplemental Opposition to the Motion.

Under Local Rule of Practice 7.1(d)(1)(B), Replies are not mandatory. Continental was therefore not required to file a Reply, and after reviewing the Opposition, believed that one was not necessary, as the Motion itself contained all the relevant briefing on the subject. Continental has not filed any document untimely, and respectfully requests that the Court deny Mr. Ashtiani's Request.

Continental's Response to Request for Issuance of Order (filed Jan. 27, 2004) at 1-2.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Request for Issuance of Order and Amended Request for Issuance of Order.

DATED: Hagåtña, Guam, February 5, 2004.

CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

---

[1] Mr. Ashtiani's additional argument pertaining to a conversation between defense counsel and himself, and his impressions regarding that conversation, are irrelevant to the issue before the Court presented by Continental, which is whether Mr. Ashtiani's Affidavit and Exhibits 1-55 were improperly submitted. Continental refers the Court to its Motion to Strike, filed Dec. 24, 2003.