CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.



IN THE DISTRICT COURT OF GUAM

| TONY H. ASHTIANI, | CIVIL CASE NO. CIV02-00032 |
|---|---|
| Plaintiff, | **DEFENDANT CONTINENTAL MICRONESIA, INC.'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11** |
| vs. | |
| CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA and CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1
II. PROCEDURAL BACKGROUND ......................................................................................1
III. ASHTIANI'S PRO SE STATUS...........................................................................................2
    A. THE NINTH CIRCUIT DISAPPROVES OF AFFORDING PRO SE LITIGANTS ANY LENIENCY IN SUMMARY JUDGMENT PROCEEDINGS ............................................................................................................2
    B. RULE 11 LIKEWISE PROVIDES NO LENIENCY TO PRO SE LITIGANTS ..........................................................................................................3
IV. FEDERAL RULE OF CIVIL PROCEDURE 11 .................................................................4
    A. OVERALL STANDARDS GOVERNING RULE 11 MOTIONS ............................4
    B. NOT WARRANTED BY EXISTING LAW, AKA "FRIVOLOUSNESS" ...............5
    C. IMPROPER PURPOSE ..............................................................................................5
V. THE TIMING OF SUMMARY JUDGMENT PLEADINGS ..............................................6
VI. ASHTIANI'S PLEADINGS ARE UNTIMELY, UNWARRANTED BY LAW, EXCESSIVE, AND THEREFORE BROUGHT FOR AN IMPROPER PURPOSE .............7
    A. ASHTIANI'S SUPPLEMENTAL FILINGS AND EVIDENTIARY MATERIALS FILED WITHOUT LEAVE OF COURT ............................................7
    B. CUMULATIVE EFFECT ........................................................................................12
VII. SANCTIONS .....................................................................................................................12
VIII. CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**
Aetna Life Ins. Co. v. Alla Med. Svcs., Inc., 855 F.2d 1470 (9th Cir. 1988) .................................................. 5
Cooter & Gell v. Hartmarx Corp. et al., 496 U.S. 384 (1990) ........................................................................ 4
Cornett v. Bank of New York, 1992 WL 88197 (S.D.N.Y. 1992) ................................................................... 3
Foster v. Arcata Assocs., 772 F.2d 1453 (9th Cir. 1985) ............................................................................. 10
In re Kunstler, 914 F.2d at 518 (4th Cir. 1990) .......................................................................................... 5, 6
Jacobsen v. Filler, 790 F.2d 1362 (9th Cir. 1985) ......................................................................................... 3
Jones v. Menard, 559 F.2d 1282 (5th Cir. 1977) ........................................................................................ 11
Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262 (9th Cir. 1991) .................................................................... 10
Lujan v. National Wildlife Federation, 497 U.S. 871 (1990) ...................................................................... 11
Radobenko v. Automated Equip. Corp., 520 F.2d 540 (9th Cir. 1975) ........................................................ 10
Sheets v. Yamaha Motors Corp., 891 F.2d 533 (5th Cir. 1990) ................................................................. 4, 5
Thomas v. Evans, 880 F.2d 1235 (11th Cir. 1989) ........................................................................................ 5
Warren v. Guelker, 29 F.3d 1386 (9th Cir. 1994) ......................................................................................... 3
Zaldivar v. City of Los Angeles, 780 F.2d 823 (9th Cir. 1986) .................................................................. 4, 5

**Rules**
Fed. R. Civ. P. 11 .................................................................................................................................. 4, 5, 12
Fed. R. Civ. P. 56(c) ...................................................................................................................................... 6
Fed. R. Civ. P. 56(e) ...................................................................................................................................... 6
Fed. R. Civ. P. 6(b) ........................................................................................................................................ 6
Fed. R. Civ. P. 11(b) ...................................................................................................................................... 3
Fed. R. Civ. P. 11(c)(2) ................................................................................................................................ 12

