CARLSMITH BALL LLP

ELYZE MCDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>    Defendant. | CIVIL CASE NO. CV02-00032<br><br>**REQUEST FOR HEARING** |

## REQUEST FOR HEARING DATE

Defendant Continental Micronesia, Inc. requests that the Court schedule a hearing date for its Motion for Sanctions under Rule 11, filed February 11, 2004. The parties have not agreed on a hearing date, however, due process may require that a hearing be held in this instance. In <u>Miranda v. Southern Pac. Trans. Co.</u>, 710 F.2d 516 (9th Cir. 1983), the Ninth Circuit ruled that prior to being sanctioned, an attorney should be provided notice, an opportunity to prepare a defense, and a hearing.

These procedural requirements will ensure that: (1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the proposed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review.

Id. at 522-23. Although the sanctions imposed in Miranda were not Rule 11 sanctions, the same reasoning still applies in this case. In fact, considerations of due process may be even of greater concern because of the potential that the sanctions will be imposed on a pro se litigant.

Mr. Ashtiani has not agreed to a hearing date. See Disagreement of Hearing Date (filed Feb. 11, 2004). Despite his disagreement, the Court should take into consideration that a hearing will offer both parties the opportunities to explain their respective positions directly in response to Court questions. Also, at such hearing, the Court may conduct further inquiry into the motive of the conduct complained of to assist it in a determination on whether the conduct was frivolous or harassing so as to warrant sanctions.

For these reasons, Continental respectfully requests that a Court hold a hearing on its Rule 11 Motion for Sanctions.

Dated this __11__ day of February 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.