Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575



UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

Tony H. Ashtiani, )
)
    Plaintiff, ) Civil Case No.: **02-00032**
)
v. )
)
Continental Micronesia Inc, ) **PLAINTIFF'S OPPOSITION TO**
) **DEFENDANT CONTINENTAL**
Dba, Continental Micronesia, ) **MICRONESIA INC'S MOTION FOR**
) **SANCTION UNDER FEDERAL RULE OF**
Continental Airlines, ) **CIVIL PROCEDURE RULE 11.**
)
    Defendant )
)
)

Plaintiff Ashtiani respectfully files this opposition to defendant continental Micronesia's Motion for Sanction. Plaintiff submits that contrary to defendant's assertion it now brings this motion during pre trial time in bad faith as a harassing and diversionary tactic upon a pro se plaintiff who is trying to prepare for trial.

As stated in subdivisions (b) and (c) Fed Rule of Civil Procedure Rule 11. "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11- whether the movant or the target of the motion- reasonable expenses, including attorney's fees, incurred in opposing the motion.

Upon close examination of Exhibit A of the defendants' motion there are documents listed with dates from January 22, 27, 29, 30, to February 5, 2004 which all of these documents are within the 21 days of filing with Court. Defendant's motion does not meet the requirements of Rule 11 which states "but shall not be filed with or presented to the court unless, within 21 days after service of the motion" defendants exhibit A is part of the motion thus the motion as whole fails to properly provide a 21 days of statute of limitation prior to filing which designed by rule writer as a "safe harbor" governing the rule 11. Therefore, Motion shall be considered moot and hearing vacated. Defendant shall be sanctioned and plaintiff be awarded for fess and costs for opposing this motion prior to trial.

Defendant after is sanctioned, certainly is welcomed to make changes. However, must serve plaintiff again with changes made, then

wait 21 days prior to filing it with the District Court. Plaintiff had objected in advance to any changes or modifications in a letter dated February 06, 2004. Thus plaintiff did not wave any modification. This objection is Herewith attached as exhibit (1). Plaintiff points out that defendant had planned this out thru-out this litigation of bringing a sanction motion just prior to trial by compressing their multiple pleadings in one caption, making it look like as less filings with District Court.

For instance on December 24, 2003 Defendant files a document under 1 caption with 3 separate pleading and counts it as one in their rule 11 that confusing multiple pleading caption states. "Defendant Continental Micronesia Inc's Reply Memorandum in support of its Motion to Strike Plaintiff's Unauthenticated Evidence; Defendant's Memorandum in Opposition to plaintiff's Cross-Motion to Strike; and Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55, filed on December 19, 2003". This caption is misleading and plaintiff had responded to each pleading pursuant to Local Rule 7.1.

("The Court has sufficient discretion to take account of the special circumstances that often arise in pro se situations"). Defendants Rule 11 motion is ill-served and is abusive of power by a large law firm and corporation which continuously wrongs the common man as pro se litigants that are preparing for trial.

Defendant here, asking the Court to sanction Ashtiani whom has spirit to stand when wronged because corporation ability is hampered in order to continue to harm those economically disadvantage pacific islander and others like Ashtiani.

Defendants motion is groundless with frivolous allegation based on fabricated factual dispute as evident through their exhibit A and captions asserted therein, defendant on numerous occasion has even deprived plaintiff of timely and proper service by burdening plaintiff by directing him to go to District Court to make copies of their pleadings and when it was to be served with Rule 11 motion, I was called to come to their office to pick up their motion such as this one.

As the Ninth Circuit has stated, "the [1983] amendments' major purposes were the deterrence of dilatory or abusive pretrial tactics and the streamlining of litigation." Id. (quoting Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 .... Therefore, defendant may not use Rule 11 as a chilling effect upon pro se litigants.

Plaintiff has not engaged in similar conduct in other litigation accordingly, there is no pattern or practice. On other hand, Ashtiani continuously thinking about his case, sincerely in attempt to provide the District Court with pleadings that is clear to understand, at times

plaintiff does not comprehend some legal languages and error is made thus amendments are filed.

