CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam 96910
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc.



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>          Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC.,<br><br>          Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11** |

## I. INTRODUCTION

Plaintiff Tony Ashtiani filed seven documents with the Court between December 19, 2003, and January 9, 2004, none of which were properly submitted to the Court, and all of which cumulatively harassed Defendant Continental Micronesia, Inc. and frustrated this Court's overburdened docket. In doing so, Ashtiani violated Federal Rule of Civil Procedure 11, which requires that a party not present any motion or other paper to the Court with an improper purpose, such as to harass or to increase the cost of litigation, or if the claims and contentions therein are not warranted by existing law. Ashtiani should be censured accordingly and

sanctioned for his violations.

## II. ASHTIANI'S SUBJECTIVE BELIEF DOES NOT JUSTIFY HIS FRIVOLOUS AND HARASSING CONDUCT

Ashtiani's Opposition to the Motion for Sanctions offers no explanation or justification for the untimely filings. Plaintiff claims he has only provided the Court with filings that one at his level of legal understanding would provide. His subjective belief, characterized by the Advisory Committee as the "empty-head, pure-heart" justification, however, does not excuse the conduct, and is not the appropriate standard by which the Court should determine whether an improper purpose existed. See Fed. R. Civ. P. 11, advisory committee note. The Ninth Circuit has ruled a party's subjective intent in submitting a filing to be irrelevant. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir. 1986), abrogated on other grounds by Cooter & Gell v. Hartmarx Corp. et al., 496 U.S. 384 (1990). In Zaldivar, the Ninth Circuit acknowledged that the former version of Rule 11 contained a subjective focus in requiring "that to the best of *his knowledge, information, and belief*," the signer of a pleading certified that it was not being presented to the Court improperly. Zaldivar, 780 F.2d at 829. Now, however, the appropriate test is one of "reasonableness," as opposed to "willfulness." Because the purpose of Rule 11 is to "vigorously . . . curb widely acknowledged abuse from the filing of frivolous pleadings, and other papers," one need not have willfully violated the Rule, but rather merely submit a filing containing "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Id.; Fed. R. Civ. P. 11(b)(1).

In other words, Rule 11 requires parties to "stop-and-think" before submitting filings to the Court. Fed. R. Civ. P. 11, advisory committee's note. In this case, Ashtiani has failed to stop and think in continuously presenting blatant untimely evidence to the Court after the deadline for submitting such evidence had already passed. Ashtiani failed to stop and think

in submitting such untimely filings without seeking leave of Court, or in following any procedure mandated by the Federal Rules of Civil Procedure for their proper submission. Ashtiani failed to stop and think in claiming that Continental's affidavits and exhibits were "shams" when clearly his cited caselaw was inapplicable to the circumstances of this case and unsupportive of his theory.

In all, the conduct committed by Ashtiani has not advanced the issues in this case, but rather has needlessly increased the costs of litigation and the burden on this Court. He should be sanctioned accordingly so that such conduct may cease.

### III. CONTINENTAL HAS NOT VIOLATED RULE 11

Ashtiani claims that Continental has continuously filed motions to take advantage of his status as a pro se litigant, and that the Court should sanction Continental. Ashtiani has not specified any motion filed or conduct committed by Continental that has violated Rule 11. Indeed, Continental has not engaged in any violations of Rule 11, and has only been preserving the deadlines imposed by the Court, reacting to the untimely and inappropriate filings submitted by Ashtiani, and adhering to the standards imposed by the Federal Rules of Civil Procedure.

In addition, Continental properly served Ashtiani with the Rule 11 motion 21 days prior to filing the motion with the Court, as required under Rule 11. Continental has not substantively changed the content of the motion, except to note the existence of additional vexatious filings made since the motion was first served on Ashtiani. Continental, however, contains its objections to the seven filings noted in the motion.

### IV. CONCLUSION

Ashtiani's frivolous and harassing conduct mandates the imposition of sanctions in order to preserve the judicial process, to deter further baseless and unwarranted filings, and to

relieve the financial burden in having to respond to such conduct.

DATED: Hagåtña, Guam, March 5, 2004.

CARLSMITH BALL LLP

*[signature]*

ELYZE McDONALD
DAVID LEDGER
Attorneys for Defendant
Continental Micronesia, Inc.