ORIGINAL

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
APR 12 2004
MARY L. M. MORAN
CLERK OF COURT

TONY H. ASHTIANI,

    Plaintiff,

vs.

CONTINENTAL MICRONESIA, INC., d/b/a CONTINENTAL MICRONESIA, and CONTINENTAL AIRLINES, INC.,

    Defendants.

Civil Case No. 02-00032

**ORDER**

This matter comes before the Court on Defendant Continental Micronesia, Inc.'s Motion for Sanctions under Federal Rule of Civil Procedure 11. Based on the record and relevant law, the Court DENIES the motion, as discussed and ordered below.

**I. BACKGROUND.**

In November 2002, Pro Se Plaintiff Tony H. Ashtiani ("Plaintiff") commenced this action against his former employers, Defendants Continental Airlines, Inc. and Continental Micronesia, Inc. ("CMI"), claiming, among other things, that he suffered race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964. One year later,

on November 21, 2003, both parties filed motions for partial or total summary judgment. Shortly thereafter, both parties filed various documents, notably motions to strike and affidavits or declarations. As a result of Plaintiff's share of the filings, CMI filed the present motion for sanctions on February 11, 2004, to which Plaintiff filed an opposition on February 18, 2004. CMI filed a reply on March 5, 2004. Although CMI scheduled oral arguments with respect to this motion, the Court found a hearing unnecessary. (See Order Mar. 11, 2004.)

## II. ANALYSIS.

### A. Plaintiff's Pro Se Status.

CMI argues that Plaintiff's pro se status is irrelevant in the context of summary judgment proceedings. CMI relies solely on the Ninth Circuit's decision in Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1985), where the Ninth Circuit stated that "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." However, Jacobsen only concluded "that the district court did not have to inform [the pro se litigant] of the need to file affidavits or other responsive matter before granting summary judgment against him." Here, the Court need not inform Plaintiff, as he has already responded with an opposition, declaration, and exhibits, albeit with some technical mistakes. The Jacobsen rule also does not apply here, since this Court has not yet decided the defendants' summary judgment motion. Thus, CMI inappositely cites Jacobsen. Contrary to CMI's contention, the simple fact is that the Ninth Circuit has considered, time after time, the pro se status of litigants, stating, for instance, that in civil rights cases (such as here), district courts must construe liberally the pleadings of pro se litigants and afford pro se parties the benefit of any doubt. See, e.g., Baker v. McNeil Islands Corrections Ctr., 859 F.2d 124, 127 (9th Cir.

1988); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977) (pleadings in employee's pro se discrimination suit must be viewed under a less stringent standard than if drafted by lawyers). The Ninth Circuit even requires a district court to advise pro se litigants of its intention to convert *sua sponte* a motion to dismiss into a motion for summary judgment. Garaux v. Pulley, 739 F.2d 437, 439-40 (9th Cir. 1984). Therefore, Plaintiff's pro se status has definite relevance in the context of summary judgment proceedings, contrary to what CMI asserts.

CMI also contends that Rule 11 provides no leniency to pro se litigants. While it is true that Rule 11 applies to both represented and unrepresented parties, see FED. R. CIV. P. 11(b); Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994), the Ninth Circuit has explicitly stated that "the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable" under Rule 11, Warren, 29 F.3d at 1390.[1] Although a pro se litigant who demonstrates "an ability to find the law and to make legal arguments ... may be held to a somewhat higher standard than other pro se parties," Cornett v. Bank of New York, No. 91 Civ. 0605 (CSH), 1992 U.S. Dist. LEXIS 5140, at *16 (S.D.N.Y. Apr. 17, 1992) (citing Roberts v. Walter E. Heller & Co., 1986 WL 10383 (N.D. Ill. 1986)), Pro Se Plaintiff is clearly not on equal footing with trained lawyers. Accordingly, in determining the merits of CMI's motion for Rule 11 sanctions, the Court will take into consideration Plaintiff's pro se status.

---

[1] The Court finds it disconcerting that CMI would cite Warren as authority for Rule 11's application to pro se litigants, yet blatantly fail to inform the Court that this same case obligates consideration of a plaintiff's pro se status when determining reasonableness under Rule 11. (See Mot. at 3.) Such selective citing may warrant the imposition of sanctions against CMI, and counsel is cautioned to not repeat such selective citing. See FED. R. CIV. P. 11(b)(2), (c)(1)(B).

