Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575



# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, ) | Civil Case No.: 02-00032 |
| Plaintiff, ) | |
| Vs. ) | MOTION FOR CONTEMPT AND SANCTIONS FOR DISOBIDIENCE OF DISCOVERY ORDERS. |
| Continental Micronesia Inc, ) | |
| Dba, Continental Micronesia, ) | (Fed. R. Civ. P. 37) |
| Continental Airlines, ) | |
| Defendant. ) | |

TO: DEFENDANT CONTINENATL MICRONESIA INC., AND ITS ATTORNEYS OF RECORD.

This matter comes before the Court due to Defendant's concealment of material facts and obstruct Plaintiff access to evidence that have real evidentiary value and the Defendant failing to comply with legally proper discovery request to the opposing party as Ordered by this Honorable Court.

## Grounds for Motion

Plaintiff Tony H. Ashtiani respectfully moves the Court for an Order holding Defendant Continental Micronesia Inc, and its attorney of the record in this civil action in contempt for disobedience of this Court's Order dated November 24, 2003 and December 10, 2003, which required Defendant CMI to comply with the discovery requests.

Plaintiff brings this present motion after numerous attempts to obtain discovery, and for the aggravation and frustration brought about by Defense counsel's alleged improprieties with regard to discovery in particular dilatory and stalling tactics, sanction governed by Fed. R. Civ. P 37 is warranted against Defense counsel for alleged violation and misconduct concerning discovery. Ashtiani alleges that such sanction is appropriate to prevent further misconduct.

_LR 26.1_ states ("when required in proceeding, only that part of the document which is in issue <u>shall be filed</u>"). documents in issue were covered by Court Order granting Motion to Compel and Defendant obligated to produce and file pursuant to Fed.R.Civ.P 26(e).

Defendant's Declaration of Mailing states "Defendnats' Trial Brief and Defendant's Rule 26 Disclosures" **EXHIBIT A.** which only one of the pleadings "Defendants' Trial Brief" was filed with the Court as to the other document caption "Defendant's Rule 26 Disclosure" this pleading was not filed with the Court and contained witness lists and exhibit list **EXHIBIT B.** This evasive action violates Fed.R.Civ.P. 26(a)(3) and Rule 5 and was designed to mislead the court by its caption.

Rule 26(a)(3) states ("a party must provide to other parties **and** promptly file with the Court").

Defendant failure to file witness lists and exhibit lists pleadings and other papers in Pursuant to Rule 5(d) which states ("All papers after the complaint required to be served upon a party **together** with a certificate of service.

**Rule (26) 2000 Amendment** Subdivision (a)(3). "Disclosures under subdivision (a)(3), however, may be important to the court in connection with final pretrial conference or otherwise in preparing for trial".

**Rule (5) 2000 Amendment** Subdivision (d). Disclosures under Rule 26(a)(3) however must be promptly filed as provided in Rule 26(a)(3).

Sanction and Penalties for Noncompliance pursuant to **GR 2.1** is warranted which states "The violation of or failure to conform to any of these Local Rules, the Federal Rules of Civil Procedure shall subject the offending party or counsel to such penalties, including monetary sanctions and or the imposition of costs and attorney's fee to opposing Counsel, as the Court may deem appropriate under the circumstances.

Defense counsel on many occasions and continuously failed to serve Plaintiff documents <u>together</u> with certificate of service rather, intentionally made me stand in long post office lines and majority of times with my two children. These documents mailed separately, forcing plaintiff to one time sign for certified mail of the pleading and another time for the certificate of service of the same pleading causing double travel time for each of their papers which simply could have been mailed together. Not done so, design to frustrate and aggravate pro se plaintiff.

Based on the Rule 5 alone, sanction appear warranted, not withstanding Rule 37 and Rule 5, sanction could also be warranted on Defense counsel's conduct regarding evasive discovery disclosure.

There are only two possibilities, one is that Defense counsel is ignorant of the rules in the Court that they are practicing in their profession which is highly improbable or other possibility is failure to disclose by intent to deceive and mislead upon the Court. Evasive maneuvering by failure to make disclosure and cooperate in discovery which The Court Order overruled the objections of CMI to the discovery request and Ordered Defendant to produce those documents fully and without reservation.

