ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
J.PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.



DISTRICT COURT OF GUAM
FILED
JUL 30 2004
MARY L. M. MORAN
CLERK OF COURT

212

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>Defendants. | CIVIL CASE NO. CV02-00032<br><br>DEFENDANT CONTINENTAL MICRONESIA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF TONY H. ASHTIANI'S MOTION FOR CONTEMPT AND SANCTIONS FOR DISOBEDIANCE OF DISCOVERY ORDERS; DECLARATION OF DAVID LEDGER; DECLARATION OF SERVICE |

**DEFENDANT CONTINENTAL MICRONESIA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF TONY H. ASHTIANI'S MOTION FOR CONTEMPT AND SANCTIONS FOR DISOBEDIANCE OF DISCOVERY ORDERS**

I. **INTRODUCTION**

Plaintiff Tony H. Ashtiani's Motion for Contempt and Sanctions for Disobedience of Discovery Orders constitutes Mr. Ashtiani's latest frivolous filing in this case. In violation of the Federal Rules of Civil Procedure and the Local Rules of Practice for the District Court of Guam, the Motion, dealing partially with service of process issues and partially with discovery

4829-3841-2288.1.013280-00079

disputes, has not been preceded by a conference between the parties to resolve these disputes informally. Moreover, the Motion contains no merit whatsoever.

Defendant Continental Micronesia, Inc. respectfully requests that for these reasons the Court should deny the Motion in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. STATUS OF CASE

On May 21, 2003, the Court issued a Scheduling Order setting a trial date of March 22, 2004. The Scheduling Order also specified that the parties' pretrial and discovery materials, witness and exhibits lists and designation of discovery responses be due on March 8, 2004.

At this time, still pending before the Court are the parties' motions for summary judgment, both filed on November 21, 2003 and heard on December 12, 2003. Because of the pending summary judgment motions, on February 26, 2004, the Court vacated the March 22, 2004 trial date. A new trial date has not been set.

### B. BACKGROUND OF DISCOVERY DISPUTE

During the course of discovery Plaintiff served Continental with a Request for Production of Documents.[1] Central to the pending Motion are Request Numbers 7(b) and 24. Request 7(b) sought a list of witnesses and attendees whom were present at meetings pertaining to Plaintiff's employment status at Continental. In its initial Response to Request 7(b), Continental stated, and continues to maintain that it is unable to comply because no such list exists, nor did one ever exist. See Declaration of David Ledger at ¶ 3; Ex. A; Nov. 24, 2003 Order at 11.

---

[1] The Court has already been fully briefed on the history of the discovery dispute, and outlines that history in its November 24, 2003 Order on Mr. Ashtiani's Motion to Compel.

Request 24 sought "All documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing." Continental objected on the grounds of vagueness, overbreadth, relevancy and burdensomeness, as well on the grounds that it was unable to comply as it had no documents referring or relating to Mr. Dixon McKenzie and Mr. James Hammer participation or involvement in decision-making concerning any employee's employment, including, without limitation, decisions relating to salary, promotion, bonuses, hiring layoff or firing.

On October 8, 2003, Mr. Ashtiani filed a Motion to Compel Discovery. On November 24, 2003, the Court ordered Continental to produce documents responsive to Request 7(b) "as long as the requested information exists in some documentary form." Nov. 24, 2003 Order at 12. The Court also granted the Motion to Compel with respect to Request 24.

### C. CONTINENTAL COMPLIES WITH THE COURT'S ORDER

On April 21, 2004, Continental produced documents responsive to Request 24 and confirmed that it did not possess any documents responsive to Request 7(b). See Ex. A.

## III. MR. ASHTIANI'S MOTION MUST BE DENIED ON THE BASIS THAT THE PARTIES HAVE NOT MET AND CONFERRED TO RESOLVE THE DISCOVERY DISPUTE

### A. THE PARTIES DID NOT MEANINGFULLY MEET AND CONFER

A party moving for sanctions resulting from a discovery dispute must certify to the Court that he "has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2). The conference between the parties is not a mere formality. Its purpose is to "satisfactorily resolve discovery disputes without judicial involvement." Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295 (D. Kan. 1996). Accordingly, Rule 37 requires the

parties to engage in a meaningful discussion of the disputed issues. See, e.g., Hoelzel v. First Select Corp., 214 F.R.D. 634, 636 (D. Colo. 2003) (meet and confer requirement not satisfied by counsel's unilateral communication notifying opposition of intention to file a motion to compel).

The Local Rules of Practice for the District Court of Guam also require the parties to "meet in person in a good faith effort to eliminate the necessity for hearing the motion." L.R. 37.1(a). Moreover, should the parties not be able to resolve "their differences, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party." L.R. 37.1(b).

Absent compliance with these rules, the Court should completely deny consideration of the motion. Doe v. National Hemophilia Found., 194 F.R.D. 516, 519 (D. Md. 2000); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995).

