Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575



FILED
DISTRICT COURT OF GUAM
AUG - 6 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

Tony H. Ashtiani,

    Plaintiff,

Vs.

Continental Micronesia Inc,

Dba, Continental Micronesia,

Continental Airlines,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No.: **02-00032**

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTION FOR DISOBIDIENCE OF DISCOVERY ORDERS.**

**(Fed. R. Civ. P. 37)**

Plaintiff files this reply to Defendant's opposition to Plaintiff's Motion to Contempt and sanction for disobedience of the Discovery Order. Plaintiff seeks Order pursuant to Rule 37(c) because Defendant's opposition is based on a flaw statement of the law presented by CMI despite a Court warning on April 12 2004 Order at 3.

ORIGINAL

Plaintiff respectfully asks the Court for judgment by default against CMI, especially to the extent that Plaintiff is forced to point out the inaccuracies present in the briefing on the issues. Plaintiff states that false and misleading actions by Defendant had created turmoil and severe emotional disturbances.

## DEFENDANT'S FAILURE TO FILE A STIPULATION AND MOTION TO EXTEND.

Parties appeared before this Honorable Court On May 7, 2003 for scheduling conference which defendant's scheduling order and discovery plan was **SO ORDERED** On May 21, 2003 which states ("Rule 26(a)(3) disclosures shall be made not later than 30 days before trial") Defense counsel Ms. McDonald also makes a hand written notation as to date 02/20/2004. **EXHIBIT.A**

Pursuant to rule 16(e), the Scheduling Order controls the parties' course of action unless the Court orders it to be changed. Fed R. CIV. P. 16(e)

Rule 16(b) of the Federal Rule of Civil Procedure states "A schedule shall not be modified except upon a showing of good cause and by leave of the District Court. Fed.R.Civ.P 16(b) Defendant did not file a Motion to extend the deadline of

February 20th 2004 as Ordered in the Scheduling Order and even then CMI must demonstrate a specific need for the requested extension, and accompany a detail proposed amendment to the previously entered Scheduling Order pursuant to Local Rule 16.5 rather defendant served plaintiff with a letter On March 18, 2004 **EXHIBIT B** seeking additional time , such extension is subject to Court approval by stipulation of parties and deadlines are extended before deadlines and not after the deadline has come and gone. Deadline was on February 20th 2004 and letter was written on March 18th 2004.

### DEFENDANT'S FAILURE TO SUPPLEMENT DISCLOSURE.

Federal Rule 26(e) A party is under a duty to supplement… its disclosures under subdivision (a) ….this information shall be disclosed by the time the parties disclosures under Rule 26(a)(3) are due which was on February 20th 2004.

("Defendant's response to plaintiff's motion to compel production of documents that it had produced all documents in its possession that were responsive to particular request for production was not sufficient, as defendant was required to produce all responsive documents in its possession, custody or control"). Fed Rules Civ.Proc. Rule 34(a), 28 U.S.C.A.

Defendant objected to requests 7(a) and 7(c) in their opposition to Plaintiff's Motion to Compel due to the allegation that documents have been produced Joint **EXHIBIT C**. This is not true. Thus, plaintiff relied on 7(b) to be produced or defendant supplement their Reponses with 7(a) or 7(c).

Court ORDER On November 24, 2003 States "(As earlier noted, Rule 26(e) of the Federal Rules of Civil Procedure requires a party to supplement or amend their response to a discovery request if the party later learns the response was incomplete or incorrect". ….. and ORDERS Defendant Continental Micronesia, Inc. to supplement or amend their responses to these requests, if needed, pursuant to Rule 26(e). **JOINT EXHIBIT D**. ("If the moving party satisfies his initial burden, the opposing may not rely on denials in the pleadings but must produce **specific evidence** , through affidavits or **admissible discovery material**, to show that the dispute exists. Fed.R.Civ.P.56(e). The "opponent must do more than simply show that there is metaphysical doubt as to the material facts.") *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 u.s. 574, 586.

