# ORIGINAL 

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

**FILED**
DISTRICT COURT OF GUAM

AUG 26 2004

MARY L. M. MORAN
CLERK OF COURT



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>Defendants. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANT CONTINENTAL MICRONESIA, INC.'S MEMORANDUM REGARDING REHEARING ON MOTIONS FOR SUMMARY JUDGMENT; REQUEST FOR TELEPHONIC APPEARANCE; EXHIBITS A-B; DECLARATION OF SERVICE** |

**DEFENDANT CONTINENTAL MICRONESIA, INC.'S MEMORANDUM REGARDING REHEARING ON MOTIONS FOR SUMMARY JUDGMENT**

## I.   <u>INTRODUCTION</u>

Defendant Continental Micronesia, Inc. provides this Memorandum Regarding Rehearing on the Motions for Summary Judgment. On August 20, 2004, the Honorable Joaquin V.E. Manibusan, Jr., Magistrate Judge for the District Court of Guam ordered a re-hearing of Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment, both filed on November 21, 2003, and originally heard on December 12, 2003.

Continental respectfully objects to Magistrate Judge Manibusan's jurisdiction to re-hear the motions, and, in the alternative, provides to the Court a transcript of the original hearing and a synopsis of the summary judgment proceedings to date, and furthermore requests that if a rehearing shall still be conducted by the Court, that counsel for defense be permitted to appear telephonically.

## II.    **OBJECTIONS TO JURISDICTION**

The powers and duties of the Magistrate Judge are defined by 28 U.S.C. § 636, Federal Rule of Civil Procedure 73, and the Court's General Order No. 04-00016. Before a Magistrate Judge may entertain a motion for summary judgment, the magistrate must have been "specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a); Gen. Order No. 04-00016 at 6. In addition, the parties must consent to the magistrate's authority to hear the case and to enter judgment. 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b); Gen. Order No. 04-00016 at 3, 6 ("The Magistrate Judge shall take no case-dispositive action in the case unless and until the parties consent in writing to proceed before the Magistrate Judge."). Such consent may only be obtained if the Clerk of Court first provides written notice to the parties of their opportunity to consent to the exercise of jurisdiction. Fed. R. Civ. P. 73(b); Gen. Order No. 04-00016 at 6. The parties are furthermore "free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2); Fed. R. Civ. P. 73(b). Lastly, as General Order No. 04-00016 states, the Magistrate Judge may "[h]ear and determine any pretrial motions . . . *other than case-dispositive motions*." Gen. Order 04-00016 at 3 (emphasis added).

The above statutory-prescribed process has not been satisfied in this case. Magistrate Judge Manibusan has not been specially designated by the District Court to entertain the summary judgment motions. The parties have not been contacted by the Clerk of Court to

consent to the Magistrate Judge's jurisdiction, and have not consented to such jurisdiction. Finally, hearing case-dispositive motions are explicitly not within the Magistrate Judge's powers.

The Ninth Circuit has *sua sponte* dismissed appeals stemming from cases in which the Magistrate Judge lacked consent to enter a final judgment. See Alaniz v. Cal. Processors, Inc., 690 F.2d 717 (9th Cir. 1982). In Alaniz, despite the parties' requests that the Ninth Circuit infer their consent to the Magistrate Judge's jurisdiction, because the parties did not give a "clear and unambiguous expression of consent," the Ninth Circuit concluded that it lacked jurisdiction to review the Magistrate Judge's decision. Id. at 719

> In the absence of a clear statement by the parties, the voluntariness of consent cannot be protected and we could be faced in any case with a retroactive attempt to expand or contract the magistrate's authority. We will not permit our jurisdiction to depend on inferences when both the state and common sense call for precision.

Id. Should the Magistrate Judge in this case hear the summary judgment motions without being so designated and without obtaining the consent of the parties, any subsequent decision on such motions will be made without proper jurisdiction.

In light of the Ninth Circuit's strict interpretation of section 636's requirements for a designation of authority and consent from the parties, as well as the language in section 636, Federal Rule of Civil Procedure 73, and General Order 04-00016, Continental respectfully objects to the Magistrate Judge's jurisdiction to re-hear the motions for summary judgment.

## III. SUMMARY OF PROCEEDINGS

While the record in this case may appear to be confusing at first blush, Continental submits that a rehearing is unnecessary, and herein outlines the summary judgment proceedings for the Court.[1]

---

[1] Defendant also provides to the Court a Summary Judgment Pleading Timeline attached hereto as Exhibit A.

