Tony H. Ashtiani
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

FILED
DISTRICT COURT OF GUAM

AUG 3 0 2004

MARY L. M. MORAN
CLERK OF COURT

221

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

Tony H. Ashtiani,                          )
                                           )  Civil Case No.: **02-00032**
      Plaintiff,                )
                                           )
      Vs.                      )  **MOTION FOR ORAL ARGUEMENT**
                                           )  **BEOFRE THE DECIDING JUDGE.**
Continental Micronesia Inc,                )
                                           )
Dba, Continental Micronesia,               )        **Fed.R.Civ.P. 63**
                                           )
Continental Airlines,                      )
                                           )
                                           )
                                           )
                                           )
      Defendant                 )

_____

    Plaintiff respectfully files this Motion for oral argument before the Honorable visiting U.S District Judge due to pending motions of Plaintiff's Motion for Partial Summary Judgment and Defendants Motion for Summary Judgment, Honorable chief judge John S. Unpingco that heard the argument that was familiar with all aspects of the case stepped down from the bench on April 30th 2004.

ORIGINAL

1  The Motions are to be decided before the visiting Honorable
2  U.S District judge and it stands to reason that a hearing be set
3  before the Honorable judge. It is worthy of note that after
4  December 12, 2003 hearing there were other documents and
5  affidavit presented to the this Honorable Court pursuant to
6  F.R.C.P 56(e) and Local rule 7.1 and parties motion to strike
7  were decided by Honorable Chief judge John S. Unpingco. Please
8  see Order April 23 2004.

9

10  **Federal Rule of Civil Procedure Rule 63**

11

12  F.R.C.P 63 States "(If trial or hearing has been commenced and
13  the judge is unable to proceed, any other judge may proceed with
14  it upon certifying familiarity with the record and determining
15  that the proceedings in the case may be completed without
16  prejudice to the parties")

17

18  Notes on advisory committee on 1991 amendments. The revision
19  substantially displaces the former rule. The former rule was
20  limited to the disability of the judge, and made no provision or
21  possible other reasons for the withdrawal of the judge during
22  proceeding.

23

24  Here, Honorable Chief Judge John S. Unpinco stepped down from
25  the bench as "possible other reasons for the withdrawal of the

judge during proceeding" as states in the 1991 amendments as a

provision governing Rule 63.

Fed.R.Civ.P 63 states "(In a hearing without jury") Plaintiff understands summary judgment as a trail or hearing without jury before the ultimate fact finder. Thus, Rule 63 also applies to summary judgment proceedings. The successor judge may also ask counsel question about motions that have been filed, even if those motions were fully briefed and argued before the original judge.

In *Dredge v. penney* , 338 F. 2d 456 (9th Cir. 1964), we stated that "(a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion") id at, 462.

Fed R. Civ. P. 63 States ("In a hearing or trial without a jury, the successor judge shall at the request of a **party**, recall any witness whose testimony is material") Here, the statutory language of the congress states *"a party"* as singular and not plural. Thus, Plaintiff is a requesting party and is also a material witness. The Court has discretion to call other witnesses as well if called upon to determine credibility of witnesses and seeing them testify. See Advisory Committee Notes to 1991 Amendment. Cf. *Anderson v. city of bessemer city, North*

1  *Carolina*, 470 U.S 564, 575, 84 L.Ed. 2d 518, 105 S. Ct 1504

2  (1985); *Marshall v. Jerrico Inc.*, 446 U.S. 238, 242, 64 L. Ed 2d

3  182, 100 S.Ct 1610 (1980). See Also *United States v. Radats*, 447

4  U.S. 667, 65 L. Ed 2d 424, 100 S.Ct. 2406 (1980)

5

6  Finally, The successor judge may entertain post-trial motions

7  *Mergen time Corp. v. Washington Metropolitan Area Transit*

8  *Authority*, 166 F. 3d 1257, 1263-64 (D.C Cir.1999).

9

10  ### Conclusion

11

12  Because Plaintiff is a requesting *party* and because

13  plaintiff is a *material witness* and because it stands to reason

14  that a hearing be conducted before the deciding judge, pro se

15  plaintiff humbly request that this Motion be granted and an

16  Order be issued for a hearing by a U.S District judge.

17

18

19  Dated : This 30̲ day of *August* 2004.

20

21  Respectfully Submitted,

22

23  _____

24  Tony H. Ashtiani,

25  Pro se, Plaintiff