ORIGINAL ●                        ●

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.



FILED
DISTRICT COURT OF GUAM
SEP 13 2004
MARY L. M. MORAN
CLERK OF COURT
226

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL MICRONESIA, INC. dba<br>CONTINENTAL MICRONESIA and<br>CONTINENTAL AIRLINES, INC.,<br><br>Defendants. | CIVIL CASE NO. CV02-00032<br><br>**DEFENDANT CONTINENTAL<br>MICRONESIA, INC.'S MOTION FOR<br>ATTORNEYS FEES; DECLARATION<br>OF ELYZE MCDONALD; EXHIBITS<br>A-M; DECLARATION OF SERVICE** |

**DEFENDANT CONTINENTAL MICRONESIA, INC.'S
MOTION FOR ATTORNEYS FEES**

## I.   INTRODUCTION

Defendant Continental Micronesia, Inc. brings this Motion for Attorneys Fees

under 42 U.S.C. § 2000e-5(k) and Federal Rule of Civil Procedure 54(d) to recover its attorneys

fees incurred in litigating this action. Plaintiff Tony H. Ashtiani brought this action pursuant to

42 U.S.C. § 2000e, which permits the prevailing party its attorneys fees. 42 U.S.C. § 2000e-

5(k). As this Motion will demonstrate, Defendant is entitled to its attorneys fees incurred in

defending this groundless and frivolous action, even despite the fact that Plaintiff proceeded pro se.

## II.   ATTORNEYS FEES AWARDS UNDER TITLE VII

A prevailing defendant is entitled to attorneys' fees under Title VII when a plaintiff's underlying claims are "frivolous, unreasonable, or groundless." 42 U.S.C. § 2000e-5(k); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978). A court reviews frivolity by determining whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately unsuccessful. Courts especially consider whether the Plaintiff established a prima facie case, whether the Defendant offered to settle the case, and whether the district court dismissed the case or held a full-blown trial. Miller v. Los Angeles County Bd. of Education, 827 F.2d 617, 620 (9th Cir. 1987).

## III.   ATTORNEYS FEES AWARDS AGAINST PRO SE PLAINTIFFS

A court must also consider a plaintiff's status as a pro se litigant in determining an award of attorneys fees. Id. "[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." Id.

> An award of attorneys fees in pro case cases thus turns on
>
> the plaintiff's ability to recognize the merits of his or her claims.
> For example, repeated attempts by a pro se plaintiff to bring a
> claim previously found to be frivolous militates in favor of
> awarding attorney's fees to a prevailing defendant.

Id. As another Court stated, "[i]n practice, the court should refrain from awarding fees against a pro se plaintiff unless it can find that a reasonable lay person, having knowledge of the facts known to the plaintiff, would have recognized that his or her claim was without merit." DeNardo v. Johnstone, 772 F. Supp. 462, 466 (D. Alaska 1991).

2.

Furthermore, findings by agencies such as the EEOC that a claim is frivolous supports an award of attorneys' fees. 827 F.2d at 620. "In such a situation, it is entirely appropriate to hold the plaintiff responsible for knowing that the claim is groundless." Id.

Lastly, a court should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant. Miller, 827 F.2d at 621. The court should balance the need to deter frivolous lawsuits without subjecting the plaintiff to financial ruin. Id. Importantly, "a district court should not *refuse* to award attorney's fees to a prevailing defendant under . . . 42 U.S.C. § 2000e-5(k) solely on the ground of the plaintiff's financial situation." Id. at 621 n.5. In fact, "while this court is, as it must be, solicitous of pro se litigants, pro se status will not insulate an individual when he or she, dragging opposing counsel along the way, determines to make this court her personal playground." Smith v. Continental Ins. Co., 747 F. Supp. 275, 284 (D.N.J. 1990).

## IV. AN AWARD OF ATTORNEYS FEES IS PROPER BECAUSE PLAINTIFF'S CLAIMS ARE MERITLESS AND WITHOUT FOUNDATION

The Court concluded in its August 30, 2004 Order on the motions for summary judgment that Ashtiani failed to satisfy the elements of his prima facie case in four out of eight of his claims. See Order[1] at 7 n.3 (Intentional Infliction of Emotional Distress), 8 (Negligent Supervision), 16 (Violation of the Family Medical Leave Act (FMLA)),[2] and 19 (Sales of Fraudulent Insurance Policies). On other claims, the Court held that the facts presented by Ashtiani simply did not support the legal cause of action posed. See Order at 14 (Intentional Discrimination, Intentional Retaliation Post 9/11), and 17 (Constructive Termination). On Ashtiani's central claim for Unlawful Discrimination Based Upon Race and National Origin, the

---

[1] "Order" refers to the Court's August 30, 2004 Order on the motions for summary judgment.
[2] The Court also found that Ashtiani's Wrongful Termination claim was adequately covered in his claim for Violation of FMLA, and denied summary judgment on that basis. Aug. 30, 2004 Order at 17.

Court concluded that Plaintiff failed to carry his burden of demonstrating that Defendant's legitimate business reason for terminating him was pretextual, and thus summary judgment on this claim was appropriate. See Order at 13.

As the Court's decision reveals, Ashtiani's evidence wholly failed to support any claim asserted. He provided no issues of material fact demonstrating evidence of discrimination that was genuine enough for submission to a jury. There were no factual issues for a jury to decide. As the Court concluded, a few of the causes of action failed to even apply to the facts of this case. For example, the Court found that the factual basis for the retaliation claim "concerns alleged acts by Defendant directed to a *former* employee, and cannot constitute adverse employment action." Order at 14 (emphasis added). Moreover, citing Ashtiani's Second Amended Complaint, the Court held that the claim of Constructive Termination was completely inapplicable because "Plaintiff did not quit or resign from employment but was actually termination by Defendants." Order at 17. Over and over again, the Court noted the complete lack of any evidence to support any of Ashtiani's claims. In essence, the Court found the evidence and the Second Amended Complaint to be groundless.

What's more, Plaintiff had been previously informed by the EEOC that his claims were groundless. Plaintiff first filed a charge with the EEOC, which the EEOC dismissed because "it was unable to conclude that the information obtained establishes violations of the statutes." Ex. A. Prior to the issuance of the formal Dismissal and Notice of Rights, the EEOC informed Plaintiff that "the investigation did not discover any evidence of racial animus against Plaintiff," and specifically found Plaintiff had not presented any evidence that he was discriminated against on the basis of his national origin. Exs. B, C. Dissatisfied with the EEOC's conclusions, Plaintiff appealed the decision at least five additional times, to no avail.

See Exs. D-H. The EEOC repeatedly informed Plaintiff that there was "no evidence from which one might infer that employees with attendance records as severe as yours, but not of your national origin, were treated more favorably." Ex. H.

Nevertheless, Plaintiff ignored the EEOC's conclusions, and filed this case. The Court essentially has agreed with the EEOC in deciding that the evidence demonstrated that Defendant terminated Plaintiff because he failed to show up for work, and that Plaintiff could not show that such a decision was based on discrimination. See Order at 11-13.

With the knowledge that the EEOC found no evidence of discriminatory conduct, Plaintiff knew full well the task ahead of him in filing his lawsuit. During the case, Plaintiff showed himself not to be the typical pro se litigant, unaware of civil procedure or legal standards. At all stages of the litigation Plaintiff appeared well aware of his legal rights and of the requirements of the Federal Rules of Civil Procedure, and for the most part demonstrated an understanding and capability of following the Rules. He cited the proper standard for summary judgment and for each party's burden of proof in his Motion for Partial Summary Judgment. See Mot. for Partial Summary J. at 11-13 (filed Nov. 21, 2003). He successfully moved to compel discovery from Defendants, and also to strike several of Defendant's exhibits attached to its Motion for Summary Judgment. See Orders filed Nov. 24, 2003 and Apr. 23, 2004.

Knowing that the facts and the evidence were stacked against him, however, Plaintiff nevertheless brought this action in federal court and asserted, in addition to a discrimination claim, seven additional claims, all found to be unsustainable as a matter of law by the Court. Unlike a "reasonable lay person" who would have recognized that this lawsuit was groundless, Plaintiff instead pursued this case, and therefore subjected himself to 42 U.S.C. § 2000e-5(k), which awards attorneys fees to the prevailing party.

In fact, Plaintiff's behavior is the type of behavior – and Plaintiff is the type of plaintiff – for which an award of attorneys fees is entirely appropriate. Plaintiff has engaged the Court and Defendant in litigation that has consumed the Court's resources, and has forced Defendant to expend thousands of dollars to defending itself against eight charges, all found to be baseless as a matter of law. Plaintiff inundated the Court with numerous filings, many without any support. For example, Plaintiff filed a Motion to Seize Investigation, Intimidation, Harassment & Blackmail and a Motion. to Seize Cover-Up in Postal Violation of EEOC Director in Coordinated Effort of Defendant's Counselors in Hawaii and Guam. See Mots. filed Mar. 31, 2003 and Apr. 3, 2003. The Court found no good cause or evidence sustaining the allegations that Defendant engaged in harassing and intimidating conduct. See Order filed Apr. 6, 2004. The Court stated that the Plaintiff's allegations presented in these motions were pure speculation. See Order filed Apr. 6, 2004. Nonetheless, both Defendant and the Court spent time and effort in addressing these motions.

