# UNITED STATES DISTRICT COURT
## District of Guam

TONY H. ASHTIANI
~~United States of America~~

v.

CONTINENTAL MICRONESIA, INC. dba
CONTINENTAL MICRONESIA and
CONTINENTAL AIRLINES, INC.

**BILL OF COSTS**

Case Number: CIV02-00032

FILED DISTRICT COURT OF GUAM OCT 07 2004 MARY L. M. MORAN CLERK OF COURT

Judgment having been entered in the above entitled action on **Aug. 30, 2004** against **Tony H. Ashtiani**, the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk | $ 0 |
| Fees for service of summons and subpoena | 90.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the | 0 |
| Fees and disbursements for printing | 98.60 |
| Fees for witnesses (itemize on reverse side) | 0 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 188.50 |
| Docket fees under 28 U.S.C. 1923 | 20.00 |
| Costs as shown on Mandate of Court of Appeals | 0 |
| Compensation of court-appointed experts | 0 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | 0 |
| Other costs (please itemize) (Electronic Research and Postage Charges) | 298.28 |
| **TOTAL** | **$ 695.38** |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: Tony H. Ashtiani

Signature of Attorney: _(signed)_

Name of Attorney: David Ledger

For: Continental Micronesia, Inc.
Name of Claiming Party

Date: Sept. 10, 2004

Costs are taxed in the amount of **$277.60** and included in the judgment.

MARY L.M. MORAN
Clerk of Court
By: Rosita P. San Nicolas
Deputy Clerk
Date: 10/7/04

RECEIVED SEP 10 2004 DISTRICT COURT OF GUAM

| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | **TOTAL** | | |

WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees)

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Continental Micronesia, Inc. dba
Continental Micronesia and
Continental Airlines, Inc.

IN THE DISTRICT COURT OF GUAM

| TONY H. ASHTIANI, | CIVIL CASE NO. CV02-00032 |
|---|---|
| Plaintiff, | |
| vs. | DECLARATION OF DAVID LEDGER IN SUPPORT OF BILL OF COSTS |
| CONTINENTAL MICRONESIA, INC. dba CONTINENTAL MICRONESIA and CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

I, David Ledger, declare:

1. I am an attorney at law licensed to practice before the Courts of the Territory of Guam and before this Court. I am a partner with the law firm of Carlsmith Ball LLP, attorneys of record for Defendant Continental Micronesia, Inc.

2. If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge except where stated upon information and belief.

3. On August 30, 2004, the Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's Motion for Partial Summary Judgment, and awarded Defendant its costs.

4. This Declaration itemizes each category of cost requested to be taxed by the Clerk of Court.

5. **Electronic Research.** Defendant incurred $188.91 in electronic research, as detailed below. Costs for electronic research are taxable pursuant to Federal Rule of Civil Procedure 54(d). See also Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 723 (N.D. Ill. 1982).

| Date | Description | Amount |
|---|---|---|
| 7/16/2003 | Westlaw | $42.03 |
| 7/21/2003 | Westlaw | $121.05 |
| 9/19/2003 | Westlaw | $19.39 |
| 2/27/2004 | Payment to Third Party (PACER) | $6.44 |
| Total | | $188.91 |

6. **Postage Charges.** Defendant incurred $109.37 in postage charges, as detailed below. Postage charges in this case were necessarily incurred because Plaintiff was pro se and did not have a place of business whereby Defendant could regularly serve him with documents. Costs for postage charges are taxable pursuant to Federal Rule of Civil Procedure 54(d). See also Bresgal v. Brock, 637 F. Supp. 278 (D. Or. 1985).

| Date | Description | Amount |
|---|---|---|
| 3/28/2003 | Postage | $0.60 |
| 3/28/2003 | Postage | $4.65 |
| 5/16/2003 | Postage | $4.65 |
| 6/13/2003 | Postage | $3.13 |
| 6/13/2003 | Postage | $3.13 |
| 6/3/2003 | Postage | $0.37 |
| 7/28/2003 | Postage | $0.37 |
| 8/1/2003 | Postage | $4.42 |
| 7/31/2003 | Postage | $5.57 |
| 10/14/2003 | Postage | $4.42 |
| 10/3/2003 | Postage | $5.80 |
| 10/17/2003 | Postage | $4.88 |
| 10/14/2003 | Postage | $4.42 |
| 10/31/2003 | Postage | $4.42 |
| 11/21/2003 | Postage | $3.65 |
| 12/9/2003 | Postage | $4.88 |

