



UNITED STATES DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| TONY H. ASHTIANI, | CV 02-00032 |
| Plaintiff, | **ORDER** |
| v. | |
| CONTINENTAL MICRONESIA INC., dba CONTINENTAL MICRONESIA, and CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

Defendants Continental Micronesia, Inc. ("Continental"), d/b/a Continental Micronesia, and Continental Airlines, Inc. (collectively "Defendants") Motion for Attorneys' Fees came under submission before this Court. Having considered all papers and argument submitted, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1

## I. INTRODUCTION/PROCEDURAL POSTURE

This case deals with the termination of Plaintiff Tony Ashtiani ("Plaintiff" or "Ashtiani"), a former airplane mechanic, from Continental's employ. On May 15, 2003, Plaintiff filed a Second Amended Complaint ("SAC") in this Court asserting eight causes of action: (1) Intentional Infliction of Emotional Distress; (2) Negligent Supervision; (3) Unlawful Discrimination Based Upon Race and National Origin; (4) Intentional Discrimination and Intentional Retaliation Post-9/11; (5) Violation of Family and Medical Leave Act of 1993 ("FMLA"); (6) Constructive Termination; (7) Wrongful Termination; and (8) Sales of Fraudulent Insurance Policies by Defendant to Employees.

On November 21, 2003, Plaintiff filed a Motion for Partial Summary Judgment as to six of the causes of action (all but No. 5 and No. 8) and Defendants filed a Motion for Summary Judgment on all eight causes of action.

On August 30, 2004, the Court issued an Order and Judgment granting Defendants' Motion for Summary Judgment on all eight causes of action against Plaintiff and denying Plaintiff's Motion for Partial Summary Judgment on the six causes of action.[1]

On September 13, 2004, Defendant filed the present Motion for Attorneys' Fees. Plaintiff has not filed an

---

[1] Additionally, both parties filed numerous motions and cross-motions to strike evidence, all of which the Court denied as moot.

Opposition to this Motion.[2]

## II. BACKGROUND

Plaintiff Ashtiani was employed as an airplane mechanic with Continental for seventeen years. While Ashtiani was employed, Continental had in force an attendance policy. Under the policy, if an employee was unable to report to work as scheduled he or she was required to notify a supervisor on duty prior to the start of his or her shift.

During his tenure with Continental, Ashtiani exhibited a pattern of absenteeism, which ultimately led to his dismissal. For example, Ashtiani left work early on June 2, 2001, because his son was ill. On June 4 and 5, 2001, Ashtiani was granted "sick" time to care for his son. Ashtiani was approved to take personal leave from June 10 through June 12, 2001.

On June 16, Ashtiani was approved for an additional personal day. However, Ashtiani failed to report to work on June 17 through June 19, 2001. These absences were not approved. As such, he was subject to discipline. On June 19, Ashtiani spoke to one of his supervisors and although he expressed an interest in taking a formal Leave of Absence, he did not take further action in that regard.

---

[2] Local Civ.R. 7.1(f) states "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be."

3

On June 23 and 24, Ashtiani again failed to show up for work and failed to seek approval for these absences from a supervisor. On June 25, 2004, the Plaintiff reported to work. On June 26, Ashtiani met with his supervisor and union representative to discuss the absences on June 23 and 24. On June 27, Ashtiani's supervisor emailed Ashtiani regarding a further meeting on July 2, and requested confirmation of his attendance at the meeting. Ashtiani neither confirmed the date of the meeting nor attended it. Consequently, Continental fired Ashtiani on July 3, 2001.