# DEFENDANT CONTINENTAL MICRONESIA, INC.'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

## I. INTRODUCTION

Defendant Continental Micronesia, Inc. brings this Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. Continental seeks the imposition of sanctions as a result of seven baseless filings, motions, and affidavits by Plaintiff Tony H. Ashtiani submitted to the Court from the time period of December 19, 2003, to January 9, 2004, all of which could not have been presented for any reason other than harassment against Continental. As will be discussed, the timing and substance of these vexatious documents and pleadings demonstrates that Ashtiani has no legal grounds for presenting these arguments, and as a result, has furnished them with the improper purpose of harassment. Continental seeks a sanction in an amount appropriate to deter Ashtiani from filing further excessive and unwarranted filings, and to reimburse Continental for its attorneys fees and costs incurred in responding to each and every meaningless filing.

## II. PROCEDURAL BACKGROUND

Both parties filed summary judgment motions on November 21, 2003, both seeking the entry of summary judgment in their favor. On December 5, 2003, within its Reply in support of its motion, Continental filed a Motion to Strike all unauthenticated evidence proffered by Ashtiani. The Court held a hearing on the summary judgment motions on December 12, 2003.

On December 19, 2003, Ashtiani filed an Opposition to Continental's Motion to Strike, a Cross Motion to Strike Continental's summary judgment exhibits, and Affidavits of Vince Diaz and Ashtiani. On December 24, 2003, Continental filed its Reply as well as a Motion to Strike Ashtiani's December 19, 2003 Affidavit and accompanying Exhibits 1 - 55, on the basis that such pleadings were untimely, because they did not pertain to Continental's Motion to Strike, but rather supplemented Ashtiani's summary judgment pleadings.

Ashtiani then fired off a series of documents one can only describe as spurious. First, on December 31, 2003, he filed a Reply in support of his Counter-Motion to Strike and his Opposition to Continental's December 24, 2003 Motion to Strike. On that same day, he filed an Amended Opposition to Continental's Motion to Strike, a Counter-Motion to Strike Continental's exhibits, and additional affidavits of Vince Diaz and Ashtiani. Then, on January 9, 2004, Ashtiani filed a Supplemental Opposition to Continental's Motion to Strike Ashtiani's December 19, 2003, a Motion to Strike so-called "Sham" Affidavits submitted by Continental, as well as a Declaration with attached Exhibit 56. Continental had no choice but to respond on January 16, 2004, by filing an Opposition to Ashtiani's January 9 Motion to Strike, and a Motion to Strike his Declaration with attached Exhibit 56.[1]

Notably, Ashtiani did not seek leave of Court to file any of his supplemental or amended filings or additional exhibits pertaining to the summary judgment motions.[2]

### III. ASHTIANI'S PRO SE STATUS

As a preliminary matter, Continental will address why Ashtiani's pro se status is irrelevant in the context of summary judgment and Rule 11 proceedings.

#### A. THE NINTH CIRCUIT DISAPPROVES OF AFFORDING PRO SE LITIGANTS ANY LENIENCY IN SUMMARY JUDGMENT PROCEEDINGS

The Ninth Circuit disapproves affording pro se litigants any leniency in a civil case:

> **[P] *ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.** Trial courts

---

[1] To summarize the pleadings submitted by both parties pertaining to their summary judgment motions, Continental offers Exhibit A as a reference and for the Court's convenience.

[2] Since service of this Rule 11 Motion on Ashtiani on January 21, 2004, there have been several other filings in this case. On January 26, 2004, Ashtiani filed a Request for Issuance of Order denying Continental's Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 filed January 9, 2004, and an Amended Request for Issuance of Order on January 29, 2004. Continental filed Responses to these Requests on January 27, 2004, and February 5, 2004, respectively. As discussed in those Responses, Continental contends that Ashtiani's Request and Amended Request were also inappropriate. However, because Continental could not have anticipated those additional harassing filings by the time it served Ashtiani with *this* Motion, Continental would only like to note the existence of the additional filings as further evidence of vexatious and harassing conduct, but will not brief the propriety of those filings at this time.

> generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses *himself* as legal representative should be treated no differently. . . . it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant.

Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1985) (footnotes omitted) (emphasis added). In Jacobsen, during summary judgment proceedings, the pro se plaintiff failed to provide a written opposition or any supporting evidence, arguing that he was unaware of these requirements. The Ninth Circuit rejected the idea that a court inject itself into the summary judgment proceedings by affording a pro se litigant leniency in complying with the rules, especially when the Supreme Court and its Advisory Committee "already apprise litigants of their summary judgment obligations." Id. at 1366. Accordingly, Ashtiani should not receive any special treatment or leniency by his blatant failure and/or neglect to comply with the rules pertaining to motions for summary judgment.

B.     <u>RULE 11 LIKEWISE PROVIDES NO LENIENCY TO PRO SE LITIGANTS</u>

Rule 11 explicitly applies to both represented and unrepresented parties. <u>See</u> Fed. R. Civ. P. 11(b). The Ninth Circuit in <u>Warren v. Guelker</u>, 29 F.3d 1386, 1390 (9th Cir. 1994) found that district courts are "not at liberty to exempt automatically [pro se litigants] from [Rule 11's] requirements." To exempt pro se litigants from the requirements of Rule 11 "would effectively place all unrepresented parties beyond the reach of Rule 11." <u>Id</u>.

Furthermore, where, as in the instant action, a pro se litigant has demonstrated "an ability to find the law and to make legal arguments . . . he may be held to a somewhat higher standard than other pro se parties." <u>Cornett v. Bank of New York</u>, 1992 WL 88197 (S.D.N.Y. 1992). In this case, Ashtiani has more than demonstrated an ability to prepare pleadings with legal arguments and to follow court procedures. His Second Amended Complaint contains eight causes of action. He actively participated in discovery, has successfully moved to compel discovery from

Continental, and he has successfully designed and implemented a strategy which prevented Continental from taking his deposition. He constantly reminds the Court and Continental that he "works long hours at the law library". Although not licensed to practice law, Ashtiani has demonstrated more than sufficient legal understanding and, until recently, meaningful participation in the legal process. He is therefore fully charged with notice of Rule 11's policies of deterrence for bringing pleadings that are frivolous or with an improper purpose.

## IV. FEDERAL RULE OF CIVIL PROCEDURE 11

### A. OVERALL STANDARDS GOVERNING RULE 11 MOTIONS

All parties - whether represented or unrepresented - by signing and filing any pleading, motion or other paper with a district court, certify that the filing is not being presented for an improper purpose, that its legal contentions are warranted by existing law, and that its factual contentions have, or likely will have, evidentiary support. Fed. R. Civ. P. 11. Courts must utilize a "reasonableness" standard upon examining whether a filing has been presented for an improper purpose or is frivolous. Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-31 (9th Cir. 1986), overruled on other grounds by Cooter & Gell v. Hartmarx Corp. et al., 496 U.S. 384 (1990).

The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts. Cooter & Gell, 496 U.S. at 393. "Rule 11 . . . is intended to be applied by district courts vigorously to curb widely acknowledged abuse from the filing of frivolous pleadings, and other papers." Zaldivar, 780 F.2d at 829.

Generally, Rule 11 sanctions may be imposed if a motion was (1) not well grounded in fact; (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) interposed needlessly and solely for purposes of delay. See, e.g., Sheets v. Yamaha Motors Corp., 891 F.2d 533, 535-36 (5th Cir. 1990). In this Rule 11 Motion, Continental proposes that Ashtiani has violated the last two.

B.  NOT WARRANTED BY EXISTING LAW, AKA "FRIVOLOUSNESS"

Sanctions may be awarded against a party who has brought forth an unmeritorious and frivolous pleading. See Fed. R. Civ. P. 11.