Defendant has continuously filed motion to waste time as diversionary tactic and taking advantage of the pro se plaintiff. Zaldivar v. City of Los Angeles, 780 F.2d 823 (9th Cir.1986)(reversing sanctions for frivolous filing under Rule 11).

Accordingly, plaintiff humbly prays and respectfully asks Honorable chief Judge John S. Unpingco to deny defendant's motion and to instead sanction the defendant for harassing this plaintiff just before trial to make him use his time responding to this unwarranted rule 11 motion that fails to meet the Rule and filed in bad faith by defendant Continental Airlines and it lawyers, the Carlsmith firm.

**Respectfully submitted,** This 18th day of February 2004

Tony H. Ashtiani

Pro se, plaintiff

Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
TEL/FAX 1-(671) 653-5575
CELL 1-(671) 688-4844

February 06, 2004

CARLSMITH BALL LLP
Ms. Elyze McDonald
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

**Re: Motion hearing**

<u>In District Court of Guam CV. 02-00032</u>

Dear Attorney Ms. McDonald and Attorney Mr. Ledger.

Thank you for your letter dated February 4, 2004, for your convenience herewith attached.

Plaintiff objects to any alteration or modification made by defendant to the motion served upon plaintiff on Jan 22, 2004, (as stated in your letter dated February 04, 2004). Thus, if CMI elects to do so, defendant is required to follow the statute of limitations in Pursuant to Fed Rule Civ. P. Rule 11 which does not exclude Rule 5.

Plaintiff filed his pleadings and motions in opposition based on concrete and legitimate evidence supported by applicable Local Rules, Fed .R of Evid and related case laws before the District Court. My briefs are products of your client's not sent look alike emails with no reply, exhibits and manufactured documents unworthy of belief. Litigation such as this, one must call it as he sees it.

I am certain that you find my pleadings very interesting because defendant failed to inform you of their fabricated documents generated in anticipation of EEOC investigation. Perhaps, defendant McKinzie should have informed senior in house counsel and you about his exhibits from corner to corner. I am certain attorneys of record would have advised him not to attach it to his affidavits nor file it with U.S. District Court.

RECEIVED
CARLSMITH BALL
Date: Feb. 6, 2004
Time: 3:34 p.m. by: us

EXHIBIT "1"

The filing of a motion for sanction and its timing is itself subject to the requirements of the rule and can lead to sanctions. Further more, I am not interested in any hearing regarding CMI's Motion unless District Court sees fit for such hearing ORDERED by Honorable Chief Judge John S. Unpingco.

Dated this 6th day of February 2004.

Very Truly Yours,

Tony H. Ashtiani

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027
TELEPHONE 671.472.6813   FAX 671.477.4375
WWW.CARLSMITH.COM

DIRECT DIAL NO.                               EMCDONALD@CARLSMITH.COM

February 4, 2004

Mr. Tony H. Ashtiani
Post Office Box 12723
Tamuning, Guam 96931

Re:   Tony Ashtiani v. Continental Airlines, Inc.
      Civil Case No. CV02-00032

Dear Mr. Ashtiani:

This letter regards the Rule 11 Motion that Continental served you by mail on January 21, 2004, and personally on January 22, 2004.

First, Continental hereby notifies you that it will include two of your latest filings (both filed after Continental served its Rule 11 Motion on you), Request for Issuance of Order filed January 26, 2004, and Amended Request for Issuance of Order filed January 29, 2004, as part of its Motion. Continental believes these two requests are unwarranted, without legal foundation, and abusive, just like all other filings listed in the Rule 11 Motion.

Second, Continental will seek to have this Motion be heard before the Court on March 12, 2004. Please indicate to me by **Friday, February 6, 2004** (Guam time) if you agree with this date, or if you propose an alternative hearing date, as long as the proposed date is after March 8, 2004, as I will be unavailable until then.

Lastly, Continental reminds you that you must withdraw or correct the pleadings listed in its Rule 11 Motion, and the two pleadings mentioned above, by February 11, 2004. If you fail to do so, Continental will file its Motion and seek a full award of sanctions and attorneys fees.

Sincerely,

*[signature]*
for Elyze McDonald

EJM/jmc
4841-5213-4144.1.013280-00079

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES · WASHINGTON, D.C.