3

**B. Merits of CMI's Motion.**

CMI moves the Court to impose sanctions against Plaintiff due to a violation of Federal Rule of Civil Procedure 11(b)(1) and (2), which provide that an attorney or pro se party certify to the best of his knowledge, information and belief, formed after reasonable inquiry, that the document filed with the court "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." In assessing the impropriety or frivolity of a filing, courts must apply a "reasonableness" standard. Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir. 1986), overruled on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).

CMI points to seven particular filings by Plaintiff as violating Rule 11: (1) Plaintiff's Cross-Motion to Strike Defendants' Exhibits, filed December 19, 2003, (2) Affidavit of Vince Diaz, filed December 19, 2003, (3) Affidavit of Tony H. Ashtiani to Authenticate Exhibits on Record in Support of Opposition to Defendants' Motion to Strike Ashtiani's Exhibits; Exhibits 1 through 55, filed December 19, 2003, (4) Counter-Motion to Strike Defendants' Exhibits, filed December 31, 2003, (5) Plaintiff's Supplemental Opposition to Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55, filed January 9, 2004, (6) Motion to Strike "Sham" Affidavits and Attached Exhibits by Defendant in Attempt to Obstruct Justice, filed January 9, 2004, and (7) Declaration of Tony Ashtiani (with Attached Exhibit 56), filed January 9, 2004. CMI argues that Plaintiff untimely filed all of the above

4

documents, thereby revealing an improper purpose and frivolity. The Court disagrees with CMI. The Court finds Plaintiff's cross-motion to strike to be timely submitted, since it was filed prior to the Court's disposition of the defendants' summary judgment motion. See Microbix Biosystems, Inc. v. Biowhittaker, Inc., No. MJG-97-2525, 2000 U.S. Dist. LEXIS 20957, at *3 n.1, (D. Md. Aug. 22, 2000). As for the other documents, the Court exercises its discretion to refrain from imposing sanctions, pursuant to Local Rule 7.1(l). CMI's other reasons for seeking sanctions are discussed below.

CMI claims that Plaintiff filed the Affidavit of Vince Diaz, Affidavit of Tony H. Ashtiani to Authenticate Exhibits and Exhibits 1 through 55, and Declaration of Tony Ashtiani with Exhibit 56 as an attempt to correct the evidentiary defects of earlier submissions. However, the Court finds that there is no need to impose sanctions, since such corrected evidence has been found to be acceptable by courts. See, e.g., Bonneau v. Clifton, 215 F.R.D. 596, 601 (D. Or. 2003) (allowing the plaintiff to correct deficiencies in authentication despite motion to strike).

CMI additionally argues that Plaintiff's Counter-Motion to Strike Defendants' Exhibits is substantially identical to Plaintiff's December 19, 2003, Cross-Motion. Although CMI correctly points out that the counter-motion practically amends Plaintiff's earlier motion to strike, the Court declines to impose sanctions against Pro Se Plaintiff as the Court would have granted leave to amend if Plaintiff had sought such. As Plaintiff is pro se, the Court excuses Plaintiff's failure to seek leave to amend.

CMI further claims that Plaintiff's Motion to Strike "Sham" Affidavits and Attached Exhibits was brought with an improper purpose, since it lacks legal support. However, the

5

Court refrains from imposing sanctions based on Plaintiff's alleged failed reading of the cases cited therein.

Lastly, CMI contends that Plaintiff's numerous filings demonstrate abusive litigation activity. Rather, it is the Court's observation that, throughout this action, both parties have engaged in excessive filings. As both parties are treading on thin ice, the Court declines to grant one party's request to sanction the other when both parties are sanctionable.

**III. CONCLUSION.**

For the foregoing reasons, Defendant Continental Micronesia, Inc.'s Motion for Sanctions under Federal Rule of Civil Procedure 11 is ORDERED DENIED.

IT IS SO ORDERED this 12th day of April, 2004.

_____
**JOHN S. UNPINGCO**
**Chief Judge, District Court of Guam**

Notice is hereby given that this document was entered on the docket on 04/13/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____  04/13/04
Deputy Clerk        Date