Rather, Defendant restricted Plaintiff of legitimate discovery designed to frustrate and aggravate. This conduct is reckless and malice to any individual under extreme conditions that was wrongfully terminated as result of retaliation.

The purpose of discovery is to allow a broad search for facts, the names of witnesses or any other matters, which may aid a party in the preparation, or presentation of his case. 469; *Maher Engl v. Aetna Life Ins Co., C.C.A.2, 1943, 139 F.2*

*v. pennsylvania R. Co., E.D.N.Y. 1945*, Plaintiff requested the names of witnesses or employer's representative whom were present at 1 thru 6 level attendance policy. CMI continuously defends its case based on accountable attendances and even if that allegation by the Defendant is true, CMI is required to show that Plaintiff had received warning and counseling as it is outlined in CMI's own policy and guidelines in regards to progressive steps of disciplinary action up to termination warning which are eight steps. These tools were available and within reach of CMI carefully designed to warn and counsel an employee if he or she may be developing an attendance. Defendant departed from it's own policy and did not apply the same rule to minorities in comparative worth similar to those individual of the majority in a same classification, Therefore requested documents are highly relevant. Ashtiani contends minorities compare to majority were disciplined differently because minorities were terminated on their first offense. *Orbovich v. Macalester Collage*, 119 F.R.D 411, 416 (D. Minn. 1988). Following the Court of Appeals' rationale in <u>Rich</u>, <u>Supra</u>, Ashtiani should be permitted discovery of the documents requested because CMI will be able to rely on the same defense of this case.

The discovery disclosure in pursuant to rule 26(e) and 26(a)(3) not made and were to attempt to deliberately evade for the purpose of avoiding discovery, consists of party's disobedience to specific and definite Court Order by failure to take all reasonable steps within party's power to comply. ...Court's Orders compelling discovery request due to its substantial importance.

> A party may be held in contempt by the court in which the action is pending for failure to comply with any discovery order. 4A J. Moore, Moore's Federal Practice ¶ 37.03[2.-6]; accord *United States v. International Business Machines Corp.*, 60 F.R.D. 658 (S.D.N.Y.1973) c.f., Roadway, 447 U.S at 764, 100 S.Ct. at 2463 (federal courts have inherent power to impose contempt sanction).

After many attempts by plaintiff as evident in Plaintiff's declaration in support of this motion. On April 19, 2004 a meeting was conducted in regards to discovery documents Plaintiff noticed that responds to discovery requests 7(b) and 24 were not included in documents. Thus, Plaintiff made a note and was agreed and signed by defense counsel herewith attached as **EXHIBIT C.**

Plaintiff's first request of the production of documents to Defendant Continental Micronesia Inc, request 1 thru 6 levels of attendance "List of witnesses and attendees whom were present at

such meetings including employer's representative, employees, and union representative" **EXHIBIT D.**

Request 7(b) is highly relevant because it is clear course of this litigation to date that CMI has placed in issue Ashtiani's attendance and continuously raised allegation of such defenses in their Motion for summary judgment. In fact, defendant failure to produce documents by stalling, slip and sliding, dilly-dallying and finally not providing alleged attendances documents in conjunction with CMI's termination of Ashtiani's employment is clearly erroneous. In fact, so blatant is the error that one can only reasonably conclude that such justification for termination is due to the fact plaintiff was discharged following protected activity.("Merely threatening to file charge is protected activity"). *Giffrod v. Atchison, T.& S.F.R Co*. 1980, CD cal 549 F Supp 1 ("Employer commits unlawful employment practice by discriminating against employee for announcing intention to file charge with EEOC") *Dec No. 71-2338(1971) CCH EEOC Dec 6247.* This has been only one of the long series of harassment suffered by me.

Ashtiani should be permitted discovery of the documents requested because CMI will be able to rely on the same in its defense of this case. ("Discovery is not limited to issues

raised in the pleadings, for discovery itself is designed to help define and clarify the issues"). Jones, supra , 147 F.R.D at 250 (citing) *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed. 2d 253 (1978).