Mr. Ashtiani has failed to satisfy his obligation to meet and confer with Continental in good faith, and has not filed a certification of compliance with his motion in violation of Federal Rule of Civil Procedure 37(a) and Local Rule 37.1. Prior to filing the Motion for Contempt and Sanctions for Disobedience [sic] of Discovery Orders, Mr. Ashtiani informed Continental's counsel, David Ledger, of the impending motion for sanctions, and Mr. Ledger responded that he needed to review the file prior to engaging in a meaningful discussion pertaining to the discovery. See Ledger Decl. at ¶¶ 4-5. Mr. Ledger invited Mr. Ashtiani to set a time in which they could discuss Mr. Ashtiani's concerns, however, Mr. Ashtiani declined the invitation and stated that he considered the phone conversation to be sufficient to satisfy the "meet and confer" requirements of Rule 37. See Ledger Decl. at ¶¶ 6-7. Moreover, Mr. Ashtiani did not discuss with Mr. Ledger at any time the subject of producing the witness and exhibit lists,

as argued in his Motion. Lastly, Mr. Ashtiani did not seek to arrange to provide the Court with a stipulation of the parties' positions under Local Rule 37.1(b).

As a result of its procedural inadequacies and non-compliance, the motion violates Federal Rule 37 and Local Rule 37, and should be denied in its entirety.

B. SANCTIONS AGAINST MR. ASHTIANI ARE APPROPRIATE FOR FAILURE TO MEET AND CONFER IN GOOD FAITH AND TO PROVIDE A RULE 37(a) CERTIFICATION

Sanctions are appropriate for failing to follow Federal Rule of Civil Procedure 37(a) and Local Rule 37.1. See Local Rule 37.1(d); Arons v. Lalime, 167 F.R.D. 364, 368 (W.D.N.Y. 1996) (awarding attorneys fees for failure to follow Rule 37's certification requirement). Continental respectfully requests that should the Court deny Mr. Ashtiani's motion on grounds of its procedural inadequacies, that it be awarded attorneys fees incurred as a result of responding to the Motion.

IV. **DISCUSSION**

A. CONTINENTAL HAS NOT VIOLATED FEDERAL RULE OF CIVIL PROCEDURE 5

Federal Rule of Civil Procedure 5 states: "**(d) Filing; Certificate of Service.** All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service. . . ." Fed. R. Civ. P. 5(d). Without providing any specifics, Mr. Ashtiani claims that Continental has failed to comply with this rule by mailing him documents separately as opposed to "together," in violation of Rule 5. Mr. Ashtiani has simply misread Rule 5, which does not pertain to service of documents on him, but rather the filing of documents with the Court. In addition, a plain reading of Rule 5 reveals that the word "together" is not in reference to filing multiple documents together.

Indeed, such a reading would make little sense. Rather, Rule 5 refers to a filing a document "together" with a certificate of service.

Mr. Ashtiani's frustrations in standing in line at the post office have no relation to Rule 5.[2] He has not established how Continental has violated Rule 5 or why it should be sanctioned.

    B.    <u>CONTINENTAL WAS NOT REQUIRED TO FILE ITS WITNESS AND EXHIBIT LISTS BY FEBRUARY 17, 2004</u>

Mr. Ashtiani claims that Continental violated Federal Rule of Civil Procedure 26 by not filing its witness and exhibit lists thirty days prior to the original trial date. However, Rule 26 only requires parties to disclose witnesses and exhibits at least thirty days prior to trial *"unless otherwise ordered by the court."* Fed. R. Civ. P. 26(a)(3) (emphasis added). In this case, the Court's May 21, 2003 Scheduling Order specifies that witness and exhibit lists be filed on or before March 8, 2004. Accordingly, by following the scheduling Order, Continental did not violate the Federal Rules of Civil Procedure by not filing its witness and exhibit lists thirty days prior to March 22, 2004.

    C.    <u>CONTINENTAL CANNOT BE COMPELLED TO PRODUCE DOCUMENTS WHICH DO NOT EXIST</u>

A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Federal Rule of Civil Procedure 34 only requires a party to produce documents that already exist, and are in the party's control, custody, or possession. <u>Alexander v. FBI</u>, 194 F.R.D. 305, 310 (D.D.C. 2000).

Defendant does not have in its possession a list of witnesses and attendees present at attendance meetings (Request 7(b)), and has informed Mr. Ashtiani of this numerous times.

---

[2] On a related note, on April 16, 2003, Mr. Ashtiani filed a "Pleading to Defendants' Counsel of Proper Service to Unrepresented Party" contending that he be served "directly" as opposed to by mail. Continental provided a Response on May 16, 2003. The Court has not yet ruled on Mr. Ashtiani's "Pleading."

Although Mr. Ashtiani still sought to compel Continental to produce this "list," the Court's Order granted the Motion to Compel with a limitation: "as long as the requested information exists in some documentary form." Nov. 24, 2003 Order at 12 (citing <u>Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.</u>, 576 F. Supp. 511, 513 (W.D. Pa. 1983)). Because the document requested does not exist "in some documentary form," Continental has not violated the Court's Order by failing to provide a non-existent document.