Three (3) long and suffering years has passed since my wrongful termination and Defendant continuously claim that my termination was due to attendances, Defendant has now failed to

Case 1:02-cv-00032    Document 237    Filed 08/06/2004    Page 4 of 21

produce documents to support their claim and defenses because CMI Failed to apply its system of progressive discipline to minorities compare to similar situated majorities.

**ATTENDANCE POLICY GUIDELINES.**

Employees incurring attendance incidents will be counseled according to the following: **( JOINT EXHIBIT E)**

**LEVEL ONE**

Notation is to be placed on Employee's Attendance Tracking Sheet/File. A copy of the notation is placed in employee's mail file.

**LEVEL TWO**

Notation is to be placed on Employee's Attendance Tracking Sheet/File. A copy of the notation is placed Employee's mail file.

**LEVEL THREE**

Supervisor will personally give Employee a copy of the third incident notification on the Employee's attendance file.

**LEVEL FOUR**

Supervisor will personally give Employee a copy of the fourth incident notification on the Employee's attendance file. and will counsel Employee on the 8th incident policy to ensure

the Employee understands expectations. If the incidents indicate a potential pattern. (see definition of pattern /trends), supervisor will again discuss with employee.

### LEVEL FIVE

Employee will be given a written letter of counseling (1st written warning) indicating the incidents on record and clear notification that further disciplinary action may be necessary if attendance improvement is not shown. If there is reason to believe that employee assistance may be needed. Supervisor should request assistance from Employee Relations/ Human resources.

### LEVEL SIX

Employee will be given a second Written Warning letter expressing the need for immediate corrective action.

### LEVEL SEVEN

Employee is placed on written termination warning. Employee relations/ Human Resources is notified of the termination warning and may request a meeting with supervisor and/or Employee for intervention purposes.

**LEVEL EIGHT**

Employee is subject to discharge. Supervisor should consult with employee relations/ Human Resources prior to discharge of employee.

Pretext shown by demonstrating that employer acted contrary to its policy or that defendant departed from its normal policies which would imply a differential treatment from other similarly situated persons. *Lindsey v. Angelina Corp.* 508 F. Supp 363, 366

## F.R.C.P RULE 37 (a) SATISFIED.

Plaintiff has fulfill and satisfied his obligation time after time to Defendant CMI. Local Rule 37.1(b) states "In the absence such stipulation *or a declaration* of counsel of non cooperation by the opposing party. Regardless whether meet and confer is referred to Certificate of Compliance or Declaration, Meet and Confer took place numerous times and ample opportunity was given to CMI to resolve the discovery issues. On July 13 2004 Plaintiff contacted defense counsel for a stipulation pursuant to LR 37.1(b), during the conversation counsel continued same old stone walling, I decided to satisfy the **or** part of the LR, I did not contact him to meet and confer because I had contacted him many times regarding this matter and at all

times whether in person or by phone Meet and Confer of parties included discovery request 7(b) and 24.

## DOCUMENTS IN SUPPORT OF RULE 5 VIOLATION

I am disappointed that counsel is diverting attention from his own misconduct and points out that the Court has not ruled out on a Motion filed on April 16, 2003. ("**In the absence of a Court** Order directing such service, the Defendant's attorneys were at fault for failing to do what **common sense** required"). *Vindingi v. Mayer* 441 F.2d 376,378 (2d Cir.1971).

Defendant intentionally certified mail documents separately one time for the pleading itself then the declaration of mailing for the same pleading on separate time to make me stand in long post office lines with my two children to aggravate and frustrate us.

Plaintiff submits only several of Defendant's way and means of service in violation of Rule 5, **JOINT EXHIBIT F**. However prior to discovery Order on November 24 2003, Defense counsel was well aware of the normal procedure of service as indicated in his declaration of mailing on October 17th 2003 **EXHIBIT G**. One may lead to conclude that a long scheme of plan was in place for

Case 1:02-cv-00032   Document 237   Filed 08/06/2004   Page 8 of 21

evasive disclosure of discovery documents as February 17th 2004 filing is a true testament to such a plan.