As already stated, on November 21, 2003, both parties filed summary judgment motions. The Court heard the motions on December 12, 2003, and the court reporter has transcribed the oral argument. The court reporter's transcript was filed on January 26, 2004, and is attached hereto as Exhibit B. During and following the hearing, Defendant moved to strike evidence presented by Plaintiff in support of his motion, and, also, following the hearing, Plaintiff sought to strike several of Defendant's exhibits. On April 23, 2004, the Court ruled on the various motions to strike. In particular, the Court ordered that the following be stricken:

1. Exhibits 5, 7, 10, 13, 15, 17-24, 26, 29-38, 40-47, and 49-55 attached to Plaintiff's Motion for Partial Summary Judgment (filed November 21, 2003).

2. Exhibits B-E, J, N, T, and W attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (filed November 28, 2003).

3. Exhibits B-D, G, H (Therell letter), and J attached to Plaintiff's Affidavit in Support of Opposition to Defendant's Motion for Summary Judgment (filed November 28, 2003).

4. Declaration of Kathleen P. Sgambelluri (filed November 28, 2003).

5. Declaration of Tony Ashtiani and Exhibit 56 (filed January 9, 2003).

6. Exhibits E, F, J-N, and Q attached to Defendant's Motion for Summary Judgment (filed November 21, 2003).

Because the summary judgment motions have been fully heard before the Court, because the oral argument thereof has been conducted and transcribed, and because the Court has issued an Order on all motions to strike evidence sustaining the motions for summary judgment, Defendant submits that a rehearing is unnecessary.

---

Defendant previously submitted this timeline along with its Motion for Sanctions Under Federal Rule of Civil Procedure 11, filed February 11, 2004.

## IV.  REQUEST FOR TELEPHONIC APPEARANCE

Notwithstanding the previous discussion on the lack of jurisdiction of the Magistrate Judge, and the outline of the summary judgment proceedings, should the Court still seek to rehear this matter, Continental respectfully requests that it be allowed to appear telephonically, as counsel handling this case and the motions for summary judgment for Defendant, Elyze McDonald, Esq., currently resides in Hawaii.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully submits this Memorandum Regarding Rehearing on the Motions for Summary Judgment.

DATED:  Hagåtña, Guam, August 26, 2004.

CARLSMITH BALL LLP

for

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

## EXHIBIT A

### SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| November 21, 2003 | Defendants' Motion for Summary Judgment; Memorandum in Support of Motion; Affidavit of Dixon McKinzie; Declaration of David Ledger; Exhibits A-S | Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment<br><br>Notice and Motion for Partial Summary Judgment<br><br>Declaration of Tony H. Ashtiani in Support of Motion for Partial Summary Judgment<br><br>Plaintiff's Affidavit in Support of Motion for Partial Summary Judgment |
| November 28, 2003 | Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment; Affidavit of Dixon McKinzie; Exhibits A-N; Declaration of David Ledger | Plaintiff's Opposition to Deft's Motion for Summary Judgment, Memorandum of Points and Authorities, Declaration of Ron Roberts, Exhibits E and N<br><br>Affidavit of Tony H. Ashtiani in Support of Opposition to Defendants' Motion for Summary Judgment<br><br>Declaration of Kathleen P. Sgambelluri |

## SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| December 5, 2003 | Reply Memorandum in Support of Defendant Continental Micronesia, Inc.'s Motion for Summary Judgment and Motion to Strike All Unauthenticated Evidence Proferred by Ashtiani; Affidavit of William Herrera; Affidavit of Glenn Mendoza; Supplemental Affidavit of Dixon McKinzie | Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment; Affidavit of Tony H. Ashtiani and Declaration of Tony Ashtiani, Certificate of Service

Affidavit of Tony H. Ashtiani in Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment

Declaration of Tony H. Ashtiani in Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment |
| December 8, 2003 | | Intentional Delay of Service |
| December 9, 2003 | Affidavit of Jeanne K. Wilson | |
| December 11, 2003 | | Affidavit of Tony H. Ashtiani |
| December 19, 2003 | | Opposition to Defendants Motion to Strike Unauthenticated Exhibits; Cross Motion to Strike Defendants Exhibits; Affidavit and Declaration of Vince Diaz; Affidavit of Tony Ashtiani to Authenticate Exhibits on Records

Affidavit of Vince Diaz

Affidavit of Tony H. Ashtiani to Authenticate Exhibits on Records in Support of Opposition to Defendants' Motion to Strike Ashtiani's Exhibits; Exhibits 1 thru 55 |

## SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| December 24, 2003 | Defendant Continental Micronesia, Inc.'s Reply Memorandum in Support of its Motion to Strike Plaintiff's Unauthenticated Evidence; Defendant's Memorandum in Opposition to Plaintiff's Cross-Motion to Strike; and Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55, Filed on December 19, 2003 | |
| December 31, 2003 | | Plaintiff's Reply to Defendant's Opposition to Plaintiff's Counter Motion to Strike and Opposition to Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and attached Exhibits 1-55 filed on December 19, 2003 |
| | | Amended Opposition to Defendants' Motion to Strike Unauthenticated Exhibits; Counter Motion to Strike Defendants' Exhibits; Affidavit and Declaration of Vince Diaz; Affidavit of Tony Ashtiani to Authenticate Exhibits on Records |
| January 9, 2004 | | Plaintiff's Supplemental Opposition to Defendant's Motion to Strike Affidavit of Tony H. Ashtiani and Attached Exhibits 1-55 on December 19, 2003 and Motion to Strike "Sham" Affidavits and Attached Exhibits by Defendant in Attempt to Obstruct Justice |
| | | Declaration of Tony Ashtiani |

# SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
|---|---|---|
| January 16, 2004 | Defendant Continental Micronesia, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Strike "Sham" Affidavits (Filed January 9, 2004) | |
| | Defendant Continental Micronesia, Inc.'s Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 Filed January 9, 2004 | |
| January 21, 2004 | Agreement of Hearing Date; Declaration of Elyze McDonald | |
| January 22, 2004 | | Plaintiff's Reply to Defendant's Opposition to Strike "Sham" Affidavits and Attached Exhibits by Defendant in Attempt to Obstruct Justice |
| | | Disagreement of Hearing on Motion to Strike |
| January 26, 2004 | | Request for Issuance of Order |
| | | Declaration of Tony H. Ashtiani |
| January 27, 2004 | Response to Request for Issuance of Order | |
| January 29, 2004 | | Amended Request for Issuance of Order |
| January 30, 2004 | | Plaintiff's Opposition to Defendant's Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 (Filed January 9, 2004) |

## SUMMARY JUDGMENT PLEADING TIMELINE

| Date of Pleading | Continental | Ashtiani |
| --- | --- | --- |
| February 5, 2004 | Defendant Continental Micronesia, Inc.'s Response to Plaintiff's Amended Request for Issuance of Order (Filed January 29, 2004) | |
| | Defendant Continental Micronesia, Inc.'s Reply in Support of Motion to Strike Declaration of Tony Ashtiani and Exhibit 56 Filed January 9, 2004 | |
| April 23, 2004 | **Court issues Order on Motions to Strike.** | |
| April 27, 2004 | **Court issues second Order on Motions to Strike.** | |

1

2

3

4          IN THE DISTRICT COURT OF GUAM

5               TERRITORY OF GUAM

6                    * * *

FILED
DISTRICT COURT OF GUAM
JAN 2 6 2004
MARY L. M. MORAN
CLERK OF COURT

149

7

8   TONY H. ASHTIANI,                    )
                                         )
9               Plaintiff,              )
                                         )
10      vs.                              )  CASE NO. CV02-00032
                                         )
11   CONTINENTAL MICRONESIA, INC.,       )
     dba CONTINENTAL MICRONESIA, and    )
12   CONTINENTAL AIRLINES, INC.,         )
                 Defendants.            )
13   _____)

14

15

16            TRANSCRIPT OF PROCEEDINGS

17                    BEFORE

18      THE HONORABLE JOHN S. UNPINGCO

19            Chief District Judge

20

21

22   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
                         and
23   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24        FRIDAY, DECEMBER 12, 2003

25

                Wanda M. Miles
             Official Court Reporter
              District Court of Guam

ORIGINAL

EXHIBIT B


**APPEARANCES:**


FOR THE PLAINTIFF:

TONY S. ASHTIANI
Pro se litigant
P.O. Box 12723
Tamuning, Guam  96931


FOR THE DEFENDANT CONTINENTAL AIRLINES, ETC:

CARLSMITH BALL, LLP
Attorneys At Law
BY:  ELYZE McDONALD, ESQ.
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910

```
 1        HAGATNA, GUAM; FRIDAY, DECEMBER 12, 2003; 11:07 A.M.
 2                             * * *
 3             THE CLERK:  Civil case 02-00032, Tony H.
 4    Ashtiani versus Continental Micronesia, Inc., et
 5    cetera, et al., motion for partial summary judgment,
 6    and motion for summary judgment.
 7             Counsel, please state your appearances.
 8             MS. McDONALD:  Your Honor, Elyze McDonald for
 9    defendant Continental Micronesia, Inc., with Mr. Dixon
10    McKinzie, who is the Human Resources Director of
11    Continental.
12             MR. ASHTIANI:  Your Honor, Tony H. Ashtiani,
13    pro se litigant.
14             THE COURT:  Okay.  Let's start with the
15    defense motion.
16             MS. McDONALD:  Thank you, Your Honor.
17             May it please the court.
18             First I'd like to thank the court for its
19    order granting me to appear telephonically.  As you've
20    noticed since giving that order, based on a family
21    emergency that brought me to Guam, so I'm able to make
22    it here for the motion hearing.
23             I want to start off just by stating what the
24    undisputed facts are in this case, and then attempt to
25    talk about both motions.
```

Wanda M. Miles
Official Court Reporter
District Court of Guam

1    The first undisputed fact is that attendance

2  procedures at Continental are governed both by

3  Continental attendance policy and by the union

4  agreement between Continental and the International

5  Brotherhood of Teamsters.  Both documents say that if

6  an employee is going to be absent for work, he needs

7  to call in and talk to his supervisor.  That's an

8  undisputed fact.