In another example, Plaintiff's repetitious and frivolous filings were noted by the Court in its April 12, 2004 Order on Defendant's Rule 11 Motion for Sanctions. Defendant filed its Rule 11 Motion for Sanctions on February 11, 2004, on the grounds that sanctions were warranted as a result of seven baseless filings submitted by Plaintiff, mostly pertaining to various improper Cross-Motions to Strike and additional evidence presented by Plaintiff in support of his Motion for Partial Summary Judgment. See Mot. for Sanctions filed Feb. 11, 2004. The Court denied the Rule 11 Motion for Sanctions, and stated that both parties had engaged in excessive filings and were "treading on thin ice." Apr. 12, 2004 Order at 6. However, the Court ultimately granted, in part and in whole, all of Defendant's Motions to Strike (which addressed the core of Defendant's Rule 11 Motion for Sanctions, that is, Plaintiff's frivolous filings). See Apr. 23,

2004 Order at 24-25. In essence, Defendant expended thousands of dollars of attorneys fees, and jeopardized its posture before the Court, in order to respond and react to numerous filings by Plaintiff and to preserve every defense it had in this frivolous case.

Lastly, an award of attorneys fees will not subject Plaintiff to financial ruin. Plaintiff is self-employed as an automobile mechanic and provides on-call auto repair services 24 hours a day. See Ex. I. Plaintiff also owns property valued at $59,700.00, which he purchased for $10.00. See Exs. J, K.

## V.    **CALCULATION OF FEES**

In determining a proper award of fees, courts utilize the "Lodestar" amount: the number of hours multiplied by a reasonable hourly rate. Courts also adjust the Lodestar amount according to the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Id.

In total, Carlsmith Ball LLP charged Defendant $53,195.32 in attorneys fees, which constituted 314.2 hours of work between David Ledger, Esq., and Elyze McDonald, Esq. Ex. L. David Ledger, a litigation partner at Carlsmith Ball LLP, charged $195 per hour for 45.8 hours of work. On average, partners at comparable firms on Guam charge between $175 to $250 per hour. Ex. M. Mr. Ledger has been in practice for over fifteen years and is the primary counsel for Defendant.

During this case, Elyze McDonald, a litigation associate at Carlsmith Ball LLP, charged between $150 (as a second year associate) to $170 per hour (as a fourth year associate) for 268.4 hours of work on this case. On average, associates at comparable firms on Guam charge between $125 to $190 per hour. Ex. M. Ms. McDonald handled most of the motion practice and research for Defendant in this case, and is a former pro se law clerk for the District Court of Guam. Mr. Ledger and Ms. McDonald together have previous successful experiences handling employment litigation. See, e.g., Patawaran v. Sherwood Resort (Guam), District Court of Guam Civil Case No. $53,195.32 (Mr. Ledger and Ms. McDonald defended Sherwood Resort (Guam) on sexual harassment charges and prevailed at trial).

Moreover, the number of hours spent on this case is justified by the inherent difficulty in handling this case, as attorneys carry extra responsibilities when dealing with pro se litigants. Because Plaintiff was unrepresented and did not have a regular place of business, Defendant's counsel spent extra time ensuring Plaintiff had been served with filings properly, and was given enough time to adequately respond to issues presented by Defendant's filings. Defendant's counsel was also tasked with contacting Plaintiff to discuss the issues in this case, including complying with Local Rule 16.1(c), whereby Defendant's counsel must arrange for a meeting of the parties to discuss the scheduling order and discovery plan. Also, Defendant's counsel had to research and address all eight of Plaintiff's claims. Furthermore, as the discussion above shows, Plaintiff continually filed numerous frivolous filings, to which Defendant's counsel had to respond. Overall, the time spent and the fee charged is reasonable in light of the circumstances of this case and the rate charged by comparable firms.

## VI.    CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion for Attorneys Fees and reimburse Defendant for its attorneys fees incurred in this case.

DATED: Hagåtña, Guam, September 13, 2004.

CARLSMITH BALL LLP

_____

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

# DECLARATION OF ELYZE MCDONALD

I, Elyze McDonald, declare:

1.  I am an attorney at law licensed to practice before the Courts of the Territory of Guam and before this Court. I am an associate with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2.  If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3.  Attached hereto as Exhibits A through H are true and correct copies of documents obtained from the Plaintiff's case file at the Equal Employment Opportunity Commission. I personally reviewed these documents at the EEOC office in Honolulu, Hawaii, and requested that the EEOC make copies of these documents.

4.  Attached hereto as Exhibit I is a true and correct copy of the relevant pages of Plaintiff's Response to Defendant's First Set of Interrogatories. Under Plaintiff's responses to Interrogatory Numbers 10 and 11, Plaintiff mentions he runs an auto-repair business.

5.  Attached hereto as Exhibit J is a true and correct copy of a warranty deed whereby Plaintiff purchases Lot Number 4, Block Number 1, Tract Number 289, Municipality of Yigo, Guam for TEN DOLLARS ($10.00). This document has been recorded at the Department of Land Management as Instrument No. 608823.

6.  Attached hereto as Exhibit K is a true and correct copy of a Broker's Price Opinion obtained by Defendant and issued by Ms. Anna Tamayo-Costa of Remax Diamond Realty, Tamuning, Guam, on September 13, 2004. The Price Opinion values Lot Number 4, Block Number 1, Tract Number 289, Municipality of Yigo, Guam at FIFTY NINE THOUSAND SEVEN HUNDRED DOLLARS ($59,700.00).

7.      Attached hereto as Exhibit L is a chart of the attorneys fees incurred by Defendant in this case. This chart was compiled by Carlsmith Ball LLP, and shows that Defendant has incurred FIFTY THREE THOUSAND ONE HUNDRED NINETY FIVE AND 32/100 DOLLARS ($53,195.32) in attorneys fees for a total of 314.2 hours of work performed by David Ledger, Esq. and myself. Certain portions of the chart have been redacted on the grounds of attorney-client privilege.

8.      As Exhibit L shows, David Ledger, a litigation partner at Carlsmith Ball LLP, charged $195 per hour for 45.8 hours of work. Mr. Ledger has been in practice for over fifteen years and is the primary counsel for Defendant.

9.      Also, as Exhibit L shows, I, a litigation associate at Carlsmith Ball LLP, charged between $150 (as a second year associate) to $170 per hour (as a fourth year associate) for 268.4 hours of work on this case. I handled most of the motion practice and research for Defendant in this case, and I am a former pro se law clerk for the District Court of Guam.

10.      Together, Mr. Ledger and I have previous successful experiences handling employment litigation. See, e.g., Patawaran v. Sherwood Resort (Guam), District Court of Guam Civil Case No. $53,195.32 (Defending Sherwood Resort (Guam) on sexual harassment charges and prevailing at trial).

11.      Attached hereto as Exhibit M is an excerpt from the January 2002 issue of *Guam Business News*, which lists Guam's most prominent law firms and the rates charged by each. As the excerpt shows, rates for partners in firms comparable to Carlsmith Ball LLP are between $175 to $250, and rates for associates are between $125 to $190.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

2.

I make this Declaration under penalty of perjury.

Executed this 12th day of September 2004.

_____
Elyze McDonald



U  I  AL EMPLOYMENT OPPORTUNITY CO.  ION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Tony Ashtiani**
**P.O. Box 12723**
**Tamuning, Guam 96931**

From: US Equal Employment Opportunity Commision
300 Ala Moana Blvd. Rm 7-127
P.O. Box 50082
Honolulu, Hawaii 96850

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-A2-00115 | Raymond J. Griffin Jr., Investigator | 808-541-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Timothy A. Riera*
Timothy A. Riera, Director

8/19/02
*(Date Mailed)*

Enclosure(s)

cc:  Continental Airlines, Inc.
Legal Department
ATTN: Louis Obdyke
P.O. Box 4607
Mail Code HQSLG
Houston, Texas 77210

**001090**

**EXHIBIT A**



*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS —**     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult
an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or
her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it
is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases
can be brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk
of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy
decisions for you.

**PRIVATE SUIT RIGHTS — Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit
**before 7/1/98** — *not* 12/1/98 — in order to recover unpaid wages due for July 1996. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore,
if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be
filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION — Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance
must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in
detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period
mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE — All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**001091**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

May 29, 2002

**TO:** File

**FROM:** Raymond J. Griffin Jr., Investigator

**RE: Tony Ashtiani v. Continental Micronesia, Inc.**
   **EEOC Charge # 378-A2-00131**

BACKGROUND INFORMATION

CP alleges Respondent discriminated against him because of national origin, Iranian. Specifically, CP contends he was wrongfully discharged for being a no call/no show two consecutive days. But, CP alleges he contacted his shift's lead man (non-supervisor) and informed told him he was coming to work because of his son's illness. CP filed a Union grievance and Respondent offered his job back under certain conditions. CP rejected the offer. CP worked for Respondent as a airplane mechanic since January1985 until his termination in July 2001.

DETERMINATION INTERVIEW

On May 13, 2002, I contacted CP's attorney, Thomas Tarpley, and him that we cannot establish discrimination because of the following: Later that same day I talked with CP.

1) CP failed to contact a supervisor prior to his shift to inform him he was not coming in because of his son's illness. Respondent asserts the Employee Union Contract stipulates this procedure for calling in sick. Respondent assert he did not contact a supervisor until the shift began.

2) CP said Bill Herrera approved the June 23 and 24, 2001 for CP to take off as business days. Herrera denies CP's assertion. Previously that month, CP was approved for personal business days from June 3 to 19.