4836-0511-1296.1.013280-00079　　2.
Case 1:02-cv-00032　Document 256　Filed 10/07/2004　Page 4 of 6

| Date | Description | Amount |
|---|---|---|
| 12/15/2003 | Postage | $0.37 |
| 1/21/2004 | Postage | $0.37 |
| 1/21/2004 | Postage | $5.11 |
| 1/29/2004 | Postage | $0.37 |
| 2/5/2004 | Postage | $4.65 |
| 2/6/2004 | Postage | $4.42 |
| 2/12/2004 | Postage | $5.57 |
| 2/17/2004 | Postage | $5.34 |
| 2/17/2004 | Postage | $4.42 |
| 2/18/2004 | Postage | $4.42 |
| 2/19/2004 | Postage | $0.37 |
| 2/25/2004 | Postage | $0.37 |
| 3/4/2004 | Postage | $4.65 |
| 3/5/2004 | Postage | $4.42 |
| 3/5/2004 | Postage | $0.37 |
| 3/9/2004 | Postage | $0.37 |
| 3/18/2004 | Postage | $4.42 |
| Total | | $109.37 |

7. **Service Fees.** Defendant incurred $90.00 in service fees, as detailed below. Costs for service fees are taxable pursuant to Local Rule 54.1(b)(2).

| Date | Description | Amount |
|---|---|---|
| 10/13/2003 | Process Service Fee for Deposition of Juan Rapadas-Mike Gallo | $45.00 |
| 10/13/2003 | Process Service Fee for Deposition of Alex Chinet-Mike Gallo | $45.00 |
| Total | | $90.00 |

8. **Printing Fees.** Defendant incurred $98.60 in printing fees, as detailed below. Printing fees are taxable pursuant to 28 U.S.C. § 1920(3).

| Date | Description | Amount |
|---|---|---|
| 4/30/2003 | Disagreement of Scheduling Order | $13.90 |
| 5/16/2003 | Response to Plaintiff's "Pleading to Defendant Counsel of Proper Service to Unrepresented Party" | $1.40 |
| 6/3/2003 | Answer to Second Amended Complaint | $6.10 |
| 12/24/2003 | Motion to Strike | $5.20 |
| 1/16/2004 | Motion to Strike | $3.00 |
| 1/27/2004 | Response to Request for Issuance of Order | $3.40 |
| 2/5/2004 | Reply in Support of Motion to Strike | $4.40 |
| 2/11/2004 | Motion for Sanctions | $37.00 |
| 3/4/2004 | Reply in Support of Motion for Sanctions | $19.80 |
| 7/29/2004 | Opposition to Plaintiff's Motion for Sanctions | $4.40 |
| Total | | $98.60 |

9. **Copies for Documents Necessarily Obtained for Use in Case.**

Defendant incurred $188.50 for copies for documents necessarily obtained for use in this case. Such costs are taxable pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.1(10). See also United Intern. Holdings, Inc. v. Wharf (Holding) Ltd., 174 F.R.D. 479, 484 (D. Colo. 1997) (costs for exhibits attached to motion for summary judgment are taxable if party seeking costs prevails).

| Date | Description | Amount |
|---|---|---|
| 9/26/2003 | EEOC file, Honolulu, Hawaii | $20.10 |
| 10/6/2003 | Plaintiff's Civil Case File at Superior Court of Guam | $29.50 |
| 10/9/2003 | Plaintiff's Civil Case File at Superior Court of Guam | $38.50 |
| 11/21/2003 | Motion for Summary Judgment and attached exhibits | $53.50 |
| 11/26/2003 | Opposition to Motion for Summary Judgment and attached exhibits | $34.10 |
| 12/5/2003 | Reply Memorandum in Support of Motion for Summary Judgment and attached exhibits | $12.80 |
| Total | | $188.50 |

10. **Docket Fees Under 28 U.S.C. § 1923.** Pursuant to U.S.C. §§ 1920 and 1923, Defendant is entitled to attorneys fees as costs in the amount of $20. See Berryman v. Epp, 884 F. Supp. 242, 244-45 (E.D. Mich. 1995) (summary judgment is a "final hearing" under 28 U.S.C. § 1923(a)).

11. I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.

DATED: Hagåtña, Guam, September 10, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Continental Micronesia, Inc.