Proceeding *pro se*, Ashtiani filed a Complaint under Title VII on November 11, 2002. On March 10, 2003, Ashtiani filed an Amended Complaint. In the early stages of this case, it was clear that Plaintiff was unfamiliar with the legal process. He filed a number of documents that were meritless, frivolous and/or unreasonable. For example, on March 31, 2003, Ashtiani filed a Motion to Seize Investigation, Intimidation, Harassment & Blackmail. On April 3, 2003, Ashtiani filed a Motion to Seize Cover-Up in Postal Violation of EOC Director in Coordinated Effort of Defendant's Counselors in Hawaii and Guam. That same date, Ashtiani filed an Amended Motion to Seize Cover-Up in Postal Violation of EOC Director in Coordinated Effort of Defendant's Counselors in Hawaii and Guam. On April 16, 2003, Ashtiani filed a Pleading to Defendants' Counsel of Proper Service to Unrepresented Party. On May 5, 2004,

4

Ashtiani filed a Pleading to Defendants' Counsel of Future Communications in Reasonable Time and Good Faith.

However, toward the later stages, he appeared to be aware of his legal rights and of the requirements of the Federal Rules of Civil Procedure, and for the most part demonstrated an understanding of the Rules and capability of following them. He cited the proper standard for summary judgment and for each party's burden of proof in his Motion for Partial Summary Judgment. (Motion for Partial Summary Judgment, p. 11-13) He successfully moved to compel discovery from Defendants, and also to strike several of Defendants' exhibits attached to their Motion for Summary Judgment. (Orders filed 11/24/03 and 4/23/04.)

In the Court's August 30, 2004 Order granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment, the Court determined that the Plaintiff failed to establish a prima facie case with regard to counts 2 (Negligent Supervision), 5 (Violation of the Family and Medical Leave Act), and 8 (Sales of Fraudulent Insurance Policy). (Order, p. 8, 16, 19.) The Court further determined that the facts presented by the Plaintiff did not support the legal causes of action with regard to counts 1 (Intentional Infliction of Emotional Distress), 4 (Intentional Discrimination and Intentional Retaliation Post-9/11), and 6 (Constructive Termination). (Order, p. 6, 14, 17.) The Court determined that with

regard to Plaintiff's claim for Wrongful Termination, the claim is to be denied if dealing with the FMLA, because the FMLA would provide an adequate remedy. (Order, p. 17.) Finally, the Court determined that with regard to Plaintiff's claim for Unlawful Discrimination Based Upon Race and National Origin, the Plaintiff failed to carry his burden of demonstrating that Defendant's legitimate business reason for terminating him was pretextual. (Order, p. 13.)

Defendant has now filed this Motion for Attorneys' Fees. Plaintiff has not filed an Opposition. For the following reasons, the Court **DENIES** Defendant's Motion for Attorneys' Fees.

### III. ANALYSIS

#### A. Legal Standard: Attorneys' Fees

Defendant has brought this Motion for Attorneys' Fees pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54(d), which permit the Court, in its discretion, to award the prevailing party reasonable attorney's fees. See also Miller v. Los Angeles County Bd. of Education, 827 F.2d 617, 619 n.2 (9th Cir. 1987). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978). However, the mere

fact that a plaintiff did not prevail does not mean that his action was unreasonable or without foundation. Id. at 421-22.

The above standard is to be applied "with particular strictness where the plaintiff proceeds pro se." Miller, 827 F.2d at 620. The Court may consider several relevant factors when the plaintiff is proceeding pro se. First, the Court may consider whether the district court dismissed the case or held a full-blown trial. Id. Next, the Court may consider whether the plaintiff recognized the merits of his case. Id. However, it is relevant to making such determination whether the plaintiff has made repeated attempts to bring a claim previously found to be frivolous, or whether the plaintiff brought the claims to federal court in bad faith. Id. at 620-21. Finally, the Court may consider the financial resources of the plaintiff. Id. at 621.

B. **Analysis: Attorneys' Fees**

1. **Dismissal of Case v. Full-Blown Trial**

The Court dismissed this case without a full-blown trial. In its August 30, 2004, Order, the Court **GRANTED** Defendants' Motion for Summary Judgement and **DENIED** Plaintiff's Motion for Partial Summary Judgment. The Court determined that all of Plaintiff's claims either: (1) failed to establish a prima facie case; (2) the facts presented by the Plaintiff did not support the legal causes of action;

7

(3) the claim was to be denied because the FMLA would provide an adequate remedy; or (4) the Plaintiff failed to carry his burden of demonstrating that Defendant's legitimate business reason for terminating him was pretextual. (Order, p. 6, 8, 13, 14, 16, 17, 19.) Subsequently, Defendants' Motion for Summary Judgment was **GRANTED** in its entirety and the case was dismissed by the Court without a full-blown trial.