> The pleader, at a minimum, must have a "good faith argument" for his or her view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry." Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case. Of course, the conclusion drawn from the research undertaken must itself be defensible.

Zaldivar, 780 F.2d at 831. Although the standard for "frivolousness" can be an abstract one, the Court must remember that the primary goal of Rule 11 "is to eliminate the defense of personal ignorance of defects in a paper challenged as unmeritorious." Id. at 830.

C.  IMPROPER PURPOSE

A pleader who files a document with the Court also certifies that it "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11. Harassment includes the filing of excessive motions. Zaldivar, 780 F.2d at 832 n.10; Sheets, 891 F.2d at 538; In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990) ("Filing of excessive motions may sometimes constitute 'harassment' under the rule even if the motions are well grounded."); Thomas v. Evans, 880 F.2d 1235, 1243 (11th Cir. 1989). As the Ninth Circuit stated in Aetna Life Ins. Co. v. Alla Med. Svcs., Inc., 855 F.2d 1470, 1476 (9th Cir. 1988),[3]

> there comes a point when successive motions and papers become so harassing and vexatious that they justify sanctions even if they are not totally frivolous . . . . If a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of

---

[3] In Aetna, the pattern of abusive activity consisted of two motions for more definite statements, an answer filed seven months after the complaint, two motions to dismiss, and a "false" affidavit. Id. at 1471-72, 1476.

> clearly abusive litigation activity, it will be deemed to have been filed
> for an improper purpose and sanctionable.

In other words, the "cumulative effect" of a pattern of excessive litigation activity may determine whether the party has acted with an "improper purpose."

Often, courts look to whether a pleading has a foundation in fact or law in order to determine if the party has an "improper purpose." In re Kunstler, 914 F.2d at 518. In Kunstler, for example, the Fourth Circuit affirmed the district court's conclusion that the plaintiff's counsel had no sincere intention to litigate the civil rights lawsuit, and because their claims were baseless, it was proper to infer it was pursued with an improper purpose. Id. at 519. In addition, the timing of a document may also indicate whether the party had an improper purpose. Id. at 519

## V.   THE TIMING OF SUMMARY JUDGMENT PLEADINGS

Federal Rule of Civil Procedure 56 establishes the timelines and procedures by which summary judgment pleadings may be filed. In particular, Rule 56 states that up until prior to the day of the hearing on the motion for summary judgment, the adverse party may serve opposing affidavits. Fed. R. Civ. P. 56(c). The Court may thereafter "permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Fed. R. Civ. P. 56(e).

Should a party seek to supplement its pleadings, it must do so under the procedures established in Federal Rule of Civil Procedure 6 [Enlargement of Time]. Rule 6 allows the Court to permit a late filing "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b).

/ / /

/ / /

/ / /

## VI. ASHTIANI'S PLEADINGS ARE EXCESSIVE, UNTIMELY, AND UNWARRANTED BY LAW AND THEREFORE BROUGHT FOR AN IMPROPER PURPOSE

### A. ASHTIANI'S SUPPLEMENTAL FILINGS AND EVIDENTIARY MATERIALS FILED WITHOUT LEAVE OF COURT

#### 1. December 19, 2003: Cross-Motion to Strike Defendants Exhibits

The timing of this document signifies it was only brought with an improper purpose. This Cross-Motion comes seven days *after* the hearing on the summary judgment motions and almost one month after Continental filed these exhibits with the Court in conjunction with its Motion for Summary Judgment. Ashtiani's Cross-Motion and objections are blatantly untimely, and constitute an obvious retort to Continental's own timely filed Motion to Strike.[4] Because Ashtiani's Cross-Motion was not timely presented, nor was leave sought to file it, its filing is not warranted by law and its only obvious purpose was to harass Continental.