Request 24 states " All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning and employee's employment, including, without limitation, decision relating to salary, promotion, bonuses, hiring, layoff or firing. Defendant not producing any documents regarding this request is ridiculous. It is unworthy of believe that these individuals were not involved in any decision-making of Ashtiani and or other minority's termination, layoff, reinstatement or hiring") **EXHIBIT E**. Plaintiff could also establish a prima facie case of discrimination by offering direct evidence of defendant's discriminatory motive. See, *Schnidrig v. Colombia Mach*., Inc., 80 F.3d 1406, 1409 (9th Cir. 1996) In this case Defendant continuously has prevented plaintiff access to such disclosure. Rule 37(a)(3) states ("an evasive or incomplete disclosure answer, or response is to be treated as a failure to disclose, answer or respond").

The Court Order dated November 24, 2003 states ("Plaintiff's Motion to compel discovery <u>7b</u> and <u>24</u> GRANTED") **EXHIBIT F.**

There is an alarming principle of fair dealing, it appears that the tampering, delaying and suppression of evidence raises only a reasonable believe that such evidence would have been unfavorable to the party responsible for doing it.

Rule 37(c) states ("In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions <u>authorized under Rule 37(b)(2)(A), (B), and (C)</u> and may include informing the jury of the failure to make the disclosure").

Rule <u>37(b)(2)(C)</u> states (" An order strike out pleadings or parts thereof, or dismissing the action or proceeding or any part thereof, or <u>rendering a judgment by default against the disobedient party</u>").

Further more, Ashtiani argues that Defendant did not initiate stipulation to extend subject to Court's approval, such failure would suggest that Defendant CMI had no intention to comply with the discovery Order until plaintiff's numerous

attempt, Defendant simply should not be allowed to manipulate the pretrial process through delay tactics.

### Supporting Material

This Motion is made on the pleadings and papers already in file in this matter, on this motion are attached exhibits and Declaration of Meet and Confer and on what ever argument and evidence is presented at the hearing of this Motion.

### Relief Sought

Tony H. Ashtiani prays:

1. This Court issue as its sanction against Defendant in Pursuant to Rule 37(c) and 37(b)(2)(c) by denying Defendant's Motion for Summary Judgment and rendering a judgment against the disobedient party for withholding key evidentiary document.

2. Plaintiff humbly asks the Court that Plaintiff's Motion for Partial Summary Judgment be granted and the Court find judgment in favor of Plaintiff due to Defendant failure to fulfill its obligation with providing evidentiary material facts of discovery request subject to this Court's prior Orders.

3. Defendant to pay amount $2,000.00 for time spent corresponding and finally bringing this motion. ("Trial court did not abuse its discretion in ordering Defendants to pay Plaintiff's $2,000 as compensation for expenses and fees incurred as result of defendants' failure to produce documents required by discovery"). *Don Marquies v. Chrysler Corp* 577 F.2d 624 *Id* at 641 (9th Cir).

**Respectfully submitted,**

Dated this 16th day of July 2004. At Hagatna Guam.

_T. Ashtiani_

Tony H. Ashtiani

Pro Se, Plaintiff



CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

FILED
DISTRICT COURT OF GUAM
FEB 17 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>       Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>       Defendants. | CIVIL CASE NO. CIV02-00032<br><br>**DECLARATION OF MAILING** |

    I, Marissa Leon Guerrero, hereby declare under penalty of perjury of the laws of the United States, that on the 17th day of February 2004, I will mail a copy of Defendants' Trial Brief and Defendant's Rule 26 Disclosures, via certified mail with return receipt requested, by depositing same in a sealed envelope with the U.S. Postal Service, addressed to Tony H. Ashtiani, Post Office Box 12723, Tamuning, Guam 96931.

4812-0884-7616.1.013280-00079

EXH "A"

I declare under penalty of perjury (6 G.C.A. §4308) that the foregoing is true and correct.

Executed this 17th Day of February 2004, Hagåtña, Guam.