### D. CONTINENTAL HAS COMPLIED WITH THE COURT'S ORDER

Continental has provided documents to Mr. Ashtiani responsive to his Request 24, pursuant to the Court's Order granting the Motion to Compel. Mr. Ashtiani's claims that Continental has disobeyed the Court are unsupported and untrue, and he has failed to demonstrate Continental's non-compliance.

## V. CONCLUSION

The Court should deny Mr. Ashtiani's Motion in its entirety on procedural grounds, namely, his failure to meet and confer in good faith with Continental and his failure to certify as much to the Court pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.

Moreover, Mr. Ashtiani has failed to provide any grounds upon which Continental should be sanctioned. The Motion should be denied.

DATED: Hagåtña, Guam, July 30, 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE MCDONALD
J. PATRICK MASON
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

## **DECLARATION OF DAVID LEDGER**

I, David Ledger, declare:

1. I am an attorney at law licensed to practice before the Courts of the Territory of Guam and before this Court. I am a partner with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2. If called as a witness, I would and could competently testify to each following statement of fact.

3. On April 21, 2004, Continental produced documents responsive to Plaintiff's Request for Production of Documents No. 24. I was personally involved in gathering and producing the documents and on that basis am able to state that Continental was unable to produce documents responsive to Request No. 7(b). I informed Mr. Ashtiani of this both verbally and in writing. See Exh. A to the Opposition to this motion. Exhibit A is a true and correct copy of my April 21, 2004 letter to Plaintiff Tony Ashtiani.

4. Approximately three months later, on July 13, 2004, Mr. Ashtiani telephoned me and stated that he intended to "file a Motion under Rule 37" regarding his Request to Produce No. 7(b). Mr. Ashtiani contended Continental had not complied with Request No. 7(b) or the "court order compelling discovery." During this conversation Mr. Ashtiani referred to documents dating back to April 2004, among them my April 21, 2004 letter, all regarding the then-existing discovery dispute. I informed Mr. Ashtiani that I was unable to comment on the content of any document he was referring to or otherwise respond to his concerns because I could only vaguely recall the content of the documents and did not have them handy to refer to.

5. During the July 13, 2004 phone conversation, I likewise informed Mr. Ashtiani that I could not then recall any other document, discovery or otherwise, well enough to

discuss the content with him or to otherwise have a meaningful discussion of the issues. Mr. Ashtiani insisted that he considered our conversation to be a "meet and confer" discussion to resolve a discovery dispute. On this I commented that our Local Rules require the parties to "meet and confer" in person. Mr. Ashtiani responded by stating that he considered the meet and confer obligation satisfied.

6. I repeatedly invited Mr. Ashtiani to suggest a convenient time during the next few days to "meet and confer" regarding Request No.7(b). In particular, I told Mr. Ashtiani we could either agree to a mutually convenient time right then and there or that he could send me a quick letter requesting a "meet and confer" session. I told him I would respond to his letter quickly.

7. Mr. Ashtiani declined to discuss a date to meet and confer or to send me a letter suggesting dates instead insisting his phone call to me was sufficient to constitute a "meet and confer" discussion and that he would be filing his motion soon.

8. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the above statements are true.

Executed this 27th day of July 2004, at Hagåtña, Guam.

_____
DAVID LEDGER

*T. Ashtiani*
*T. Ashti*
*April 21, 20*
*12:33 PM*

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027
TELEPHONE 671.472.6813  FAX 671.477.4375
WWW.CARLSMITH.COM

DIRECT DIAL NO.
X302

DLEDGER@CARLSMITH.COM

OUR REFERENCE NO.:
013280-00079

April 21, 2004

**VIA FACSIMILE [653-5575]**
**AND HAND DELIVERY**

Mr. Tony H. Ashtiani
Post Office Box 12723
Tamuning, Guam 96931

Re:  Continental Micronesia, Inc.-Tony H. Ashtiani

Dear Mr. Ashtiani:

Regarding recently produced documents and in response to the comments you made during our meeting on April 19, 2004 during which I produced documents, Continental has confirmed to me that no documents exist which are responsive to Request to Produce 7(b). Documents responsive to Request No. 24 begin with the page stamped No. 1416. As I recall those documents were at the bottom of the stack.

Best regards,

David Ledger

DPL/jmcb
4815-2021-1200.1.013280-00079

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES · WASHINGTON, D.C.

**EXHIBIT A**

## DECLARATION OF SERVICE

I, J.Patrick Mason, hereby declare under penalty of perjury of the laws of the United States, that on the 30th day of July 2004, I will cause to be served a copy of DEFENDANTS CONTINENTAL MICRONESIA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF TONY H. ASHTIANI'S MOTION FOR CONTEMPT AND SANCTIONS FOR DIOBEDIANCE OF DISCOVERY ORDERS; DECLARATION OF DAVID LEDGER; DECLARATION OF SERVICE, upon Plaintiff Tony H. Ashtiani.

I declare under penalty of perjury (28 U.S.C. §1746) that the foregoing is true and correct.

Executed this 30th day of July 2004 at Hagåtña, Guam.

_____
J.PATRICK MASON