## CONCLUSION

For all the reasons set forth above, plaintiff respectfully requests that this Court enter an Order for judgment by default pursuant to Rule 37 (c) that under the circumenctances of this case there is no just reason for delay. ("The District Court did not abuse its discretion in finding that the appellant's actions were willful and unjustifiable and in concluding that the sanctions imposed were appropriate") *Roinbow Pioneer v. Hawaii-Nevada Investment Corp* 711 F.2d 902. (9th Cir. 1983) Entry of default is proper sanction for the outrageous behavior in this case.

Submitted respectfully,

Dated; This 6 day of August 2004.

Tony H. Ashtiani

Plaintiff

2.      Unless additional discovery is ordered by the Court, the parties may serve one set of interrogatories not to exceed 25 and one set of requests for admissions not to exceed 25. The parties may serve any number of requests for production of documents. Unless a shorter time is agreed to, all written discovery shall be served by a date as to afford the answering party the full response time permitted by the applicable rules prior to the Discovery Cutoff.

3.      <u>Disclosures and depositions</u>.

a.      The Initial Disclosures previously made pursuant to Fed. R. Civ. P. 26(a)(1) shall be supplemented not later than May 21, 2003.

b.      Disclosure of expert testimony required under Fed. R. Civ. P. 26(a)(2) shall be made not later than August 1, 2003.

c.      Subsequent designation of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2) shall be made not later than September 1, 2003.

d.      Depositions of experts designated under Fed. R. Civ. P. 26(a)(2) and paragraph 3.b. above, shall be completed not later than the October 1, 2003 discovery cut-off stated above. Depositions of rebuttal experts, if any are designated under Fed. R. Civ. P. 26(a)(2) and paragraph c. above, shall be completed not later than fourteen days after the discovery cutoff. 10/15/2003

e.      Rule 26(a)(3) disclosures shall be made not later than 30 days before trial. 02/20/2004

4.      The specific subjects on which discovery will be needed are:

a.      Plaintiff's allegation of wrongful termination;

b.      Plaintiff's allegation of retaliation;

c.      Plaintiff's allegation and calculation of damages, lost profits,

4.

EXHIBIT "A"

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027
TELEPHONE 671.472.6813   FAX 671.477.4375
WWW.CARLSMITH.COM

DIRECT DIAL NO.                    EMCDONALD@CARLSMITH.COM                    OUR REFERENCE NO.:
                                                                            013280-00079

March 18, 2004

**Certified Mail**
VIA ~~XXXXXXXXXXXXXXXXXXXX~~

Tony H. Ashtiani
Post Office Box 12723
Tamuning, Guam  96931

Re:    <u>Continental Micronesia, Inc.-Tony H. Ashtiani</u>

Dear Mr. Ashtiani:

This letter is to confirm that we seek additional time to communicate with you
regarding the Court's Order pertaining to your Motions to Compel, in order for us to confer with
our client contact, who resides off-island, regarding this matter.

Best regards,

*[signature]*

for  Elyze McDonald

EJM/jmc
4814-0349-0816.1.013280-00079

*ExHibiT*
*" B "*

HONOLULU   ·   KAPOLEI   ·   HILO   ·   KONA   ·   MAUI   ·   GUAM   ·   SAIPAN   ·   LOS ANGELES   ·   WASHINGTON, D.C.

Lastly, Plaintiff seeks a copy of a return receipt of a U.S.P.S. certified letter signed by the Plaintiff on July 12, 2001 containing the July 3, 2001 termination letter. (Request No. 6). Such document could not be discovered in Defendant's files, as Defendant stated in its response. Furthermore, an inquiry for a *return receipt* seems particularly irrelevant to the issues at hand. See McKinzie Decl.

D.   REQUESTS WHICH WERE PRODUCED = 7(a), 7(c), 8

Several of Plaintiff's disputed requests were actually produced. Defendant produced documents pertaining to Plaintiff's attendance records. (Request 7(a).) Defendant also produced all of Plaintiff's employee evaluations. (Request 8). See McKinzie Decl.

IV.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Compel.

DATED: Hagåtña, Guam, October 17, 2003.

CARLSMITH BALL LLP

for

ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

ExHibiT
'C'

Continental Airlines, Inc., I have personal knowledge of the matters set forth below.