9    The second undisputed fact is that

10  Mr. Ashtiani did not call in for work on two

11  consecutive days, June 23rd and 24th, 2001.  In those

12  two documents, the two attendance policies, two days no

13  reporting to work and not showing up for work is cause

14  for discipline, not to exclude termination.  And it

15  says that in both documents.

16    The last undisputed fact is that Continental

17  discharged Mr. Ashtiani on July 3rd, 2001.  And as

18  you'll see from our Exhibit C, it was for the basis

19  that he didn't show up and call in to report his

20  absence to his supervisor for June 23rd and June 24th.

21    With that in mind, the standard that the Court

22  needs to engage in analyzing this motion is that the

23  plaintiff, in order to defeat summary judgment, needs

24  to provide significant probative evidence for his case

25  that any genuine issue of material fact exists.

1   There are eight causes of action in this case,
2   as you can see from the second amended complaint, but
3   the central cause of action is discrimination on the
4   basis of race. And in that, the Supreme Court has
5   prescribed a formula, as you're aware, with McDonnell
6   Douglas formula where the plaintiff first has to show a
7   pattern in each case of discrimination, then the burden
8   shifts to defendant to show a non-discriminatory,
9   legitimate reason for the termination, and then the
10  burden shifts back to the plaintiff to show pretext.

11  In a discharge case, the Ninth Circuit has
12  said that the plaintiff needs to show that he was doing
13  his job well enough throughout the possibility that he
14  was discharged for some other reason. And the fact is
15  that he failed to show up for work and talk to his
16  supervisor to get approval for two consecutive days.
17  And under the rules of Continental and International
18  Brotherhood of Teamster, he violated that policy by
19  not doing that. That in itself shows that he was not
20  performing adequately at work.

21  So the burden then shifts to Continental to
22  show a legitimate, non-discriminatory reason. And
23  that's the same reason; he didn't show up for work,
24  he didn't report his absence and get approval from the
25  supervisor. It's the same reason for why he wasn't

1    performing adequately.

2         So then the burden shifts back to Ashtiani, to

3    Mr. Ashtiani to show pretext.  And the Ninth Circuit

4    has two rules:  You have to show direct evidence of

5    discrimination, of which Mr. Ashtiani has not provided,

6    or you provide indirect evidence that the reason that

7    Continental furnished for terminating him was false.

8    He hasn't provided any evidence that Continental's

9    reason was false.

10        And I wanted to discuss just briefly the

11   evidence that he has provided.  None of it meets the

12   standard required under the summary judgment, or a

13   clear majority of it.  His affidavits, he has only

14   provided affidavits by himself that are sworn.  The

15   other affidavits are not sworn testimony, they're not

16   admissible before the Court.

17        He's provided declarations from people, and

18   if you read the notarization on the declarations, the

19   notary is only notarizing that he has brought to the

20   notary a copy of a document that somebody else has

21   signed.  This is not legitimate for a summary judgment,

22   in support of a position for summary judgment.

23        He has provided doctor's reports that are

24   illegible.  He has provided statistical studies with

25   no information who did the study, what is it studying,

1  what was the base, what, you know, what was his back-
2  ground in being able to provide this sort of study.
3  This is evidence that the court should not consider.
4  And as you've seen from reply, we have requested a
5  motion to strike all the unauthenticated evidence.
6          Every other count, Your Honor, is superfluous
7  to this discrimination case.  A lot of it has
8  absolutely no basis in the law, and there's no -- he
9  hasn't provided any authenticated evidence in support
10  of any of his other claims.
11          So unless the Court has any questions on
12  particular pieces of evidence, or on any count,
13  Continental will rest for now, and wait for
14  Mr. Ashtiani's response.
15          THE COURT:  Okay.
16          MS. McDONALD:  Thank you.
17          THE COURT:  Mr. Ashtiani.
18          MR. ASHTIANI:  May I?
19          THE COURT:  Yes.
20          MR. ASHTIANI:  Thank you, Your Honor.
21          Your Honor, first good morning.
22          And I'd like to say good morning to defense.
23          And that first and most, Your Honor, I want
24  to apologize because last time I was here arguing my
25  motion, I sat down on that table in front of my tables

Wanda M. Miles
Official Court Reporter
District Court of Guam

1  and I did not know to stand here, but now I know

2  because I watched other arguments.