3) On June 26, 2001, CP was suspended pending an investigation of his no call/no show. Herrera contacted CP to attend a meeting on July 2, 2001 to discuss the situation. Although, CP was informed he could have a Union Rep present, he refused to go the meeting. Thus, Herrera discharged CP.

4) Respondent twice offered CP the opportunity (in August 2001 and March 2002) to return to work. However, CP did not agree with the conditions of the offer and declined it.



**EXHIBIT B**




5) The investigation did not discover any evidence of racial animus against CP.

6) Although CP was airplane mechanic, it is questionable if he has similarly-situated comparators. In June 2001, CP was off from work from the 3rd to 19th for personal business. There is no evidence that other mechanics were off from work as much as CP during the same time period. Also, Respondent asserts CP had a history of trading days off. (Union contract option) Thus, CP did not work as many hours other mechanics.

I informed CP and his attorney, a "Notice Of Right to Sue" will be issued.

CP adamantly disagrees with the decision and maintains he was discriminated against because of his national origin. Specifically, CP believes there was a conspiracy to get rid of him. Also, CP has submitted numerous documents in which he believes supports his discrimination allegation. Most importantly, CP asserts there were other similarly-situated workers who called non-supervisors when sick, yet, they were not disciplined.

CP was given to May 30, 2002 to submit any additional information for consideration. A letter was composed and faxed to CP. (See attachment)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

July 11, 2002

TO:     File

FROM:   Raymond J. Griffin Jr., Investigator

RE: Tony Ashtiani v. Continental Micronesia, Inc.
    EEOC Charge # 378-A2-00131

Investigator received additional information from Respondent on July 11, 2002. (See Response)

Between May 30, 2002 to June 28, 2002, Investigator received additional information from Charging Party to review. Charging Party's submitted witnesses' contact numbers and statements. Several witnesses attest of how Respondent's treated "locals" better than "non-local" in regard to terms and conditions of employment. **However, there was no new evidence found that CP was discriminated against of his national origin, Iranian.** I respectfully recommend case dismissal.

**EXHIBIT C**





## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

October 30, 2002

Mr. Tony Ashtiani
P.O. Box 12723
Tamuning, Guam 96931

RE:    Ashtiani v. Continental Micronesia, Inc.
       EEOC Charge No. 378-A2-00115

Dear Mr. Ashtiani:

Thank your for your inquiry dated October 4, 2002, in which you request that the above referenced case be re-opened.

The EEOC has no obligation to reconsider the final findings we have issued on a charge. EEOC directors, therefore, may decline to review a request to reconsider an EEOC final finding unless the Charging Party presents substantial new and relevant evidence, or a persuasive argument that the EEOC's prior decision was contrary to law of the facts.

In light of the additional information you provided, our legal unit reviewed the entire case file. Our review of the investigative file, however, does not indicate a basis to reconsider the August 19, 2002, final determination of your charge. There are no indications that further investigation would disclose a violation of Title VII of the Civil Rights Act of 1964, as amended.

It is important to note that a request for reconsideration does not extend or eliminate the statutory 90-day period for pursuing this matter in court. If a private lawsuit is not filed within the 90 days of your receipt of the final dismissal notice, the right to sue for the charge will be lost and cannot be restored by EEOC.

Sincerely,

Susan L. McDuffie
District Director

EXHIBIT D




## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

November 12, 2002

Tony Ashtiani
P.O. Box 12723
Tamuning, Guam 96931

Re:    Ashtiani v. Continental Micronesia, Inc.
       EEOC Charge No. 378-A2-00115

Dear Mr. Ashtiani:

Thank you for your letter dated November 12, 2002. This letter responds to your concerns.

Previously, you were provided with the reasons as to why your case was being dismissed. During the investigation of your case, you had numerous discussions with Raymond Griffin, Investigator, about the details and merits of your case. On May 13, 2002, Mr. Griffin discussed in detail with your attorney and you the evidence that we had obtained in your case up to that date, and the reasons why he was recommending that the case be dismissed. During the conversation, Mr. Griffin provided your attorney and you with an opportunity to rebut and/or submit any additional information for consideration in your case. Your attorney responded to Mr. Griffin in a letter dated May 30, 2002. Also, subsequently, you submitted additional evidence on several occasions.

When you requested that the determination in your case be reconsidered, your case file was reviewed by our legal department. All of the information you submitted, including the exhibits you reference in your letter, was reviewed by the legal department.

As previously stated, a request for reconsideration does not extend or eliminate the statutory 90-day period for pursuing this matter in court. If a private lawsuit is not filed within 90 days of your receipt of the final dismissal notice, the right to sue for the charge will be lost and cannot be restored by EEOC.

Sincerely,

Timothy A. Riera
Director

cc: Susan L. McDuffie, District Director

**EXHIBIT E**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office

901 Market Street, Suite 500
San Francisco, CA 94103
(415) 356-5100
TTY (415) 356-5098
FAX (415) 356-5126

November 26, 2002

Mr. Tony Ashtiani
P.O. Box 12723
Tamuning, Guam 96931

RE:     Ashtiani v. Continental Micronesia, Inc.
        EEOC Charge No. 378-A2-00115

Dear Mr. Ashtiani:

        This letter is in response to your letters dated November 18 and November 19, 2002, in which you raise concerns about the investigation of the above referenced charge. You also indicate that you would like to file a new EEOC charge of discrimination.

        You will be receiving an intake questionnaire directly from the Honolulu Local Office. If you would like to file a new EEOC charge of discrimination, complete the questionnaire and return it to the Honolulu Local Office as soon as possible.

        We regret your continued dissatisfaction with our processing of Charge No. 378-A2-00115. We have responded to your previous inquiries concerning the charge and have attempted to be fully responsive to the concerns which were presented. Attached for your convenience are copies of our previous correspondence in this regard. In view of these efforts and your continued strong views in the matter, we do not believe it is possible to offer any further information to convince you that the charge was properly processed and that our final decision is supported by the available evidence.

        We regret there is nothing further the EEOC can do to assist you in this particular matter.

                                        Sincerely,

                                        Susan L. McDuffie
                                        District Director

RECEIVED
NOV 2 9 2002
EEOC HLO

U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Tony Ahstiani**
**PO Box 12723**
**Tamuning, GU 96931**

From **United States Equal Employment**
: **Opportunity Commission**
**300 Ala Moana Boulevard, Suite 7-127**
**Honolulu, Hawaii 96850**

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **378-A3-00178** | **Todd Chavez, Investigator** | **(808) 541-3120** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ X ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Timothy A. Riera*
**Timothy A. Riera, Director**

2/27/03
*(Date Mailed)*

RECEIVED
MAR 03 ___

Enclosure(s)

cc: Louid Obdyke, Esq.
Legal Department
Continental Micronesia, Inc.
41st Floor, HQSLG
1600 Smith Street
Houston, TX 77002

INFORMATION RELATED TO FILING SUIT

001112

**EXHIBIT G**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

APR 2 1 2003

Mr. Tony H. Ashtiani
P.O. Box 12723
Tamuning, Guam 96931

Dear Mr. Ashtiani:

Thank you for your letters dated February 25, 2003 and March 26, 2003, to this office concerning the charge of employment discrimination you filed with the Equal Employment Opportunity Commission (EEOC) against Continental Micronesia, Incorporated. (Charge No. 378-A2-00115).

Our records indicate you filed your charge with the EEOC Honolulu Local Office on January 9, 2002, alleging Continental Micronesia discharged you and discriminated against you in the terms and conditions of your employment because of your national origin. On August 19, 2002, the Honolulu Local Office dismissed your charge because, based upon its investigation, the EEOC is unable to conclude that the information obtained establishes a violation of the statutes enforced by the agency.

We regret your continued dissatisfaction with the processing of your charge and the decision issued in your case. However, based on our review of the matter, including records provided by the EEOC Honolulu Local Office, and your instant correspondence, together with its attachments, we find that the Honolulu Local Office conducted a thorough and proper investigation of your charge, in accordance with agency procedures. We concur with the field office's conclusion that it is unlikely that further investigation would show a violation of the statutes. Specifically, the investigation disclosed no direct evidence to indicate your national origin motivated Continental Micronesia in its decisions with respect to your employment, including the decision to discharge you. Likewise, the investigation disclosed no evidence from which one might infer that employees with attendance records as severe as yours, but not of your national origin, were treated more favorably.

Again, we regret your dissatisfaction with the processing and outcome of your case. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. The final determination letter you received explained your right to pursue the matter in court within 90 days of your receipt of the dismissal notice. If you did not file a lawsuit within the statutory 90-day period, your right to sue in the matter has expired and cannot be restored by the EEOC.

**EXHIBIT H**

Mr. Tony H. Ashtiani
Page Two

We hope this information is helpful to you but regret there is nothing further the EEOC can do to assist you in this particular matter.

Sincerely,

Malcolm J Orulivate for

James L. Lee, Acting Director
Field Management Programs

cc:     Timothy A. Riera, Director
        Honolulu Local Office

*Tony H. Ashtiani*
P.O.Box 12723
Tamuning Guam 96931
671-688-4844
671-653-5575

RECEIVED
CARLSMITH BALL
Date: 8/29/03
in :                    By:

# IN DISTRICT COURT OF GUAM

| | |
|---|---|
| Tony H. Ashtiani, )<br><br>                     Plaintiff )<br><br>          vs. )<br><br>Continental Micronesia Inc, )<br>Dba, Continental Micronesia, )<br>Continental Airlines, )<br><br>                     Defendant ) | Civil Case No.: **02-00032**<br><br>**PLAINTIFF TONY H. ASHTIANI'S**<br>**RESPONSE TO DEFENDANT'S**<br>**CONTININTAL MICRONESIA'S INC'S**<br>**FIRST SET OF INTERROGATORRIES.**<br>**DECLERATION OF SERVICE** |

Pro se Plaintiff Tony H. Ashtiani hereby responds to defendant Continental Micronesia Inc's First set of interrogatories.