### 2. Recognition of Merits of the Case

With regards to the issue of Plaintiff's recognition of the merits of the case, the EEOC previously informed Plaintiff it could not find any discriminatory conduct or animus on the part of the Defendant. Plaintiff first filed a charge with the EEOC which the EEOC dismissed because it was "unable to conclude that the information obtained establishes violations of the statutes." (Ex. A.) Prior to the issuance of this formal Dismissal and Notice of Rights, the EEOC informed Plaintiff that "[t]he investigation did not discover any evidence of racial animus against [Plaintiff]," and specifically found Plaintiff had not presented any evidence that he was discriminated against on the basis of national origin. (Exs. B, C.) However, it is unclear whether the EEOC found the Plaintiff's claims to be frivolous or unreasonable. Such findings would provide support for an award of attorney's fees.

Similarly, if there was evidence that the Plaintiff had proceeded with his lawsuit in bad faith there would be support for such an award. However, it appears that the Plaintiff had an earnest and sincere belief that the Defendants had discriminated against him. Yet, the case as presented was not strong enough to stave off a summary judgment motion.

However, a finding of summary judgment in the Defendants' favor does not mean that the Plaintiff's claims were entirely groundless. "Rule 56 is a tool to narrow the factual and legal issues to be brought to trial, but does not necessarily mean that a finding not in favor of a plaintiff means that the plaintiff had no basis for filing a complaint." Riddle v. Egensperger, 266 F.3d 542, 551 (6th Cir. 2001); see also Miller, 827 F.2d at 620 ("[p]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."). If the Plaintiff's underlying claims were so frivolous, Defendants could have used Rule 12(b)(6) to narrow the claims at the onset of the case, rather than engaging in discovery in order to "obtain" summary judgment. Riddle, 266 F.3d 542, 551 (6th Cir. 2001). However, they chose not to file such a motion and the fees continued to accrue. The Plaintiff should not be held responsible for those climbing fees when the Defendants, with the aid of counsel, could have done

9

something to perhaps decrease those fees.

### 3. Financial Resources of the Plaintiff

Awarding attorney's fees to the Defendants in this matter would most likely be a severe financial hardship for the Plaintiff. The final factor for the Court to consider is whether the Plaintiff would be subjected to financial ruin. Miller, 827 F.2d at 621. Here, the Defendant's fee request is sizable. It seeks an award of Fifty Three-Thousand One Hundred Ninety Five and 32/100 Dollars ($53,195.32). Plaintiff is self-employed as an automobile mechanic and provides on-call auto repair services 24 hours a day. (Ex. I.) However, it should be noted that the Plaintiff's actual income from such activity is unknown. It is most likely he does not earn enough to meet his family's needs as he made an early withdrawal of his 401-K retirement ($46,000.00) resulting in an assessment of penalties. Id.

Based on such proffered evidence and balancing the competing interests, the Court **DENIES** Defendants' request for attorney's fees, because it cannot be said that the Plaintiff's claims were frivolous, unreasonable, or without foundation, or brought in bad faith. Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978). The Plaintiff has had his day in Court and has accepted the Court's decision. He has not appealed this decision.

Therefore, the Court finds that it should not assess penalties against Plaintiff, because in hindsight he should have appreciated that the continued litigation would have proven unsuccessful. "To assess attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." <u>Christiansburg Garment Co.</u>, 434 U.S. 412, 421-22 (1978); <u>Riddle v. Egensperger</u>, 266 F.3d 542, 551 (6th Cir. 2001)("An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'"). (citation omitted). Accordingly, the Court **DENIES** Defendants' Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

_____
RONALD S.W. LEW
Designated District Judge

DATED: December 2, 2004

Notice is hereby given that this document was entered on the docket on 12/27/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 12/27/04
Deputy Clerk          Date

---

³ The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

11