#### 2. December 19, 2003: Affidavit of Vince Diaz

Ashtiani submits Vince Diaz's Affidavit in an attempt to cure the deficient handwritten statements he previously tendered to the Court during the summary judgment proceedings that did not meet the evidentiary requirements of a proper affidavit or declaration. The December 19 Affidavit is in substance exactly the same as the handwritten statements, except with the additional mandatory language and notarization.

As with all other documents discussed in this Rule 11 motion, Ashtiani failed to seek leave of Court to submit this additional evidentiary material. Its filing is therefore not supported by law. Rather, it is yet another misguided retort.

---

[4] The very labeling of a "cross" motion signifies that Ashtiani possessed some animus in filing this document. Had it been a proper objection to Continental's evidence, Ashtiani should have filed it with his Opposition to Continental's Motion for Summary Judgment. However, because he (1) waits until after Continental files a Motion to Strike, and (2) labels it a "cross" motion as opposed to a plain "Motion to Strike" demonstrates this underlying animus and improper purpose.

3. **December 19, 2003: Affidavit of Tony H. Ashtiani to Authenticate Exhibits on Record in Support of Opposition to Defendants' Motion to Strike Ashtiani's Exhibits; Exhibits 1 through 55**

Ashtiani labels this Affidavit as being in support of his Opposition to Continental's Motion to Strike (filed on December 5, 2003), and, incredibly, attaches 55 exhibits in "support." Even a quick review of this Affidavit reveals that it does not pertain at all to Continental's Motion to Strike, but rather to all the issues litigated during the summary judgment proceedings. The Exhibits are in large part the same exhibits that were presented by Ashtiani during the summary judgment proceedings. Continental herein restates and incorporates the pertinent arguments provided in its December 24, 2003 Motion to Strike Ashtiani's December 19 Affidavit and Attached exhibits 1-55:

> First, exhibits 1-17, 19-35, 38-39, 41-43, and 48 are exhibits that have already been submitted during the summary judgment proceedings, and have no relevance to the issue of whether they have been properly authenticated.
>
> Second, exhibits that aim to "correct" authentication errors should be stricken as being untimely. For example, throughout the summary judgment proceedings, Ashtiani introduced an unsworn handwritten statement by Vince Diaz that was not made under penalty of perjury nor stated to be true. Now, however, attached as Exhibit 1 to Ashtiani's Affidavit is a typed Declaration by Vince Diaz stating basically the same information as the handwritten statement, but made under "penalty of perjury" and stated to be "true and correct." This "Declaration" only aims to correct previous authentication and admissibility deficiencies, but however, it has been untimely filed and should not be considered by the Court.
>
> Lastly, exhibits 1, 36, 37, 40, 44-47, 49, and 50-55 are all "new" pieces of evidence that have no relation to the issue of authentication of exhibits submitted with the summary judgment motions, and also should not be considered by the Court. Instead, these exhibits pertain to the issues pertaining to the summary judgment motions, which have already been briefed and addressed by the parties at the summary judgment hearing. Ashtiani provides no explanation for why this inadmissible evidence is being presented at such a late hour. The Court should disregard these exhibits, especially in light of the fact that Continental has not been given the opportunity to offer a reply to these exhibits.

Continental's Mot. to Strike (filed Dec. 24, 2003) at 10 (footnote omitted). In all, Ashtiani's Affidavit and accompanying exhibits were an attempt to correct evidentiary defects that were not timely cured prior to the summary judgment deadlines. Filed without leave of Court, Ashtiani's Affidavit and exhibits were improperly submitted, and therefore brought with an improper purpose.

    4.    <u>December 31, 2003: Counter-Motion to Strike Defendants' Exhibits</u>

The Counter-Motion to Strike contains the same substance as the December 19 Cross-Motion. Nonetheless, Ashtiani still failed to seek leave to file this document. Its filing is still not warranted by law, and could only be brought to harass and to increase the expenses of litigation.