*Marissa Leon Guerrero*
MARISSA LEON GUERRERO



CARLSMITH BALL LLP

ELYZE MCDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>        Plaintiff,<br><br>    vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>        Defendant. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANTS' RULE 26<br>DISCLOSURES** |

I.   Witnesses (Fed. R. Civ. P. 26(a)(3)(A))[1]

Continental expects to call the following witnesses:

<u>Employees of Continental</u> (Post Office Box 8778, Tamuning, Guam 96931, 647-6453)

Dixon McKinzie

William Herrera

---

[1] Continental will not be presenting deposition testimony of any witnesses. See Fed. R. Civ. P. 26(a)(3)(B).

I, Tony H. Ashtiani, hereby acknowledge receipt of documents bate-stamped numbered 01385-01448 regarding Tony H. Ashtiani vs. Continental Micronesia, Inc.; District Court of Guam Civil Case No. CV02-00032.

Dated: April/19/2004.

_____
TONY H. ASHTIANI

I Recieved Above Documents Although Request #
[(First request of Production of Documts)]
7(b) and 24 were not included with documents
Provided on April, 19, 2004.

4/19/04 Agreed to: _____

EXH 'C'

3. Copy of all (a) P-160s (b) P-187 of Mr. Dixon McKenzie, Human Resources Director.

4. Copy of all P-160s (b) P-187 of Mr. James Hammer director of maintenance.

5. Plaintiff's statement which was requested by and given to Mr. William Herrera on the evening of June 26, 2001 explaining plaintiff's position relevant to the absence from duty.

6. Copy of the return receipt of the U.S.P.S certified letter (PS form 3811) signed by the plaintiff on July 12, 2001 which contained plaintiff's termination letter dated July 03, 2001 signed by Mr. Herrera.

7. (a) All document of 1 thru 6 levels of attendance records and counseling notice of which were received by plaintiff; (b) list of witnesses and attendees whom were present at such meetings, including employer's representative, employees, and union representative; and (c) the jointly filled out discussion form(s) (which, at the end of each such meeting all parties acknowledged such meeting and signed the mentioned form).

8. Documents of plaintiff's employee evaluation and/or progress reports from defendant's Technical Services Division, where plaintiff worked and employer provided this form during evaluation as plaintiff had acknowledged and signed of employer expectation from the plaintiff (referred to therein as, "employee").

showing compensation grade and actual salary for Mr. Mckinzie and Mr. Hammer.

23. All documents, and all files or other collections of documents, official or unofficial, formal or informal, maintained or kept by defendant, or by any employee, independent contractor, representative, or board member thereof, or otherwise in its or their possession, custody or control, relating or pertaining to the Mr. Dixon McKenzie and Mr. James Hammer, including, without limitation, all of their personnel files, their P-160's, the employees administrative file maintained by the Human Resources Department and any departmental or company files.

24. All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

25. All organizational descriptions or charts reflecting the defendant's organizational structure, including without limitation, each individual department's organizational structure for the period from June 1998 to the present.

26. All position descriptions or other documents referring or relating to the duties and responsibilities of each position of employment with defendant's organization from June 1998 to present.

EXH "E"

FED. R. CIV. P. 37(a). Therefore, the Court DENIES Plaintiff's motion to compel discovery of Request Nos. 7(a), (c), and 8. However, because complete compliance with discovery requests requires a party to supplement its response if it obtains additional information sought by the discovering party, the Court reminds Defendant that, pursuant to Rule 26(e), it has a duty to further produce these Requests if it finds or later come into custody, control, or possession of the requested information.

### III. CONCLUSION.

For the reasons stated above, the Court decides as follows:

1. The Court ORDERS Plaintiff's motion to compel discovery of Request Nos. 3, 4, and 13 GRANTED and ORDERS redaction of employee social security numbers and salary information contained therein;.

2. The Court ORDERS Plaintiff's motion to compel discovery of Request Nos. 7(b), 9, 24, and 35 GRANTED; and

3. The Court DENIES Plaintiff's motion to compel discovery of Request Nos. 6, 7(a), (c), 8, 13, and 36, and ORDERS Defendant Continental Micronesia, Inc. to supplement or amend their responses to these Requests, if needed, pursuant to Rule 26(e).

IT IS SO ORDERED this 24th day of November, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 11/24/03. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran.
Clerk, District Court of Guam

13

Exh "P"