3.      If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where state upon information and belief.

4.      Continental Micronesia, Inc. employs over 1,300 employees.

5.      Continental Airlines, Inc. employs over 42,000 employees.

6.      Mr. James Hammer is the Director of Maintenance at Continental Micronesia, Inc.

7.      Mr. Hammer's department has over 90 employees.

8      A P-187 is an internal company form that documents a change in an employee's status, and contains confidential information such as an employee's social security number and salary information. A P-187 does not contain an employee's race, nationality, or ethnicity.

9.      A P-160 is an older version of a P-187.

10.      Continental Micronesia, Inc. does not maintain any listing of employees who have not showed up for work for two or more consecutive days.

11.      In response to Plaintiff's Request Nos. 6, 7(b), and 36, Continental searched its records for the requested documents, but could not find the requested documents.

12.      In response to Plaintiff's Request Nos. 7(a), 7(c), and 8, Continental produced the documents requested.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of October 2003 at Hagåtña, Guam.

_____
J DIXON McKINZIE

*EXHiBiT "C"*

court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.").

Accordingly, the Court GRANTS Plaintiff's motion to compel discovery of Request Nos. 7(b) and 13, as long as the requested information exists in some documentary form. See Rockwell, 576 F. Supp. at 513.

### D. Documents Defendant Claims to have Produced–Request Nos. 7(a), (c), & 8.

As earlier noted, Rule 26(e) of the Federal Rules of Civil Procedure requires a party to supplement or amend its response to a discovery request if the party later learns the response was incomplete or incorrect. FED. R. CIV. P. 26(e).

Plaintiff seeks to compel production of Request Nos. 7(a),( c), and 8. Request No. 7(a) seeks "[a]ll document [sic] of 1 thru 6 levels of attendance records and counseling notice of which were received by plaintiff." (Pl.'s F. Req. Produc. at 7.) Request No. 7(c) seeks "the jointly filled out discussion form(s) (which, at the end of each [attendance] meeting all parties acknowledged such meeting and signed the mentioned form)." (Id.) Request No. 8 seeks Plaintiff's employee evaluations or progress reports from Defendant's Technical Services Division. (Id.) Defendant objects to being compelled to produce these Requests because it claims to already have produced them. (Opp'n at 11.) In fact, Plaintiff admits to having received, in response to Request No. 8, one employee evaluation made in 1991 by Defendant of Plaintiff, but then states that "it seems hardly believable that defendant has only once (1991) in the seventeen years plaintiff was employed with it, did it conduct an annual evaluation of plaintiff." (Reply at 9.) If Defendant has already produced the requested documents, then a Rule 37 motion to compel discovery due to incomplete or evasive responses is unwarranted. See

12

EXHIBIT
"D"

FED. R. CIV. P. 37(a). Therefore, the Court DENIES Plaintiff's motion to compel discovery of Request Nos. 7(a), (c), and 8. However, because complete compliance with discovery requests requires a party to supplement its response if it obtains additional information sought by the discovering party, the Court reminds Defendant that, pursuant to Rule 26(e), it has a duty to further produce these Requests if it finds or later come into custody, control, or possession of the requested information.

## III. CONCLUSION.

For the reasons stated above, the Court decides as follows:

1. The Court ORDERS Plaintiff's motion to compel discovery of Request Nos. 3, 4, and 13 GRANTED and ORDERS redaction of employee social security numbers and salary information contained therein;.

2. The Court ORDERS Plaintiff's motion to compel discovery of Request Nos. 7(b), 9, 24, and 35 GRANTED; and

3. The Court DENIES Plaintiff's motion to compel discovery of Request Nos. 6, 7(a), (c), 8, 13, and 36, and ORDERS Defendant Continental Micronesia, Inc. to supplement or amend their responses to these Requests, if needed, pursuant to Rule 26(e).