3         Your Honor, I filed a partial summary judgment

4  because I selected those cause of action that I could

5  meet the elements.

6         THE COURT:  Okay, let me steer you a little

7  bit, Mr. Ashtiani.  There's some important things that

8  we're looking at, right now we're looking at the

9  defendant's motion, and when they done I'll turn to

10  your motion.

11        MR. ASHTIANI:  Yes, Your Honor.  The only

12  difference --

13        THE COURT:  So I need you to respond.  There

14  are some legitimate questions being raised here.

15        MR. ASHTIANI:  Okay, Your Honor.

16        THE COURT:  And one of the legitimate

17  questions being raised is the evidence you have

18  submitted that are unauthenticated.  Okay.  And

19  unauthenticated evidence is evidence that really is

20  of dubious value, and that's why most courts say it's

21  inadmissible.  Okay.  There's no safeguard for the

22  truth in it.  Let me give you an example here.

23        When you submit an affidavit, you swear under

24  oath that the statements you're going to make are true

25  and correct.  Okay.  That's a safeguard for the truth.

1   But when you submit, say, what somebody has written to

2   a notary to notarize, there's no safeguard for the

3   truth because it is you submitting somebody else's

4   declaration.  You can't vouch for that person's

5   truthfulness; the notary can't vouch for that person's

6   truthfulness.  The net result is that that kind of '

7   evidence is very suspect and often not allowed into

8   court.

9           Now, that being the case, do you have any --

10  besides the information you have submitted, is there

11  any other information that, or evidence that you have

12  that is authenticated?

13          MR. ASHTIANI:  Your Honor --

14          THE COURT:  Safeguards for the truth?

15          MR. ASHTIANI:  Your Honor, all the evidence

16  that I have submitted are basically on my personal

17  knowledge, which is in the Rule 56 that says based on

18  the personal knowledge, which I have done those in each

19  paragraphs.

20          THE COURT:  Okay.

21          MR. ASHTINAI:  In lieu of that, Your Honor,

22  Rule 56(e) states that certified copy attached to the

23  affidavit part of, which I've done that also; I took

24  in these original documents that were signed by the

25  employees, and I have given it to the notary, I showed

1    him the certified copy -- I showed him the original

2    copy and he has certified those copies of the original.

3            THE COURT:  Yes, but that certification goes

4    only to the fact this is an accurate copy of the

5    original.

6            MR. ASHTIANI:  Right.

7            THE COURT:  It does not go to the contents of

8    the document.  That's the issue here.  It is what is

9    stated in the documents that we are interested in, in

10   terms of assessing how truthful those contents are.

11           MR. ASHTIANI:  Your Honor, all these

12   individuals that had given their statements, they're

13   very credible individuals, and I do not see any

14   difference between their affidavit which I have

15   submitted, with the affidavit that Mr. McKinzie has

16   submitted, all the facts that he had stated that, is

17   that I'm submitting my facts, based on my personal

18   knowledge.  So, basically, I do not really see the

19   difference between his affidavit and the affidavit

20   that I have submitted.

21           THE COURT:  Okay.

22           MR. ASHTIANI:  And basically, Your Honor, it's

23   the fact that the two days no-call no-show.  We have

24   evidence of the shift schedule that there has been many

25   individuals that have called in and they have called in

1   to another mechanic; they do not directly have to talk

2   to a supervisor.

3          Now what is before the court is that that

4   application has applied to a certain race and

5   nationality of the majority, and Ashtiani among all

6   the employees, they must call in direct to the

7   supervisor.  That is a disparate treatment, Your Honor,

8   under the strict impact.

9          THE COURT:  But in order for you to show that

10  in a court of law, you have to get an affidavit from

11  these other mechanics that called in to another

12  mechanic, not a supervisor; they're the ones that have

13  to make a sworn statement that on such and such a date

14  I called in sick or whatever, I told this mechanic and

15  the mechanic related to the supervisor or whatever, and

16  I was never reprimanded and no adverse action was given

17  to me for having done this procedure, or for having

18  been absent from work, or both.  Okay?