## GENERAL OBJECTIONS

Each of the following general objections is hereby incorporated into each of CMI's interrogatory answers, each of which shall be read as if these objections were printed therin in their entirety.

1.  Plaintiff strongly objects that these set of interrogetories are in violation of the **LR 33.1 (a)** limitation on Number of Interrogetories. <u>Interogetories or request for admission shall not excced twenty-five (25) in number, counting any **subparts or subquestions** as individual questions.</u>

2.  Plaintiff objetcs that its ability to respond fully to defendant's requests is hampered by the fact that defendant had served the plaintiff <u>21</u> interogetories and <u>24</u> sub parts and some sub parts contained <u>4</u> individual sub parts, these set of interrogetories were simoultenously served upon pro se plaintiff with First Request for Production of Documents.

**EXHIBIT 1**

## ANSWER :

Documents supporting this Answer have not yet been discovered, and thus, this Answer may be supplemented under Federal Rule of Civil Procedure 26. Facts supporting this Answer are explained elsewhere in this response to interrogatories.

## INTERROGATORY NO. 10 :

Specifically describe each and every job, including self-employed work, you have applied for or held since your termination from employment with Continental Micronesia, Inc., including the identity of each employer, the type of job applied for or held, the date(s) the job was applied for or held, the hours worked, and whether the job was part-time, fulltime or on call.

## ANSWER :

This Answer may be supplemented under Federal Rule of Civil Procedure 26. To the extent defendant's interrogatories request information or documents that plaintiff considers to be confidential. Facts now known are that plaintiff was challenging his wrongful termination and retalliation including discrimination case against defendant and that was a 24 hours a day full time job for the plaintiff . Further more, post 9/11 there were lay offs and hiring freeze in the aviation industry  plaintiff has given his 17 years of  his youth life to defendant and plaintiff now at age 40 had a very minimum chance of getting hired as Guam has a limited job sources in aviation industry .plaintiff also has a home base auto repair facility which does respond to on call services .

## INTERROGATORY NO. 11  :

Identify any and all documents, which relate to the information set forth by you in response to Interrogatory 10 above.

## ANSWER :

This Answer may be supplemented under Federal Rule of Civil procedure Rule 26. Facts supporting this answer is explained elsewhere in this response to interrogatories.

## INTERROGATORY NO. 12  :

State the amount of income and money that you have received from any source since July 2001. Fully describe and list separately all sources of income and money whether from employment, consulting work, severance pay, pensions, interest earned, investments, social security, gifts, etc. State the amount received from each source and the date of each receipt of funds.

## ANSWER :

This Answer may be supplemented under Federal Rule of Civil Procedure 26. To the extent defendant's interrogatories request information or documents that plaintiff considers to be confidential. Facts are now known that due to the wrongfull termination plaintiff had made early withdraw of his 401-K which resulted in penalty Plaintiff received approximatly  $ 46.000.00 (Forthy six thousand dollars) in Dec 2001. plaintiff also provides a on call serivce in auto repair industry 24 hours a day .

TERRITORY OF GUAM, DEPARTMENT OF LAND MANAGEMENT
OFFICE OF THE RECORDER
INSTRUMENT NUMBER _608823_
This instrument was filed for record on _27_
Day of _August_, 19 _99_ at _8:28_ A.M / P.M
and duly recorded on Book _II-W_
Recording Fee _____ Number No. _109793¢_

Deputy Recorder

TG-E

## WARRANTY DEED

### TO ALL WHOM THESE PRESENTS MAY COME, GREETINGS:

THAT ON THIS 23rd day of **AUGUST**, 1999, **JOAQUIN T. ALCANTARA**, SS# _562-60-878_ _____, whose address is _P.O. Box 2658, Hagatna, GU 96932_ _____, hereinafter referred to as "GRANTOR", for and in consideration of the sum of TEN DOLLARS ($10.00) and other valuable consideration to it paid by ~~ANTHONY~~ Tony **ASHTIANI**, SS# _562-99-826_ and **CATHERINE ASHTIANI**, SS # _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_ __, whose address is _P.O. Box 12723 Tamuning, Guam 96931_ __, and hereinafter referred to as "GRANTEE", the receipt, adequacy and sufficiency whereof is hereby acknowledged, does hereby GRANT, BARGAIN, SELL and CONVEY unto the GRANTEE, as joint tenants with rights of survivorship on the following described property:

**LOT NUMBER 4, BLOCK NUMBER 1, TRACT NUMBER 289,** (Subdivision of Lot 7123-4 & 7123-5), **MUNICIPALITY OF YIGO,** TERRITORY OF GUAM, ESTATE NUMBER 22411, SUBURBAN, as said Lot is marked and designated on DRAWING NUMBER , as L.M. CHECK NUMBER 474 FY 72, as described in that Consolidation and Rural Subdivision, dated FEBRUARY 2, 1972 and recorded FEBRUARY 17, 1972, at the Department of Land Management, Government of Guam, under Instrument number **109263**. Registered Land, with the Registered Owner being **JOAQUIN T. ALCANTARA**, the Owner of Record being **JOAQUIN T. ALCANTARA**, and the CERTIFICATE OF TITLE Registration Number being **89425.**

AREA: 3730 +/- SQUARE METERS

608823

Page 1

EXHIBIT J

TOGETHER with reversions, remainders, rents, issues and profits thereof and all of the estate, right, title and interest of the GRANTOR, both at law and in equity, therein and thereto.

TO HAVE AND TO HOLD the same, together with all buildings, improvements, rights, easements, privileges and appurtenances thereon and thereto belonging or appertaining or held and enjoyed therewith, unto GRANTEE, in fee simple, GRANTEE'S successors and assigns forever.

AND GRANTOR, for itself and its heirs, executors and administrators do hereby WARRANT and COVENANT with the GRANTEE, and GRANTEE'S successors and assigns, that GRANTOR is lawfully seized of the above described property in fee simple; that the same is free and clear of all encumbrances excepting current real property taxes not yet due and payable.

THAT the GRANTEE shall have the right of quiet enjoyment of said property, and that it will and its heirs, executors and administrator warrant and defend the same to the GRANTEE, Grantee's successors and assigns against the lawful claims and demands of all persons.

AND GRANTEE, for GRANTEE and GRANTEE'S successors and assigns does hereby acknowledge and confirm that water and power are immediately available on the property or within 100 feet of the property described above.

IN WITNESS WHEREOF, this instrument has been executed the day and year first above written.

GRANTOR:

**JOAQUIN T. ALCANTARA**

GRANTEE:

~~ANTHONY~~ ASHTIANI
TONY

**CATHERINE ASHTIANI**

608923

Page 2

GUAM, U.S.A. )
                  ) ss
CITY OF HAGATNA )

    ON THIS 23rd day of **AUGUST,** 1999, before me, a Notary Public in and for the GUAM, U.S.A., personally appeared **JOAQUIN T. ALCANTARA,** and he acknowledged to me that he/she executed the foregoing WARRANTY DEED, as his free and voluntary act and deed for the purposes therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_Christine S. Sabl_
NOTARY PUBLIC
My commission expires:

CHRISTINE S. SABLAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 1, 1999
Suite 320, Title Guaranty of Guam Bldg.
Hagåtña, Guam 96910

GUAM, U.S.A. )
                  ) ss
CITY OF HAGATNA )

    ON THIS 23d day of **AUGUST,** 1999, before me, a Notary Public in and for the GUAM, U.S.A., personally appeared **ANTHONY ASHTIANI,** and he acknowledged to me that he/she executed the foregoing WARRANTY DEED, as his free and voluntary act and deed for the purposes therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_Christine S. Sabl_
NOTARY PUBLIC
My commission expires:

CHRISTINE S. SABLAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 1, 1999
Suite 320, Title Guaranty of Guam Bldg.
Hagåtña, Guam 96910

608923

GUAM, U.S.A.　　　　　)
　　　　　　　　　　　) ss
CITY OF HAGATNA　　　)

ON THIS $\underline{23^{rd}}$ day of **AUGUST,** 1999, before me, a Notary Public in and for the GUAM, U.S.A., personally appeared **CATHERINE ASHTIANI** , and she acknowledged to me that he/she executed the foregoing WARRANTY DEED, as her free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

*Christine S. Sablan*

NOTARY PUBLIC
My commission expires:

> **CHRISTINE S. SABLAN**
> **NOTARY PUBLIC**
> In and for Guam, U.S.A.
> My Commission Expires: November 1, 1999
> Suite 320, Title Guaranty of Guam Bldg.
> Hagåtña, Guam 96910