    5.    <u>January 9, 2004: Plaintiff's Supplemental Opposition to Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55</u>

Ashtiani claims that Federal Rule of Civil Procedure 15 [Amended and Supplemental Pleadings] provided him with authority to file this "Supplemental Opposition." Rule 15, however, relates to pleadings such as complaints and answers, documents in which the parties state their claims for relief.[5] Ashtiani's "Supplemental Opposition," however, does not constitute such a document, and it was therefore improperly submitted to the Court.

Moreover, even if the Court were to construe this filing as a "pleading" under Rule 15, Ashtiani neither followed nor tried to follow the correct procedure. Ashtiani should have first filed a motion to serve a supplemental pleading, a procedure explicitly mentioned in Rule 15. Ashtiani once again violates the Federal Rules of Civil Procedure by failing to seek Court permission prior to filing this document. Ashtiani's filing is neither supported not permitted by law,

---

[5] A "pleading" includes

> a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

Fed. R. Civ. P. 7(a).

and it could only have been designed and brought for the improper purpose of harassing Continental.

> 6. January 9, 2004: Motion to Strike "Sham" Affidavits and Attached Exhibits by Defendant in Attempt to Obstruct Justice

More than a month and a half after Continental first filed affidavits to support its Motion for Summary Judgment, Ashtiani objects to those affidavits using the disingenuous argument that they are "shams." Continental herein restates and incorporates pertinent portions of its arguments in opposition to this untimely motion, as presented in its January 16, 2004 Memorandum in Opposition:

> On January 9, 2004, Plaintiff Tony H. Ashtiani moved to strike Affidavits furnished by Defendant Continental Micronesia, Inc. in connection with Continental's Motion for Summary Judgment (filed on November 21, 2003). Ashtiani cites in support <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262 (9th Cir. 1991), in which the Ninth Circuit discussed a line of cases holding that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." <u>Id</u>. at 266 (citing <u>Foster v. Arcata Assocs.</u>, 772 F.2d 1453 (9th Cir. 1985) and <u>Radobenko v. Automated Equip. Corp.</u>, 520 F.2d 540 (9th Cir. 1975)). The Ninth Circuit held that this line of cases "does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony." 952 F.2d at 266-67.
>
> <u>Kennedy</u> is completely irrelevant to the present case. None of Continental's affiants - Dixon McKinzie, William Herrera, Glenn Mendoza, or Jeanne Wilson - were ever deposed in this case. They have not furnished affidavits contradicting any deposition testimony. There is nothing "sham" about any of their Affidavits.
>
> Moreover, Ashtiani's Motion is brought more than a month after these Affidavits were submitted. The Motion should be ruled as untimely, having been submitted far after the summary judgment proceedings in this case have been briefed by the parties.

Continental's Memo. in Opp'n (filed Jan. 16, 2004) at 1-2. Not only did Ashtiani file this objection in an extremely untimely fashion, his grounds for objection lack any merit whatsoever demonstrating that he failed to read the cases he cited. Its very filing demonstrates a wholly

- 10 -

improper purpose.

       7.     <u>January 9, 2004: Declaration of Tony Ashtiani (with attached Exhibit 56)</u>

Although almost more than a month had passed between the summary judgment hearing and the filing of this Declaration, Ashtiani is still seeking to submit evidentiary material pertaining to the underlying issues of the summary judgment motions. Continental herein restates and incorporates pertinent portions of its arguments with regard to striking this Declaration and Exhibit 56, as presented in its January 16, 2004 Motion to Strike:

> Ashtiani seeks to introduce Exhibit 56 (attached to his January 9, 2004 Declaration) to demonstrate that non-supervisors took "sick" calls from employees during the period of time Ashtiani was employed at Continental. This exhibit pertains to issues presented during the summary judgment proceedings in this case. Ashtiani has not requested permission from the Court to file this exhibit and additional information. Ashtiani thus has no grounds for filing this untimely exhibit. Its submission violates the Federal Rules of Civil Procedure and the court's inherent power to control the proceedings before it. <u>See</u>, <u>e.g.</u>, <u>Jones v. Menard</u>, 559 F.2d 1282, 1285 n. 5 (5th Cir. 1977).
>
> Federal Rule of Civil Procedure 6 governs the approach in the event of late filings. It requires that a motion be made and a late filing be permitted where the failure to meet the deadline was the result of excusable neglect. In order to accept Ashtiani's late submissions, the Court must regard the very filing of the late document as a motion made to file it, and infer for itself - for Ashtiani provides no explanation - what constituted his excusable neglect. The Supreme Court in <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 894-98 (1990), found that a district court did not abuse its discretion in rejecting affidavits filed untimely, when the party provided no motion nor just cause in support of the late filings. Similarly, here, the Court should strike Exhibit 56 and all other untimely filed exhibits from the record.

Continental's Mot. to Strike (filed Jan. 16, 2003) at 2-3. As Ashtiani failed to seek leave of court to file this untimely document, he brings it with the improper purpose of harassing Continental and filing excessive papers.

B.  CUMULATIVE EFFECT

The cumulative effect of the numerous filings, motions and pleadings just described is clear: Ashtiani has been engaging in a pattern of abusive litigation activity. Many of the documents that have been filed pertain to the issues of merit in the summary judgment proceedings, rather than to any evidentiary issues. It constitutes a clear pattern of abusive litigation activity, for which only sanctions will provide the necessary deterrence.

VII. **SANCTIONS**

In determining the amount and type of sanctions to be awarded, it is proper to include the other party's attorneys fees and costs. Fed. R. Civ. P. 11(c)(2). As of January 5, 2004, Continental incurred attorneys fees of $2,101.00 and costs of $621.53 in litigating and responding to what can only be seen as vexatious filings on the part of Ashtiani. Continental seeks reimbursement of these fees and costs that have been "directly and unavoidably caused by [the Rule 11] violation[s]" as part of the sanction, as well as other fees and costs in preparing this motion.[6] See Fed. R. Civ. P. 11, advisory committee's note.

VIII. **CONCLUSION**

Ashtiani's latest filings constitute a clear pattern of noncompliance with the Federal Rules of Civil Procedure and abusive litigation activity. This is just the sort of conduct that Rule 11 was intended for: excessive and vexatious litigation brought with an improper purpose to harass the opposing party. It is with great trepidation that Continental brings this motion. Not only is Rule 11 a high bar to clear, the motion adds further to the Court's burden, already over-booked by the filings this motion is intended to address. But enough is enough. The pattern must be brought to a halt now. Left unchecked, there is indeed no end in sight. For this reason, and for all reasons stated in

---

[6] Continental shall supplement and update its fees and costs incurred in a later filing after all fees and costs relating to this Rule 11 proceeding have been tallied. Continental will also provide a detailed fee and cost report upon the Court's request.

- 12 -

this Motion, Continental moves that the Court impose sanctions upon Plaintiff Tony H. Ashtiani to deter him from further abusive litigation activity.

DATED: Hagåtña, Guam, February _//_, 2004.

CARLSMITH BALL LLP

ELYZE MCDONALD
DAVID LEDGER
Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

## SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| November 21, 2003 | Defendants' Motion for Summary Judgment; Memorandum in Support of Motion; Affidavit of Dixon McKinzie; Declaration of David Ledger; Exhibits A-S | Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment<br><br>Notice and Motion for Partial Summary Judgment<br><br>Declaration of Tony H. Ashtiani in Support of Motion for Partial Summary Judgment<br><br>Plaintiff's Affidavit in Support of Motion for Partial Summary Judgment |
| November 28, 2003 | Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment; Affidavit of Dixon McKinzie; Exhibits A-N; Declaration of David Ledger | Plaintiff's Opposition to Deft's Motion for Summary Judgment, Memorandum of Points and Authorities, Declaration of Ron Roberts, Exhibits E and N<br><br>Affidavit of Tony H. Ashtiani in Support of Opposition to Defendants' Motion for Summary Judgment<br><br>Declaration of Kathleen P. Sgambelluri |
| December 5, 2003 | | Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment; Affidavit of Tony H. Ashtiani and Declaration of Tony Ashtiani, Certificate of Service |
| December 5, 2003 (continued) | Reply Memorandum in Support of Defendant Continental Micronesia, Inc.'s Motion for Summary Judgment and Motion to Strike All Unauthenticated Evidence Proferred by Ashtiani; Affidavit of William Herrera; Affidavit of Glenn Mendoza; Supplemental Affidavit of Dixon McKinzie | Affidavit of Tony H. Ashtiani in Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment<br><br>Declaration of Tony H. Ashtiani in Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment |

**EXHIBIT A**

# SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| December 8, 2003 | | Intentional Delay of Service |
| December 9, 2003 | Affidavit of Jeanne K. Wilson | |
| December 11, 2003 | | Affidavit of Tony H. Ashtiani |
| December 19, 2003 | | Opposition to Defendants Motion to Strike Unauthenticated Exhibits; Cross Motion to Strike Defendants Exhibits; Affidavit and Declaration of Vince Diaz; Affidavit of Tony Ashtiani to Authenticate Exhibits on Records |
| | | Affidavit of Vince Diaz |
| | | Affidavit of Tony H. Ashtiani to Authenticate Exhibits on Records in Support of Opposition to Defendants' Motion to Strike Ashtiani's Exhibits; Exhibits 1 thru 55 |
| December 24, 2003 | Defendant Continental Micronesia, Inc.'s Reply Memorandum in Support of its Motion to Strike Plaintiff's Unauthenticated Evidence; Defendant's Memorandum in Opposition to Plaintiff's Cross-Motion to Strike; <u>and</u> Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55, Filed on December 19, 2003 | |
| December 31, 2003 | | Plaintiff's Reply to Defendant's Opposition to Plaintiff's Counter Motion to Strike and Opposition to Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and attached Exhibits 1-55 filed on December 19, 2003 |
| December 31, 2003 (continued) | | Amended Opposition to Defendants' Motion to Strike Unauthenticated Exhibits; Counter Motion to Strike Defendants' Exhibits; Affidavit and Declaration of Vince Diaz; Affidavit |

## SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| | | of Tony Ashtiani to Authenticate Exhibits on Records |
| January 9, 2004 | | Plaintiff's Supplemental Opposition to Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55 on December 19, 2003 and Motion to Strike "Sham" Affidavits and Attached Exhibits by Defendant in Attempt to Obstruct Justice |
| | | Declaration of Tony Ashtiani |
| January 16, 2004 | Defendant Continental Micronesia, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Strike "Sham" Affidavits (Filed January 9, 2004) | |
| | Defendant Continental Micronesia, Inc.'s Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 Filed January 9, 2004 | |
| January 21, 2004 | Agreement of Hearing Date; Declaration of Elyze McDonald | |
| January 22, 2004 | | Plaintiff's Reply to Defendant's Opposition to Strike "Sham" Affidavits and Attached Exhibits by Defendant in Attempt to Obstruct Justice |
| | | Disagreement of Hearing on Motion to Strike |
| January 26, 2004 | | Request for Issuance of Order |
| | | Declaration of Tony H. Ashtiani |
| January 27, 2004 | Response to Request for Issuance of Order | |
| January 29, 2004 | | Amended Request for Issuance of Order |

## SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| January 30, 2004 | | Plaintiff's Opposition to Defendant's Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 (Filed January 9, 2004) |
| February 5, 2004 | Defendant Continental Micronesia, Inc.'s Response to Plaintiff's Amended Request for Issuance of Order (Filed January 29, 2004) | |
| | Defendant Continental Micronesia, Inc.'s Reply in Support of Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 Filed January 9, 2004 | |