IT IS SO ORDERED this 24ᵗʰ day of November, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 11/24/03
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran.
Clerk, District Court of Guam
By: _____ 11/24/03
Deputy Clerk          Date

13

ExHibiT
"D"



# A TTENDANCE POLICY

Regular attendance and punctuality are essential factors in insuring the personal success of each Employee, the success of the Department to which we are assigned and the successful achievement of Continental Micronesia's Corporate Goals. Excessive absenteeism and lateness places an unfair burden on our fellow Employees and has a profound adverse effect on our ability to achieve our personal success and the continued success of Continental Micronesia. This attendance program is designed to assist each Employee by setting forth a standard for acceptable attendance so each Employee knows what is expected of them. It is also designed to assist our Management team in monitoring and managing Employee attendance and punctuality in a fair and consistent manner.

Eight (8) incidents within a twelve month period is normally considered to be excessive and can subject the Employee to serious disciplinary action.

## A.   DEFINITIONS

1.   **ACCOUNTABLE ABSENCES** are defined as an instance when an Employee is absent from work (a) due to sickness involving the Employee or his/her spouse or dependent child, (b) is late reporting for duty of more than 5 minutes, (c) is unable to report with prior notice to supervisor, (d) fails to report (no show) without prior notification to supervisor, and (e) departs early without authorization.

2.   **NO SHOW** is the most serious type of absenteeism. When an Employee fails to show for work, it creates a hardship on the operation and other Employees. More than one incident of no show may result in an acceleration of discipline. Two (2) consecutive days (or duty assignments) absence from duty without notification may result in discipline that does not exclude termination.

3.   **SICK** is an incident due to the illness of the Employee or his/her spouse or dependent child. Absence due to sickness is considered one incident even if it extends for consecutive days. The Employee must notify his/her supervisor in advance of each shift or duty assignment unless a doctor has prescribed a certain number of days free from work and the supervisor has been provided this information.

4.   **LATE REPORT** – An employee is considered late for disciplinary purposes if he/she reports for work more than 5 minutes late. Three incidents of reporting five or less minutes late within a six month period will trigger the issuance of one Late incident to the Employee's attendance record and will disqualify the Employee from participation in the ATTENDANCE INCENTIVE AWARDS PROGRAM.

5.   **PATTERNS AND TRENDS OF ABSENCE** – An Employee's attendance record will be reviewed to determine attendance patterns and trends. Patterns and trends may include absenteeism consistently falling in conjunction with an Employee's scheduled days off, scheduled vacation, holidays, surrounding day trade off, or when absenteeism frequently occurs on the same days of the month. In some cases, the attendance guidelines may be accelerated to promote attendance improvement by the Employee.

*EXHIBIT "E"*

6. **NON-ACCOUNTABLE ABSENCES** – Absences from duty for the following reasons will not count for discipline related attendance tracking and will not disqualify the Employee from participation in the ATTENDANCE INCENTIVE AWARDS PROGRAMS.

    a.    Vacation

    b.    Holidays

    c.    Trade Days Off

    d.    Death/Critical Illness*

    e.    Jury Duty

    f.    Approved leaves of Absence

    g.    Occupational Injury Time

    h.    Compensatory Time Off

    i.    Approved Unpaid Time Off

    j.    Company Declared Adverse Weather Time Off

    k.    Lates in accordance with Paragraph A.4. above

## B. ATTENDANCE POLICY GUIDELINES

Employees incurring attendance incidents will be counseled according to the following:

**LEVEL ONE**               **1 Accountable Incident**

Notation is to be placed on Employee's Attendance Tracking Sheet/File. A copy of the notation is placed in Employee's mail file.

---

**LEVEL TWO**               **2 Accountable Incidents**

Notation is to be placed on Employee's Attendance Tracking Sheet/File. A copy of the notation is placed in Employee's mail file.

---

**LEVEL THREE**            **3 Accountable Incidents**

Supervisor will personally give Employee a copy of the third incident notification on the Employee's attendance file. If the incidents indicate a potential pattern (see definition of patterns/trends), supervisor will discuss with Employee.

---

**LEVEL FOUR**             **4 Accountable Incidents**

Supervisor will personally give Employee a copy of the fourth incident notification on the Employee's attendance file and will counsel Employee on the 8th incident policy to ensure the Employee understands expectations. If the incidents indicate a potential pattern (see definition of patterns/trends), supervisor will again discuss with Employee.