19         MR. ASHTIANI:  Yes.

20         THE COURT:  That's the kind of proof we need.

21  Now absent that kind of proof -- what you know is fine,

22  but, you know, you need to understand you're also the

23  party at interest here, that is that, you're the one

24  with the most to lose, should you lose.  Okay.  So,

25  there is of course some caution that needs to be given

```
 1    whether to believe everything you say.

 2           MR. ASHTIANI:  Uh-huh.

 3           THE COURT:  Okay.  And so that's what we're

 4    after here.

 5           MR. ASHTIANI:  Your Honor, Mr. McKinzie also

 6    has interest in this party, and in his affidavit we do

 7    not know that the documents presented before us if it's

 8    authenticated in reference to the e-mails.

 9           And, Your Honor, if I may, please, I knew that

10    this thing might come up, and what the defendant is

11    basically saying that these are hearsay documents under

12    Rule 803, and that in the United case, Your Honor,

13    United asserts the court here in failing to admit these

14    exhibits as exception to the hearsay rule under Federal

15    Rules of Evidence 801, 803 and 803(a)(c).   Even if

16    United exhibits are admissible as exception to the

17    hearsay rule, the trial court still has the duty to

18    balance the probative value of the evidence against its

19    potential for unfair prejudice under Federal Rules of

20    Evidence 403.

21           THE COURT:  Well, what exception to the

22    hearsay rule are you advocating for those documents

23    you're trying to get in?

24           MR. ASHTIANI:  Basically, Your Honor, some of

25    those documents can be self-authenticated, which I have
```

1  done, and it's under the exception of the rule, Rule
2  803 or 802.
3      THE COURT:  Are they business records, are
4  they --
5      MR. ASHTIANI:  Basically, Your Honor, those
6  documents that I have submitted, they came out of
7  Continental Micronesia maintenance office, which
8  basically says that these employees had called in
9  another mechanic, not the supervisor, and that's what
10  I have submitted.  And I have sworn, subscribed sworn
11  before the notary that those documents are legitimate
12  document, Your Honor.
13      THE COURT:  Okay.
14      MR. ASHTIANI:  Furthermore, Your Honor,
15  balancing the probative value of the evidence against
16  its potential of prejudice is a discretionary decision
17  for the trial judge, which will be not overturned
18  unless it's clearly erroneous.
19      Your Honor, I have not submitted any erroneous
20  evidence; I have submitted what has come from the
21  maintenance office, from my co-worker, and I have asked
22  them that if they can bring any samples that any
23  mechanic has called another mechanic, not the
24  supervisor, which I have done so.
25      THE COURT:  Well, but you're misreading the

1  rule.  The rule is whether the, when the judge admits

2  the evidence, the judge has made an error in admitting

3  the evidence.  It is not whether the evidence is

4  erroneous in and of itself, it's the substance of the

5  evidence; whether it's erroneous is not what's at

6  issue.  What is at issue is whether the judge abused

7  his discretion, that is, he did something that he

8  shouldn't have done.

9        But, go ahead.

10       MR. ASHTIANI:  Okay, Your Honor.  And I just

11  want to tell you that those documents that I have

12  submitted, they're all -- they're all legitimate

13  document, there's nothing that I have turned in, and

14  I respectfully ask the court to examine it and check

15  into it in going through this.

16       THE COURT:  Thank you.

17       MR. ASHTIANI:  Thank you, Your Honor.

18       THE COURT:  Anything else?

19       MR. ASHTIANI:  Not at this point, Your Honor.

20       THE COURT:  Thank you.

21       Response, if necessary, or do you stand by

22  your earlier argument, Ms. McDonald?

23       MS. McDONALD:  May I just make one point, Your

24  Honor?

25       THE COURT:  Yes.

1    MS. McDONALD:  Mr. Ashtiani raises his
2    unauthenticated evidence that other employees were
3    allowed to call in and report absences for work but
4    didn't have to speak to a supervisor.  This still
5    doesn't fulfill the burden that he has to show that
6    Continental's reason for terminating him was false,
7    that's the pretext argument.  So, while it may have
8    some issue with respect to the *prima facie* case, it
9    still does not fullfil his case to demonstrate pretext
10   on Continental's behalf.

11        Thank you, Your Honor.

12        THE COURT:  Thank you.

13        Let's switch now to the plaintiff's motions
14   for summary judgment.  Mr. Ashtiani, give me your best
15   shot on that.

16        MR. ASHTIANI:  Thank you, Your Honor.

17        Your Honor, if I, may it please the court, to
18   indicate that as far as the attendance, Your Honor, I
19   do not understand what is the sales of a fraudulent
20   insurance to the employees has to do with attendance.
21   Okay.  That is basically a discrimination here, because
22   they're denying benefits to one employee that has paid
23   for the benefits and then they turn around, give a
24   document that has been whited out.  And it has happened
25   to other families here, that they have checked a

1   legitimate claim against the insurance company.

2          That has nothing to do with attendance, Your

3   Honor; that is something that, a cause of action needs

4   to be looked at.  And I have been asked to provide the

5   name of the witnesses and supplement my answer, and I

6   have not done so because I'd like to maintain my

7   confidentiality into the names of those witnesses.

8          And they're bringing up issues that is

9   irrelevant, Your Honor, to the attendance issue, and

10  those things need to be looked at.