Page 4

# Subject and Comparable Properties

| | Subject | 04-471 | 04-1131 | 04-1874 |
|---|---|---|---|---|
| | |  | |  |
| | Lot 4 Block 1 Tract 289 Yigo Guam | Lot 1 Tract 936 Yigo GU | Mataguac Yigo GU | E. Gayinero Street Yigo GU |
| List Price | $59,700 | $50,000 | $50,000 | $59,000 |
| Original List Price | | $50,000 | $55,000 | $59,000 |
| Sold Price | | | | |
| Days on Market | | 195 | 112 | 11 |
| Status Date | | 03/02/2004 | 05/28/2004 | 09/02/2004 |
| Status | | Active | Active | Active |
| **Adjustment** | | +/- | +/- | +/- |
| Flood Zone | C | | | |
| Access | Paved | Dirt | Paved | Paved |
| Lot +/- Sq Meters | 3730 | 1858.00 | 1858.00 | 1858.00 |
| Growth | Cleared | Moderate | Heavy | |
| Zoning | A | A | A | A |
| Adjusted Value | $59,700 | $50,000 | $50,000 | $59,000 |

**EXHIBIT K**

9/13/2004 9:33 AM

# Subject and Comparable Properties

| | Subject | 03-10153 | 03-10158 | 03-10767 |
|---|---|---|---|---|
| | |  |  |  |
| | Lot 4 Block 1 Tract 289 Yigo Guam | Tun Josen Lagu Yigo GU | Yigo GU | Chalan La Chanch Yigo GU |
| List Price | $59,700 | $27,000 | $50,000 | $55,000 |
| Original List Price | | $38,000 | $50,000 | $55,000 |
| Sold Price | | $27,000 | $44,500 | $47,000 |
| Days on Market | | 258 | 37 | 86 |
| Status Date | | 07/02/2004 | 09/24/2003 | 10/16/2003 |
| Status | | Sold | Sold | Sold |
| **Adjustment** | | +/- | +/- | +/- |
| Flood Zone | C | | | |
| Access | Paved | Paved | | Paved |
| Lot +/- Sq Meters | 3730 | 2473.00 | 3134.00 | 1858.00 |
| Growth | Cleared | Light Boonie | Cleared | Grass |
| Zoning | A | A | A | A |
| Adjusted Value | $59,700 | $27,000 | $44,500 | $47,000 |

# Subject and Comparable Properties

| | Subject | 03-11330 | | | | |
|---|---|---|---|---|---|---|
| | |  | | | | |
| | Lot 4 Block 1 Tract 289 Yigo Guam | Lot 7042-1-5 (1858+/-sm Lot) R Yigo GU | | | | |
| List Price | $59,700 | $25,000 | | | | |
| Original List Price | | $25,000 | | | | |
| Sold Price | | $90,000 | | | | |
| Days on Market | | 200 | | | | |
| Status Date | | 03/03/2004 | | | | |
| Status | | Sold | | | | |
| **Adjustment** | | | +/- | | +/- | | +/- |
| Flood Zone | C | | | | | |
| Access | Paved | Paved/ | | | | |
| Lot +/- Sq Meters | 3730 | 1858.00 | | | | |
| Growth | Cleared | Boonie | | | | |
| Zoning | A | A | | | | |
| Adjusted Value | $59,700 | $90,000 | | | | |

## Price Analysis

### Summary of Sold Listings

| List # | Address | List Price | Days on Market | Sold Date | Sold Price | Total Adjustments | Indicated Value of Subject |
|---|---|---|---|---|---|---|---|
| 03-10153 | Tun Josen Lagu, Yigo GU | $27,000 | 258 | 06/30/2004 | $27,000 | - | $27,000 |
| 03-10158 | Yigo GU | $50,000 | 37 | 04/25/2003 | $44,500 | - | $44,500 |
| 03-10767 | Chalan La Chanch, Yigo GU | $55,000 | 86 | 08/22/2003 | $47,000 | - | $47,000 |
| 03-11330 | Lot 7042-1-5 (1858+/-sm Lot) R, Yigo GU | $25,000 | 200 | 02/27/2004 | $90,000 | - | $90,000 |

### Summary of Active Listings

| List # | Address | Orig. List Price | Days on Market | List Price | Total Adjustments | Indicated Value of Subject |
|---|---|---|---|---|---|---|
| 04-471 | Lot 1 Tract 936, Yigo GU | $50,000 | 195 | $50,000 | - | $50,000 |
| 04-1131 | Mataguac, Yigo GU | $55,000 | 112 | $50,000 | - | $50,000 |
| 04-1874 | E. Gayinero Street, Yigo GU | $59,000 | 11 | $59,000 | - | $59,000 |

### Low, Average, Median, and High Comparisons

| | Closed | Active | Overall |
|---|---|---|---|
| Low | $27,000 | $50,000 | $27,000 |
| Average | $52,125 | $53,000 | $52,500 |
| Median | $44,500 | $50,000 | $50,000 |
| High | $90,000 | $59,000 | $90,000 |

### Overall Market Analysis (Unadjusted)

| Status | # Listings | List Volume | Avg. List Price | Sold Volume | Avg. Sold Price | Sale/List Price | Avg. Lot +/- Sq Meters | Avg. List Price Per Lot +/- Sq Meters | Avg. Sold Price Per Lot +/- Sq Meters | Avg. Days On Market |
|---|---|---|---|---|---|---|---|---|---|---|
| Active | 3 | 159,000 | 53,000 | 0 | 0 | 0.00 | 1,858 | 28.53 | 0.00 | 106.00 |
| Closed | 4 | 157,000 | 39,250 | 208,500 | 52,125 | 1.33 | 2,331 | 17.48 | 24.71 | 145.00 |
| Overall | 7 | 316,000 | 45,143 | 208,500 | | 1.15 | 2,128 | 22.21 | | 128.00 |

### Listing Price Recommendation

| Low | $27,000 |
| High | $90,000 |
| Recommended | $59,7~~ |

| Date | Tkpr | Bl Hrs | Billed Amt | Narrative |
|------|------|--------|-----------|-----------|
| 2/26/2003 | DPL | 1 | $195.00 | Read email and correspondence from Mr. Obdyke regarding lawsuit filed but not served; review materials in District Court file and reply to Mr. Obdyke regarding status and content of Court file. |
| 3/26/2003 | DPL | 2 | $390.00 | Review Complaint and draft Answer to Complaint; review and revise Complaint and choose affirmative defenses to plead. |
| 3/28/2003 | DPL | 1 | $195.00 | Review and finalize Answer and affirmative defenses and file Answer to Complaint. |
| 4/4/2003 | DPL | 1 | $195.00 | Review second "Motion" regarding investigation and "conspiracy" filed by Ashtiani to discuss conduct of the case. |
| 4/8/2003 | EJM | 0.6 | $90.00 | Review Complaint and file. |
| 4/9/2003 | EJM | 0.4 | $60.00 | Review status of docket online on PACER. |
| 4/21/2003 | EJM | 0.3 | $45.00 | Research whether service may be effected by mail only, or if pro se plaintiff must be served directly. |
| 4/29/2003 | EJM | 4.3 | $645.00 | Draft Scheduling Order/Discovery Plan; meet with Plaintiff regarding joint submission of Scheduling Order/Discovery Plan; draft Certificate of Service. |
| 4/30/2003 | EJM | 2.5 | $375.00 | Meet with Plaintiff to review Scheduling Order/Discovery Plan and Disagreement of Scheduling Order; finalize discovery documents for submission to court. |
| 5/12/2003 | DPL | 0.4 | $78.00 | Work on preparing Rule 26 Disclosures. |
| 5/4/2003 | EJM | 0.4 | $60.00 | Draft Letter to Plaintiff regarding Rule 5 Service. |
| 5/5/2003 | EJM | 0.5 | $75.00 | Review file in preparation of drafting Initial Disclosures. |
| 5/8/2003 | EJM | 1.5 | $225.00 | Draft response to pleading regarding service by mail. |
| 5/7/2003 | EJM | 2.3 | $345.00 | Prepare for and attend Scheduling Conference. |
| 5/12/2003 | EJM | 2 | $300.00 | Review file and correspondence for preparation of drafting Initial Disclosures. |
| 5/13/2003 | EJM | 2 | $300.00 | Continue research in response to Plaintiff's Motion for Personal Service; continue Initial Disclosures. |
| 5/14/2003 | EJM | 0.2 | $30.00 | [redacted] |
| 5/15/2003 | EJM | 0.5 | $75.00 | Finalize pleading in response to Plaintiff's Motion for Personal Service. |
| 5/16/2003 | EJM | 0.3 | $45.00 | Review Second Amended Complaint. |
| 5/19/2003 | EJM | 0.3 | $45.00 | Meeting with T.Ashtiani regarding extension of Initial Disclosures and service by mail. |
| 5/21/2003 | EJM | 0.2 | $30.00 | [redacted] |
| 5/22/2003 | EJM | 1.5 | $225.00 | Research whether Ashtiani properly served Second Amended Complaint; draft Answer. |
| 5/23/2003 | EJM | 1.8 | $270.00 | Continue drafting Answer; review miscellaneous pleadings filed by Plaintiff. |
| 5/29/2003 | EJM | 0.2 | $30.00 | Telephone call with Plaintiff regarding Initial Disclosures. |
| 5/30/2003 | EJM | 0.5 | $75.00 | Review initial disclosures; exchange disclosures with plaintiff. |
| 6/4/2003 | EJM | 0.8 | $120.00 | Review EEOC file. |
| 6/5/2003 | EJM | 0.3 | $45.00 | Review Answer for filing. |
| 6/8/2003 | EJM | 0.7 | $105.00 | Continue review of discovery documents. |
| 6/9/2003 | EJM | 0.7 | $105.00 | Outline issues and review Plaintiff's "recovery" pleading. |
| 6/24/2003 | EJM | 0.7 | $105.00 | Review discovery and EEOC files. |