*ExHiBiT*

*"E"*

**LEVEL FIVE**                    **5 Accountable Incidents**

Employee will be given a written letter of counseling (1ˢᵗ Written Warning) indicating the incidents on record and clear notification that further disciplinary action my be necessary if attendance improvement is not shown. If there is reason to believe that Employee Assistance may be needed, Supervisor should request assistance from Employee Relations/Human Resources.

**LEVEL SIX**                    **6 Accountable Incidents**

Employee will be given a second Written Warning letter expressing the need for immediate corrective action.

**LEVEL SEVEN**                    **7 Accountable Incidents**

Employee is placed on written termination warning. Employee Relations/Human Resources is notified of the termination warning and may request a meeting with supervisor and/or Employee for intervention purposes.

**LEVEL EIGHT**                    **8 Accountable Incidents**

Employee is subject to discharge. Supervisor should consult with Employee Relations/Human Resources prior to discharge of Employee.

C.    *A*DMINISTRATION OF POLICY

1.    **Rolling 12 Months Calendar** – The above guidelines are administered on a rolling 12-month period from the date of the first incident. Although incidents drop off in a rolling calendar year, once an Employee has reached termination warning, termination will be considered with each absence over the next twelve months until such time as the attendance record returns to a Level Five.

      Consideration will be given to individuals with extenuating circumstances. These special situations should be reviewed by supervision and Human Resources to establish a more lenient progression if circumstances warrant. It is also possible that supervision may, in some cases, accelerate the program depending upon the severity of the incident the overall record, and the Employee's length of service.

2.    **Abuse** – Employees, including supervision, are expected to work as a team toward maintaining satisfactory attendance. Dishonesty associated with sick leave or any other absence is a serious matter. An Employee who calls in sick when they are not, who misleads the Company, who uses travel benefits without prior permission, is dishonest regarding a lost time incident, or refuses a duty assignment is subject to termination of employment.

*ExHibiT*

*"E"*

COPY

CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.

**FILED**
DISTRICT COURT OF GUAM

**DEC 3 0 2003**

MARY L. M. MORAN
CLERK OF COURT

*Dec. 30, 2003 .*
*1700 .*

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>             Plaintiff,<br><br>   vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>             Defendants. | CIVIL CASE NO. CIV02-00032<br><br>**DECLARATION OF SERVICE** |

I, June M. Cruz, hereby declare under penalty of perjury of the laws of the United States, that on the 26th day of December 2003, I served a copy of Defendant Continental Micronesia, Inc.'s Reply Memorandum in Support of its Motion to Strike Plaintiff's Unauthenticated Evidence; Defendants Memorandum in Opposition to Plaintiff's Cross-Motion to Strike; and Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55, Filed on December 19, 2003 (Filed 12/24/2003), upon Plaintiff Tony H. Ashtiani.

4839-0676-5824.1.013280-00079

*EXHIBIT
"F"*



CARLSMITH BALL LLP

ELYZE McDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc.
dba Continental Micronesia
and Continental Airlines, Inc.



FILED
DISTRICT COURT OF GUAM
JAN 20 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, | CIVIL CASE NO. CIV02-00032 |
| Plaintiff, | **DECLARATION OF SERVICE** |
| vs. | |
| CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA and CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

     I, June M. Cruz, hereby declare under penalty of perjury of the laws of the United States, that on the 16th day of January 2004, I served a copy of Defendant Continental Micronesia, Inc.'s Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 Filed January 9, 2004 and, Defendant Continental Micronesia, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Strike "Sham" Affidavits (Filed January 9, 2004) (Filed 01/16/2004), upon Plaintiff Tony H. Ashtiani.

*ExHibiT*

"F"

## DECLARATION OF MAILING

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 17th day of October 2003, I will mail, via certified mail with return receipt requested, by depositing same in a sealed envelope with the U.S. Postal Service, a true and correct copy of DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY; DECLARATION OF DIXON MCKINZIE; EXHIBIT A; DECLARATION OF MAILING, addressed to Tony H. Ashtiani at Post Office Box 12723, Tamuning, Guam 96931.

Executed this 17th day of October 2003 at Hagåtña, Guam.

_David Ledger_
DAVID LEDGER

EXHIBIT
"G"

12.