11         Your Honor, in regards to my own motion, I

12  have been denied a fair hearing, as you're well aware,

13  and that is within my constitutional rights.  And

14  that's due process.  Any man has the right to a fair

15  hearing.  And that I was not given a fair hearing.  And

16  prior to the hearing they had requested my final check.

17  That indication, Your Honor, that is a violation of

18  this Title 7, which we have before you.

19         Furthermore, Your Honor, plaintiff right and

20  the defendant's duty do not arise from express promise

21  made by either party, or from promise implied by law

22  because of benefit received or return of service, but

23  rather, from recognition of social right of equality,

24  of opportunity or person regardless of race.

25         Your Honor, I was denied to indicate what

had happened, and that if I would have given the
opportunity, none of this would have happened. And
Mr. Mark Williams even indicates, hey, what is the
meeting about, and they do not allow him to have any
kind of indication what the meeting is all about.

Furthermore, Your Honor, in the Title 7 mostly
the district judges, the honorable judges had even in
Supreme cases are not interested to rehash what has
happened five years ago or neither what had happened
two years ago. What the court has stated in similar
cases are the languages, like the specific reason and
the stated reason for termination.

And the termination letter, Your Honor, such
as this, which has the Continental Micronesia logo on
it, the specific reason for the termination were two
days no-call no-show. Okay. I can even submit a Guam
Cell invoice that I called in to work and my call was
-- and that's a legitimate document; if the court asked
me to provide that, I can do that. And that the call
was made in, Your Honor, and that this is what the
legitimate complaint.

The defendant had oppor -- the defendant had
the right to write a 15-page termination letter and put
60 reasons that I was terminated. But, Your Honor,
that's not what this letter says. This letter says

1    Ashtiani did not call in to work for June 23, June 24,
2    which is false.  Because Joe Pangelinan declaration
3    states that Tony called in, and Ron Roberts declaration
4    states, Your Honor, that if Glenn Mendoza were to have
5    told Bill Herrera that Tony called in, none of this
6    would have happened.  That's what this letter states,
7    Your Honor.

8         And in the Supreme Court cases, Aikens
9    (phonetic) and Burdine, it's clear, plaintiff can
10   prevail either by proving the discrimination more
11   likely motivated the decision, or that employer
12   articulated reason is unworthy of belief, Your Honor.
13   I have proven that, I have proven all these three
14   reasons that they're unworthy of belief, and I have put
15   that on my motion, on the first original motion that I
16   had submitted to the court.

17        And simply disproving defendant's reason is
18   enough, which I have done so, Your Honor.  Plaintiff
19   need not also prove intentional discrimination, such
20   an approach unjustify and multiplies the plaintiff's
21   burden.  And I have been burdened with that, and I have
22   proven that.  And I have shown the statistics that
23   while 9.2 percent of the work force is minority, we
24   only were ten minorities, Your Honor, working for the
25   maintenance department.  Out of that ten, three

1   minorities were terminated.  And those statistical
2   evidence, Your Honor, just like the United case, is a
3   very important evidence before the court.

4          Your Honor, the reason that the Supreme Court
5   cases say articulate a reason for termination is
6   because two and a half years later the defendant wants
7   to change the reason for termination.  They want to
8   say, well, Ashtiani didn't call up this day, or he
9   didn't call his supervisor, or this and that.  That is
10  why they indicate articulate a reason for termination,
11  specific reason for termination, so they can't change
12  that later on down the road.

13         And, Your Honor, for Mr. McKinzie, with all
14  the respect to him, that he says that Mr. Lee's
15  termination was retracted in his affidavit, now, I
16  don't understand what's, you know, if his affidavit
17  is not true, I fear, Your Honor, Rule 56(g), that bad
18  affidavit made.  And he states that Mr. Lee was
19  retracted, yet Mr. Lee is working at Sears.  So in his
20  affidavit he says his termination was retracted, here
21  he's not working for CMI.  I don't understand that in
22  his affidavit, Your Honor.  If my affidavit is not
23  admissible, then I just need to understand, I need to
24  read the rule more then.

25         But, Your Honor, them changing the rule and

1   saying that, coming out with another affidavit of

2   Mr. Herrera and Mr. Glenn Mendoza; that they were off

3   island on the day that the motion was due to be

4   submitted, that is enough to affirm that evidence of

5   guilt.

6   And it states in here, Your Honor, the trier

7   of fact can reasonably infer from the falsity of the

8   explanation that the employer is dissembling to cover

9   up a discriminatory purpose.  Such an interference is

10  consistent with the general purpose -- principle of

11  evidence law that the fact finder is entitled to

12  consider a party dishonesty about a material fact as

13  affirmative evidence of guilt.

14  And that's what we have here, Your Honor.

15  This affidavit states that Mr. Lee's termination

16  retracted; that is not true.