| Date | | Hours | Amount | Description |
|---|---|---|---|---|
| 6/25/2003 | EJM | 1.2 | $180.00 | Continue review of discovery files. |
| 6/27/2003 | EJM | 4 | $600.00 | Continue review of discovery documents. |
| 6/28/2003 | EJM | 3.7 | $555.00 | Continue review of discovery. |
| 6/29/2003 | EJM | 2.2 | $330.00 | Continue review of discovery; draft Response to Request for Production of Documents. |
| 6/30/2003 | EJM | 1.4 | $210.00 | Continue drafting Response to Request for Production of Documents. |
| 7/1/2003 | EJM | 0.4 | $64.00 | Work on Response to Request for Production of Documents. |
| 7/3/2003 | EJM | 2 | $320.00 | Edit Response to Request for Production of Documents. |
| 7/7/2003 | EJM | 0.2 | $32.00 | Review emails regarding responding to Request for Production of Documents. |
| 7/10/2003 | EJM | 0.4 | $64.00 | Input additional edits on Response to Request for Production of Documents. |
| 7/18/2003 | EJM | 1.6 | $256.00 | Draft Interrogatories. |
| 7/22/2003 | EJM | 0.5 | $80.00 | Finalize response to interrogatories; review caselaw on negligent supervision count. |
| 7/23/2003 | EJM | 2 | $320.00 | Respond to letter from Plaintiff regarding filing of motion to compel documents; review caselaw on "negligent supervision" law. |
| 7/25/2003 | EJM | 2.2 | $352.00 | Draft Requests for Admissions, Interrogatories, and Request for Production of Documents. |
| 7/27/2003 | EJM | 0.5 | $80.00 | Continue drafting interrogatories and requests for production of documents. |
| 7/28/2003 | EJM | 0.5 | $80.00 | Finalize discovery requests and interrogatories; email discovery to client for comment. |
| 7/29/2003 | EJM | 1.2 | $192.00 | Draft Supplemental Response to Plaintiff's First Requests for Production of Documents. |
| 7/30/2003 | EJM | 1.5 | $240.00 | [redacted]; draft response letter to plaintiff re discovery dispute. |
| 7/17/2003 | EJM | 0.5 | $80.00 | Email client re handling interrogatories and depositions; phone call with Plaintiff re responses to requests for production of documents. |
| 7/21/2003 | EJM | 3.5 | $560.00 | Outline and Research all allegations and causes of action and pertinent caselaw in preparation for discovery phase and summary judgment motion. |
| 7/31/2003 | EJM | 1.3 | $208.00 | Draft response letter to Plaintiff re discovery dispute. |
| 8/18/2003 | EJM | 0.4 | $64.00 | Outline deposition examination questions. |
| 8/21/2003 | EJM | 0.2 | $32.00 | Review local rules of practice pertaining to extension of deadlines contained in scheduling order. |
| 8/26/2003 | EJM | 1.4 | $224.00 | Phone call with Ashtiani re extension of discovery deadlines and drafting release by Continental against co-workers who may be retaliated against; draft letter denying Ashtiani's request. |
| 8/27/2003 | EJM | 0.2 | $32.00 | Edit letter to Ashtiani. |
| 8/28/2003 | EJM | 0.4 | $64.00 | Review discovery documents in preparation for deposition. |
| 8/29/2003 | EJM | 0.5 | $80.00 | Draft Deposition Strategy memo. |
| 9/2/2003 | EJM | 1.2 | $192.00 | Review Responses to Continental's Interrogatories and Requests for Production of Documents; draft letter to Ashtiani in response to request to meet and confer in person; phone call with Ashtiani re same. |
| 9/3/2003 | EJM | 0.5 | $80.00 | Continue review of responses. |
| 9/5/2003 | EJM | 4.2 | $672.00 | Review discovery documents submitted by Plaintiff; amend outline of motion for summary judgment. |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 9/8/2003 | EJM | 1.8 | $288.00 | Continue drafting outline for motion for summary judgment; continue drafting Memo on strategy to employ at deposition. |
| 9/10/2003 | EJM | 3.5 | $560.00 | Continue drafting outline of motion for summary judgment. |
| 9/11/2003 | EJM | 6.6 | $1,056.00 | Draft letter to Plaintiff regarding Defendant's Motion to Compel Answers to Interrogatories and Production of Documents; phone call with Plaintiff regarding Plaintiff's Motion to Compel Discovery; research whether Rule 11 motion appropriate on frivolous counts. |
| 9/12/2003 | EJM | 3.7 | $592.00 | Conduct further research on propriety of Rule 11 motion; outline interviews with potential "witnesses." |
| 9/14/2003 | EJM | 0.3 | $48.00 | Draft Subpoenas. |
| 9/15/2003 | EJM | 1.3 | $208.00 | [redacted] |
| 9/22/2003 | DPL | 1.5 | $292.50 | Telephone conference with Mr. Ashtiani regarding protection Order for medical records we subpoenaed and settlement possibilities; review pleadings and papers filed and served by Mr. Ashtiani. |
| 9/30/2003 | EJM | 2 | $320.00 | Review EEOC case file. |
| 9/16/2003 | EJM | 4 | $640.00 | Draft Notices of Depositions; Phone call with plaintiff to meet and confer re discovery dispute; continue outline for motion for summary judgment; email L.Obdyke and D.McKinzie; draft questions for deposition. |
| 9/17/2003 | EJM | 0.4 | $64.00 | [redacted]; review emails re 2nd requst for production of document and settlement conference. |
| 9/18/2003 | EJM | 0.6 | $96.00 | [redacted]; review Plaintiff's criminal and domestic cases; review documents produced by Dr. Alix Chinet. |
| 9/19/2003 | EJM | 2.7 | $432.00 | Draft Amended Notice of Deposition; conduct interviews with potential witnesses (L.Kimball, J. Pangelinan, R.Roberts); review whether motion to compel answer to interrogatory no. 14 necessary. |
| 9/22/2003 | EJM | 0.2 | $32.00 | Draft letter to Plaintiff re deposition and notice of deposition. |
| 9/24/2003 | EJM | 2.8 | $448.00 | Review case file at EEOC; draft letter to Dr. Rapadas and to plaintiff re waiver of privilege. |
| 9/25/2003 | EJM | 1.6 | $256.00 | Phone call with Plaintiff to dicuss waiver of doctor-patient privilege; phone call with court to discuss motion scheduling; draft letter to Plaintiff re waiver of privilege and motion to compel. |
| 9/29/2003 | EJM | 1.8 | $288.00 | Research whether to bring motion to compel waiver of doctor-patient privilege. |
| 10/7/2003 | DPL | 2.6 | $507.00 | Review discovery documents and Plaintiff's Motion to Compel Discovery; consider further Court proceedings regarding Plaintiff's Motion for Protective Order. |
| 10/1/2003 | EJM | 5.5 | $880.00 | Prepare for deposition; draft Opposition to Motion for Protective Order. |
| 10/2/2003 | EJM | 4.5 | $720.00 | Review Plaintiff's supplemental discovery requests; review deposition questions; review EEOC file. |
| 10/7/2003 | EJM | 5.8 | $928.00 | Meeting with B.Herrera; draft responses to motion for protective order. |
| 10/8/2003 | EJM | 1.5 | $240.00 | Meet with D.McKinzie; review Motion to Compel. |
| 10/9/2003 | EJM | 0.4 | $64.00 | Continue review of Motion to Compel. |
| 10/10/2003 | EJM | 1 | $160.00 | Phone call with Court regarding Motion for Protective |