17  And that the defendant has -- furthermore,

18  Your Honor, I don't know if the court is aware that I

19  did submit an affidavit yesterday, one day prior to the

20  hearing, per Rule 56(c), and that defendant is relying

21  on manufactured e-mails, on internal e-mails from each

22  other, which those e-mails could not even be sent, and

23  that needs to be looked at, Your Honor.

24  And basically that's what I have.  I do not

25  want to repeat what I have written to the court because

1  I know that this court is very thorough in looking at

2  documents.  And plaintiff rests at this time, Your

3  Honor.

4          THE COURT:  Thank you.

5          Defense?

6          MS. McDONALD:  Thank you, Your Honor.

7          The issues with regard to Continental's motion

8  for summary judgment, and Mr. Ashtiani's motion for

9  partial summary judgment are the same.  Mr. Ashtiani

10 has repeated his arguments in pretty much all the

11 documents that he's submitted.  So except for the fact

12 that in his motion for partial summary judgment he does

13 not address two issues--one is the fraudulent insurance

14 and the second is the violation of FMLA.  So his

15 bringing up the issue of fraudulent insurance is

16 misplaced at this time in the hearing.

17         For his motion for summary judgment, he has

18 to prove every element as the plaintiff in this case.

19 At this point, I'd like to incorporate all of our

20 arguments made during our motion for summary judgment

21 in response to his partial motion for summary judgment,

22 and claim that there are no genuine issues of material

23 fact, but instead, they are all in favor of

24 Continental, and that would be proper for granting

25 Continental's motion for summary judgment and denying

Wanda M. Miles
Official Court Reporter
District Court of Guam

1   his motion for partial summary judgment.

2         He, Mr. Ashtiani brings up an issue that

3   there's this invoice about cell phone calls that he

4   made to Continental. Well, he hasn't produced them.

5   And second of all, they don't show that he spoke to

6   supervisors, which is what was required of him under

7   Continental's attendance policy.

8         He brings up arguments regarding meetings that

9   happened after he was absent for two days and didn't

10   talk to his supervisors; those meetings are irrelevant

11   to this case.

12         He brings up Mr. Bruce Lee and wonders why

13   Mr. Lee works at Sears now. Well, that also has

14   nothing to do with this case. The fact is that

15   Mr. Ashtiani does not have any personal knowledge about

16   Mr. Lee's case, he was not his supervisor, he had no

17   supervisory capacity over Mr. Lee, and he does not know

18   the background behind Mr. Lee's termination and

19   subsequent retraction of that termination, and why

20   Mr. Lee no longer works for Continental right now.

21         Lastly, I'd like to just discuss the

22   supplemental affidavits that we had brought before the

23   court. Mr. Mendoza and Mr. Herrera were not available

24   to sign those affidavits by the time we filed our

25   motion, but we believe that all the documents that we

1  submitted attached to our motion are properly

2  authenticated by Mr. McKinzie.

3          THE COURT:  Thank you.

4          MS. McDONALD:  Thank you.

5          THE COURT:  Anything else, Mr. Ashtiani?

6          MR. ASHTIANI:  No, Your Honor, plaintiff will

7  rest.

8          THE COURT:  The court will take this under

9  advisement.  Thank you very much.

10         MS. McDONALD:  Thank you, Your Honor.

11         MR. ASHTIANI:  Thank you, Your Honor.

12         (Whereupon proceedings concluded.)

13                      *  *  *

14              CERTIFICATE OF REPORTER

15  CITY OF AGANA       )
                        ) ss.
16  TERRITORY OF GUAM   )

17         I, Wanda M. Miles, Official Court Reporter

18  of the District Court of Guam, do hereby certify the

19  foregoing pages 1-23, inclusive, to be a true and

20  correct transcript of the shorthand notes taken by me

21  of the within-entitled proceedings, at the date and

22  time therein set forth.

23         Dated this 22nd day of January, 2004.

24

25         _Wanda M. Miles_

Wanda M. Miles
Official Court Reporter
District Court of Guam

## DECLARATION OF SERVICE

I, J.Patrick Mason, hereby declare under penalty of perjury of the laws of the United States, that on the 26th day of August 2004, I will cause to be served a copy of DEFENDANT CONTINENTAL MICRONESIA, INC.'S MEMORANDUM REGARDING REHEARING ON MOTIONS FOR SUMMARY JUDGMENT; REQUEST FOR TELEPHONIC APPEARANCE; EXHIBITS A-B; DECLARATION OF SERVICE, upon Plaintiff Tony H. Ashtiani.

I declare under penalty of perjury (28 U.S.C. §1746) that the foregoing is true and correct.

Executed this 26th day of August 2004 at Hagåtña, Guam.

J.PATRICK MASON