| | | | | |
|---|---|---|---|---|
| | | | | Order; review further discovery strategy. |
| 10/13/2003 | EJM | 5.1 | $816.00 | Phone call with L.Obdyke re modification of scheduling order; draft Motion to Modify Scheduling Order Deadlines. |
| 10/14/2003 | EJM | 1.8 | $288.00 | Continue drafting Motion to Modify Schedulign Order; declaration in support; and Order. |
| 10/15/2003 | EJM | 0.8 | $128.00 | Draft D.McKinzie Declaration for Opposition to Motion to Compel. |
| 10/16/2003 | EJM | 4.5 | $720.00 | Continue drafting declaration and response to motion. |
| 10/23/2003 | EJM | 0.4 | $64.00 | [redacted] |
| 10/29/2003 | EJM | 2.4 | $384.00 | Prepare for hearing on motion to compel. |
| 10/30/2003 | EJM | 3.1 | $496.00 | Continue preparation for hearing on motion to compel; attend hearing. |
| 11/20/2003 | DPL | 2.5 | $487.50 | Coordinate signing of affidavits required for motions for summary judgment; follow up and assistance getting motion filed; review and revise final version of motion. |
| 11/26/2003 | DPL | 1.6 | $312.00 | Work on preparing Continental's opposition to motion for summary judgment; phone call from Ashtiani regarding hearing date for motion. |
| 11/2/2003 | EJM | 1.1 | $176.00 | Conference call with D.McKinzie, J.Hammer and D.Morgan. |
| 11/6/2003 | EJM | 1.8 | $288.00 | Prepare, continue drafting motion for summary judgment. |
| 11/7/2003 | EJM | 1.4 | $224.00 | Draft Title VII portions of motion for summary judgment. |
| 11/11/2003 | EJM | 3.2 | $512.00 | Continue drafting motion for summary judgment. |
| 11/12/2003 | EJM | 2.9 | $464.00 | Continue drafting motion for summary judgment. |
| 11/13/2003 | EJM | 5.5 | $880.00 | Continue drafting motion for summary judgment. |
| 11/14/2003 | EJM | 0.9 | $144.00 | Research wrongful termination section of motion for summary judgment. |
| 11/17/2003 | EJM | 3.5 | $560.00 | Continue drafting motion for summary judgment. |
| 11/18/2003 | EJM | 5 | $800.00 | Continue drafting motion for summary judgment. |
| 11/19/2003 | EJM | 6.4 | $1,024.00 | Continue drafting motion for summary judgment and affidavits. |
| 11/20/2003 | EJM | 2.6 | $416.00 | [redacted] |
| 11/21/2003 | EJM | 2 | $320.00 | Review Ashtiani's motion for summary judgment. |
| 11/24/2003 | EJM | 5.5 | $880.00 | Draft memo in opposition to Ashtiani's motion for summary judgment and D.McKinzie's affidavit. |
| 11/25/2003 | EJM | 6.5 | $1,040.00 | Draft memo in opposition to Ashtiani's motion for summary judgment and D.MCKinzie affidavit. |
| 12/1/2003 | EJM | 1.5 | $240.00 | Begin drafting Reply to Opposition to Motion for Summary Judgment. |
| 12/2/2003 | EJM | 3.5 | $560.00 | Continue drafting Reply and research standards for affidavits submitted for MSJ. |
| 12/3/2003 | EJM | 4.5 | $720.00 | Continue drafting Reply and researching standards for demonstrating pretext in discrimination case. |
| 12/4/2003 | EJM | 4.5 | $720.00 | Continue drafting Reply and Affidavits of Mendoza, McKinzie and Herrera. |
| 12/5/2003 | EJM | 0.8 | $128.00 | Prepare for MSJ hearing. |
| 12/12/2003 | DPL | 1.5 | $292.50 | Review arguments in support of Motion for Summary Judgment and discuss results of Hearing/Judge's comments. |
| 12/15/2003 | DPL | 0.3 | $58.50 | [redacted] |
| 12/8/2003 | EJM | 0.5 | $80.00 | Review Reply to Continental's MSJ. |
| 12/11/2003 | EJM | 1.5 | $240.00 | Prepare for MSJ hearing. |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 12/12/2003 | EJM | 1.5 | $240.00 | Prepare for and attend MSJ hearing. |
| 12/19/2003 | EJM | 5.5 | $880.00 | Draft Reply in support of Continental's Motion to Strike; Opposition to Ashtiani's Cross-Motion to Strike; and Continental's Motion to Strike Ashtiani's Affidavit and Exhibits filed untimely. |
| 12/22/2003 | EJM | 3.2 | $512.00 | Continue drafting pleadings on motions to strike. |
| 12/29/2003 | EJM | 0.2 | $32.00 | Respond to Ashtiani's request for agreement on hearing date. |
| 1/5/2004 | EJM | 0.2 | $32.00 | Review Plaintiff's replies to Defendant's Motions to Strike. |
| 1/16/2004 | DPL | 0.2 | $39.00 | Prepare Declaration of Service. |
| 1/9/2004 | EJM | 0.2 | $32.00 | Review Ashtiani's Supplemental Opposition. |
| 1/14/2004 | EJM | 3.4 | $544.00 | Draft Motion to Strike; research propriety of Rule 11 motion. |
| 1/15/2004 | EJM | 2.5 | $400.00 | Continue drafting Rule 11 motion. |
| 1/16/2004 | EJM | 1.4 | $224.00 | Continue drafting Rule 11 motion. |
| 1/17/2004 | EJM | 1 | $160.00 | Draft Rule 11 motion. |
| 1/18/2004 | EJM | 1.5 | $240.00 | Continue drafting Rule 11 motion. |
| 1/19/2004 | EJM | 0.5 | $80.00 | Continue Rule 11 motion. |
| 1/20/2004 | EJM | 0.8 | $128.00 | Edit Rule 11 motion; draft letter to Ashtiani re service of motion. |
| 1/26/2004 | EJM | 0.2 | $32.00 | Draft Opposition to Request for Issuance of Order. |
| 1/29/2004 | EJM | 0.2 | $32.00 | Outline Trial Brief. |
| 2/24/2004 | DPL | 1.3 | $253.50 | Read letter from Ashtiani regarding service of pleadings and reply; read and reply to various emails regarding Trial and Trial preparation. |
| 2/26/2004 | EJM | 2.5 | $400.00 | Draft Reply Memorandum in Support of Rule 11 motion. |
| 2/10/2004 | EJM | 0.5 | $80.00 | Finalize Rule 11 motion. |
| 2/16/2004 | EJM | 3 | $480.00 | Finalize Pre-Trial Rule 26 Disclosures. |
| 2/9/2004 | EJM | 1.5 | $240.00 | Continue editing Rule 11 motion. |
| 2/6/2004 | EJM | 0.5 | $80.00 | Review and edit Rule 11 motion. |
| 2/4/2004 | EJM | 2.4 | $384.00 | Draft Rule 26 Disclosures; Opposition to Amended Request for Order; Review Opposition to Motion to Strike Affidavit and Exhibit 56. |
| 2/3/2004 | EJM | 1.5 | $240.00 | Continue drafting Trial Brief. |
| 2/2/2004 | EJM | 2.5 | $400.00 | Draft Trial Brief. |
| 3/1/2004 | DPL | 0.8 | $156.00 | Respond to emails regarding Trial preparation and witnesses subpoenaed by Ashtiani. |
| 3/18/2004 | DPL | 0.7 | $136.50 | Read emails regarding Motion to Compel and discuss with E.McDonald; [redacted]. |
| 3/22/2004 | DPL | 2.5 | $487.50 | Meet with Tony Ashtiani and email to L.Obdyke to report discussions at the meeting. |
| 3/23/2004 | DPL | 1 | $195.00 | Email to L.Obdyke and prepare letter to Ashtiani regarding Continental's response to Order compelling production of documents. |
| 3/30/2004 | DPL | 1.3 | $253.50 | [redacted] |
| 3/31/2004 | DPL | 0.5 | $97.50 | [redacted] |
| 3/31/2004 | EJM | 1.5 | $240.00 | Review and comment on emails on production of documents; review documents produced. |
| 3/23/2004 | EJM | 3.2 | $512.00 | Continue research on opposition for motion for contempt. |
| 3/22/2004 | EJM | 1 | $160.00 | Research in preparation for opposing motion for contempt. |
| 3/17/2004 | EJM | 1.8 | $288.00 | Research propriety of filing motion to reconsider court order granting motion to compel, or alternatives to |

| | | | | |
|---|---|---|---|---|
| | | | | seeking reconsideration. |
| 3/16/2004 | EJM | 1.2 | $192.00 | Phone call with Plaintiff regarding motions to compel; advise client of potential for contempt motion. |
| 3/11/2004 | EJM | 0.2 | $32.00 | Inform client of Rule 11 hearing cancellation. |
| 3/10/2004 | EJM | 0.2 | $32.00 | Phone call with court regarding status of Rule 11 hearing. |
| 3/4/2004 | EJM | 4 | $640.00 | Continue drafting Rule 11 Reply. |
| 3/2/2004 | EJM | 0.3 | $48.00 | Review Rule 11 filings. |
| 3/3/2004 | EJM | 4.8 | $768.00 | Continue drafting Rule 11 reply; draft request for telephonic conference. |
| 3/1/2004 | EJM | 2 | $320.00 | Draft Rule 11 Reply. |
| 4/1/2004 | DPL | 1.2 | $234.00 | Read and consider emails regarding production of documents and send replies. |
| 4/6/2004 | DPL | 0.5 | $97.50 | [redacted]; telephone call with Ashtiani regarding production of documents. |
| 4/7/2004 | DPL | 0.5 | $97.50 | [redacted] |
| 4/8/2004 | DPL | 0.3 | $58.50 | Telephone call to Ashtiani regarding Stipulation for a settlement conference and production of documents. |
| 4/2/2004 | DPL | 1.5 | $292.50 | Email in and out regarding production of documents as per Court Order; telephone call with Ashtiani regarding same; [redacted]. |
| 4/15/2004 | DPL | 0.5 | $97.50 | Read Court Order denying Rule 11 Motion. |
| 4/19/2004 | DPL | 1 | $195.00 | Meet with Mr. Ashtiani regarding production of documents. |
| 4/20/2004 | DPL | 0.3 | $58.50 | [redacted] |
| 4/21/2004 | DPL | 0.5 | $97.50 | Emails in and out to confirm production of documents to Mr. Ashtiani. |
| 4/27/2004 | DPL | 0.3 | $58.50 | Telephone call from U.S. District Court regarding rescheduling Settlement Conference; telephone calls to and from Ashtiani regarding same. |
| 4/28/2004 | DPL | 1.8 | $351.00 | Read Court Order regarding Motions to Strike Exhibits and consider implications of rulings; [redacted]. |
| 4/19/2004 | EJM | 0.2 | $32.00 | Review Court orders re Requests 7(b) and 24 and comment to client. |
| 5/21/2004 | DPL | 0.5 | $97.50 | Meet with Mr. McKinzie and telephone conference with L.Obdyke regarding Settlement Conference. |
| 5/24/2004 | DPL | 2.5 | $487.50 | [redacted] |
| 5/25/2004 | DPL | 2.8 | $546.00 | [redacted] |
| 5/27/2004 | DPL | 2.5 | $487.50 | Prepare for and attend settlement conference. |
| 5/28/2004 | DPL | 0.5 | $97.50 | [redacted] |
| 6/1/2004 | EJM | 0.2 | $32.00 | Review emails re Motion for Summary Judgment and mediation; respond to D.P.Ledger re same. |
| 6/1/2004 | DPL | 0.5 | $97.50 | Email from and to Continental regarding Motion for Summary Judgment and Settlement Conference in U.S. District Court. |
| 6/3/2004 | DPL | 0.5 | $97.50 | Email in and out regarding how to handle pending Motions for Summary Judgment and Trial date. |
| 6/8/2004 | DPL | 0.2 | $39.00 | Email in and out regarding best approach to timing for Summary Judgment and Trial. |
| 7/13/2004 | DPL | 0.5 | $97.50 | Telephone call from Mr. Ashtiani regarding Discovery and Rule 37 Motion. |
| 7/26/2004 | DPL | 1.5 | $292.50 | Work on Opposition to Discovery Motion and Declaration in Support of Opposition. |
| 7/27/2004 | DPL | 1.5 | $292.50 | Work on Opposition to Discovery Motion; revise Declaration in support of Opposition to Motion; prepare letter to Ashtiani regarding "no agreement to |

| | | | | hearing date" for Oral Argument. |
|---|---|---|---|---|
| 7/28/2004 | DPL | 1.5 | $292.50 | Work on Opposition to Discovery Motion and Declaration for Opposition. |
| 7/16/2004 | EJM | 0.3 | $51.00 | Review motion for contempt. |
| 7/26/2004 | EJM | 3.3 | $561.00 | Respond to Motion for Contempt. |
| 7/28/2004 | EJM | 2 | $340.00 | Draft Opposition to Motion for Contempt. |
| 7/29/2004 | EJM | 0.5 | $85.00 | Continue drafting opposition. |

Fees as of
8/23/2004:          $51,148.00
Tax:               $2,047.32
TOTAL:             $53,195.32

# GUAM LAW FIRMS (Ranked by number of lawyers/number of partners)

| RANK | LAW FIRM / WEBSITE | ADDRESS / PHONE / FAX | MANAGING PARTNER / # OF LAWYERS | # OF PARTNERS / # ASSOCIATES / # COUNSELS | # OF PARALEGALS / # FULL-TIME SUPPORT STAFF | YEAR ESTABLISHED | FEE RANGE FOR PARTNERS / ASSOCIATES |
|---|---|---|---|---|---|---|---|
| 1. | KLEMM, BLAIR, STERLING & JOHNSON PC | 100B Archbishop F.C. Flores Street, Hagåtña, GU 96910 (671) 477-7559 / (671) 472-4290 | 10 | 5 / 3 / 2 | 13 | 1977 | |
| | *General commercial business law* | | | | | | |
| 2. | MAIR, MAIR, SPADE & THOMPSON | GCIC Bldg., Suite 807, 414 W. Soledad Ave., Hagåtña, GU 96910 (671) 472-2089 / (671) 477-5206 | June Mair / 9 | 5 / 3 / 1 | 11 Guam 2 Saipan | 1984 | |
| | *Commercial litigation, insurance defense, banking and real estate.* | | | | | | |
| 3. | TEKER, CIVILLE, TORRES & TANG — www.guamattorneys.com | 330 Hernan Cortez Ave., Ste. 200 Hagåtña, GU 96910 (671) 477-9891/4 / (671) 472-2601 | Joyce Tang / 9 | 4 / 3 / 5 | 14 | 2000 | $180-$250 $150-$175 |
| | *Corporate work/ civil lawsuits, construction disputes, real estate transactions, admiralty cases, insurance defense, immigration, divorce and criminal cases.* | | | | | | |
| 4. | CARLSMITH BALL LLP — www.carlsmith.com | Bank of Hawaii Bldg., Suite 401 134 W. Soledad Ave., Hagåtña GU, 96910 (671) 472-6813 / (671) 477-4375 | Sinforoso "Rossi" M. Tolentino / 9 | 2 / 2 / 5 | 3 15 | 1977 | $210-$240 $140-$190 |
| | *Admiralty and maritime, administration, banking and finance, corporate and business law litigation, real property and land use, tax trusts and compensation planning and dispute resolution, environmental, immigration, international, labor and unemployment.* | | | | | | |
| 5. | BERMAN, O'CONNOR, MANN & SHKLOV — www.pacific-lawyers.com | Suite 503, Bank of Guam Bldg., 111 Chalan Santo Papa, Hagåtña, GU 96910. (671) 477-2778 / (671) 477-4366 | Michael Berman / 7 | 4 / 2 / 1 | 2 10 | 1996 | $155-$200 $125-$155 |
| | *Representation of institutional lenders, general commercial litigation and transactional law, and plaintiff personal injury representation* | | | | | | |
| 6. | DOOLEY LANNEN ROBERTS & FOWLER LLP — www.guamlawoffice.com | Suite 201, Orlean Pacific Plaza 865 So. Marine Dr., Tamuning GU 96913 (671) 646-1222 / (671) 646-1223 | Sophia Sanchez / 6 | 4 / 1 / 1 | 10 | 1997 | $175-$225 $150-$190 |
| | *Commercial, corporate, real estate, real property development, general civil litigation and trial practice, insurance, employment and immigration law.* | | | | | | |
| 7. | ARRIOLA, COWAN & ARRIOLA | 259 Martyr St., Suite 201 Hagåtña, GU, 96910 (671) 477-9730/33 / (671) 477-9734 | Joaquin C. Arriola / 5 | 4 / 1 / 8 | 1 | 1956 | $125-$250 $150 |
| | *Civil litigation, commercial and corporate law, banking, real property, criminal defense, admiralty law and probate.* | | | | | | |
| 8. | TORRES PC — www.torreslaw.com | 173 Aspinall Ave., Suite 201 A Hagåtña, GU 96910 (671) 477-0000 / (671) 477-0001 | Robert J. Torres Jr. / 5 | 2 / 3 | 1 5 | 1989 | $200-$225 $165-$175 |
| | *Tax, probate, commercial and business, real property and civil litigations* | | | | | | |
| 9. | LAW OFFICES OF PHILLIPS & BORDALLO — www.phillipsbordallo.com | 410 West O'Brien Dr., Hagåtña, GU 96910 (671) 477-2223 / (671) 477-2329 | Michael Phillips / 3 | 1 / 1 / 1 | 1 7 | 1991 | $250 |
| | *Criminal defense, personal injury, civil and commercial litigation, family law, probate, corporations, real estate, wills and trusts* | | | | | | |
| 10. | KEOGH & FORMAN — www.cybermag.net/keogh | 251 Martyr St., Suite 105 C&A Professional Bldg., Hagåtña, GU 96910 (671) 472-6895 / (671) 472-6929 | Robert Keogh / 2 | 2 | 1 3 | 1981 | $175 |
| | *Plaintiff's personal injury* | | | | | | |
| 11. | LAW OFFICES OF THOMAS M. TARPLEY JR. — www.guam-lawyers.com | Suite 201 American Life Bldg., 137 Murray Blvd., Hagåtña, GU 96910 (671) 472-1539 / (671) 472-4526 | Thomas M. Tarpley Jr. / 2 | 1 / 1 | | 1991 | $180-$225 |
| | *General civil litigation, especially construction, contracting disputes, personal injury, business torts* | | | | | | |

# SAIPAN LAW FIRMS (Ranked by number of lawyers)

| RANK | LAW FIRM / WEBSITE | ADDRESS / PHONE / FAX | MANAGING PARTNER / # OF LAWYERS | # OF PARTNERS / # ASSOCIATES / # COUNSELS | # OF PARALEGALS / # FULL-TIME SUPPORT STAFF | YEAR ESTABLISHED | FEE RANGE FOR PARTNERS / ASSOCIATES |
|---|---|---|---|---|---|---|---|
| 1. | CARLSMITH BALL LLP (SAIPAN) — www.carlsmith.com | Carlsmith Bldg., Capitol Hill P.O. Box 5421, Saipan, MP 96950 (670) 322-2455 / (670) 322-3368 | David Nevitt, Marcia Shultz / 5 | 4 / 1 | 6 | 1986 | $235-$275 $235-$275 |
| | *Corporate, real property, real estate development, labor and employment, litigation, banking and taxation, administrative* | | | | | | |
| 2. | WHITE PIERCE MAILMAN & NUTTING — www.guamattorneys.com | P.O. Box 5222, Saipan MP 96950 (670) 234-6547 / (670) 234-9537 | Michael A. White / 4 | 4 | 1 9 | 1975 | |
| | *Business and commercial litigation, corporations, immigration, real property, domestic relations* | | | | | | |

**EXHIBIT M**


## DECLARATION OF SERVICE

I, J.Patrick Mason, hereby declare under penalty of perjury of the laws of the United States, that on the 13th day of September 2004, I will cause to be served a copy of DEFENDANT CONTINENTAL MICRONESIA, INC.'S MOTION FOR ATTORNEYS FEES; DECLARATION OF ELYZE MCDONALD; EXHIBITS A-M; DECLARATION OF SERVICE, upon Plaintiff Tony H. Ashtiani.

I declare under penalty of perjury (28 U.S.C. §1746) that the foregoing is true and correct.

Executed this 13th day of September 2004 at Hagåtña, Guam.

J.PATRICK MASON

4.